IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| **DEEP MARINE HOLDINGS, INC.,** | § | Case No. 09-39313 |
| et al. | § | |
| | § | Jointly Administered |
| Debtors. | § | Chapter 11 |

**DEBTORS' EMERGENCY MOTION FOR ORDER (I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE, (II) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT**

The above-captioned debtors and debtors-in-possession (together, the "Debtors"), by and through their undersigned proposed attorneys, hereby file this motion (the "Motion") for an order, pursuant to Bankruptcy Code §§ 105 and 366, (i) prohibiting utilities from altering, refusing, or discontinuing service, (ii) deeming utilities adequately assured of future performance, and (iii) establishing procedures for determining adequate assurance of payment. In support of the relief requested in this Motion, the Debtors respectfully represent as follows:

### I.  JURISDICTION

1.  This Court has jurisdiction over these cases and this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are Bankruptcy Code §§ 105 and 366.

### II.  RELEVANT BACKGROUND

2.  On December 4, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the

United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are operating their businesses and managing their property as debtors-in-possession. Joint administration of the cases was granted by Court order on December 8, 2009. No trustees or examiners have been appointed in these cases.

3. With their original petitions, the Debtors contemporaneously filed a Notice of Designation as Complex Chapter 11 Bankruptcy Case.

4. The Debtors are privately-held companies based in Houston, Texas that provide subsea services for the offshore oil and gas industry. The Debtors offer remote operated vehicles, subsea construction and field development works, deepwater intervention tasks and inspection and repair services.

5. The debtor Deep Marine 1, LLC is a Louisiana limited liability company wholly owned by the debtor Deep Marine Technology Incorporated. Deep Marine 1, LLC is the owner of the DMT Diamond, a 240 ft. Class II DP Maintenance and Support Vessel, which includes a 50T dynamic knuckle boom crane, a Subsea Launch & Recovery Winch with 10,000 ft. of 1 1/2" cable, and accommodations for 36 people.

6. The debtor Deep Marine 2, LLC is a Delaware limited liability company wholly owned by the debtor Deep Marine Technology Incorporated. Deep Marine 2, LLC is the owner of the DMT Emerald, a 292 ft. Class II DP Maintenance and Support Vessel, which includes a 100T knuckle boom crane, a 100T Heave Compensated Multi-purpose Lifting Tower, a 23x27 Moonpool, and accommodations for 73 people. The DMT Emerald is outfitted with two 150 Hp, 10,000 ft. Triton XLS work class remote operated vehicle ("ROV").

7. The debtor Deep Marine 3, LLC is a Delaware limited liability company wholly owned by the debtor Deep Marine Technology Incorporated. Deep Marine 3, LLC is the owner of the DMT Topaz. The DMT Topaz is a 220 ft. Class II DP diving support vessel, which includes a 40T knuckle boom crane. The DMT Topaz is outfitted with a 150 Hp, 10,000 ft. Triton XLS work class remote operated vehicle ("ROV").

8. The debtor Deep Marine 4, LLC is a Delaware limited liability company wholly owned by the debtor Deep Marine Technology Incorporated. Deep Marine 4, LLC is the owner of the DMT Sapphire, a 240 ft. Class II DP Maintenance and Support Vessel, which includes a 40T knuckle boom crane, a Subsea Launch & Recovery Winch with 10,000 ft. of 1 1/2" cable, and accommodations for 36 people. The DMT Sapphire is outfitted with a 150 Hp, 10,000 ft. Triton XLS work class ROV.

9. The debtor Deep Marine Technology Incorporated is a Texas corporation, and is the sole member and manager of Deep Marine 1, LLC, Deep Marine 2, LLC, Deep Marine 3, LLC and Deep Marine 4, LLC. Deep Marine Technology Incorporated is the wholly owned subsidiary of the debtor Deep Marine Holdings, Inc., a Delaware corporation. Deep Marine Holdings, Inc. is owned by DCC Ventures, LLC and Otto Candies, LLC.

10. As of the Petition Date, the Debtors employed seven (7) individuals in total, all of whom were and are employed by Deep Marine Technologies Incorporated. Four of these individuals are currently aboard the Debtors' various vessels. The remaining three individuals consist of the Chief Operating Officer, Chief Financial Officer and Controller.

11. The Debtors' businesses heavily depend on the availability of capital. The downturn in the economy, the credit crisis, and the dramatic drop in oil and gas prices have all

negatively impacted the Debtors' businesses and the Debtors' abilities to timely meet their financial obligations.

12. In connection with the operation of their businesses and management of their properties, the Debtors obtain electricity, gas, water, sewer, telephone, communications, and other similar services (collectively, the "<u>Utility Services</u>") from various utility companies (each, a "<u>Utility Company</u>" and collectively, the "<u>Utility Companies</u>").[1] Utility Services are essential to the continued operation of the Debtors' businesses and, consequently, to their reorganization efforts.

13. The Debtors generally have had an excellent payment history with the Utility Companies, and there are no known material ongoing defaults or arrearages with respect to any Utility Service invoices.

### III. RELIEF REQUESTED

14. Pursuant to Bankruptcy Code § 366(c)(2), a utility may alter, refuse, or discontinue a Chapter 11 debtor's utility service if the utility does not receive from the debtor, within 30 days of the date of commencement of Chapter 11, "adequate assurance of payment" for post-petition utility services. By this Motion, the Debtors seek entry of an order (the "<u>Utilities Order</u>") (a) determining that the Utility Companies have been provided with adequate assurance of payment under section 366; (b) approving the Debtors' proposed offer of adequate assurance and procedures governing the Utility Companies' requests for additional or different adequate assurance; (c) prohibiting the Utility Companies from altering, refusing, or discontinuing services on account of pre-petition amounts outstanding or on account of any

---

[1] Attached hereto as **Exhibit A** and incorporated herein by reference is a list of all, or substantially all, of the Utility Companies that the Debtors believe were providing services to them as of the Petition Date (the "<u>Utility Service List</u>"). The relief requested herein is requested with respect to all Utility Companies providing services to the Debtors and is not limited to those listed on the Utility Service List. The inclusion of any entity on,

perceived or alleged inadequacy of the proposed adequate assurance; (d) establishing procedures for the Utility Companies to seek to opt out of the proposed adequate assurance procedures; and (e) determining that, with respect to the Utility Companies that do not seek to opt out of such procedures, the Debtors are not required to provide any additional assurance.

**Proposed Adequate Assurance**

15. The Debtors intend to pay all post-petition obligations owed to the Utility Companies in a timely manner when they become due. The Debtors expect that they will have sufficient cash to allow them to keep current on all such obligations.

16. In addition, the Debtors propose to deposit with each Utility Company an amount which, in the Debtors' best estimation given the Debtors' reduced staffing, should be equal to one month of Utility Services (each, an "Adequate Assurance Deposit").

17. The Debtors submit that the Adequate Assurance Deposit and the Debtors' ability to pay for future Utility Services in the ordinary course of business (the "Proposed Adequate Assurance") constitute sufficient adequate assurance of future payment to satisfy the requirements of Bankruptcy Code § 366. Nonetheless, if any Utility Company believes additional assurance is required, it may request such assurance pursuant to the procedures outlined below.

**Proposed Adequate Assurance Procedures**

18. To the extent that the Court enters an order establishing adequate assurance pursuant to this Motion, the Debtors will serve the order within five (5) business days of its entry on all of the Utility Companies listed on Exhibit A. If any of the Utility Companies object to the order and seek additional assurances within twenty (20) days of the date that the order is entered,

---

as well as any omission from, the Utility Service List is not an admission by the Debtors that such entity is, or is not, a utility under Bankruptcy Code § 366, and accordingly, the Debtors reserve all rights with respect thereto.

and the Debtors believe that the assurances requested are unreasonable, the Debtors shall schedule a prompt hearing to determine adequate assurance as to the objecting Utility Company (the "<u>Determination Hearing</u>").  Pending resolution of any such Determination Hearing, any objecting Utility Company shall be restrained from discontinuing, altering, or refusing service to the Debtors on account of unpaid charges for pre-petition services.  If a Utility Company does not seek a Determination Hearing, then the proposed form of assurance of payment proposed herein shall be deemed to satisfy the requirements of § 366 (b) and (c).

19. The Debtors believe that granting the relief requested will not prejudice the rights of the Utility Companies under § 366 of the Bankruptcy Code.

## IV.  NOTICE

20. Notice of this Motion has been or will be provided to the United States Trustee for the Southern District of Texas, the Debtors' known or alleged secured creditors, the 30 largest unsecured creditors of the Debtors (on a consolidated basis), the United States Attorney's Office for the Southern District of Texas, the Internal Revenue Service, any persons who have filed a request for notice pursuant to Bankruptcy Rule 2002, and any such other government agencies to the extent required by the Bankruptcy Rules and Local Rules.  The Debtors submit that no further notice of this Motion is required.

WHEREFORE, premises considered, the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court deems just and proper.

Respectfully submitted,

**BRACEWELL & GIULIANI LLP**

By: /s/ *Marcy E. Kurtz*
Marcy E. Kurtz
Texas Bar No. 11768600
Marcy.Kurtz@bgllp.com
William A. (Trey) Wood III
Texas Bar No. 21916050
Trey.Wood@bgllp.com
Jason G. Cohen
Texas Bar No. 24050435
Jason.Cohen@bgllp.com
Bracewell & Giuliani LLP
711 Louisiana, Suite 2300
Houston, Texas 77002
Telephone:  (713) 223-2300
Facsimile:  (713) 221-1212

**PROPOSED ATTORNEYS FOR THE DEBTORS**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on December 15, 2009, a true and correct copy of this document was served on all parties on the attached master service list by electronic means as listed on the court's ECF noticing system, by electronic mail as indicated, and by United States first class mail, postage prepaid.

*/s/ Jason G. Cohen*
Jason G. Cohen