IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In Re: § <br> § <br> **DEEP MARINE HOLDINGS, INC.,** § <br> et al. § <br> § <br> Debtors. § | <br><br>Case No. 09-39313<br><br>**Jointly Administered**<br>**Chapter 11** |

**ORDER (I) AUTHORIZING CONTINUED USE OF EXISTING BUSINESS FORMS AND RECORDS; (II) AUTHORIZING MAINTENANCE OF EXISTING CORPORATE BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM; AND (III) WAIVING THE REQUIREMENTS OF 11 U.S.C. § 345(b)**

Upon consideration of the Emergency Motion for an Order (i) Authorizing Continued Use of Existing Business Forms and Records; (ii) Authorizing Maintenance of Existing Corporate Bank Accounts and Cash Management System; and (iii) Waiving the Requirements of 11 U.S.C. § 345(b) (the "Motion"),[1] filed by the above-captioned debtors (the "Debtors"), the Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 1334(b); (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) the relief requested in the Motion is in the best interests of the Debtors and their respective estates, creditors, and other parties-in-interest; (iv) proper and adequate notice of the Motion and hearing on the Motion has been given and that no other or further notice is necessary under the circumstances; (v) the relief granted in this Order is necessary to avoid immediate and irreparable harm to these estates; and (vi) good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion and all of the proceedings had before the Court in connection with the Motion. Therefore, it is hereby

---

[1] Capitalized terms not otherwise defined herein shall have the meaning assigned to them in the Motion.

ORDERED that the Motion and all relief requested therein is GRANTED as provided herein; and it is further

ORDERED that the Debtors are authorized to continue to use the Debtors' existing business forms and to maintain their existing business records; and it is further

ORDERED that the Debtors are authorized to continue using the Cash Management System to consolidate the management of their cash in the normal course of business, as, when, and in the amounts necessary to maintain business operations; and the Debtors shall maintain records of all such transfers of cash in a manner so that all transactions made pursuant to the authorization granted in this order can be readily ascertained; and it is further

ORDERED that the Debtors are authorized to maintain the Amegy Account, the Cash Intake Account and the Operating Account and to deposit and receive in the Amegy Account all funds other than those funds received pursuant to accounts receivable outstanding as of the Petition Date, which funds may be deposited into the Cash Intake Account.  All rights of the Debtors and other parties in interest with respect to deposits made in the Cash Intake Account based on accounts receivable are preserved.  The Debtors may further proceed with their Cash Management System as more fully described in the Motion; and it is further

ORDERED that Debtors are hereby authorized to execute any additional documents as may be required to carry out the intent and purpose of this Order, and it is further

ORDERED that the Debtors are authorized to maintain such other depository and disbursement accounts as may be required or permitted by the Cash Management System or in connection with other orders of this Court; and it is further

ORDERED that the Debtors may modify the Cash Management System, as may be required by Orders of this Court, the Debtors' lenders, including any post-petition lender, or as

the Debtors decide in their business judgment, in the ordinary course of business, without the need for further order of this Court; and it is further

ORDERED that no financial institution at which the Debtors may have an account or do business may set off any alleged pre-petition claims against any post-petition deposits made by the Debtors in any Accounts maintained by the Debtors on a post-petition basis, except as authorized by the Bankruptcy Code and this Court; and it is further

ORDERED that the Debtors are authorized to continue paying monthly fees with respect to the Accounts in the ordinary course of business, including any portion of such fees attributable to pre-petition services; and it is further

ORDERED that the requirements provided in 11 U.S.C. § 345(b) are hereby WAIVED as to the Accounts maintained with Amegy; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____

                                              MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE