IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: § | | |
| § | | |
| **DEEP MARINE HOLDINGS, INC.,** § | Case No. 09-39313 | |
| et al. § | | |
| § | Jointly Administered | |
| Debtors. § | Chapter 11 | |

**DEBTORS' EMERGENCY MOTION TO EXTEND TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES, SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND STATEMENT OF FINANCIAL AFFAIRS**

The above-captioned debtors and debtors-in-possession (together, the "Debtors"), by and through their undersigned proposed attorneys, hereby file this motion (the "Motion") for an order pursuant to Federal Rule of Bankruptcy Procedure 1007(c) extending the time to file schedules of assets and liabilities, statements of financial affairs, and schedules of executory contracts and unexpired leases (the "Schedules and Statements"). In support of the relief requested in this Motion, the Debtors respectfully represent as follows:

**I.  JURISDICTION AND VENUE**

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**II.  BACKGROUND**

2.  On December 4, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are

operating their businesses and managing their property as debtors-in-possession. Joint administration of the cases was granted by Court order on December 8, 2009. No trustees or examiners have been appointed in these cases.

3. With their original petitions, the Debtors contemporaneously filed a Notice of Designation as Complex Chapter 11 Bankruptcy Case.

4. The Debtors are privately-held companies based in Houston, Texas that provide subsea services for the offshore oil and gas industry. The Debtors offer remote operated vehicles, subsea construction and field development works, deepwater intervention tasks and inspection and repair services.

5. The debtor Deep Marine 1, LLC is a Louisiana limited liability company wholly owned by the debtor Deep Marine Technology Incorporated. Deep Marine 1, LLC is the owner of the DMT Diamond, a 240 ft. Class II DP Maintenance and Support Vessel, which includes a 50T dynamic knuckle boom crane, a Subsea Launch & Recovery Winch with 10,000 ft. of 1 1/2" cable, and accommodations for 36 people.

6. The debtor Deep Marine 2, LLC is a Delaware limited liability company wholly owned by the debtor Deep Marine Technology Incorporated. Deep Marine 2, LLC is the owner of the DMT Emerald, a 292 ft. Class II DP Maintenance and Support Vessel, which includes a 100T knuckle boom crane, a 100T Heave Compensated Multi-purpose Lifting Tower, a 23x27 Moonpool, and accommodations for 73 people. The DMT Emerald is outfitted with two 150 Hp, 10,000 ft. Triton XLS work class remote operated vehicle ("ROV").

7. The debtor Deep Marine 3, LLC is a Delaware limited liability company wholly owned by the debtor Deep Marine Technology Incorporated. Deep Marine 3, LLC is the owner of the DMT Topaz. The DMT Topaz is a 220 ft. Class II DP diving support vessel, which

includes a 40T knuckle boom crane. The DMT Topaz is outfitted with a 150 Hp, 10,000 ft. Triton XLS work class remote operated vehicle ("ROV").

8. The debtor Deep Marine 4, LLC is a Delaware limited liability company wholly owned by the debtor Deep Marine Technology Incorporated. Deep Marine 4, LLC is the owner of the DMT Sapphire, a 240 ft. Class II DP Maintenance and Support Vessel, which includes a 40T knuckle boom crane, a Subsea Launch & Recovery Winch with 10,000 ft. of 1 1/2" cable, and accommodations for 36 people. The DMT Sapphire is outfitted with a 150 Hp, 10,000 ft. Triton XLS work class ROV.

9. The debtor Deep Marine Technology Incorporated is a Texas corporation, and is the sole member and manager of Deep Marine 1, LLC, Deep Marine 2, LLC, Deep Marine 3, LLC and Deep Marine 4, LLC. Deep Marine Technology Incorporated is the wholly owned subsidiary of the debtor Deep Marine Holdings, Inc., a Delaware corporation. Deep Marine Holdings, Inc. is owned by DCC Ventures, LLC and Otto Candies, LLC.

10. As of the Petition Date, the Debtors employed seven (7) individuals in total, all of whom were and are employed by Deep Marine Technologies Incorporated. Four of these individuals are currently aboard the Debtors' various vessels. The remaining three individuals consist of the Chief Operating Officer, Chief Financial Officer and Controller.

11. The Debtors' businesses heavily depend on the availability of capital. The downturn in the economy, the credit crisis, and the dramatic drop in oil and gas prices have all negatively impacted the Debtors' businesses and the Debtors' abilities to timely meet their financial obligations.

## III. RELIEF REQUESTED AND BASIS THEREFORE

12. The Debtors seek entry of an order providing an extension of the period in which to complete and file their Schedules and Statements as required by § 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure by an additional thirty (30) days.

13. On the Petition Date, the Debtors filed with this Court a consolidated list of the thirty (30) largest unsecured creditors.[1]

14. The size of these cases, the number of Debtors and the volume of material that must be compiled and reviewed by the Debtors' very limited staff of three persons to complete the Schedules and Statements for each of the Debtors during the hectic early days of these chapter 11 cases provide ample cause justifying, if not compelling, the requested extension. Additionally, the Debtors' management (two of the three employees not aboard vessels), have been devoting significant time to acquiring post-petition financing for the Debtors, thus further minimizing the time available to complete the Schedules and Statements.

15. To prepare their Schedules and Statements, the Debtors must compile information from books, records, and documents relating to a large number of claims, assets, and contracts. This information may be voluminous and is located in numerous places throughout the Debtors' organization. Collecting the necessary information requires the Debtors' very limited staff to expend an enormous amount of time and effort.

16. While the Debtors are mobilizing their employees to work diligently and expeditiously to prepare the Schedules and Statements, the Debtors' resources are limited. In view of the amount of work entailed in completing the Schedules and Statements and the

---

[1] The Debtors subsequently amended the list of thirty (30) largest unsecured creditors on December 10, 2009, in order to add electronic mail addresses for each of the creditors, at the request of the United States Trustee.

competing demands upon the Debtors' employees and professionals to assist in efforts to stabilize business operations during the initial post-petition period and to secure post-petition financing, the Debtors will not be able to properly and accurately complete the Schedules and Statements within the required 15-day time period. Given the significant burdens already imposed on the Debtors' management by the commencement of these chapter 11 cases, the Debtors request additional time to complete and file the required Schedules and Statements. At present, the Debtors anticipate that they will require at least thirty (30) additional days to complete their Schedules and Statements. The Debtors therefore request that the Court extend the 15-day period by an additional thirty (30) days. While the Debtors believe that the requested extension will provide sufficient time to permit the Debtors to complete and file the Schedules and Statements, the Debtors reserve the right to seek additional extensions on appropriate notice and motion to the Court.

17. Bankruptcy Rule 1007(c) provides for the extension, for cause, of the time for the filing of the Schedules and Statements. Southern District of Texas Local Bankruptcy Rule 1001-1(d) provides that a judge may modify the application of rules in any case. In view of the size of the Debtors' cases, the amount of information that must be assembled and compiled, and the Debtors' very limited staff, ample cause exists for the requested extension.

### IV. NOTICE

18. Notice of this Motion has been or will be provided to the United States Trustee for the Southern District of Texas, the Debtors' known or alleged secured creditors, the 30 largest unsecured creditors of the Debtors (on a consolidated basis), the United States Attorney's Office for the Southern District of Texas, the Internal Revenue Service, any persons who have filed a request for notice pursuant to Bankruptcy Rule 2002, and any such other

government agencies to the extent required by the Bankruptcy Rules and Local Rules. The Debtors submit that no further notice of this Motion is required.

WHEREFORE, premises considered, the Debtors respectfully request entry of an order pursuant to Rule 1007(c) of the Federal Rules of Bankruptcy Procedure and Southern District of Texas Local Bankruptcy Rule 1001-1(d) extending the Debtors' time to file their schedules of assets and liabilities, schedules of executory contracts and statements of financial affairs until forty-five (45) days after the Petition Date, and granting such other and further relief as is just and proper.

Respectfully submitted,

**BRACEWELL & GIULIANI LLP**

By: _/s/ Marcy E. Kurtz_
  Marcy E. Kurtz
  Texas Bar No. 11768600
  Marcy.Kurtz@bgllp.com
  William A. (Trey) Wood III
  Texas Bar No. 21916050
  Trey.Wood@bgllp.com
  Jason G. Cohen
  Texas Bar No. 24050435
  Jason.Cohen@bgllp.com
  Bracewell & Giuliani LLP
  711 Louisiana, Suite 2300
  Houston, Texas 77002
  Telephone:   (713) 223-2300
  Facsimile:   (713) 221-1212

**PROPOSED ATTORNEYS FOR THE DEBTORS**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on December 15, 2009, a true and correct copy of this document was served on all parties on the attached master service list by electronic means as listed on the court's ECF noticing system, by electronic mail as indicated, and by United States first class mail, postage prepaid.

*/s/ Jason G. Cohen*
Jason G. Cohen
