IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| **DEEP MARINE HOLDINGS, INC.,** | § | Case No. 09-39313 |
| et al. | § | |
| | § | **Jointly Administered** |
| Debtors. | § | **Chapter 11** |

**ORDER AUTHORIZING MAINTENANCE OF INSURANCE POLICIES AND
PAYMENT OF INSURANCE PREMIUMS AND INSURANCE PREMIUM
<u>FINANCE AND SECURITY AGREEMENT PAYMENTS</u>**

Upon the Debtors' Emergency Motion for Order Authorizing Maintenance of Insurance Policies and Payment of Insurance Premiums and Insurance Premium Finance and Security Agreement Payments (the "<u>Motion</u>"), and the Court having jurisdiction to consider the Motion, and having heard the evidence and statements of counsel regarding the Motion, and finding that no further notice is needed, it is therefore

ORDERED, that the relief requested in the Motion is GRANTED as set forth herein; and it is further

ORDERED, that all capitalized terms not defined herein shall have the meaning given to them in the Motion; and it is further

ORDERED, that the Debtors are authorized and empowered to maintain and renew their Insurance Programs without interruption, on the same basis, and in accordance it the same practices and procedures as were in effect prior to the commencement of the Debtors' chapter 11 cases; and it is further

ORDERED, that the Debtors are authorized, but not required, to pay, in their sole discretion, all Insurance Obligations, including those Insurance Obligations that were due and

HOUSTON\2341061

payable or related to the period before the commencement of these chapter 11 cases, if any, without further order of the Court; and it is further

ORDERED, that the Debtors are authorized, but not required, to extend their coverage under the D&O Insurance by purchasing a "tail policy"; and it is further

ORDERED, that the Debtors are authorized, but not required, to pay all premium adjustment amounts that may come due under the Insurance Programs; and it is further

ORDERED, that nothing in this Order nor any actions taken by the Debtors in furtherance of the implementation hereof shall be deemed an approval of the assumption or rejection of any executory contract or unexpired lease pursuant to Bankruptcy Code section 365; and it is further

ORDERED, that nothing in this Order shall impair the ability of the Debtors or appropriate party in interest to contest any claim of any creditor pursuant to applicable law or otherwise dispute, contest, setoff, or recoup any claim, or assert any rights, claims, or defense related thereto; and it is further

ORDERED, that any relevant financial institutions are authorized, consistent with the terms of any applicable cash management order entered in these cases, when requested by the Debtors in the Debtors' sole discretion, to receive, process, honor and pay all checks drawn on or direct deposit and funds transfer instructions relating to the Debtors' accounts and any other transfers that are related to the Insurance Programs and the Insurance Obligations and the costs and expenses incident thereto; *provided* that sufficient funds are available in the accounts to make such payments; *provided further*, that (i) any such financial institution may rely on the representations of the Debtors regarding which checks that were drawn or instructions that were issued by the Debtors before the Petition Date should be honored postpetition pursuant to this

-3-

Order and (ii) any such financial institution shall not have liability to any party for relying on the representations of the Debtors as provided herein; and it is further

ORDERED, that the Debtors, their officers, employees and agents, are authorized to take or refrain from taking such acts as are necessary and appropriate to implement and effectuate the relief granted herein; and it is further

ORDERED, that this Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.


Dated: _____.


_____
MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE