IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| **DEEP MARINE HOLDINGS, INC.,** | § | Case No. 09-39313 |
| et al. | § | |
| | § | **Jointly Administered** |
| Debtors. | § | **Chapter 11** |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED CREDITOR MATRIX, (II) APPROVING THE FORM AND MANNER OF NOTIFYING CREDITORS OF THE COMMENCEMENT OF THE CASE, AND (III) GRANTING AUTHORITY TO ESTABLISH THE MASTER SERVICE LIST APPLICABLE TO THESE CASES**

The above-captioned debtors and debtors-in-possession (together, the "Debtors"), by and through their undersigned proposed attorneys, hereby file this motion (the "Motion") for an Order (I) Authorizing the Debtors to file a Consolidated Creditor Matrix, (II) Approving the Form and Manner of Notifying Creditors of the Commencement of the Case, and (III) Granting Authority to Establish the Master Service List Applicable to these Cases.  In support of the relief requested in the Motion, the Debtors respectfully represent as follows:

## I.  JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of these cases and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory predicate for the relief requested herein Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

HOUSTON\2340671

## II. BACKGROUND

3. On December 4, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are operating their businesses and managing their property as debtors-in-possession. Joint administration of the cases was granted by Court order on December 8, 2009. No trustees or examiners have been appointed in these cases.

4. With their original petitions, the Debtors contemporaneously filed a Notice of Designation as Complex Chapter 11 Bankruptcy Case.

5. The Debtors are privately-held companies based in Houston, Texas that provide subsea services for the offshore oil and gas industry. The Debtors offer remote operated vehicles, subsea construction and field development works, deepwater intervention tasks and inspection and repair services.

6. The debtor Deep Marine 1, LLC is a Louisiana limited liability company wholly owned by the debtor Deep Marine Technology Incorporated. Deep Marine 1, LLC is the owner of the DMT Diamond, a 240 ft. Class II DP Maintenance and Support Vessel, which includes a 50T dynamic knuckle boom crane, a Subsea Launch & Recovery Winch with 10,000 ft. of 1 1/2" cable, and accommodations for 36 people.

7. The debtor Deep Marine 2, LLC is a Delaware limited liability company wholly owned by the debtor Deep Marine Technology Incorporated. Deep Marine 2, LLC is the owner of the DMT Emerald, a 292 ft. Class II DP Maintenance and Support Vessel, which includes a 100T knuckle boom crane, a 100T Heave Compensated Multi-purpose Lifting Tower, a 23x27

Moonpool, and accommodations for 73 people. The DMT Emerald is outfitted with two 150 Hp, 10,000 ft. Triton XLS work class remote operated vehicle ("ROV").

8. The debtor Deep Marine 3, LLC is a Delaware limited liability company wholly owned by the debtor Deep Marine Technology Incorporated. Deep Marine 3, LLC is the owner of the DMT Topaz. The DMT Topaz is a 220 ft. Class II DP diving support vessel, which includes a 40T knuckle boom crane. The DMT Topaz is outfitted with a 150 Hp, 10,000 ft. Triton XLS work class remote operated vehicle ("ROV").

9. The debtor Deep Marine 4, LLC is a Delaware limited liability company wholly owned by the debtor Deep Marine Technology Incorporated. Deep Marine 4, LLC is the owner of the DMT Sapphire, a 240 ft. Class II DP Maintenance and Support Vessel, which includes a 40T knuckle boom crane, a Subsea Launch & Recovery Winch with 10,000 ft. of 1 1/2" cable, and accommodations for 36 people. The DMT Sapphire is outfitted with a 150 Hp, 10,000 ft. Triton XLS work class ROV.

10. The debtor Deep Marine Technology Incorporated is a Texas corporation, and is the sole member and manager of Deep Marine 1, LLC, Deep Marine 2, LLC, Deep Marine 3, LLC and Deep Marine 4, LLC. Deep Marine Technology Incorporated is the wholly owned subsidiary of the debtor Deep Marine Holdings, Inc., a Delaware corporation. Deep Marine Holdings, Inc. is owned by DCC Ventures, LLC and Otto Candies, LLC.

11. As of the Petition Date, the Debtors employed seven (7) individuals in total, all of whom were and are employed by Deep Marine Technologies Incorporated. Four of these individuals are currently aboard the Debtors' various vessels. The remaining three individuals consist of the Chief Operating Officer, Chief Financial Officer and Controller.

12. The Debtors' businesses heavily depend on the availability of capital. The downturn in the economy, the credit crisis, and the dramatic drop in oil and gas prices have all negatively impacted the Debtors' businesses and the Debtors' abilities to timely meet their financial obligations.

### III.  RELIEF REQUESTED

13. By this Motion, the Debtors seek authority to (a) file a consolidated creditor matrix, (b) implement certain procedures (the "Procedures") for notifying creditors of the commencement of these cases, the claims bar date, and the meeting of creditors to be held pursuant to Bankruptcy Code § 341 (the "Notice of Commencement"), and (c) establish the master service list to be used in these cases (the "Master Service List").

**A.     Authority to File a Consolidated Creditor Matrix**

14. Pursuant to Bankruptcy Rule 1007, a debtor "shall file with the petition a list containing the name and address of each entity included or to be included on Schedules D, E, F, G, and H as prescribed by the Official Forms." Fed. R. Bankr. P. 1007(a)(1).  Because many creditors are shared among the Debtors, the Debtors request authority to file a single, consolidated matrix of their general unsecured creditors.

15. Requiring each of the Debtors to file a separate creditor matrix in each of their respective cases would be unduly burdensome and would consume an excessive amount of the Debtors' scarce time and resources.  Therefore, it is in the best interest of the Debtors' estates to avoid the cost and risks associated with preparing separate matrices.  Accordingly, the Debtors submit that authority to file a single, consolidated creditor matrix in these cases is in the best interests of the estate and will facilitate the efficient and orderly administration of these cases.

16. The Debtors submit that the relief requested herein is appropriate under the Bankruptcy Code and the facts and circumstances of these cases.  To the extent necessary, the

Court's equitable powers under Bankruptcy Code § 105(a) provide a basis for granting the relief requested herein, for the reasons set forth above.

17. Relief similar to that requested herein has been granted in comparable chapter 11 cases. *See, e.g.*, *In re Viking Offshore (USA) Inc.*, Case No. 08-31219 (Bankr. S.D. Tex. 2008); *In re Home Interiors & Gifts, Inc.*, Case No. 08-31961 (Bankr. N.D. Tex. 2008); *In re Delta Air Lines, Inc.*, Case No. 05-17923 (PCB) (Bankr. S.D.N.Y. 2005); *In re Northwest Airlines Corp.*, Case No. 05-17930 (ALG) (Bankr. S.D.N.Y. 2005); *In re Enron Corp.*, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. 2001); *In re Laidlaw USA, Inc.*, Case No. 01-14099 (MJK) (Bankr. W.D.N.Y. 2001).

### B. Service of the Notice of Commencement

18. Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 20 days' notice by mail of: the meeting of creditors under § 341 or § 1104(b) of the Code." FED. R. BANKR. P. 2002(a). Furthermore, Bankruptcy Rule 2002(f) provides that notice of the order for relief shall be sent by mail to all creditors.

19. The Debtors propose to serve the Notice of Commencement, substantially in the form attached hereto as **Exhibit A**, to all parties entitled to notice of commencement of these Cases, the setting of the claims bar date, and the setting of the section 341 meeting of creditors. Service of the single notice will not only avoid confusion among creditors, but will prevent the estate from incurring the unnecessary costs associated with serving multiple notices to the parties listed on the Debtors' voluminous creditors' matrix.

### C. Procedures and Establishment of a Consolidated Master Service List

20. A large number of creditors and parties in interest may be entitled to receive notice in these cases. As such, notice of all documents filed in these cases to each creditor and party in interest would be extremely burdensome and costly to the estates.

21. The Debtors, therefore, propose to establish a consolidated Master Service List that would include (a) the Office of the United States Trustee for the Southern District of Texas, (b) all known or alleged secured creditors, (c) the 30 largest unsecured non-insider creditors of the Debtors (on a consolidated basis), (d) all shareholders of Deep Marine Holdings, Inc., (e) all board members of Deep Marine Holdings, Inc., (f) all Debtor representatives, (g) any financial advisors to the Debtors, (h) counsel for, and any professionals retained by, any official committee of unsecured creditors that may be appointed, (i) the United States Attorney's Office for the Southern District of Texas, (j) the Internal Revenue Service, (k) any persons who have filed a request for notice pursuant to Bankruptcy Rule 2002, and (l) any such other government agencies to the extent required by the Bankruptcy Rules and Local Rules.

22. The initial Master Service List will be filed within three (3) calendar days after the Order approving this Motion. The Debtors will update the Master Service List to include the name and address of any party in interest, who has made a written request for notice, weekly for the first month after filing of the initial Master Service List, then bi-weekly until confirmation of a plan of restructuring (or conversion of the cases to chapter 7 proceedings, if applicable), then monthly thereafter during the pendency of these Cases. If in a particular month, there are no changes to the service list, the Debtors shall file a notice with the Court so stating.

23. The Debtors shall have the option to serve the parties on the Master Service List by U.S. mail, e-mail, hand delivery, or facsimile (the choice being in the Debtors' sole discretion).

24. The proceedings with respect to which notice would be limited to the Master Service List shall include all matters covered by Bankruptcy Rule 2002, with the express exception of the following: (a) notice of (i) the first meeting of creditors pursuant to section 341 of the Bankruptcy Code, (ii) the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), and (iii) the time fixed for filing objections to, and the hearings to consider, approval of a disclosure statement and confirmation of a plan of reorganization; and (b) notice and transmittal of ballots for accepting or rejecting a plan of reorganization. Notice of the foregoing matters would be given to all parties in interest in accordance with Bankruptcy Rule 2002, unless the Court orders, or the Bankruptcy Code prescribes, otherwise.

25. The Debtors submit that the relief requested is appropriate in these Cases to provide adequate notice and is within the Court's equitable powers under section 105 of the Bankruptcy Code and Bankruptcy Rule 9006, and are consistent with the Rules Governing Complex Chapter 11 Cases established by this Court.

## IV.  NOTICE

26. Notice of this Motion has been or will be provided to the United States Trustee for the Southern District of Texas, the Debtors' known or alleged secured creditors, the 30 largest unsecured creditors of the Debtors (on a consolidated basis), the United States Attorney's Office for the Southern District of Texas, the Internal Revenue Service, any persons who have filed a request for notice pursuant to Bankruptcy Rule 2002, and any such other government agencies to the extent required by the Bankruptcy Rules and Local Rules.  The Debtors submit that no further notice of this Motion is required.

WHEREFORE, the Debtors request entry of an order, substantially in the form filed herewith, granting the relief requested herein and such other and further relief as may be just and proper under the circumstances.

Respectfully submitted,

**BRACEWELL & GIULIANI LLP**

By: _/s/ Marcy E. Kurtz_
Marcy E. Kurtz
Texas Bar No. 11768600
Marcy.Kurtz@bgllp.com
William A. (Trey) Wood III
Texas Bar No. 21916050
Trey.Wood@bgllp.com
Jason G. Cohen
Texas Bar No. 24050435
Jason.Cohen@bgllp.com
Bracewell & Giuliani LLP
711 Louisiana, Suite 2300
Houston, Texas 77002
Telephone:   (713) 223-2300
Facsimile:   (713) 221-1212

**PROPOSED ATTORNEYS FOR THE DEBTORS**

-9-

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on December 15, 2009, a true and correct copy of this document was served on all parties on the attached master service list by electronic means as listed on the court's ECF noticing system, by electronic mail as indicated, and by United States first class mail, postage prepaid.

*/s/ Jason G. Cohen*
Jason G. Cohen