**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| **DEEP MARINE HOLDINGS, INC.,** | § | **Case No. 09-39313** |
| **et al.** | § | |
| | § | **Jointly Administered** |
| **Debtors.** | § | **Chapter 11** |

**DEBTORS' EMERGENCY MOTION FOR AN ORDER AUTHORIZING THE
EMPLOYMENT OF PROFESSIONALS USED IN THE ORDINARY
COURSE OF THE DEBTORS' BUSINESS**

The above-captioned debtors and debtors-in-possession (together, the "Debtors"), by and through their proposed undersigned attorneys, file this Emergency Motion for an Order Authorizing the Employment of Professionals used in the Ordinary Course of the Debtors' Business (the "Motion"). In support of thereof, the Debtors would show as follows:

**I.  JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**II.  BACKGROUND**

1.      On December 4, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are operating their businesses and managing their property as debtors-in-possession.  Joint

administration of the cases was granted by Court order on December 8, 2009.  No trustees or examiners have been appointed in these cases.

2.      With their original petitions, the Debtors contemporaneously filed a Notice of Designation as Complex Chapter 11 Bankruptcy Case.

3.      The Debtors are privately-held companies based in Houston, Texas that provide subsea services for the offshore oil and gas industry.  The Debtors offer remote operated vehicles, subsea construction and field development works, deepwater intervention tasks and inspection and repair services.

4.      The debtor Deep Marine 1, LLC is a Louisiana limited liability company wholly owned by the debtor Deep Marine Technology Incorporated.  Deep Marine 1, LLC is the owner of the DMT Diamond, a 240 ft. Class II DP Maintenance and Support Vessel, which includes a 50T dynamic knuckle boom crane, a Subsea Launch & Recovery Winch with 10,000 ft. of 1 1/2" cable, and accommodations for 36 people.

5.      The debtor Deep Marine 2, LLC is a Delaware limited liability company wholly owned by the debtor Deep Marine Technology Incorporated.  Deep Marine 2, LLC is the owner of the DMT Emerald, a 292 ft. Class II DP Maintenance and Support Vessel, which includes a 100T knuckle boom crane, a 100T Heave Compensated Multi-purpose Lifting Tower, a 23x27 Moonpool, and accommodations for 73 people.  The DMT Emerald is outfitted with two 150 Hp, 10,000 ft. Triton XLS work class remote operated vehicle ("ROV").

6.      The debtor Deep Marine 3, LLC is a Delaware limited liability company wholly owned by the debtor Deep Marine Technology Incorporated.  Deep Marine 3, LLC is the owner of the DMT Topaz.  The DMT Topaz is a 220 ft. Class II DP diving support vessel, which

includes a 40T knuckle boom crane.  The DMT Topaz is outfitted with a 150 Hp, 10,000 ft. Triton XLS work class remote operated vehicle ("ROV").

7.     The debtor Deep Marine 4, LLC is a Delaware limited liability company wholly owned by the debtor Deep Marine Technology Incorporated.  Deep Marine 4, LLC is the owner of the DMT Sapphire, a 240 ft. Class II DP Maintenance and Support Vessel, which includes a 40T knuckle boom crane, a Subsea Launch & Recovery Winch with 10,000 ft. of 1 1/2" cable, and accommodations for 36 people.  The DMT Sapphire is outfitted with a 150 Hp, 10,000 ft. Triton XLS work class ROV.

8.     The debtor Deep Marine Technology Incorporated is a Texas corporation, and is the sole member and manager of Deep Marine 1, LLC, Deep Marine 2, LLC, Deep Marine 3, LLC and Deep Marine 4, LLC.  Deep Marine Technology Incorporated is the wholly owned subsidiary of the debtor Deep Marine Holdings, Inc., a Delaware corporation.  Deep Marine Holdings, Inc. is owned by DCC Ventures, LLC and Otto Candies, LLC.

9.     As of the Petition Date, the Debtors employed seven (7) individuals in total, all of whom were and are employed by Deep Marine Technologies Incorporated.  Four of these individuals are currently aboard the Debtors' various vessels.  The remaining three individuals consist of the Chief Operating Officer, Chief Financial Officer and Controller.

10.     The Debtors' businesses heavily depend on the availability of capital. The downturn in the economy, the credit crisis, and the dramatic drop in oil and gas prices have all negatively impacted the Debtors' businesses and the Debtors' abilities to timely meet their financial obligations.

### III.  RELIEF REQUESTED

2.      The Debtors seek the entry of an order under §§ 327 and 328 of the Bankruptcy Code authorizing the Debtors to retain professionals utilized by the Debtors in the ordinary course of business (the "Ordinary Course Professionals").  The Debtors request the approval of the retention of the Ordinary Course Professionals *nunc pro tunc* to the Petition Date (or such later date as applicable).

3.      The Debtors seek to employ the Ordinary Course Professionals to render discrete services to the estates for matters that are essential to early stages of the Debtors' chapter 11 proceedings.   These services include support services, certain accounting services, and consulting and related services, which are necessary to the day-to-day continuation of the Debtors' businesses.  The Ordinary Course Professionals and the services they will provide are as follows:

(a)      Patricia Rodriguez.  Ms. Rodriguez has been assisting and will continue to assist the Debtors in gathering the information necessary for compliance with the provisions of the Bankruptcy Code.  Her duties include gathering insurance information, human resources information, and reviewing contracts.  Ms. Rodriguez will work, or has worked, approximately forty (40) hours per week for the first two (2) weeks of December, and then will work approximately twenty (20) hours per week for the last two (2) weeks of December.  The Debtors do not plan to employ Ms. Rodriguez after December 31, 2009.  Ms. Rodriguez is being paid $75 per hour.  This is a fair and reasonable rate for her services.  Ms. Rodriguez was previously employed with the Debtors and is familiar with the operations and business of the Debtors.

(b)      Butch Guidry.  Mr. Guidry has been assisting and will continue to assist the Debtors in gathering the information necessary for compliance with the provisions of the

Bankruptcy Code.  His duties include accounting and support work.  Mr. Guidry began working for the Debtors December 9, 2009.  He has been working and will continue to work approximately twenty (20) hours per week.  The Debtors do not plan to employ Mr. Guidry after December 31, 2009.  Mr. Guidry is being paid $75 per hour.  This is a fair and reasonable rate for his services.  Mr. Guidry, too, was previously employed by the Debtors and is familiar with their business and operations.

4.     In light of the additional cost associated with the preparation of employment applications for professionals who will receive relatively small fees, it is impractical and inefficient for the Debtors to submit individual applications and proposed retention orders for each of the two Ordinary Course Professionals.  Accordingly, the Debtors request that this Court dispense with the requirement of individual employment applications and retention orders with respect to each Ordinary Course Professional.

5.     The Debtors propose that the estate be permitted to pay each Ordinary Course Professional, without a prior application to the Court by such professional, the full amount of the fees and disbursements billed, upon the submission to and approval by the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and disbursements actually incurred and calculated in accordance with such Ordinary Course Professional's standard billing practices (without prejudice to the Debtors' right to dispute any such invoices); provided, however, that if any Ordinary Course Professional's fees and disbursements exceed a total of $20,000 per month, then the payments to such Ordinary Course Professional for such excess amounts shall be subject to the prior approval of the Court in accordance with §§ 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy

Procedure (the "<u>Bankruptcy Rules</u>"), the Local Rules and Orders of this Court and the Fee Guidelines promulgated by the Executive Office of the United States Trustee.

6.      Although certain of the Ordinary Course Professionals may hold unsecured claims against the Debtors in respect of pre-petition services rendered to the Debtors, the Debtors do not believe that any of the Ordinary Course Professionals have an interest materially adverse to any of the Debtors, their creditors or other parties in interest that should preclude such Ordinary Course Professional from continuing to represent the Debtors.  The Debtors will file declarations of disinterestedness on behalf of each of the Ordinary Course Professionals that the Debtors seek to employ, certifying that the professional does not hold any interest adverse to the Debtors or their estates with respect to the matters on which the professional is sought to be employed, prior to any hearing on this Motion.

7.      The Debtors reserve the right to retain additional Ordinary Course Professionals from time to time during these cases, as the need arises.  The Debtors propose to file a list or lists of such additional professionals with the Court and to serve same on the consolidated Master Service List that would include (a) the Office of the United States Trustee for the Southern District of Texas, (b) all known or alleged secured creditors, (c) the 30 largest unsecured non-insider creditors of the Debtors (on a consolidated basis), (d) all shareholders of Deep Marine Holdings, Inc., (e) all board members of Deep Marine Holdings, Inc., (f) all Debtor representatives, (g) any financial advisors to the Debtors, (h) counsel for, and any professionals retained by, any official committee of unsecured creditors that may be appointed, (i) the United States Attorney's Office for the Southern District of Texas, (j) the Internal Revenue Service, (k) any persons who have filed a request for notice pursuant to Bankruptcy Rule 2002, and (l) any such other government agencies to the extent required by the Bankruptcy Rules and Local Rules.

8.     The Debtors further propose that if no objections to any such supplemental list are filed within ten (10) days after service of the list, the list would be deemed approved by the Court without the need for a hearing.

9.     The proposed ordinary course retention and payment procedures set forth herein will not apply to those professionals for whom the Debtors filed (or will file) separate applications for approval of employment, such as Debtors' proposed bankruptcy counsel and financial advisors.

10.     The proposed employment of the Ordinary Course Professionals and the payment of compensation on the basis set forth above is in the best interests of the Debtors' estates and their creditors.  Retention and payment plans similar to that proposed herein have been approved and utilized in many chapter 11 cases.  See, e.g., In re *Mirant Corp.*, *et al*., Case No. 03-46590 (Bankr. N.D.Tex.) (approving similar procedures and establishing $50,000 monthly cap); *In re Worldcom, Inc.*, Case No. 02-13533 (Bankr. S.D.N.Y.) (approving similar procedures and establishing $100,000 monthly cap); *In re Enron Corp.*, Case No. 01-16034 (Bankr. S.D.N.Y) (establishing $50,000 monthly cap); *In re Washington Group Int'l, Inc*., Case No. BK-N-01-31267 (Bankr. D. Nev.) (establishing $50,000 monthly cap).  The relief requested herein will save the estates the expense of separately applying for the employment of each professional. Furthermore, relieving the Ordinary Course Professionals of the requirement of preparing and prosecuting fee applications will save the estates the additional professional fees and expenses that would be generated by the fee application process.  Likewise, the procedure outlined above will spare the Court and the United States Trustee from having to consider numerous fee applications involving relatively modest amounts of fees and expenses.

WHEREFORE, premises considered, the Debtors respectfully request that the Court grant the relief requested in the Motion and grant such other and further relief as is just and proper.

Respectfully submitted,

**BRACEWELL & GIULIANI LLP**

By:   _/s/ Marcy E. Kurtz_
       Marcy E. Kurtz
       Texas Bar No. 11768600
       Marcy.Kurtz@bgllp.com
       William A. (Trey) Wood III
       Texas Bar No. 21916050
       Trey.Wood@bgllp.com
       Jason G. Cohen
       Texas Bar No. 24050435
       Jason.Cohen@bgllp.com
       Bracewell & Giuliani LLP
       711 Louisiana, Suite 2300
       Houston, Texas 77002
       Telephone:    (713) 223-2300
       Facsimile:    (713) 221-1212

**PROPOSED ATTORNEYS FOR THE DEBTORS**

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 15, 2009, a true and correct copy of this document was served on all parties on the attached master service list by electronic means as listed on the court's ECF noticing system, by electronic mail as indicated, and by United States first class mail, postage prepaid.

*/s/ Jason G. Cohen*
Jason G. Cohen