IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In Re:** § | | |
| § | | |
| **DEEP MARINE HOLDINGS, INC.,** § | Case No. 09-39313 | |
| **et al.** § | | |
| § | Jointly Administered | |
| **Debtors.** § | Chapter 11 | |

REQUEST FOR EMERGENCY
CONSIDERATION OF CERTAIN "FIRST DAY" MATTERS

The above-captioned debtors and debtors-in-possession (together, the "Debtors"), by and through their proposed undersigned attorneys, file this request for emergency consideration of certain "First Day" matters (the "Motion"). In support thereof, the Debtors respectfully represent as follows:

**I. JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**II. RELIEF REQUESTED AND BASIS THEREFORE**

2. The Debtors request emergency consideration of the following "First Day" case matters (the "First Day Matters"):

    (a) Debtors' Emergency Motion for Order (I) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Service, (II) Deeming Utilities Adequately Assured of Future Performance, and (III) Establishing Procedures for Determining Adequate Assurance of Payment (Dkt. No. 21);

HOUSTON\2340606

(b) Debtors' Emergency Motion for Order (I) Authorizing Continued Use of Existing Forms and Records, (II) Authorizing Maintenance of Existing Corporate Bank Accounts and Cash Management System, and (III) Waiving the Requirements of 11 U.S.C. § 345(b) (Dkt. No. 22);

(c) Debtors' Emergency Motion to Extend Time to File Schedules of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and Statements of Financial Affairs (Dkt. No. 23);

(d) Debtors' Emergency Motion for Order Authorizing Maintenance of Insurance Policies and Payment of Insurance Premium Finance and Security Agreement Payments (Dkt. No. 25);

(e) Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated Creditor Matrix, (II) Approving the Form and Manner of Notifying Creditors of the Commencement of the Case, and (III) Granting Authority to Establish the Master Service List Applicable to These Cases (Dkt. No. 26);

(f) Debtors' Emergency Motion for Order (I) Authorizing Debtors to (A) Pay Pre-Petition Wages and Salaries to Employees and (B) Pay Pre-Petition Benefits and to Continue Benefit Programs in the Ordinary Course and (II) Directing Banks to Honor Pre-Petition Checks for Payment of Pre-Petition Employee Obligations (Dkt. No. 28);

(g) Debtor's Emergency Motion for an Order Authorizing the Employment of Professionals Used in the Ordinary Course of the Debtors' Business (Dkt. No. 29); and

(h) Debtors' Emergency Motion Pursuant to 11 U.S.C. §§ 105, 362, 363, and 364 and Bankruptcy Rules 2002, 4001, and 9014 (I) Authorizing the Debtors to Obtain Post-Petition Secured Financing, (II) Granting Security Interests and Superpriority Claims, and (III) Scheduling Final Hearing (Dkt. No. 30).

3. Emergency consideration of the First Day Matters is critical to the maintenance of the Debtors' estates. The Debtors presently lack sufficient liquidity to support their operations. In fact, the Debtors have almost no cash with which to operate. The Debtors need emergency

consideration of the First Day Matters in order to meet payroll and other current operating expenses, including, without limitation, insurance, fuel, docking fees, maintenance, lease, employee and tax obligations. Without emergency consideration of the First Day Matters, the value of the Debtors' assets could be negatively affected.

### III.  NOTICE

4. Notice of this Motion has been or will be provided to the United States Trustee for the Southern District of Texas, the Debtors' known or alleged secured creditors, the 30 largest unsecured creditors of the Debtors (on a consolidated basis), the United States Attorney's Office for the Southern District of Texas, the Internal Revenue Service, any persons who have filed a request for notice pursuant to Bankruptcy Rule 2002, and any such other government agencies to the extent required by the Bankruptcy Rules and Local Rules. The Debtors submit that no further notice of this Motion is required.

### IV.  NO PREVIOUS REQUEST

5. No previous request for the relief sought herein has been made to this or any other court.

### V.  CONCLUSION

WHEREFORE, premises considered, the Debtors respectfully request that the Court grant this request and set Certain First Day Matters for an emergency hearing.

Respectfully submitted,

**BRACEWELL & GIULIANI LLP**

By:  _/s/ Marcy E. Kurtz_
     Marcy E. Kurtz
     Texas Bar No. 11768600
     Marcy.Kurtz@bgllp.com
     William A. (Trey) Wood III

          Texas Bar No. 21916050
          Trey.Wood@bgllp.com
          Jason G. Cohen
          Texas Bar No. 24050435
          Jason.Cohen@bgllp.com
          Bracewell & Giuliani LLP
          711 Louisiana, Suite 2300
          Houston, Texas 77002
          Telephone:   (713) 223-2300
          Facsimile:   (713) 221-1212

**PROPOSED ATTORNEYS FOR THE DEBTORS**

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 15, 2009, a true and correct copy of this document was served on all parties on the attached master service list by electronic means as listed on the court's ECF noticing system, by electronic mail as indicated, and by United States first class mail, postage prepaid.

          */s/ Jason G. Cohen*
          Jason G. Cohen