UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: § | | |
| § | | Case No. 09-39313 |
| DEEP MARINE HOLDINGS, INC.; § | | (Jointly Administered) |
| § | | |
| DEEP MARINE TECHNOLOGY § | | |
| INCORPORATED; § | | |
| DEEP MARINE 1, LLC; § | | |
| DEEP MARINE 2, LLC; § | | |
| DEEP MARINE 3, LLC; and § | | |
| DEEP MARINE 4, LLC § | | |
| § | | |
| Debtors § | | Chapter 11 |

MOTION OF GE BUSINESS FINANCIAL SERVICES, INC. AND
GENERAL ELECTRIC CAPITAL CORPORATION
<u>FOR ADEQUATE PROTECTION</u>

A HEARING WILL BE CONDUCTED ON THIS MATTER ON JANUARY 27, 2010, AT 1:30 A.M.[1] IN COURTROOM 404, 515 RUSK, AVENUE, HOUISTON, TEXAS. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING UNLESS YOU DID NOT RECEIVE THIS NOTICE IN TIME TO DO SO. IN THAT SITUATION, FILE YOUR RESPONSE AS SOON AS POSSIBLE. IN ADDITION TO FILING YOUR RESPONSE WITH THE CLERK, YOU MUST GIVE A COPY OF YOUR RESPONSE TO THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED

PLEASE BE ADVISED THE MOVANTS MAY REQUEST AN EMERGENCY HEARING IF THE DEBTORS' DO NOT OBTAIN APPROVAL OF A DIP LOAN PRIOR TO DECEMBER 20, 2009.

---

[1] This hearing will likely be reset after the Court establishes Pre-Set Hearing Dates in these complex Chapter 11 cases, in which case, notice of the new hearing will be served on all parties entitled to receive notice under the Local Bankruptcy Rules.

761880.1                           - 1 -

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

GE Business Financial Services, Inc. ("GEBFS") and General Electric Capital Corporation ("GECC") (jointly referred to herein as "GE") file this Motion for Adequate Protection and, in support thereof, show as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this proceeding pursuant to 11 U.S.C. §105 and 28 §§ U.S.C. 151, 157 and 1334. Venue is proper herein by virtue of 28 U.S.C. §1408. The statutory predicate for the relief requested herein is 11 U.SC. § 3610.

## II. INTRODUCTION

2. GE is a secured creditor of the Debtors, Deep Marine 1 LLC ("Deep Marine 1") and Deep Marine 2 LLC ("Deep Marine 2"), arising from two loans made by GE's predecessor-in-interest to these Debtors.[2] GE is owed in excess of $47 million. The Loans are secured by preferred ship mortgages on the DMT Diamond and the DMT Emerald. The Loans are guaranteed by Deep Marine Technology Incorporated ("DMT") and Deep Marine Holdings Inc. ("DMH"), who are also Debtors in these jointly-administered cases. Deep Marine 1, Deep Marine 2, Deep Marine 3, LLC, Deep Marine 4, LLC, DMT and DMH are hereinafter referred to as the "Debtors".

3. The Debtors filed their chapter 11 cases with minimal cash on hand and no debtor-in-possession financing in place. Upon information and belief, the Debtors' accounts receivable are subject to the lien and security interest of PNG Bank NA. GE has received notice that the Debtors' comprehensive/general liability coverage on its vessels, including the DMT Diamond and DMT Emerald, will lapse if payment of an

---

[2] GEBFS is the Administrative Agent, Arranger and Security Trustee for certain lenders under the Emerald Loan (hereinafter defined).

761880.1 - 2 -

approximately $240,000 premium is not received by December 20, 2009. By this Motion, GE requests that the Court grant it adequate protection and require the Debtor to immediately make the necessary payment to maintain adequate insurance in place on its collateral. In the alternative, GE requests entry of an order requiring the Debtors to procure insurance coverage on the DMT Diamond and the DMT Emerald in compliance with their respective obligations under the credit agreements. [GE reserves the right to amend this motion to request adequate protection payments in the event the Debtors receive funds from assets which are not encumbered with valid perfected liens of other secured creditors.

### III. FACTUAL BACKGROUND

**A.     The GE Loans**

    **(i)     The Diamond Loan**

4.     On or about November 30, 2006, National City Commercial Capital Corporation ("National City") made a $15 million loan ("Diamond Loan") to Deep Marine 1 evidenced by a Secured Promissory Note ("Diamond Note") dated November 30, 2006, in the original principal amount of $15,000,000, executed by Deep Marine 1, as maker, payable to the order of National City, as payee. The Emerald Note was secured by a United States first priority Preferred Mortgage and Deed of Covenants ("Diamond Mortgage") on the Borrower's United States flag vessel "DMT Diamond", Official No. 1091373, and the other Collateral (as defined in the Loan Agreement). In addition, DMT and DMH each executed Guaranty Agreements dated November 30, 2006, for the benefit of National City whereby they unconditionally guaranteed the full payment of the

Diamond Note.  Deep Marine 1 and National City also executed a Loan Agreement ("Diamond Loan Agreement") dated as of November 30, 2006.

5. On June 18, 2007, National City assigned all right, title and interest in the Diamond Loan Agreement, Diamond Note, Diamond Mortgage, Guaranties, and other loan documents to GECC.

6. During the summer of 2009, Deep Marine 1 defaulted under the Diamond Loan Agreement having failed to keep the vessel clear of any lien encumbrance or charge on the vessel other than the Mortgage.

7. On November 16, 2009, GECC gave written notice that Deep Marine 1 had defaulted under the Diamond Note by, among other things, failing to make a installment payments when due under the Diamond Note.  As of that date, a total of $295,663.64 was past due for which GECC demanded payment by November 26, 2009.

8. Despite demand, no payments were made by Deep Marine 1 on the Diamond Note.  As of December 1, 2009, principal in the amount of $13,372,654.24 and accrued interest in the amount of $257,423.61 was due and owing under the Diamond Note.

    **(ii)    The Emerald Loan**

9. On or about June 7, 2007, Merrill Lynch Business Financial Services Inc. ("Merrill Lynch") made a $41.4 million loan ("Emerald Loan") to Deep Marine 2 evidenced by a Term Loan Promissory Note ("Emerald Note") dated June 7, 2007, in the original principal amount of $41,400,000, executed by Deep Marine 2, as maker, payable to the order of Merrill Lynch Capital, a division of Merrill Lynch, as Administrative

Agent for certain banks and financial institutions,[3] as payee.  The Note was secured by a United States first priority Preferred Mortgage and Deed of Covenants ("Emerald Mortgage") on the Borrower's United States flag vessel "DMT Emerald", Official No. 1190616.  Deep Marine 2 and Merrill Lynch also executed a Loan and Security Agreement ("Emerald Loan Agreement") dated as of June 7, 2007.

10. In addition, DMT and DMH each executed Guaranty Agreements dated June 7, 2007, for the benefit of Merrill Lynch whereby they unconditionally guaranteed the full payment of the Emerald Note.

11. On February 4, 2008, Merrill Lynch was acquired by a subsidiary of GECC and its name was changed to GEBFS.  GEBFS succeeded to all rights, title and interest of Merrill Lynch with respect to the Emerald Note, Emerald Mortgage, guarantees and other loan documents.

12. In August, 2009, Deep Marine 1 defaulted under the Emerald Loan Agreement and Emerald Note by, among other things, (i) breaching certain loan covenants and other provisions contained in the agreement, and (ii) failing to keep the vessel clear of liens other than those permitted by the agreement.  As a result, GEBFS declared an Event of Default under the Emerald Note and accelerated the maturity of the note.

13. Despite demand for payment of the Emerald Note following its acceleration, no payment was made by Deep Marine 2. As of December 1, 2009,

---

[3] The Emerald Loan was funded by Merrill Lynch, Caterpillar Financial Services Corporation and the CIT Group/Equipment Financing, Inc. (collectively referred to as the "Lenders").  Merrill Lynch was designated as the Administrative Agent, Arranger and Security Trustee for the Lenders in connection with for the Emerald Loan.

principal in the amount of $33,636,500.00 and accrued interest in the amount of $181,807.90 was due and owing under the Emerald Note.

**B.    The Debtors' Chapter 11 Bankruptcy Filings**

14.     On December 4, 2009 ("Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.  The Debtors have maintained possession of their property, as Debtors-in-Possession pursuant to 11 U.S.C. §§1107 and 1108.

15.     The Debtors are privately-held companies based in Houston, Texas that provide subsea services for the offshore oil and gas industry.  The Debtors offer remote operated vehicles, subsea construction and field development works, deepwater intervention tasks and inspection and repair services.  Their assets include four vessels generally known as the DMT Diamond, the DMT Emerald, the DMT Topaz and the DMT Sapphire and accounts receivable.   As stated above, GE holds liens on the DMT Diamond and DMT Emerald.

16.     Upon information and belief, as of the Petition Date, the Debtors had virtually ceased all business operations and reduced its staff to seven employees, including the Chief Operating Officer, the Chief Financial Officer and the Controller. Upon information and belief, on the Petition Date, both the DMT Sapphire and the DMT Emerald were at sea. Since the Petition Date, the remaining vessel, the DMT Emerald, has been docked in Mobile, Alabama.  To GE's knowledge, the only business activities in which the Debtors are currently engaged are in connection with the liquidation of the companies and/or their assets.

17. On December 15, 2009, the Debtors filed, among other things, an Emergency Motion Pursuant to 11 U.S.C. §§ 105 , 362, 363, and 364 and Bankruptcy Rules 2002, 4001 and 9014 (i) Authorizing the Debtors to Obtain Post-Petition Secured Financing, (ii) Granting Security Interests and Superpriority Claims, and (iii) Scheduling Final Hearing ("DIP Motion"). An interim hearing is set on the DIP Motion on December 17, 2009, at 3:00 p.m. The Debtors seek post-petition financing for their operating expenses, including payment of premiums due under their various insurance policies.

### IV.  ADEQUATE PROTECTION

18. Pursuant to Bankruptcy Code §§ 361, 363 and 507, the Debtors are required to adequately protect GE's security interests. Section 361 of the Bankruptcy Code provides as follows:

> When adequate protection is required under section 362, 363 or 364 of this title of an interest of an entity in property, such adequate protection may be provided by – (1) requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property; (2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or (3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b) (1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

11 U.S.C. § 361.

19. GE has been enjoined by virtue of 11 U.S.C. § 362(a) from seizing and foreclosing upon its security interest in the DMT Diamond and the DMT Emerald ("Collateral") since the commencement of the bankruptcy cases on December 4, 2009.

20. GE has not received any payments toward the principal, interest or fees on the Diamond Note and the Emerald Note since October, 2009, prior to the Petition Date. The value of the Debtors' assets, including the DMT Diamond and the DMT Emerald, is not certain. The Debtors have not yet filed their schedules of assets and liabilities indicating the value of these assets. The marketing period for these assets is also unknown at this time. During the course of the bankruptcy cases, any equity cushion of GE in and to these properties is being eroded and GE lacks adequate protection for its security interest in the two vessels. The automatic stay under 11 U.SC. § 362 may result in a decrease in the value of GE's interest in and to the vessels. Moreover, there is immediate risk that the insurance coverage on GE's collateral will lapse if payment is not made by December 20, 2009. Therefore, GE is entitled to adequate protection to secure its interest in its Collateral.

21. Adequate protection must be decided on a case-by-case basis. *In re Ledgemere Land Corp.*, 116 B.R. 338, 343 (Bankr. D. Mass. 1990). The purpose of adequate protection is to protect a secured creditor from the loss in the value of its interest in collateral during the reorganization process. *In re Kain*, 86 B.R. 506, 513 (Bankr. W.D. Mich. 1988); *In re Beker Indus. Corp.*, 58 B.R. 725, 736 (S.D.N.Y. 1986). The question of adequate protection should focus on the secured lender's entire property interest and not just its interest in cash sought to be used. *In re Ledgemere Land Corp.*, 116 B.R. 338, 343 (Bankr. D. Mass. 1990).

22.     GE is a secured lender and entitled to an order granting adequate protection to ensure that GE's security interest in the Collateral remains protected and the value of GE's Collateral does not further depreciate pending the Debtors' attempts to reorganize or liquidate.  Specifically, this Court should direct the Debtors immediately to maintain or procure insurance coverage on the Collateral as necessary.

23.     Moreover, the Debtors must grant additional adequate protection to GE in the form of a replacement security interest, in and to the extent the Collateral is actually used or depreciates, a lien on any other property of the Debtors' bankruptcy estate, including property acquired after the Petition Date and the proceeds thereof.

WHEREFORE, GE Business Financial Services, Inc. and General Electric Capital Corporation respectfully request that their Motion for Adequate Protection be granted in all respects and that the Court order the Debtors (1) immediately to make their outstanding insurance payment or, in the alternative, to procure alternative insurance coverage on the Collateral, (2) grant GE replacement security interests in the property of the Debtors' bankruptcy estate, as deemed appropriate, and (3) for such other and further relief to which GE may be justly entitled.

DATED: December 17, 2009.

Respectfully submitted,

**ADAMS AND REESE LLP**

By: */s Susan C. Mathews*
     SUSAN C. MATHEWS
     State Bar No. 05060650
     1221 McKinney, Suite 4400
     Houston, Texas 77010
     Tel: 713-652-5151
     Fax: 713-652-5152

*COUNSEL FOR GE BUSINESS FINANCIAL SERVICES, INC. AND GENERAL ELECTRIC CAPITAL CORPORATION*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been forwarded to all parties on the attached Service List and to those parties who are registered to receive electronic notice via electronic file notification by the Clerk of the Court on this 17th day of December 2009.

                              */s/ Susan C. Mathews*
                              Susan C. Mathews

761880.1                        - 10 -

## SERVICE LIST

| *Debtor*<br>Deep Marine Holdings, Inc.<br>20411 Imperial Valley<br>Houston, TX 77073 | *Debtor's counsel*<br>Marcy E Kurtz<br>Bracewell & Giuliani LLP<br>711 Louisiana<br>Ste 2300<br>Houston, TX 77002<br>713-221-1206<br>Fax : 713-221-2125<br>Email: marcy.kurtz@bgllp.com<br><br>Jason Gary Cohen<br>Bracewell & Giuliani LLP<br>711 Louisiana St<br>Ste2300<br>Houston, TX 77002<br>713-221-1416<br>Fax : 713-222-3209<br>Email: jason.cohen@bgllp.com |
|---|---|
| *US Trustee's Office*<br>Nancy Lynne Holley<br>U S Trustee<br>515 Rusk St<br>Ste 3516<br>Houston, TX 77002<br>713-718-4650<br>Email: nancy.holley@usdoj.gov | *Proposed Counsel for Official Committee of Unsecured Creditors*<br><br>Hugh M. Ray, III<br>McKool Smith, P.C.<br>600 Travis, Suite 7000<br>Houston, TX 77002<br>713-485-7300<br>Fax: 713-485-7344 |

761880.1                                    - 11 -