IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | Jointly Administered Under |
| DEEP MARINE HOLDINGS, INC. *et al.* | § | Case No. 09-39313-H1-11 |
| Debtors | § | |

STATE OF TEXAS )
)
COUNTY OF HARRIS )

### SUPPLEMENTAL AFFIDAVIT OF HUGH RAY, JR. PURSUANT TO RULE 2014

I, Hugh Ray, Jr., being duly sworn, depose and say:

1. I am a principal at the law firm of McKool Smith P.C. ("McKool Smith"), which maintains offices for the practice of law, including at 600 Travis, Suite 7000, Houston, Texas 77002. I submit this affidavit (the "Affidavit") on behalf of McKool Smith in support of the Committee's Application to Employ Counsel (the "Application")[1] of the Official Unsecured Creditors Committee (the "Committee") in the above-referenced, jointly administered Chapter 11 Cases (collectively, the "Case"), for entry of an Order, pursuant to 11 U.S.C. §§ 327 and 328 and Federal Rule of Bankruptcy Procedure 2014, authorizing the retention and employment of McKool Smith as counsel for the Committee retroactively effective as of December 17, 2009. Except as otherwise indicated herein, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.[2]

### QUALIFICATIONS OF MCKOOL SMITH

2. McKool Smith maintains an office for the practice of law in Houston, Texas, where this Case is pending and has extensive experience appearing before the Courts in this

---

[1] Capitalized terms used herein but not otherwise defined shall have those meanings set forth in the Application.
[2] Certain of the disclosures herein relate to matters within the knowledge of other attorneys at McKool Smith and are based on information provided by and to them.

Austin 55132v3                                1

District. In addition, McKool Smith has substantial experience representing committees in reorganization cases. McKool Smith is a national law firm with more than 125 attorneys in six (6) offices. The members of the firm practice in a variety of practice areas, including bankruptcy, litigation, international trade, patent, trademark, and white collar criminal defense.

### MCKOOL SMITH DOES NOT HOLD OR REPRESENT ANY ADVERSE INTEREST TO THE COMMITTEE

3. To the best of my knowledge and information after due inquiry, McKool Smith does not hold or represent any interest adverse to the Committee. As more fully described hereinafter, McKool Smith maintains a computer client database (the "Client Database") containing the names of all of McKool Smith's current and former clients and, where practical, the known affiliates of those clients. In connection with preparing this Affidavit, I caused to be submitted to, and checked against, that Client Database all of the following information: (a) the Committee; (b) the Debtors' secured creditors;[3] (c) The Debtors known officers and directors; (d) the Debtors' professionals in this Case;[4] and (f) the U.S. Trustee's Office for this Region (collectively, the "Potentially Interested Parties").

4. A list of the Potentially Interested Parties is attached hereto as *Exhibit 1*. McKool Smith compared the names of the Potentially Interested Parties against the Client Database. The Committee understands that McKool Smith is still in the process of comparing the Potentially Interested Parties to the Client Database, as the identity of additional Potentially Interested Parties becomes known, and will supplement this Affidavit to the extent necessary.

---

[3] The Debtors' creditors are not fully known because the Debtors have failed to file schedules and statements of financial affairs. The known creditors allegedly holding secured claims include PNC Bank, which is currently adverse to McKool Smith in another case.

[4] McKool Smith has corresponded with Grant Thornton in relation to audit letters for clients and may have retained Grant Thornton in unrelated matters as an expert. At this time McKool Smith is unable to identify any substantial or material "connections." McKool Smith and its attorneys have participated in numerous cases with and against Bracewell & Patterson, n/k/a Bracewell & Giuliani, and other counsel in the case, which is not uncommon and not a significant "connection."

5. Further checking by McKool Smith found former parties in the Potentially Interested Parties categories that had connections with McKool Smith (the list of such connections is attached hereto as **Exhibit 2** and is incorporated herein by reference, and is referred to herein as the "Match List"). Through the information generated from the above-mentioned computer inquiry, and to the extent necessary, through follow-up inquiries with McKool Smith attorneys responsible for certain clients listed on the Match List, except as disclosed herein, McKool Smith determined that the connections with persons on the Match List concerned matters unrelated to the Debtors or this Case.

6. Through a firm wide e-mail, McKool Smith also solicited information from its attorneys to determine if any attorneys employed by McKool Smith are related to the Honorable Bankruptcy Judge presiding over the Case, the United States Trustee for Region 7, or any person employed in the Houston office of the United States Trustee. No such connections have yet been discovered. In the event that any additional information is received, McKool Smith will supplement this Affidavit to the extent necessary.

7. McKool Smith maintains and systematically updates its Client Database in the ordinary course of business, and it is the regular practice of McKool Smith to make and maintain these records. The Client Database maintained by McKool Smith is designed to include every matter on which McKool Smith is now or has been engaged, the entity by which McKool Smith is now or has been engaged and, in each instance, the identity of related parties and adverse parties and the attorney at McKool Smith that is knowledgeable about the matter. It is the policy of McKool Smith that no new matter may be accepted or opened without completing and submitting to those charged with maintaining the Client Database the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter,

and related and adverse parties. Accordingly, the Client Database is regularly updated for every new matter undertaken by McKool Smith.

8. As expected, with approximately 125 lawyers nationally, McKool Smith necessarily has some "connections" with certain creditors and other parties-in-interest. For instance, McKool Smith is adverse to PNC Bank and BP America and has worked on matters with Grant Thornton in the past. In addition, McKool Smith and certain of its shareholders, principals, counsel, and associates may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Committee or this Case. Moreover, McKool Smith appears in many cases, proceedings, and transactions involving different attorneys, financial consultants and investment bankers, some of which may now or in the future represent the Potentially Interested Parties or other parties-in-interest in this Case. From time to time, McKool Smith will review its disclosures in this Case and in the event that additional material connections are discovered, McKool Smith will disclose such information to the Court on notice to parties-in-interest and the United States Trustee.

9. Even if McKool Smith's represented a party-in-interest in this Case, no such representation comprises a material component of McKool Smith's practice, nor does it represent such parties on any issue relating to the Debtors.

## PROFESSIONAL COMPENSATION

10. McKool Smith intends to apply for compensation for professional services rendered in connection with this Case subject to the approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the Bankruptcy Local Rules for the Southern District of Texas, and Orders of this Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by McKool Smith.

McKool Smith's billing rates for attorneys who are expected to work on this case are between $250 to $325 per hour for associates and $500 to $700 per hour for principals. Paralegals are charged at approximately $150 an hour, with rates varying slightly based on the experience and education of the particular paralegal.

11. The Committee understands that the hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.

12. The hourly rates set forth above are at or below McKool Smith's standard hourly rates for work of this nature. McKool Smith's standard hourly rates are set at a level designed to fairly compensate McKool Smith for its work and to cover fixed and routine overhead expenses. It is McKool Smith's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, conference calls, computerized research and transcription costs, as well as non-ordinary overhead expenses.

13. McKool Smith will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to McKool Smith's clients. McKool Smith believes that these expenses should fairly be charged to the clients incurring them rather than to increase the hourly rates and spread the expenses among all clients. In addition, McKool Smith intends to seek compensation for all time and expenses associated with its retention in accordance with sections 330 and 331 of the Bankruptcy Code and any orders of this Court, including the preparation of the Application, this Affidavit, and related documents, as well as any monthly fee statements or interim or final fee applications.

14. Other than as set forth herein, there is no proposed arrangement to compensate McKool Smith. McKool Smith has not shared nor agreed to share (a) any compensation it has received or may receive with any other party or person, other than with the shareholders, counsel and associates of McKool Smith, or (b) any compensation another person or party has received or may receive.

15. By reason of the foregoing, I believe McKool Smith is eligible for employment and retention as counsel for the Committee pursuant to sections 327 and 328 of the Bankruptcy Code and the applicable Bankruptcy Rules.

_____
Hugh Ray, Jr., Principal

Sworn to and subscribed before me this
____ day of January 2010.

_____
Notary Public, State of TEXAS

NANCY J JONES
Notary Public, State of Texas
My Commission Expires
February 08, 2013

## EXHIBIT 1

## Potentially Interested Parties

| Official Unsecured Creditors Committee | General Counsel for Committee |
|---|---|
| Aramark US Offshore Services, LLC | McCarter & English |
| Ocean Services, LLC | Montgomery, Purdue, Blankinship & Austin |
| NREC Power Systems, Inc. | Alexander M. Crighton, III (Houma, LA) |
| | |
| **Debtors** | **Counsel for Debtors** |
| Deep Marine Holdings, Inc. | Bracewell & Giuliani LLP |
| Deep Marine Technology Incorporated | |
| Deep Marine 1, LLC | |
| Deep Marine 2, LLC | |
| Deep Marine 3, LLC | |
| Deep Marine 4, LLC | |
| | |
| **Debtors' Known Officers & Directors** | **Position** |
| Wade Abadie | President, Chief Operating Officer |
| John Hudgens | Vice President, Chief Financial Officer, Secretary |
| | |
| **Secured Creditors** | |
| GE Capital | DCC Ventures, LLC |
| Seward & Kissel LLP | Otto Candies, LLC |
| PNC Bank NA | |
| | |
| **Top 30 Unsecured Creditors** | |
| Otto Candies, LLC | Seagull Marine/Agility |
| DCC Ventures, LLC | B&J Martin, Inc./MARTIN QUAR |
| Aramark Offshore | The IUC Group |
| NREC Power Systems, Inc. | Madcon Corporation |
| NJK Holding Corporation | ES&H |
| BNA Marine Services, LLC | GS-HYDRO-US, Inc. |
| Intrepid Global Ind. | Candies Shipbuilders |
| Bollinger Fourchon, LLC | Asamarbunkers/Asamar, Inc. |
| UTEC Survey Inc. | Greenburg Traurig L.L.P. |
| Crossmar Incorporated | Intermoore, Inc. |
| Ertech India | Nexans Norway AS |
| Conrad Shipyard, LLC | Huisman-Itrec Special Lifting |
| McDermott Will & Emory LLP | Greenwood Marine Management I |
| BP America | Bollinger Texas City |
| CapRock Communications | PNC Bank, NA |
| Ocean Services, LLC | Noble Denton Marine |

| DIP Lender | Counsel for DIP Lender |
|---|---|
| Sunchase Holdings, Inc. | Bryan Cave LLP |
| | |
| **Others** | |
| Grant Thornton LLP | |
| | |

# EXHIBIT 2

## McKool Smith P.C.'s Disclosure of Connections with Potentially Interested Parties

The following names were compared to McKool Smith's Client Database. As noted below, McKool Smith has represented in the part or currently represents certain of the Potentially Interested Parties, including various persons or entities that may be related to or affiliated with the Potentially Interested Persons, in matters unrelated to the Debtors or the Case.

| Secured Creditor | Explanation |
|---|---|
| PNC Bank, NA | Currently adverse to McKool Smith in another case. |
| BP America | Currently adverse to McKool Smith in another case |
| GE Capital | Previously adverse to McKool Smith in another case; that case has since closed |
| NJK Holding Corp | Previously a client of McKool Smith; last billings were in 1999 |