IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § § | |
| DEEP MARINE HOLDINGS, INC., et al. | § § § | Case No. 09-39313 |
| | § § | Jointly Administered |
| Debtors. | § | Chapter 11 |

### AFFIDAVIT OF MARCY E. KURTZ AND STATEMENT UNDER RULE 2014 OF THE BANKRUPTCY RULES AND SECTION 329 OF THE BANKRUPTCY CODE

STATE OF TEXAS          §
                                        §
COUNTY OF HARRIS   §

BEFORE ME, the undersigned authority, on this day personally appeared Marcy E. Kurtz, who, being duly sworn by me, did state as follows:

### I. INTRODUCTION

1.  My name is Marcy E. Kurtz. I am over the age of 18 and of sound mind and capable of making this affidavit (the "Affidavit"). I have personal knowledge of the facts contained in this affidavit, and they are true and correct to the best of my knowledge.

2.  I am an attorney admitted to practice law in the states of Texas and New York, the Northern, Eastern, Western and Southern United States District Courts in Texas, the United States District Court for the Southern District of New York and the Court of Appeals for the Fifth Circuit. I am a partner with the law firm of Bracewell & Giuliani LLP ("Bracewell"), based in Houston, Texas. My business address is: 711 Louisiana, Suite 2300, Houston, Texas, USA 77002-2770. The firm has other domestic offices in Dallas, Austin, and San Antonio, Texas,

Connecticut, New York, and Washington, D.C., as well as foreign offices in England, Kazakhstan and Dubai.

3. This Affidavit is given in support of Bracewell's retention as counsel for Deep Marine Holdings, Inc.; Deep Marine Technology Incorporated; Deep Marine 1, LLC; Deep Marine 2, LLC; Deep Marine 3, LLC; and Deep Marine 4, LLC, debtors and debtors-in-possession in the above-captioned cases (the "Debtors").

## II. DISINTERESTEDNESS OF PROFESSIONALS

4. Neither I, Bracewell, nor any partner, associate, or of counsel of Bracewell represents any entity (or its attorneys or accountants) other than the Debtors in connection with the Debtors' chapter 11 cases. In addition, except as set forth herein, to the best of my knowledge, after due inquiry, neither I, Bracewell, nor any partner, associate, or of counsel of Bracewell represents any party in interest (or its attorneys or accountants) in these chapter 11 cases in matters unrelated to the Debtors' chapter 11 cases.

5. Bracewell is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code in that Bracewell:

    (a) is not a creditor, equity security holder, or insider of any of the Debtors for purposes of disclosure;

    (b) is not and was not, within two years before the date of this affidavit, a director, officer, or employee of any of the Debtors; and

    (c) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors. Bracewell has certain client relationships with certain creditors, other parties in interest, and other professionals in connection with wholly

unrelated matters, but has not represented any such party in connection with matters relating to the Debtors, except as set forth in this affidavit.

6. Certain interrelationships exist between the Debtors. Nevertheless, the Debtors have advised Bracewell that the Debtors' relationships to each other do not pose any conflict of interest. Insofar as I have been able to ascertain, I know of no conflict of interest that would preclude Bracewell's joint representation of the Debtors in these cases.

### III. DISCLOSURE OF CONNECTIONS

7. As required by Bankruptcy Rule 2014, the following is a disclosure of Bracewell's connections with the Debtors, creditors, any other parties in interest, their respective attorneys, the United States Trustee, or any person employed in the office of the United States Trustee.

8. In preparing this Affidavit, I submitted to Bracewell's computer conflicts database the names of: (i) the Debtors and their affiliates; (ii) officers and directors; (iii) known professionals as of the date of this Affidavit; (iv) the Debtors' major equity interest holders; (v) the names of the thirty (30) largest unsecured creditors of each of the Debtors; (vi) the names of the known secured creditors of the Debtors; and (vii) the names of the other significant parties in interest and equity interest holders in this case that are known to me (the "Firm Disclosure Procedures"). Bracewell maintains and systematically updates a system to determine conflicts in the regular course of business of the firm, and it is the regular practice of the firm to make and maintain these records. The conflicts check system and adverse party index maintained by Bracewell are designed to include every matter on which the firm is now or has been engaged, by which entity the firm is now or has been engaged, and, in each instance, the identity of related parties and adverse parties and the attorney in the firm that is knowledgeable about the matter. The policy of Bracewell is that no new matter may be accepted or opened without completing and submitting to those charged with maintaining the conflicts check system and adverse party

index the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter and related and adverse parties. Accordingly, the database is regularly updated for every new matter undertaken by Bracewell.

9. Following the foregoing procedures and from such review it was determined that, for the reasons discussed below, Bracewell has in the past represented, currently represents, and may in the future represent entities that are claimants or interest holders of the Debtors in matters totally unrelated to the Debtors' pending chapter 11 cases. Bracewell, which employs over 400 lawyers, has a large and diversified practice that encompasses the representation of many financial institutions and commercial corporations, some of which are or may consider themselves to be creditors or parties in interest in the Debtors' pending chapter 11 cases or to otherwise have interests in these cases. Even so, Bracewell has determined that it does not hold or represent an interest that is adverse to the Debtors' estates, and that it is a "disinterested person" as such term is defined in Section 101(14) of the Bankruptcy Code.

10. Bracewell previously represented, currently represents, and may represent in the future the entities described below (or their affiliates), in matters unrelated to the Debtors. The following lists are the product of implementing the Firm Disclosure Procedures described above and are based on the relationship of the indicated entities with the Debtors.

11. <u>Debtors and their Affiliates</u>. Prior to the Debtors' commencement of these chapter 11 cases, Bracewell had been engaged to represent the Debtors in restructuring representation, including the negotiation of restructuring alternatives, and Bracewell continued to render services in such capacity until shortly before the Petition Date. Bracewell has not represented any of the Debtors in any capacity that was adverse or potentially adverse to the Debtors.

12. <u>Officers and Directors</u>. Bracewell does not currently represent any of the officers or directors of the Debtors in connection with matters for which Bracewell is to be retained in these chapter 11 cases.

    (a) <u>John Hudgens</u>. Bracewell has, presently and in the past, been adverse to, and has represented, John Hudgens in matters unrelated to the Debtors or the chapter 11 cases.

    (b) <u>Government Entities</u>. Bracewell has, presently and in the past, represented parties adverse to the government entities in this case, including but not limited to the Internal Revenue Service.

13. <u>Professionals</u>. As a routine part of its practice, Bracewell appears in cases, proceedings, and transactions involving many different attorneys, accountants, financial consultants, real estate consultants, and investment bankers, including other professionals representing the Debtors and other parties in interest. The following professionals representing parties in interest in these case have been adverse to, or represented by, Bracewell in various unrelated matters to these chapter 11 cases:

    (a) <u>McGlinchey Stafford PLLC</u>. Bracewell has in the past been adverse to, and has represented, McGlinchey Stafford PLLC in matters unrelated to the Debtors or these chapter 11 cases. McGlinchey Stafford PLLC is a major Louisiana based law firm, and is a frequent participant in numerous cases in which Bracewell represents a party in matters unrelated to the Debtors or these chapter 11 cases, including litigation, bankruptcy and transactional matters.

      (b)    <u>Grant Thornton LLP</u>. Bracewell has, presently and in the past, been adverse to, and has represented, Grant Thornton and related parties in matters unrelated to the Debtors or these chapter 11 cases. Bracewell has also, presently and in the past, retained the professional services of Grant Thornton for and on behalf of its clients other than the Debtors.

14.    <u>Prepetition Secured Creditors</u>. Bracewell does not represent and has not represented any of the Debtors' secured creditors in connection with these chapter 11 cases. However, various entities and/or their affiliates may be considered to be (1) a former client of Bracewell in matters unrelated to these cases, (2) a current client of Bracewell in matters unrelated to these cases, (3) a separate affiliate of clients who are or were represented by Bracewell in matters unrelated to these cases, (4) a party in interest in litigation brought by or against former or current clients of Bracewell in matters unrelated to these cases, (5) a separate affiliate of former or current clients of Bracewell in matters unrelated to these cases, or (6) a member of committees or groups in which Bracewell has represented the committee or group as a whole or in part. Bracewell may currently represent and in the past may have represented clients in matters adverse to the parties listed in this paragraph and/or their affiliates.

      (a)    <u>Otto Candies LLC</u>. Bracewell has, presently and in the past, been adverse to, and has represented, Otto Candies LLC and related parties in matters unrelated to the Debtors or the chapter 11 cases.

      (b)    <u>PNC Bank</u>. Bracewell has, presently and in the past, been adverse to, and has represented, PNC Bank and related parties in matters unrelated to the Debtors or the chapter 11 cases.

  (c) <u>GE Capital</u>. Bracewell has, presently and in the past, been adverse to, and has represented, GE Capital and related parties in matters unrelated to the Debtors or the chapter 11 cases.

15. <u>Thirty Largest Unsecured Creditors</u>. Bracewell does not represent and has not represented any of the Debtors' unsecured creditors in connection with these chapter 11 cases. However, various entities and/or their affiliates may be considered to be (1) a former client of Bracewell in matters unrelated to these cases, (2) a current client of Bracewell in matters unrelated to these cases, (3) a separate affiliate of clients who are or were represented by Bracewell in matters unrelated to these cases, (4) a party in interest in litigation brought by or against former or current clients of Bracewell in matters unrelated to these cases, (5) a separate affiliated of former or current clients of Bracewell in matters unrelated to these cases, or (6) a member of committees or groups in which Bracewell has represented the committee or group as a whole or in part. Bracewell may currently represent and in the past may have represented clients in matters adverse to the parties listed in this paragraph and/or their affiliates.

  (a) <u>Aramark Offshore</u>. Bracewell has, presently and in the past, been adverse to, and has represented, Aramark Offshore and related parties in matters unrelated to the Debtors or these chapter 11 cases.

  (b) <u>BP America</u>. Bracewell has, presently and in the past, been adverse to, and has represented, BP America and related parties in matters unrelated to the Debtors or these chapter 11 cases.

  (c) <u>CapRock Communications</u>. Bracewell has, presently and in the past, been adverse to, and has represented, CapRock Communications and related parties in matters unrelated to the Debtors or these chapter 11 cases.

    (d)    <u>Crossmar Incorporated</u>. Bracewell has, presently and in the past, been adverse to, and has represented, Crossmar Incorporated and related parties in matters unrelated to the Debtors or these chapter 11 cases.

    (e)    <u>Greenburg Traurig LLP</u>. Bracewell has, presently and in the past, represented clients that were co-parties to, and adverse to, clients of Greenburg Traurig LLP in matters unrelated to the Debtors or these chapter 11 cases.

    (f)    <u>Huisman-Itrec Special Lifting</u>. Bracewell has, presently and in the past, been adverse to, and has represented, Huisman-Itrec Special Lifting in matters unrelated to the Debtors or these chapter 11 cases.

    (g)    <u>McDermott Will & Emory LLP</u>. Bracewell has, presently and in the past, represented clients that were co-parties to, and adverse to, clients of McDermott Will & Emory LLP and related parties in matters unrelated to the Debtors or these chapter 11 cases.

    (h)    <u>Seagull Marine/Agility Logistics</u>. Bracewell has, presently and in the past, been adverse to, and has represented, Agility Logistics and related parties in matters unrelated to the Debtors or these chapter 11 cases.

16.    <u>US Trustee</u>. Barbara C. Jue (formerly Kurtz), an attorney in the office of the U.S. Trustee for the Southern District of Texas (Corpus Christi Division), is my mother. Ms. Jue has no involvement in these cases or with these Debtors. Other than this relationship, I am unaware of any other connection to the U.S. Trustee's office or any person employed at that office.

17.    <u>Other Parties for Notice</u>.

(a) <u>Southwest Bank of Texas/Amegy Bank of Texas</u>. Bracewell has, presently and in the past, been adverse to, and has represented, Southwest Bank of Texas/Amegy Bank of Texas and related parties in matters unrelated to the Debtors or these chapter 11 cases.

(b) <u>Radler Enterprises, Inc</u>. Bracewell has, presently and in the past, been adverse to, and has represented, Radler Enterprises, Inc. and related parties in matters unrelated to the Debtors or these chapter 11 cases.

(c) <u>Cisco Systems Capital Corporation</u>. Bracewell has, presently and in the past, been adverse to, and has represented, Cisco Systems Capital Corporation and related parties in matters unrelated to the Debtors or these chapter 11 cases.

(d) <u>Merrill Lynch Business Financial Services, Inc</u>. Bracewell has, presently and in the past, been adverse to, and has represented, Merrill Lynch Business Financial Services, Inc. and related parties in matters unrelated to the Debtors or these chapter 11 cases.

(e) <u>Eni U.S. Operating Co., Inc</u>. Bracewell has, presently and in the past, been adverse to, and has represented, Eni U.S. Operating Co., Inc. and related parties in matters unrelated to the Debtors or these Chapter 11 cases.

18. None of Bracewell's representations of creditors or other parties in interest in these cases comprise a material component of Bracewell's practice, nor does Bracewell represent such parties on any issue relating to these estates.

## IV.
## BASIS OF RETENTION

19.     Bracewell is willing to be retained by the Debtors as their counsel and will make appropriate application to this Court for compensation and reimbursement of out-of-pocket expenses, all in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules for the Southern District of Texas, and further orders of this Court. Bracewell will bill at its normal hourly rates of $350-$700 for partners, $175-400 for associates and $175-250 for paralegals and clerks. The current hourly rates for the bankruptcy attorneys and paralegals that may work on this matter are:

| | | |
|---|---|---|
| (a) | William A. (Trey) Wood III | $675.00 per hour |
| (b) | William S. Anderson | $675.00 per hour |
| (c) | Marcy E. Kurtz | $650.00 per hour |
| (d) | Jason G. Cohen | $390.00 per hour |
| (e) | Chris S. Tillmanns | $325.00 per hour |
| (f) | Laura L. Venta | $275.00 per hour |
| (g) | Gale Williams Gattis, Paralegal | $210.00 per hour |

20.     These hourly rates are subject to periodic increase in the normal course of Bracewell's business usually effective as of November 1. Other attorneys and paralegals may from time to time assist in the representation of the Debtors in connection with these cases, at Bracewell's regular hourly rates in effect for those personnel. The hourly rates set forth above are Bracewell's standard hourly rates for work of this nature. These rates are set at a level designated to fairly compensate Bracewell for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is Bracewell's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case or matter.

The expenses charged to clients include, among other things, telephone and facsimile charges, photocopying charges, travel expenses, computerized research, as well as non-ordinary overhead expenses such as secretarial overtime, billed only as appropriate under the circumstances.

21. No agreement exists, nor will any be made, to share any compensation received by Bracewell for its services with any other person or firm.

22. Bracewell & Giuliani has received a retainer in the amount of $159,624.50 for work to be performed by Bracewell & Giuliani in connection with these chapter 11 cases, which retainer has been placed in Bracewell & Giuliani's trust account. Bracewell & Giuliani was paid a total of approximately $90,375.50 for services rendered in the 12 months prior to the Petition Date.

23. The services to be rendered by Bracewell to the Debtor include all those services set forth in the Debtors' application to retain Bracewell being filed simultaneously herewith.

FURTHER, AFFIANT SAITH NOT.

AFFIANT:

/s/ Marcy E. Kurtz
Marcy E. Kurtz

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned authority, on the 4th day of January 2010.

My Commission Expires:

November 30, 2012

C. D. KINCAID
Notary Public, State of Texas
My Commission Expires
November 30, 2012

Notary Public - State of Texas

C. D. KINCAID
Printed Name of Notary Public

HOUSTON\2341288                    -11-

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on January 4, 2010, a true and correct copy of this document was served on all parties on the attached master service list by electronic means as listed on the court's ECF noticing system, by electronic mail as indicated, and by United States first class mail, postage prepaid.

*/s/ Jason G. Cohen*
Jason G. Cohen