IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| **DEEP MARINE HOLDINGS, INC.,** | § | Case No. 09-39313 |
| et al. | § | |
| | § | Jointly Administered |
| Debtors. | § | Chapter 11 |

**DEBTORS' EXPEDITED APPLICATION TO APPROVE RETENTION OF
GREENBERG TRAURIG LLP AS SPECIAL COUNSEL TO THE DEBTORS**

A HEARING WILL BE CONDUCTED ON THIS MATTER ON FEBRUARY 4, 2010 AT 3:00 P.M. IN COURTROOM 404, 515 RUSK, HOUSTON, TEXAS 77002.  IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING.  UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-THREE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING.  IN ADDITION TO FILING YOUR RESPONSE WITH THE CLERK, YOU MUST GIVE A COPY OF YOUR RESPONSE TO THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

The above-captioned debtors and debtors-in-possession (together, the "Debtors"), by and through their undersigned proposed attorneys, hereby file this application (the "Application") to retain the law firm of Greenberg Traurig, LLP as special counsel, and in support thereof respectfully represent as follows:

**I.  JURISDICTION**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408.  This is a

core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory predicates for the relief sought herein are §§ 327(e) and 328(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") 2014.

## II. RELEVANT BACKGROUND[1]

3. On December 4, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are operating their businesses and managing their property as debtors-in-possession. Joint administration of these cases was granted by Court order on December 8, 2009. No trustees or examiners have been appointed in these cases.

4. The Court entered its Order Granting Chapter 11 Complex Case Treatment on January 5, 2010 (Doc. No. 107).

5. An official committee of unsecured creditors (the "Committee") was appointed in these cases on December 15, 2009.

6. On December 18, 2009, the Court entered its Order Approving Post-Petition Financing on a Priming Basis (Doc. No. 49), pursuant to which the Debtors were granted authority to borrow $820,000.00 on an interim basis.

7. On January 7, 2010, the Court entered its Order Granting Emergency Motion (Doc. No. 117), pursuant to which the Debtors were granted authority to borrow $2,280,000.00 on a final basis. Also on January 7, 2010, the Court entered its Order Granting Application to Employ (Doc. No. 118), pursuant to which John Bittner will serve as chief restructuring officer

---

[1] A more complete background of the Debtors' businesses and the events leading to the filing of these cases is provided in the Affidavit of John Hudgens in Support of First Day Motions (Doc. No. 41).

("CRO") in these chapter 11 cases.

## I.  RELIEF REQUESTED

8. Debtors request that the court approve retention of the law firm of Greenberg Traurig, LLP ("Greenberg Traurig") as special counsel to the Debtors for the limited purpose of representing them with regard to litigation that is pending against the Debtors in Delaware Chancery Court (the "Delaware Litigation").[2]

## III.  BASIS FOR RELIEF

9. Section 328(a) of the Bankruptcy Code provides that a debtor, with court approval, may employ a professional under section 327 or 1103 on any reasonable terms and conditions of employment.  *See* 11 U.S.C. § 328(a).

10. Section 327(e) of the Bankruptcy Code provides that the trustee, with court approval, may employ for a specified special purpose, other than to represent the trustee, an attorney that has represented the estate if that is in the best interest of the estate and the attorney does not hold any interest adverse to the debtors or to the estates with respect to the matter on which such attorney is to be employed.  *See* 11 U.S.C. § 327(e).

11. Finally, Bankruptcy Rule 2014 requires that an application for retention demonstrate the necessity for employment, name of the firm to be employed, reasons for the selection, the services to be rendered, any proposed arrangement for compensation, and the firm's connections with any party in interest.  *See* FED. R. BANKR. P. 2014.

12. As demonstrated herein and in the affidavit of K. B. Battaglini (the "Battaglini Affidavit") attached hereto as Exhibit "A", the terms of employment and engagement letter

---

[2] Two (2) of the debtors, Deep Marine Holdings, Inc. and Deep Marine Technology, Incorporated, as well as several of the Debtors' officers, directors and shareholders are defendants in two (2) lawsuits pending before Vice Chancellor Strine in Delaware Chancery Court:  *FLI Deep Marine LLC, et al v. Paul McKim, et al.*, No. 5020-VCS, and *Deepwork Inc. v. Paul McKim et al.*, No. 5032-VCS.

HOUSTON\2348693.1                -3-

between Greenberg Traurig and the Debtors are reasonable and, therefore, should be approved by the Court. As detailed in the following section, which explains the reasons for and scope of the proposed employment, representation of the Debtors by Greenberg Traurig is in the best interest of the estate.

### IV. EMPLOYMENT OF GREENBERG TRAURIG

13. The Debtors have selected Greenberg Traurig because of its excellent reputation and its familiarity with the particulars of the Delaware Litigation. Greenberg Traurig is a nationally recognized law firm with more than thirty (30) worldwide offices and more than 1750 lawyers. Its lawyers have significant experience representing parties in cases that involve claims against officers and directors. Greenberg Traurig represented Deep Marine Holdings, Inc. and Deep Marine Technology in the Delaware Litigation prior to Debtors' bankruptcy filing. In the course of this representation, and in the course of their representation of Deep Marine Holdings, Inc. and Deep Marine Technology Incorporated in related Texas litigation, Greenberg Traurig became well-versed in the facts and circumstances relevant to the Delaware Litigation. It would be inefficient and duplicative to require new counsel to similarly acquaint itself with those facts and circumstances. Furthermore, retention of new counsel would increase the legal fees incurred by the bankruptcy estate.

14. The Debtors propose that Greenberg Traurig will render certain legal services in its capacity as special counsel, including:

(a) Preparing and filing such pleadings as are necessary to zealously defend claims asserted against the Debtors;

(b) Conducting appropriate examinations of witnesses, claimants and other parties in interest in connection with the Delaware Litigation;

(c) Collecting any judgment that may be entered in the Delaware Litigation;

(d) Handling any appeals that may result from the Delaware Litigation;

HOUSTON\2348693.1 -4-

(e) Performing any other legal services which may be appropriate in connection with the representation in the Delaware Litigation.

15. This representation is necessary to preserve the value of the bankruptcy estate. Subject to the fee application process and this Court's approval, Greenberg Traurig will charge the Debtors for their legal services on an hourly basis in accordance with its ordinary and customary hourly rates for cases of this nature. The hourly rates charged by Greenberg Traurig will be those in effect on the date the particular services are rendered. The current hourly rates for Greenberg Traurig's lawyers and other legal staff most likely to assist in this special and limited representation are as follows:

| Name | Title | Rate |
|---|---|---|
| Michael J. Maimone | Partner | $ 585 |
| K. B. Battaglini | Partner | $ 510 |
| Joseph B. Cicero | Associate | $ 425 |
| Gregory E. Stuhlman | Associate | $ 340 |
| Molly Socha | Legal Assistant | $ 140 |

16. The rate of each professional working on this aspect of the bankruptcy case will be clearly reflected in the invoices submitted by Greenberg Traurig. Additionally, Greenberg Traurig will maintain detailed records of costs and expenses incurred in connection with their services, which will be set forth in detail as part of their monthly invoice and fee applications.

17. Greenberg Traurig's agreement for compensation with the Debtors is reflected in the attached engagement letter as Exhibit "B." Greenberg Traurig has received no compensation from the Debtors subsequent to the commencement of these chapter 11 cases.

18. As discussed above, Greenberg Traurig represented Deep Marine Holdings, Inc. and Deep Marine Technology in the Delaware Litigation prior to Debtors' bankruptcy filing. As a result of such representation, Greenberg Traurig is listed among the top 30 unsecured creditors of the Debtors for unpaid pre-petition legal fees and expenses. Specifically, Deep Marine

Technology Incorporated's Schedule F lists Greenburg Traurig as an unsecured nonpriority creditor in the amount of $202,516.17.

19. Greenberg Traurig has stated its desire and willingness to act in these cases and render the necessary professional services as special counsel to the Debtors.

20. Greenberg Traurig is well qualified to perform the services described above, and the Debtors know of no reason why Greenberg Traurig should not be retained. Greenberg Traurig's services will not be duplicative of any other outside professional services.

21. To the best of the Debtors' knowledge, Greenberg Traurig does not have any connection to the Debtors, their creditors, or any other party in interest or their respective attorneys and accountants except as set forth in the Battaglini Affidavit.

22. Greenberg Traurig intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, and any applicable orders entered by this Court with respect to the management of fees and expenses in this case.

23. The employment of Greenberg Traurig on the terms and conditions set forth in this Motion is necessary, essential, and in the best interests of the Debtors' bankruptcy estates and their creditors, and therefore should be approved.

24. Based on the Battaglini Affidavit and Debtors' knowledge of their businesses, litigation and relations with creditors and other parties-in-interest, Greenberg Traurig does not represent or hold any interest adverse to the Debtors, their estates, creditors, or affiliates in the matter on which Greenberg Traurig is to be engaged.

## V.  EXPEDITED REQUEST

25. The Debtors request expedited consideration of this Application. On January 19,

2010, the Debtors initiated Adversary Case 10-03026 (the "Adversary Case"), whereby the Debtors have requested a temporary restraining order, preliminary injunction and permanent injunction, among other things, related to the Delaware Litigation.  The assistance of Greenberg Traurig in the Adversary Case with any preliminary injunction hearing will be critical for the Debtors.

## VI.  NO PRIOR REQUEST

26. No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, premises considered, the Debtors respectfully request that the Court grant the relief requested in the Application and grant such other and further relief as is just and proper.

                Respectfully submitted,

                **BRACEWELL & GIULIANI LLP**

                By:  /s/ Marcy E. Kurtz
                    Marcy E. Kurtz
                    Texas Bar No. 11768600
                    Marcy.Kurtz@bgllp.com
                    William A. (Trey) Wood III
                    Texas Bar No. 21916050
                    Trey.Wood@bgllp.com
                    Jason G. Cohen
                    Texas Bar No. 24050435
                    Jason.Cohen@bgllp.com
                    Bracewell & Giuliani LLP
                    711 Louisiana, Suite 2300
                    Houston, Texas 77002
                    Telephone:    (713) 223-2300
                    Facsimile:    (713) 221-1212

                **PROPOSED ATTORNEYS FOR THE DEBTORS**

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 20, 2010, a true and correct copy of this document was served on all parties on the attached master service list by electronic means as listed on the court's ECF noticing system, by electronic mail as indicated, and/or by United States first class mail, postage prepaid.

*/s/ Jason G. Cohen*
Jason G. Cohen