IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | Jointly Administered Under |
| DEEP MARINE HOLDINGS, INC. et al., | § | Case No. 09-39313-H1-11 |
| Debtors. | § | |

**EXPEDITED MOTION OF THE DEBTORS
AND COMMITTEE TO AUTHORIZE THE COMMITTEE
TO PURSUE ESTATE CAUSES OF ACTION**

A HEARING WILL BE CONDUCTED ON THIS MATTER ON **FEBRUARY 4, 2010**, AT **3:00 P.M.** IN COURTROOM 404, UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK AVENUE, HOUSTON, TX 77002. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN 23 DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

TO THE HONORABLE MARVIN P. ISGUR, UNITED STATES BANKRUPTCY JUDGE:

The Debtors[1] and the Official Committee of Unsecured Creditors ("Committee") in the above referenced, jointly administered Chapter 11 cases (the "Cases"), file this Expedited Motion to Authorize the Committee to Pursue Estate Causes of Action ("Motion"), and would respectfully show the Court as follows:

SUMMARY

1. The Debtors' counsel, Bracewell & Giuliani LLP ("Bracewell") represents Eni Petroleum S.p.A. ("Eni"), an Italian entity that owes, in connection with its U.S. affiliate, $1.5 million to one or more of the Debtors. Eni has refused to turn over the money owed. The

---

[1] Deep Marine Holdings, Inc.; Deep Marine Technology Incorporated; Deep Marine 1, LLC; Deep Marine 2, LLC; Deep Marine 3, LLC; and Deep Marine 4, LLC (collectively, the "Debtors").

Debtors need the cash flow from the receivable. Bracewell, the Debtors' Chief Restructuring Officer ("CRO"), and PNC Bank ("PNC"), the bank claiming a lien on the receivable, all agree that the Committee should act to collect it. The Committee has no conflict and is willing to pursue the Debtors' claims against Eni. By this Motion, the Debtors and the Committee seek an order authorizing the Committee to pursue estate causes of action against Eni. Funds collected from Eni will be held by the estates pending further Court order.

## JURISDICTION AND VENUE

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this motion is a core proceeding pursuant to §§ 28 U.S.C. § 157(b). The Court has authority to grant this relief under Fed. R. Bankr. P. 1001 and 11 U.S.C. §§363, 1103, 105 and 1108.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1408.

## BACKGROUND

4. On December 4, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. The Court subsequently entered its Order Granting Chapter 11 Complex Case Treatment [Docket #107]. The Debtors operate their business and manage their property pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

5. On December 15, 2009, the United States Trustee appointed the Committee pursuant to 11 U.S.C. § 1102 [Docket #24], initially consisting of the following members:

    (a) Aramark US Offshore Services, LLC;

    (b) Ocean Services, LLC; and

    (c) NREC Power Systems, Inc.

More members are expected to be added to the Committee.

6. On December 17, 2009, the Committee retained McKool Smith P.C. ("McKool Smith") as its counsel. Thereafter, the Court approved the Committee's retention of McKool Smith as its counsel [Docket #147].

7. On December 31, 2009, the Debtors' filed an application to employ Bracewell and submitted initial Rule 2014 Disclosures at that time [Docket #78]. Thereafter, Bracewell supplemented its Rule 2014 disclosures on January 4, 2010 by Docket #88. In its disclosures, Bracewell states that it currently represents or formerly represented Eni.

8. On January 6, 2010, the Court approved the employment of the CRO [Docket #118], and the Debtors' Board resigned. The CRO, pursuant to the order, consults with the Committee regularly.

9. PNC has claimed a perfected security interest in the Debtors' prepetition accounts receivable.

10. One or more of the Debtors provided services to Eni prepetition. However, because of the bankruptcy, Eni has refused to turn over the money the Debtors earned.

### CASE LAW PERMITS THE COMMITTEE TO ACT FOR THE ESTATES

11. The CRO and Debtors' counsel agree that the Committee is best suited to collect the Eni receivable for the estates. In a case with more money, time, and potential for conflicts, the Debtors might employ special conflicts counsel under 11 U.S.C. § 327. However, in this instance, the employment of a second group of lawyers would burden the estate further. The Second Circuit established a standard to authorize the Committee to pursue estate claims when (a) a debtor consents, and (b) a court finds that a committee's pursuit is (i) necessary and

beneficial to the fair and efficient administration of the estate, and (ii) in the best interests of the estate:

> A creditors' committee may acquire standing to pursue the debtor's claims if (1) the committee has the consent of the debtor in possession or trustee, and (2) the court finds that suit by the committee is (a) in the best interest of the bankruptcy estate, and (b) is "necessary and beneficial" to the fair and efficient resolution of the bankruptcy proceedings. Id. This approach permits a reasoned and practicable division of labor between the creditors' committee and the debtor in possession or trustee, while also providing bankruptcy courts with significant authority both to manage the litigation and to check any potential for abuse by the parties. Cf. *In re Gibson Group, Inc.*, 66 F.3d 1436, 1441 (6th Cir. 1995) ("A debtor-in-possession often acts under the influence of conflicts of interest and may be tempted . . . to favor certain creditors over others . . . .").

*Commodore Int'l v. Gould (in Re Commodore Int'l Ltd.)*, 262 F.3d 96, 100 (2d Cir. 2001)

12. The *Commodore* court noted that permitting action by the committee decreased the potential for actual or perceived conflicts with the debtor-in-possession. *Id*. Here, the public policy strongly supports granting the Committee authority to pursue the estates' claims against Eni because it protects the Debtors. *See Liberty Mut. Ins. Co. v. Official Unsecured Creditors' Comm. of Spaulding Composites Co. (In re Spaulding Composites Co., Inc.)*, 207 B.R. 899, 904 (B.A.P. 9th Cir. 1997) ("The question, then, is whether a DIP may stipulate to representation by an unsecured creditors' committee. We hold that it may.").

13. Moreover, PNC would prefer the Committee take action because the Committee will have certain strong arm-powers unavailable to PNC. PNC is unable to collect the receivable directly, because, at a minimum, such receivable is property of the estates. If PNC foreclosed on the receivable, it would not have the same ability to collect as do the estates. For instance, the estates may utilize (a) this Court's broad grant of jurisdiction and the automatic stay of 11 U.S.C. § 362; (b) statutory avoidance powers; (c) the Bankruptcy Code's convenient service of process and venue provisions; and (d) a Court with expertise and an efficient docket.

**EXPEDITED RELIEF IS APPROPRIATE HERE**

14. As noted, Eni has refused to turn over approximately $1.5 million owed to the Debtors. These funds are significant assets of the Debtors and may be critical to an effective reorganization of the Debtors. Accordingly, it is important that the Committee be permitted to initiate actions to recover these funds as soon as possible.

WHEREFORE, PREMISES CONSIDERED, the Debtors and the Committee request that the Court authorize the Committee to, in conjunction with the Debtor's CRO, pursue estate claims against Eni, with any proceeds held by the estates until further order of the Court, and grant such other and further relief as is just.

DATED: January 22, 2010.

        Respectfully submitted,

        BRACEWELL & GIULIANI LLP

        By: */s/ Marcy E. Kurtz*
            Marcy E. Kurtz
            Texas Bar No. 11768600
            Marcy.Kurtz@bgllp.com
            William A. Wood III
            Texas Bar No. 21916050
            Trey.Wood@bgllp.com
            Jason G. Cohen
            Texas Bar No. 24050435
            Jason.Cohen@bgllp.com
            Bracewell & Giuliani LLP
            711 Louisiana, Suite 2300
            Houston, Texas 77002
            Telephone: (713) 223-2300
            Facsimile: (713) 221-1212

        PROPOSED ATTORNEYS FOR THE DEBTORS

        MCKOOL SMITH P.C.

        By:    */s/ H. M. Ray, III*
            HUGH RAY, JR.
            State Bar No. 16611000
            PAUL D. MOAK
            State Bar No. 00794316
            HUGH M. RAY, III
            State Bar No. 24004246
            BASIL A. UMARI
            State Bar No. 24028174
            600 Travis, Suite 7000
            Houston, Texas 77002
            Telephone: (713) 485-7300
            Facsimile: (713) 485-7344

        ATTORNEYS FOR OFFICIAL COMMITTEE
        OF UNSECURED CREDITORS

## **CERTIFICATE OF SERVICE**

    I hereby certify that on January 22, 2010, a true and correct copy of the foregoing document has been served via DLR 5.1 and the ECF system, to the parties on the ECF service list.

            */s/ Hugh M. Ray, III*
            HUGH M. RAY, III