IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | |
| DEEP MARINE HOLDINGS, INC.; DEEP MARINE TECHNOLOGY INCORPORATED; DEEP MARINE 1, LLC; DEEP MARINE 2, LLC; DEEP MARINE 3, LLC; and DEEP MARINE 4, LLC | § § § § § § § § § | Case No. 09-39313 (Joint Administered) |
| Debtors | § | Chapter 11 |

### GENE NICHOLS' MOTION FOR RELIEF FROM STAY

THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST TWO DAYS BEFORE THE HEARING. IF YOU FILE YOUR RESPONSE LESS THAN 5 DAYS BEFORE THE HEARING, YOU MUST SEND A COPY TO THE MOVANT BY FACSIMILE, BY HAND, OR BY ELECTRONIC DELIVERY. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND COURT MAY RULE.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

THERE WILL BE A HEARING ON THIS MATTER ON FEBRUARY 26, 2010 AT 3:00 PM IN COURTROOM #404, 4TH FLOOR, 515 RUSK, HOUSTON, TEXAS 77002.

TO THE HONORABLE UNITED STATE BANKRUPTCY JUDGE:

    **COMES NOW** Gene Nichols ("Nichols") and files this motion for relief from stay and would show the Court as follows:

## RELIEF REQUESTED

1. Nichols requests that the automatic stay be lifted so that he may proceed with litigating his personal injury claim in federal district court, in the case styled *Gene Nichols v. Deep Marine Technologies, Inc.,* Civil Action No: 09-cv-07382, in the United States District Court, Eastern District of Louisiana (the "Lawsuit") (including any necessary appeals). Nichols seeks to proceed only against the insurance policies that the Debtor maintained to cover this risk and not against property of the estate.

## GROUNDS FOR RELIEF

2. Nichols was injured on September 1, 2009, while lifting a section of fabricated barge while working on the M/V DMT Emerald, owned and operated by DMT. Nichols alleges causes of action pursuant to the Jones Act, for maintenance and cure, and for unseaworthiness, as more specifically described in the complaint attached as Exhibit A.

3. Nichols filed the Lawsuit on November 19, 2009. DMT denies it was properly served and DMT has not answered the complaint. However, DMT disputes the claim and contends that DMT's records indicate DMT paid for Nichols' surgery after his injury on the DMT Emerald, and that DMT also paid him Maintenance & Cure while he was out. DMT also contends Mr. Nichols apparently was cleared to go back to work 6 weeks after his surgery, but he called in sick when he was called to go back to work and he resigned from DMT shortly thereafter.

4. DMT maintained a maritime liabilities policy. Section II A and B of the Primary Liability Policy expressly states that Jones Act claims (such as Nichols) are covered by the policy. The policy coverage is adequate to cover Nichol's claims. Nichols agrees not to pursue a claim against the Debtor, but only the insurance policy(ies).

5.  <u>Cause exists justifying relief from the bankruptcy stay as to Deep Marine Technologies, Inc</u>. The filing of a bankruptcy petition operates as a stay of the continuation of a judicial, administrative, or other action or proceeding against the debtor. (11 U.S.C. §362(a).) However, upon request of a party in interest, the court shall grant relief from the stay by terminating, annulling, modifying, or conditioning the stay upon a show of cause. (*Id*. at subsection (d).)

6.  Seeking relief solely against the debtor's insurance is proper cause justifying relief from the stay. *International Business Machs. v. Ferstrom Storage & Van Co. (In re Fernstrom Storage & Van Co.)*. 938 F.2d 731 (7th Cir. 1991). Relief from the stay is appropriate as to Nichols because Nichols is only attempting to recover against applicable insurance. Policy proceeds which would be paid to third parties for whose benefit the polices were obtained are not included in "property of the estate" and are not protected by the automatic stay. *In re Scott Wetzel Services Inc.*, 243 B.R. 802, 805 (Bankr. M.D. Fla. 1999).

7.  DMT is currently insured. DMT's insurance gives Nichols an adequate resource from which to collect should he succeed in the Lawsuit. As such, any judgment against DMT will not affect the allocation of resources in the bankruptcy proceeding or prejudice any bankruptcy debtor. Colliers explains the rationale as follows, "Because the policy proceeds will be available only to creditors with the type of claims covered by the policy, there is no depletion of assets that would otherwise be available to satisfy general, unsecured claims, and there is therefore no reason to delay the creditor seeking to recover under the policy. Moreover, the insurer will almost invariably be responsible for the cost of defense, so there should be no added expense for the estate." Colliers § 362.07[3][a].

## PRAYER

8. For the foregoing reasons, Nichols requests that the Court grant his Motion for Relief from Bankruptcy Stay so as to liquidate his claim in *Nichols v. Deep Marine Technologies, Inc.*, Civil Action No: 09-cv-07382, including any necessary appeals, proceed against the insurance policies, and for all other relief, legal or equitable, to which he may be entitled.

Dated: February 1, 2010.

/s/ *Mitchell E. Ayer*
**Mitchell E. Ayer**
State Bar No. 01465500
**Katherine B. Richter**
State Bar No. 24046712
THOMPSON & KNIGHT LLP
333 Clay Street, Suite 3300
Houston, TX 77002
Telephone: 713/654-8111
Fax: 713/654-1871

**Counsel for Gene Nichols**

## CERTIFICATE OF CONFERENCE

On multiple occasions, Mitchell E. Ayer, counsel for Nichols, conferred with counsel for Debtor regarding the relief sought and the form of order. At the time of filing this motion Debtor opposes the relief sought but will seek to reach agreement prior to the date of hearing.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded by pre-paid regular US Mail to the parties listed on the services list attached as Exhibit B and by electronic transmission to the attorneys and parties in this case who are enrolled in the ECF system on the 1st day of February, 2010, and to the parties on the attached service list.

/s/ Mitchell E. Ayer
Mitchell E. Ayer
State Bar of Texas: 01465500
Thompson & Knight LLP
333 Clay Street, Suite 3300
Houston, Texas 77002
Email: mitchell.ayer@tklaw.com
Telephone: 713/654-8111
Fax: 713/654-1871