UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GENE NICHOLS, | * | CIVIL ACTION NO: 09- |
| Plaintiff, | * | SECTION: |
| v. | * | JUDGE: |
| DEEP MARINE TECHNOLOGY, INC. | * | MAGISTRATE NO.: |
| Defendant. | * | MAGISTRATE JUDGE: |

## COMPLAINT

**COMES NOW**, GENE NICHOLS, a person of full age and majority and a resident of Rockdale County, State of Georgia, who respectfully alleges a complaint pursuant to 46 U.S.C. § 688 (the "Jones Act") and General Maritime Law and respectfully represents as follows:

### JURISDICTION AND VENUE

1. Defendant, DEEP MARINE TECHNOLOGY, INC. ("DMT") is a foreign corporation, with its principal place of business believed to be located in Harris County, Texas. DMT actively conducts business in Louisiana.

2. Defendant is subject to the jurisdiction of this Court on the basis of maritime jurisdiction. 28 U.S.C. § 1333.



3. Furthermore, Defendant is subject to the jurisdiction of the Court on the basis of Defendant's contacts with the State of Louisiana. Specifically, Defendant actively conducts maritime operations from Defendant's dock located in Fourchon, Lafourche Parish, Louisiana.

4. Accordingly, jurisdiction and venue properly lie with the Eastern District of Louisiana.

5. To the extent necessary, the Court may also base jurisdiction, pursuant to 28 U.S.C. § 1367 on ancillary and/or pendent jurisdiction for negligence claims.

### PARTIES

6. Plaintiff, Gene Nichols ("Plaintiff"), is a person of full age and majority and a resident of the City of Conyers, Rockdale County, Georgia.

7. Defendant DMT was, at all times relevant to this complaint, the Owner and operator of the M/V DMT Emerald ("the Vessel") a specialized subsea construction vessel docked in the Fourchon, Louisiana.

8. Defendant is indebted unto Plaintiff in such an amount as is reasonable in the premises, together with legal interest from the date of judicial demand until paid and for all costs of these proceedings for the following reasons:

### FACTS COMMON TO ALL CAUSES OF ACTION

9. During all times herein mentioned, DMT owned, operated, managed, controlled, navigated or chartered a fleet of vessels including the M/V DMT Emerald.

10. M/V DMT Emerald is a 292ft DP II vessel which also contains a 100T knuckle boom crane, accommodations for 76 seamen, and two 150Hp, 10,000ft Triton® XLS work class ROVs. The vessel's mission is to carry out subsea construction and field development works, deepwater intervention tasks, flying lead installation, and umbilical installation.

11. During all times herein mentioned, the vessel was engaged in maintenance operations while being docked in HOS North dock in Fourchon, Lafourche Parish, Louisiana.

12. At all times herein mentioned, Plaintiff was an employee of Defendant, serving as a Tech/Rigger.

13. During all times herein mentioned, Plaintiff was permanently assigned to the DMT fleet and his work contributed to the fleet's mission.

14. On or about September 1, 2009, and based on information and belief, the M/V DMT Emerald was docked in the port of Fourchon for maintenance and repair.

15. On or about September 1, 2009, and based on information and belief, the Plaintiff was instructed by his supervisor Chris Peterson and James Jones to fabricate a barge that would be used to clean the vessel's outer hull.

16. On or about September 1, 2009, and based on information and belief, the Plaintiff was ordered by his supervisor Chris Peterson to lift up a section of the fabricated barge.

17. Plaintiff was instructed by his superior to lift the section of the barge despite the presence of a crane on the vessel's deck. The Plaintiff's request for assistance from the crane was denied and he was ordered to lift the barge.

18. While the Plaintiff was attempting to lift the barge, he felt a pop in his stomach and began feeling a burning pain. This injury to the Plaintiff's abdomen was a proximate result of him lifting the barge.

19. After September of 2009, and thereafter on numerous occasions, Plaintiff requested that Defendant provide maintenance and cure. Defendant denied maintenance and cure.

20. Defendant continues to deny maintenance and cure to this date.

21. Plaintiff has suffered severe injury to his body and it is believed that Plaintiff will never again be able to work offshore as a Tech/Rigger.

**CAUSE OF ACTION -- JONES ACT, 46 U.S.C. § 688**

22. All of the allegations contained in the previous paragraphs are realleged herein.

23. The injury complained of was the result of the negligence of Defendant, DMT. Specifically, DMT owed the Plaintiff a duty to provide him with a safe place to work. DMT breached its duty to the Plaintiff by ordering him to lift the barge despite the presence of a crane. The Defendant breached its duty of care owed to Plaintiff.

24. DMT knew that the vessel's crane could render aid to the Plaintiff's task, but ordered the Plaintiff to work without use of said crane.

25. As a direct and proximate result of DMT's breach of the duty owed to the Plaintiff, the Plaintiff was injured and suffered damages.

26. The injuries to the Plaintiff's body are the direct and proximate result of the negligence of DMT in failing in its duty of care, which it owed to the Plaintiff.

27. Plaintiff seeks any and all damages, general or special, to which Plaintiff may be entitled pursuant to the Jones Act, General Maritime Law, statutory law, and common law.

### CAUSE OF ACTION -- MAINTENANCE AND CURE

28. All allegations contained in the previous paragraphs are realleged herein.

29. Plaintiff would show that at various times following the September, 2009 injury, he was unable to work as a result of his injuries, and was therefore unfit for duty. At those times when the Plaintiff was unfit for duty because of his injuries, the Plaintiff made repeated demands on DMT and its Agent or Agents to pay maintenance and medical expenses, and DMT failed and

refused to pay maintenance and medical expenses, and continues to deny maintenance and cure to which the Plaintiff is entitled to under General Maritime Law.

30. Plaintiff is entitled to receive at least $75.00 per day maintenance owed to him, and the Plaintiff is entitled to recover the costs of his medical expenses and medical monitoring expenses.

31. Plaintiff seeks any and all damages, compensatory, special, general, and exemplary to which Plaintiff may be entitled pursuant to the General Maritime Law, statutory law, and common law.

## CAUSE OF ACTION -- UNSEAWORTHINESS

32. All allegations contained in the previous paragraphs are realleged herein.

33. Plaintiff would show that his injuries were directly caused as a result of the unseaworthiness of the M/V DMT Emerald (the "Vessel"), which was owned, operated, controlled, managed, navigated, or chartered by defendant DMT and upon which the Plaintiff worked.

34. The Vessel was unseaworthy in that same failed to provide Plaintiff with safety equipment to undertake the work assigned by Defendant and failed to provide proper supervision by Plaintiff's superiors. DMT was responsible for the injuries of the Plaintiff as a result of the breach of the warranty of seaworthiness.

35. Plaintiff would show that because of the negligence of DMT and the unseaworthiness of the Vessel upon which the Plaintiff was employed, such actions or inactions proximately caused the Plaintiff to sustain injury to his body for which the Plaintiff is entitled to recover compensatory, special and exemplary damages as provided by General Maritime Law, statutory law, and common law.

### CAUSE OF ACTION -- GENERAL MARITIME LAW – PUNITIVE DAMAGES

36. All allegations contained in the previous paragraphs are realleged herein.

37. Defendant knew that Plaintiff would be working on the vessel's deck with heavy items and still denied him use of the vessel's crane. Despite this knowledge, the Defendant did not allow the Plaintiff to be assisted by the deck crane.

38. On the date of injury, the Defendant's supervisor Chris Peterson knew that the conditions surrounding the construction of the barge required the use of the vessel's deck crane.

39. Furthermore, Defendant knew that not using the deck crane created a hazardous place to work.

40. Despite this knowledge, the Defendant's employee ordered the Plaintiff to lift the barge. Moreover, the Defendant denied maintenance and cure despite the Plaintiff's requests, and continues to deny cure to this day.

41. DMT, through its actions, exhibited a callous disregard for Plaintiff's safety. DMT's callous attitude as shown through its willful and wanton mistreatment of Plaintiff by ordering him to work without the assistance of the deck crane; knowing that such actions would certainly lead to bodily injury; by not providing the Plaintiff with the proper equipment present on the vessel's deck, and these actions did in fact cause severe injuries that made the basis of this cause of action. These actions and inactions along with DMT's failure to pay maintenance and cure clearly demonstrate that Plaintiff is entitled to punitive damages.

## DAMAGES

42. All allegations contained in the previous paragraphs are realleged herein.

43. As a direct and proximate result of Defendant's tortiuous conduct as aforesaid, Plaintiff has suffered serious and grievous injuries to his body. Plaintiff has been damaged in the following particulars:

(a) Plaintiff has suffered physical pain and mental anguish and will continue to suffer great pain of body and mind throughout his lifetime;

(b) Plaintiff has suffered loss of enjoyment of life and/or other hedonic damages and will continue to suffer loss of enjoyment of life and/or other hedonic damages throughout his lifetime;

(c) Plaintiff has incurred medical, pharmaceutical, and other expenses and will incur medical, pharmaceutical and other expenses in the future due to his injury;

(d) Plaintiff suffers a physical impairment in his loss of ability to return to work and will continue to suffer this impairment in the future due to his injuries.

(e) Plaintiff has suffered lost earnings and fringe benefits, including insurability, and will suffer the loss of ability to earn income and fringe benefits in the future because of his injuries.

(f) Plaintiff, due to the Defendant's willful and wanton conduct and callous disregard for Plaintiff's safety, health, and welfare, seeks damages to punish this Defendant, for its failure to provide the Plaintiff a safe place to work and for Defendant's failure to pay maintenance and cure.

44. Plaintiff seeks attorney fees and costs as provided by law.

45. Plaintiff seeks any and all other damages, general and special, to which the Plaintiff may be entitled pursuant to General Maritime Law, the Jones Act, statutory law, and common law, including punitive damages. Plaintiff also seeks any damages deemed appropriate by this Honorable Court.

WHEREFORE, Plaintiff prays that Defendant be served with a copy of this Complaint and be duly cited to appear and answer same within the time allowed by law, and that after due proceedings have been had, that there be judgment herein in favor of Plaintiff, GENE NICHOLS, against Defendant, DEEP MARINE TECHNOLOGY, INC., in such an amount of damages as is reasonable in the premises together with legal interest from the date of judicial demand until paid and for all costs of these proceedings.

Plaintiff further prays that all expert fees be taxed as costs and for all general and equitable relief, which the justice of the cause may require and to which he may otherwise be entitled.

Respectfully Submitted,

_s/ Colin D. Sherman_____
Colin D. Sherman (LA Bar # 23299)
HUEY LAW FIRM LLC
P.O. Drawer 1806
Mobile, AL 36633-1806
Tel. (251) 433-6622
Fax (251) 433-6654

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.
**(a) PLAINTIFFS**
Gene Nichols

**DEFENDANTS**
Deep Marine Technologies, Inc.

**(b)** County of Residence of First Listed Plaintiff: Rockdale, Georgia
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Harris, Texas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Dwain Denniston

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability |  |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
|  | ☒ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  |  / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
46 U.S.C. § 688
Brief description of cause:
Hurt back while on the DMT Emerald Boat

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE: 11/12/2009

SIGNATURE OF ATTORNEY OF RECORD: s/Colin D. Sherman

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.  (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**   Example:   U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | |
| DEEP MARINE HOLDINGS, INC.; DEEP MARINE TECHNOLOGY INCORPORATED; DEEP MARINE 1, LLC; DEEP MARINE 2, LLC; DEEP MARINE 3, LLC; and DEEP MARINE 4, LLC | § § § § § § § § § § | Case No. 09-39313 (Joint Administered) |
| Debtors | § | Chapter 11 |

### ORDER GRANTING MOTION FOR RELIEF FROM BANKRUPTCY STAY AS TO GENE NICHOLS AGAINST DEEP MARINE TECHNOLOGY, INC.

**CAME ON** for consideration Motion for Relief from Bankruptcy Stay as to Gene Nichols against Deep Marine Technology, Inc. (the "Motion"). The Court, after considering the Motion, evidence, and arguments of counsel, is of the opinion that the Motion has merit and that the Motion should be granted. The Court finds Gene Nichols has agreed to seek collection only against the insurance policies of the Debtors and otherwise waives his claim against the Debtors. It is, therefore,

**Ordered** that Motion for Relief From Stay as to Gene Nichols against Deep Marine Technology, Inc. is **GRANTED,** and that Nichols may prosecute his claim in *Gene Nichols v. Deep Marine Technologies, Inc.,* Civil Action No: 09-cv-07382, in the United States District Court, Eastern District of Louisiana (and any necessary appeals) and collect against insurance polices of the Debtor.

DATED: _____, 2010.

_____
UNITED STATE BANKRUPTCY JUDGE