IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In Re: | * Case No. 09-39313 |
| | * |
| DEEP MARINE HOLDINGS, INC, | * Jointly Administered |
| et al. | * Chapter 11 |
| | * |
| Debtor. | * |
| | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**OBJECTION OF PNC BANK, NATIONAL ASSOCIATION TO EXPEDITED MOTION OF DEBTORS AND CREDITORS' COMMITTEE TO AUTHORIZE COMMITTEE TO PURSUE ESTATE CAUSES OF ACTION**

PNC Bank, National Association, successor to National City Business Credit, Inc. and National City Bank ("PNC"), a secured creditor in this case, responds to the expedited motion (the "Motion") of the above-captioned debtors and debtors-in-possession (together, the "Debtors") and the committee of general unsecured creditors (the "Committee") for an order authorizing the Committee to pursue, in the name of the debtors' estates, causes of action against Eni Petroleum S.p.A ("Eni") to collect an account receivable in the amount of roughly $1.5 million.

PNC has a perfected, first priority security interest in all of the debtors' accounts receivable, including the account due from Eni. During the course of several contested hearings related to the debtors' motion to obtain post-petition financing, PNC asserted its senior lien rights in the debtors' accounts receivable and objected to the debtors' effort to grant junior liens on them or to use PNC's cash collateral. To resolve PNC's objections, the final order authorizing the DIP financing was amended to add a provision, drafted by the court in open session, that protects PNC's interests by providing: "[t]he Debtors may not collect, receive or use the proceeds of pre-petition accounts receivable until such time as either (i) PNC is paid in full;

298320.1

PNC consents; or (iii) upon order of the Court." Final DIP Financing Order, Docket No. 117, at ¶26, p. 13.

PNC does not object to the Motion to the extent that it seeks authority for the Committee to pursue Eni. The Motion, however, goes further and states that the debtors and the Committee intend to take possession of the proceeds of any collections of the Eni receivable. Motion at p.2; "Funds collected from Eni will be held by the estates pending further Court order;" Motion at p. 5; "WHEREFORE . . . the Debtors and the Committee request that the Court authorize the Committee to . . . pursue claims against Eni, with any proceeds held by the estates until further order of the Court." PNC objects to this aspect of the Motion. Any funds collected from Eni should be deposited with PNC until PNC is paid in full or PNC consents.

The Motion fails to assert any basis for modifying the clear language of the paragraph 26 of the DIP Financing Order. The conclusory statement in the final substantive paragraph of the Motion to the effect that the proceeds of the Eni receivable "may be critical to an effective reorganization of the Debtors" is unsupported by any other factual allegation, and in any event is not a proper basis for ignoring PNC's rights in its collateral and under sections 363 and 361 of the Bankruptcy Code.

The Final DIP Financing Order appropriately balanced the interests of PNC, the estates, and their creditors, and should be honored. If the debtors desire to use PNC's cash collateral, PNC is entitled to the substantive and procedural protections afforded to it under Section 363(c)(2) through 363(e) and the Federal Rules of Bankruptcy Procedure, particularly Rule 4001(b).

PNC further reserves its right to object to any relief the estates or the Committee may in the future seek under Section 506(c) of the Bankruptcy Code to recover from PNC the costs of collecting the Eni receivable.

PNC respectfully requests that the Court deny the Motion to the extent that it seeks to authorize the estates to take possession of any proceeds of the Eni receivables, and further requests that the Court cause any order granting the Motion to conform to the terms of the final sentence of paragraph 26 of the Final DIP Financing Order.

Respectfully submitted, this 3rd day of February, 2010.

        McGlinchey Stafford, PLLC

        By: /s/ Brad J. Axelrod
            Brad J. Axelrod
            LA Bar No. 24286
            301 Main Street, 14th Floor
            Baton Rouge, Louisiana 70801
            Telephone: (225) 383-9000
            Facsimile: (225) 343-3076
            Email: baxelrod@mcglinchey.com

        Attorney for PNC Bank, National Association, successor to National City Business Credit, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that this Objection of PNC Bank, National Association to Expedited Motion of Debtors and Creditors' Committee to Authorize Committee to Pursue Estate Causes of Action has been electronically filed through the Court's ECF system. A Notice of Electronic Filing will be sent by the Court to all counsel of record who have consented to email notification and electronic service. This document is available for viewing and downloading from the Court's ECF system. Service to all known counsel of record who have not consented to email notification and electronic service has been made via U.S. Mail, postage prepaid, this 3rd day of February, 2010.

/s/ Brad J. Axelrod
Brad J. Axelrod

298320.1

4