IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
03/02/2010

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| **DEEP MARINE HOLDINGS, INC.,** | § | Case No. 09-39313 |
| et al. | § | |
| | § | Jointly Administered |
| Debtors. | § | Chapter 11 |

### ADMINISTRATIVE ORDER UNDER 11 U.S.C. §§ 105(A) AND 331 ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon consideration of the Motion for Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "Motion") filed by the Debtors, seeking entry of an order to establish procedures for interim compensation and reimbursement of expenses for professionals specifically retained by order of this Court; and it appearing that this Court has jurisdiction to consider this matter; and it appearing that granting the relief requested in the Motion is in the best interests of the Debtors, their estates, and the creditors; and due and proper notice of the Motion having been given to all parties on the master service list maintained in these cases; and it appearing that, because of the nature of the relief requested, no other or further notice need be given; and sufficient cause appearing therefore, it is hereby

ORDERED that, except as the Court may otherwise order, each professional whose retention in these chapter 11 cases has been approved by the Court (a "Professional") may seek interim compensation for services and reimbursement of expenses in accordance with the following procedures:

HOUSTON\2348407.1

1. Payment of compensation and reimbursement of the Professional on a monthly basis shall be structured as follows:

    (a) Pending eventual Court approval thereof under paragraph 2 below, each Professional seeking the interim payment of fees and reimbursement of expenses may:

        (i) submit an itemized monthly fee and expense statement ("Monthly Statement") in compliance with the provisions of subparagraph 1(b) below setting forth the fees and expenses for which payment is sought for the preceding month, with supporting detail; and

        (ii) serve a copy of such Monthly Statement on the Debtors, bankruptcy counsel for the Debtors, counsel for the Committee of Unsecured Creditors, the CRO, and the United States Trustee (collectively, the "Fee Parties").

    (b) Each Monthly Statement shall include, as an exhibit, time records that itemize services.

    (c) The Fee Parties shall have ten (10) days from the date of service of the Monthly Statement to review the Monthly Statements. After such review, and except as provided in subparagraph 1(d) below, the Debtors shall pay in the ordinary course of business:

        (i) Eighty percent (80%) of the fees requested by a Professional; and

        (ii) One hundred percent (100%) of the expenses requested by a Professional.

    (d) In the event that there are objections to any Monthly Statement submitted by a Professional, the objecting Fee Party shall, within ten (10) days of service of the Monthly Statement, notify the Fee Parties and the affected Professional in writing of such objection. The objection shall specify in detail the nature and basis of the objection. Pending resolution of such objection, the Debtors shall promptly pay to the Professional, as to fees, the amount requested in

the particular Monthly Statement less the greater of (i) the amount in dispute or (ii) the twenty percent holdback provided in subparagraph (c)(i) above, as to expenses, the amount requested less the amount in dispute. The Professional and the objecting Fee Party shall endeavor to amicably resolve any objection within five (5) days after notice of the objection. If a resolution cannot be reached in that period, the Professional may request that the Court resolve the dispute at the next regularly scheduled fee application hearing. The failure of any Fee Party (or other interested party with standing to object) to object to the payment of any Monthly Statement within the ten (10) day period set forth above shall not be deemed to constitute a waiver of that party's right to object to any interim or final fee application filed by any Professional or preclude any disgorgement of any fees paid.

(e) The initial Monthly Statement shall be submitted and served in accordance with this paragraph, and may cover the period from the later of (i) the Petition Date or (ii) the effective date of the approval of the Professional's retention by the Court. Thereafter, each Monthly Statement shall be submitted and served in accordance with the terms set out above.

(f) Each Professional shall have a continuing obligation to disclose any matter that may affect qualification for court-approved employment under the Bankruptcy Code or disqualification from employment under any relevant ethical consideration. If any party in interest contends that any Professional has a conflict of interest or other affiliation requiring disqualification resulting from matters reasonably disclosed in connection with the Professional's retention application or any amendment thereto, such party in interest shall immediately file an objection to the Professional's retention, detailing the alleged conflict or other disqualifying factors, and shall raise any such contention at the first hearing on interim compensation

following such disclosure (unless an earlier hearing is scheduled by the Court in connection with the objection), or shall thereafter be estopped from doing so.

2. All interim applications for approval of compensation and reimbursement of expenses shall be subject to the following requirements and procedures:

(a) All interim fee applications shall cover the same uniform time periods. The first uniform period for interim fee applications shall be the period from the Petition Date through March 31, 2010. Thereafter, the subsequent uniform periods shall cover each successive four-calendar-month period.

(b) All objections to interim fee applications must be filed within 23 days of the filing of the interim fee application.

(c) Hearings on interim fee applications will be held on the next preset hearing date following the day on which objections were due.

3. Unless otherwise ordered, notice of hearings to consider interim applications for application for compensation and reimbursement filed by a Professional shall be limited to all parties on the master service list maintained in these cases.

Signed: March 01, 2010

_____
Marvin Isgur
Chief United States Bankruptcy Judge