IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEP MARINE HOLDINGS, INC. | § | CASE NO. 09-39313 |
| ET AL., | § | |
| | § | (Jointly Administered) |
| | § | |
| DEBTORS. | § | CHAPTER 11 |

### BOOTS & COOTS' EMERGENCY MOTION FOR PROTECTIVE ORDER[1]

A HEARING WILL BE CONDUCTED ON THIS MATTER ON MAY 19, 2010 AT 3:00 P.M. IN COURTROOM 404, 515 RUSK, HOUSTON, TEXAS 77002. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY THREE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING OR PRIOR TO THE HEARING ON THIS MOTION THE COURT MAY SET ON AN EMERGENCY BASIS. IN ADDITION TO FILING YOUR RESPONSE WITH THE CLERK, YOU MUST GIVE A COPY OF YOUR RESPONSE TO THE PERSON WHO SENT YOU THE NOTICE. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

**TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:**

Pursuant to Section 107(b) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9018, Boots & Coots Services, LLC ("Boots & Coots") files this Motion requesting that the Court protect certain confidential documents and testimony that may be introduced in connection with its Motion for Relief from the Automatic Stay that was filed on May 7, 2010, any further motions or applications of Boots & Coots (including but not limited with regard to

---

[1] Boots & Coots files this motion subject to and without waiver of its right to arbitrate its disputes with DMT. *See* Boots & Coots' Motion for Relief from the Automatic Stay (Dkt. Entry No. 434).

Boots & Coots' rights to setoff), and/or any of the disputes between Boots & Coots and DMT.[2] In support of this Motion, Boots & Coots respectfully would show as follows:

1. Boots & Coots requests that the Court protect confidential documents and testimony that may be introduced in connection with its Motion for Relief from the Automatic Stay, which is currently scheduled for hearing on Wednesday, June 24, 2010, at 3:00 p.m., any further motions or applications of Boots & Coots (including but not limited with regard to Boots & Coots' rights to setoff), and/or any of the disputes between Boots & Coots and DMT. Federal Rule of Bankruptcy Procedure 9018, which implements Section 107(b) of the Bankruptcy Code[3] provides, in relevant part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . .

Fed. R. Bankr. P. 9018. Federal Rule of Civil Procedure 26(c) also provides for the entry of a protective order "that a trade secret or other confidential research, development of commercial information not be revealed or be revealed only in a specified way." FED. R. CIV. P. 26(c); *see also In re Supplement Spot, LLC*, 2009 WL 2006834, at *22 (Bankr. S.D. Tex. July 8, 2009) (entering protective order to protect confidential business information from unnecessary disclosure); *In re Meyrowitz*, 2009 WL 6544093, at *3 (Bankr. N.D. Tex. Oct. 27, 2006) (entering protective order to prevent commercial injury under Section 107(b)(1) of the Bankruptcy Code, which is implemented through Rule 9018); *In re Northstar Energy, Inc.*, 315

---

[2] As used in this Motion, "DMT" refers to the Debtors Deep Marine Holdings, Inc., Deep Marine Technology Incorporated, Deep Marine 1, LLC, Deep Marine 2, LLC, Deep Marine 3, LLC, and Deep Marine 4, LLC.

[3] Section 107(b) states, "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. 107(b).

B.R. 425, 430 (Bankr. E.D. Tex. 2004) (holding that Section 107(b) is designed to prevent a "Ho[b]son's choice" between involuntary disclosure and waiver of rights).

2.  Boots & Coots has filed a Motion for Relief from the Automatic Stay, requesting that the Court, among other things, lift the stay to allow Boots & Coots to arbitrate its disputes with DMT and to provide DMT with notice of Boots & Coots' outstanding disputes with Allseas Marine Contractors SA ("Allseas") and demand that DMT prosecute such disputes in the existing arbitration between Boots & Coots and Allseas as required under the doctrine of "vouching." As more fully described in Boots & Coots' Motion for Relief from the Automatic Stay, a number of outstanding disputes exist between Boots & Coots and DMT.

3.  In connection its Motion for Relief from the Automatic Stay, any further motions or applications of Boots & Coots (including but not limited with regard to Boots & Coots' rights to setoff), and any of the disputes between Boots & Coots and DMT, materials and testimony may be introduced of a confidential, proprietary, and trade secret nature, including but not limited to the service agreement relating to certain disputes between Boots & Coots and DMT (the "Survey") and information relating to Boots & Coots' arbitration with Allseas. Boots & Coots requests that the Court enter an order protecting these materials and testimony from disclosure, including because the parties to the respective contracts have agreed to maintain these materials as confidential.

4.  For example, the Survey states:

> CONFIDENTIALITY AGREEMENT
> This proposal contains business and technical information proprietary to Deep Marine Technology Incorporated. This document is provided for review and evaluation only and is not to be reproduced or distributed to third parties without the express written permission of Deep Marine Technology Incorporated.[4]

---

[4] Ex. A, Affidavit of Sriram Venketramani, ¶ 4.

The agreement between Boots & Coots and DMT concerning the ONGC project in the Bay of Bengal, which is also the subject of dispute between Boots & Coots and DMT, contains the same "Confidentiality Agreement" language quoted above.

5. By way of further example, the arbitration agreement between Boots & Coots provides that any arbitration between Boots & Coots and Allseas will remain confidential except as required in the ordinary course of business or by applicable law or regulation.

6. In addition to confidentiality agreements, Boots & Coots also maintains information about terms and conditions of contracts relating to projects such as those at issue in this case, including pricing, as confidential, proprietary, and trade secret information.[5]

7. For these reasons, Boots & Coots requests that the Court grant this Motion in its entirety, enter the attached order protecting confidential documents and testimony introduced in connection with Boots & Coots' Motion for Relief from the Automatic Stay any further motions or applications of Boots & Coots, and/or any disputes between Boots & Coots and DMT (including but not limited with regard to Boots & Coots' rights to setoff), and grant such other and further relief in law or in equity, general or special, to which Boots & Coots may be entitled.

---

[5] Ex. A, Affidavit of Sriram Venketramani, ¶¶ 7-10.

Respectfully submitted,

**DOYLE, RESTREPO, HARVIN & ROBBINS, L.L.P.**

By: /s/ James Eloi Doyle
    James Eloi Doyle
    State Bar No. 06093500

600 Travis, Suite 4700
Houston, Texas 77002
Telephone: (713) 228-5100
Facsimile: (713) 228-6138
E-mail: jdoyle@drhrlaw.com

*Attorneys for Boots & Coots Services, LLC*

### CERTIFICATE OF CONFERENCE

I hereby certify that, on May 13 and May 14, 2010, I conferred with Mr. Jason Cohen (the Debtors' counsel) regarding the entry of a protective order. I also forwarded to him a draft copy for his review. As of the filing of this Motion, I have not received Mr. Cohen's response as to whether the Debtors are opposed to the relief requested. Thus, this Motion is presented for the Court's determination.

/s/ Kenichi Yagi
Kenichi Yagi

### CERTIFICATE OF SERVICE

I hereby certify that, on May 14, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Notice of this filing will be served on all parties on the attached master service list by electronic means and as listed on the Court's ECF noticing system, by electronic mail as indicated, and/or by United States first class mail, postage prepaid.

/s/ Christopher N. Hackerman
Christopher N. Hackerman