UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 09-39313 |
| DEEP MARINE HOLDINGS, INC.; | § | (Jointly Administered) |
| | § | |
| DEEP MARINE TECHNOLOGY INCORPORATED; | § § | |
| DEEP MARINE 1, LLC; | § | |
| DEEP MARINE 2, LLC; | § | |
| DEEP MARINE 3, LLC; and | § | |
| DEEP MARINE 4, LLC | § | |
| | § | |
| Debtors | § | Chapter 11 |

### GE'S OBJECTION TO DEBTORS' SALE OF CERTAIN ASSETS PURSUANT TO THE COURT'S ORDER APPROVING BIDDING PROCEDURES, AND <u>REQUEST FOR ADEQUATE PROTECTION</u>

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

GE Business Financial Services, Inc. ("GEBFS") and General Electric Capital Corporation ("GECC") (jointly referred to herein as "GE"), file this Objection to Debtors' Sale of Certain Assets Pursuant to this Court's April 12, 2010, Order (I) Approving Bidding Procedures, (II) Scheduling Bidding Deadline, Auction Date and Sale Hearing Date, (III) Approving Form and Notice Thereof (the "Bid Procedures Order"), and Request for Adequate Protection. Capitalized terms used but not defined herein have the meanings they are given in the Bid Procedures Order.

I.  **FACTUAL BACKGROUND**

1. GE is a secured creditor of the Debtors, Deep Marine 1 LLC ("DM 1") and Deep Marine 2 LLC ("DM 2"), arising from two loans (the "GE Loans") to the Debtors, pursuant to which GE is owed, in total, in excess of $47 million. The GE Loans are secured by preferred ship mortgages on the DMT Diamond and the DMT Emerald, which are owned by DM1 and DM2, respectively. The loans were guaranteed by Deep Marine Technology Incorporated ("DMT") and Deep Marine Holdings Inc. ("DMH," and together with DMT, DM 1 and DM 2, the "Debtors").

2. GE's lien rights and claims are set forth and documented in Proofs of Claim filed in this case on or about March 31, 2010, and are beyond genuine dispute.

3. On March 15, 2010, the Debtors filed their Motion for (A) Entry of an Order (I) Approving Bidding Procedures, (II) Scheduling Bidding Deadline, Auction Date and Sale Hearing Date, (III) Approving Form and Notice Thereof (the "Sale Motion").

4. On April 8 and 12, 2010, the Court held a hearing on the Sale Motion. GE's principal objection to the Sale Motion was that the Proposed Purchaser's $6 million allocation of value for the DMT Diamond was far below the value of that vessel. GE also reserved its right to credit bid pursuant to 11 U.S.C. §363(k), in order to protect the value of its collateral.

5. At the conclusion of the hearing, the Court entered the Bid Procedures Order, allowing the DMT Diamond to be purchased separate from the other assets, and preserving GE's right to credit bid for the vessel.

6. The Bid Procedures Order scheduled an auction ("Auction") for May 17, 2010, and set a Sale Hearing for June 2, 2010.

7. The Auction took place on May 17, 2010. GE participated in the Auction, and made several credit bid offers on the DMT Diamond. At the conclusion of the Auction, Seacor Marine emerged as the highest bidder on the DMT Diamond, with a cash offer of $10 million.

8. The Debtors have indicated they intend to seek the Court's approval of the sale of the DMT Diamond to Seacor Marine for the sum of $10 million. This amount is well below the more than $13 million in debt due GE that is secured by that vessel.

9. GE was an involuntary participant in the Auction, and credit bid to protect the value of its collateral. Absent GE's participation, the DMT Diamond would have sold for much less.

10. Not all auctions realize fair market value ("FMV") or even orderly liquidation value ("OLV") for an asset. GE believes the $10 million sales price is less than both the FMV and the OLV of the DMT Diamond, particularly in light of the comparative price obtained at auction for the DMT Sapphire ($16.5 million).

11. The DMT Emerald, on the other hand, sold to Otto Marine for $51 million. This amount is well above GE's claim secured by that vessel, even taking into account the $5.1 million in disputed insider priming liens asserted against that vessel.

12. The Debtors' propose to retain cash proceeds from the sale of GE's collateral vessels until potentially long after the plan is confirmed. The Debtors also appear to be reserving the right to charge various expenses of administration against the proceeds of GE's collateral. GE objects to any such retention or surcharge, particularly in the case of the DMT Diamond, which is proposed to be sold for both less than its value, and for less than the amount of the debt owed GE.

## II.   GE'S OBJECTION TO THE SALES AND DISPOSITION OF FUNDS

13. GE has not consented to the sale of the DMT Diamond for $10 million.

14. GE is owed in excess of $13 million under the loan secured by the DMT Diamond. In addition, and according to the Claims Register, certain creditors have filed maritime lien claims against the DMT Diamond. These include the disputed $5.6 million insider priming lien asserted by Otto Candies. In addition, Bollinger Fourchon, LLC and Crossmar, Inc. have asserted liens in the amounts of $474,268.36 and $129,996, respectively, for reimbursement for necessaries. Assuming *arguendo* that these additional lien claims are valid (GE does not believe they are), there are in excess of $19 million in lien claims alleged to be secured by the DMT Diamond.

15. As a general rule, a debtor has the right to sell property free and clear of liens under Section 363(f) of the Bankruptcy Code only on the following conditions:

    (1)    Applicable nonbankruptcy law would permit a sale of such property free of the interest;

    (2)    The other entity consents;

    (3)    The interest is a lien and the sale price is greater than the aggregate value of all liens on such property;

      (4)      The interest is in bona fide dispute; or

      (5)      The entity could be compelled in a legal or equitable proceeding to accept a money satisfaction of such interest.

11 U.S.C. §363(f).   At least one of these elements must be met in order for a sale of assets to be approved.  *See In re Wolverine Radio Co.*, 930 F. 2d 1132, 1147 n. 24 (6th Cir. 1991); *see also* Collier on Bankruptcy § 363.06 (2010).

16.    The Sale Motion requests that the Court approve the sale of the Debtors' assets "free and clear of all interests, pursuant to Bankruptcy Code section 363(f), with all such interests attaching to the net sales proceeds of the Acquired Assets to the extent applicable."  Sale Motion at ¶47.

17.    The Debtors do not explain, in the Sale Motion, what they mean by "net" proceeds.

18.    Assuming the proceeds for the DMT Emerald are sufficient to pay both GE's and other creditors' legitimate claims secured by the vessel in full, the Debtors will likely have the right to sell the vessel even without GE's consent, subject only to the question of whether GE is entitled to be paid in cash at closing.

19.    On the other hand, GE believes the Debtors do not have the right to sell the DMT Diamond free and clear under Section 363(f) absent GE's consent, given the amount of the liens filed against the vessel.  The sales price is not sufficient to cover even GE's $13 million debt alone.

20.    Under the terms of the Debtors' proposed plan, the Debtors apparently do not intend to distribute proceeds from the sale of the vessels to secured creditors until,

at earliest, 180 days from the date of the Closing, unless the Debtors or Liquidating Trustee agree otherwise.[1] GE objects to this treatment. The undisputed portion of GE's claims should be paid to GE in cash at closing of any sale.

21. Furthermore, the Debtors should disclose whether and to what extent they seek to surcharge GE's collateral for expenses of administration. GE objects to any such surcharge, particularly in the case of DM 1 and the DMT Diamond. This issue is relevant to GE's decision to consent to a sale of its collateral for less than fair value, and should be answered.

### III. GE IS ENTITLED TO ADEQUATE PROTECTION IF THE COURT APPROVES THE SALE OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS

22. As recognized by 11 U.S.C. §§ 363(e) and 361, GE is entitled to adequate protection if the Court approves the sale of GE's collateral free and clear of liens and other encumbrances. In this case adequate protection requires the payment of proceeds in cash to GE. If for any reason this relief is not granted, adequate protection must be provided in the form of a replacement lien on the proceeds from the sale.

---

[1] The Plan provides that payment of the Class C3 Secured Mortgage Claim of GE "shall be made on or as soon as practicable after later of (a) the Effective Date; (b) the date that is ten (10) Business Days after the date such Claim is Allowed; or (c) such other date as may be agreed upon in writing by the Holder of such Claim and the Debtors, or after the Effective Date, the Liquidating Trustee." Plan at 21. "Allowed" is defined as any Claim or Interest . . .(a) as to which no objection to allowance or request for estimation has been interposed on or before the latter of (i) the Claims Objection Deadline or (ii) the expiration of such other applicable period of limitation fixed by the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court, or is listed on the Schedules as liquidated, non-contingent and undisputed; . . . " Plan at 2. The "Claims Objection Deadline" is defined as the "first Business Day which is at least 180 days after the Effective Date, or such later date as may be established by the Bankruptcy Court in accordance with Section 7.01(b) of the Plan." Plan at 4.

23. Any replacement lien on the proceeds from the sale of the Emerald must be sufficient to protect GE's claim for principal, accrued interest, attorney's fees and other costs to which it is or may be entitled under Section 506(b) of the Bankruptcy Code.

24. By comparison, a replacement lien on the proceeds from the sale of the DMT Diamond will not be sufficient adequate protection of GE's collateral based upon the projected sales price of $10 million. In addition, adequate protection of GE's DMT Diamond collateral requires that the proceeds not be surcharged for administrative expenses or amounts due the DIP Lender.

25. Unless and until GE's claims are paid in full, if any portion of the proceeds of its secured claims are withheld from payment, in escrow, the Order approving such sale(s) free and clear of liens must provide as follows:

> "GE is herby granted replacement liens in the proceeds of the sale of the DMT Diamond, the DMT Emerald, and the DMT ROV No. 2 used on the DMT Emerald. The replacement liens are granted to the same extent, validity, and priority as the original liens, shall secure all debt due and owing to GE under the Diamond Loan and the Emerald Loan, including post-petition interest, attorney's fees and other expenses as provided by 11 U.S.C. § 506(b), and shall not be subject to surcharge or priming. The Debtors shall deposit the proceeds from the sale of these assets in separate interest-bearing accounts and shall not make any disbursements from these accounts pending further order of the Court."

DATED: May 21, 2010.

          Respectfully submitted,

          ADAMS AND REESE LLP

By:    */s/ Susan C. Mathews*
       JOHN A. LEE
       State Bar No. 12125400
       SUSAN C. MATHEWS
       State Bar No. 05060650
       1221 McKinney, Suite 4400
       Houston, Texas 77010
       Tel: 713-652-5151
       Fax: 713-652-5152

**ATTORNEYS FOR GE BUSINESS FINANCIAL SERVICES, INC. AND GENERAL ELECTRIC CAPITAL CORPORATION**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing has been forwarded to all parties on the attached Service List and to those parties who are registered to receive electronic notice via electronic file notification by the Clerk of the Court on this 21st day of May 2010.

          */s/ Susan C. Mathews*
          Susan C. Mathews

**SERVICE LIST**

| *Debtor* | *Debtor's counsel* |
|---|---|
| Deep Marine Holdings, Inc.<br>20411 Imperial Valley<br>Houston, TX 77073 | Marcy E Kurtz<br>Bracewell & Giuliani LLP<br>711 Louisiana<br>Ste 2300<br>Houston, TX 77002<br>713-221-1206<br>Fax : 713-221-2125<br>Email: marcy.kurtz@bgllp.com<br><br>Jason Gary Cohen<br>Bracewell & Giuliani LLP<br>711 Louisiana St<br>Ste2300<br>Houston, TX 77002<br>713-221-1416<br>Fax : 713-222-3209<br>Email: jason.cohen@bgllp.com |
| *US Trustee's Office*<br>Nancy Lynne Holley<br>U S Trustee<br>515 Rusk St<br>Ste 3516<br>Houston, TX 77002<br>713-718-4650<br>Email: nancy.holley@usdoj.gov | *Counsel for Official Committee of Unsecured Creditors*<br><br>Hugh M. Ray, III<br>McKool Smith, P.C.<br>600 Travis, Suite 7000<br>Houston, TX 77002<br>713-485-7300<br>Fax: 713-485-7344 |