## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| **DEEP MARINE HOLDINGS, INC.,** | § | **Case No. 09-39313** |
| **et al.** | § | |
| | § | **Jointly Administered** |
| Debtors. | § | **Chapter 11** |

### CERTIFICATE OF SERVICE OF NOTICE OF AUCTION AND SALE HEARING

I hereby certify that on April 14, 2010, the *Notice of Auction and Sale Hearing*, attached hereto as Exhibit A was served on the parties listed on the attached Master Service List by electronic means as listed on the court's ECF noticing system, by electronic mail as indicated, and/or by United States first class mail, postage prepaid.  Additionally, on April 15, 2010, the *Notice of Auction and Sale Hearing* was served on the parties listed on the attached Asset Sale Solicitation List via email.

Dated: May 21, 2010

**BRACEWELL & GIULIANI LLP**

By:  _/s/ Jason G. Cohen_
Marcy E. Kurtz
Texas Bar No. 11768600
Marcy.Kurtz@bgllp.com
William A. Wood III
Texas Bar No. 21916050
Trey.Wood@bgllp.com
Jason G. Cohen
Texas Bar No. 24050435
Jason.Cohen@bgllp.com
711 Louisiana, Suite 2300
Houston, Texas 77002
Telephone:     (713) 223-2300
Facsimile:     (713) 221-1212

**ATTORNEYS FOR THE DEBTORS**

HOUSTON\2386208.1

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| **DEEP MARINE HOLDINGS, INC.,** | § | **Case No. 09-39313** |
| et al. | § | |
| | § | **Jointly Administered** |
| Debtors. | § | **Chapter 11** |

## NOTICE OF AUCTION AND SALE HEARING

PLEASE TAKE NOTICE that on March 15, 2010, the above-captioned debtors and debtors in possession (the "Debtors"), by counsel, filed with the Bankruptcy Court their Motion for (a) Entry of an Order (i) Approving Bidding Procedures, (ii) Scheduling Bidding Deadline, Auction Date and Sale Hearing Date, (iii) Approving Form and Notice Thereof, and (b) Entry of an Order After the Sale Hearing (i) Authorizing the Debtors to Sell Their Assets, (ii) Authorizing the Debtors to Assume and Assign Certain Executory Contracts and Unexpired Leases and (iii) Granting Related Relief (the "Motion").[1]

PLEASE TAKE FURTHER NOTICE that, on April 12, 2010, the Bankruptcy Court entered the order approving the Motion (the "Bid Procedures Order"), which among other things, establishes bidding procedures (the "Bidding Procedures") that govern the manner in which certain assets of the Debtors are to be sold.

PLEASE TAKE FURTHER NOTICE that a copy of the Bid Procedures Order is being served on you concurrently with this Sale Notice.

PLEASE TAKE FURTHER NOTICE that, in accordance with the terms of the Bid Procedures Order, the Debtors may conduct an auction (the "Auction") starting at 10:00 a.m. (prevailing Central Time) on May 17, 2010 (the "Auction Date") at the law offices of Bracewell & Giuliani LLP, 711 Louisiana Street, Suite 2300, Houston, Texas 77002. Only parties that have submitted a Qualifying Bid by no later than 3:00 p.m. (prevailing Central Time) May 13, 2010 (the "Bid Deadline") will be permitted to participate in and/or make any statements on the record at the Auction.

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Motion.

PLEASE TAKE FURTHER NOTICE that at 9:00 a.m. (prevailing Central Time) on June 2, 2010, or as soon thereafter as counsel may be heard (the "Sale Hearing"), the Debtors shall appear before the Bankruptcy Court and seek entry of an order:

- approving the Purchase and Sale Agreement;

- authorizing the sale of the Acquired Assets by the Debtors to the Proposed Purchaser or such other Person or entity who is the Prevailing Bidder at the Auction

- authorizing the assumption and assignment of certain executory Contracts and unexpired Leases; and

- granting certain related relief.

PLEASE TAKE FURTHER NOTICE that the terms and conditions of the proposed sale of the Acquired Assets are set forth in the Purchase and Sale Agreement. The Purchase and Sale Agreement represent the results of extensive arms-length negotiations conducted by the Debtors to obtain the highest and best offer for the Acquired Assets. However, as set forth in the Bid Procedures Order, the sale remains subject to higher or better offers from any prospective Qualifying Bidder.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the relief requested in the Motion as it relates to the Sale must: (a) be set forth in writing describing the basis therefor, and must be filed with the Bankruptcy Court electronically; (b) comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules; and be served upon: (i) Deep Marine Technology Incorporated, 20411 Imperial Valley Drive, Houston, Texas 77073 (Attn: John Bittner, email: John.Bittner@GT.com), (ii) counsel to the Debtors, Bracewell & Giuliani LLP, 711 Louisiana Street, Suite 2300, Houston, Texas 77002 (Attn: Trey Wood, email: Trey.Wood@bgllp.com), and (iii) counsel for the Committee, McKool Smith P.C., 600 Travis Street, Suite 7000, Houston, Texas 77002 (Attn: Hugh Ray III, email: hmray@mckoolsmith.com) so as to be received no later than 3:00 p.m. (prevailing Central Time) on May 25, 2010 (the "Sale Objection Deadline").

PLEASE TAKE FURTHER NOTICE that the failure of any person or entity to file an objection before the Sale Objection Deadline shall be deemed a consent to the sale of the Acquired Assets to the Proposed Purchaser or the Prevailing Bidder and the other relief requested in the Motion, and be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion, the Auction, the sale of the Acquired Assets, the Debtors' consummation and performance of the Purchase and Sale Agreement, and the assumption and assignment of the Assumed and Assigned Contracts, if authorized by the Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE that this Sale Notice is subject to the full terms and conditions of the Motion and the Bid Procedures Order, which shall control in the event of any conflict, and the Debtors encourage the parties in interest to review such documents in their entirety.

**BRACEWELL & GIULIANI LLP**

By:   */s/ William A. (Trey) Wood III*
      William A. (Trey) Wood III
      Texas Bar No. 21916050
      Trey.Wood@bgllp.com
      Marcy E. Kurtz
      Texas Bar No. 11768600
      Marcy.Kurtz@bgllp.com
      Jason G. Cohen
      Texas Bar No. 24050435
      Jason.Cohen@bgllp.com
      Bracewell & Giuliani LLP
      711 Louisiana, Suite 2300
      Houston, Texas 77002
      Telephone:    (713) 223-2300
      Facsimile:    (713) 221-1212

**ATTORNEYS FOR THE DEBTORS**



## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

**ENTERED**
**04/12/2010**

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| **DEEP MARINE HOLDINGS, INC.,** | § | **Case No. 09-39313** |
| et al. | § | |
| | § | **Jointly Administered** |
| **Debtors.** | § | **Chapter 11** |

### ORDER APPROVING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING BIDDING PROCEDURES, (II) SCHEDULING BIDDING DEADLINE, AUCTION DATE AND SALE HEARING DATE, AND (III) APPROVING FORM AND NOTICE THEREOF

Upon the Debtors' Motion for Entry of an Order (i) Approving Bidding Procedures, (ii) Scheduling Bidding Deadline, Auction Date and Sale Hearing Date, and (iii) Approving Form and Notice Thereof (the "Motion").[1]

After due deliberation and having determined that the relief requested in the Motion is in the best interests of the Debtors and their estates,

### THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACTS AND CONCLUSIONS OF LAW: [2]

A.    This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), (N) and (O). Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408.

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Motion.

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

HOUSTON\2365784.5

B.     The statutory predicates for the relief requested herein are sections 105(a), 363(b), 363(f), 365, 503, 507, and 1123(b) the Bankruptcy Code and Rules 2002(a)(2), 6003, 6004, 6006(a), 9007, and 9014 of the Bankruptcy Rules.

C.     Notice of the Motion, having been given to (i) counsel for the Committee; (ii) the United States Trustee for the Southern District of Texas; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) all other applicable state and federal taxing authorities having jurisdiction over the Acquired Assets; (vi) the United States Department of Justice; (vii) the United States Environmental Protection Agency and any applicable state environmental agency; (viii) the counterparties to each of the Assumed and Assigned Contracts; (ix) all other parties known to Debtors who have or may have asserted liens against any of the Acquired Assets; (x) the Debtors' thirty (30) largest unsecured creditors; (xi) all parties that have requested special notice pursuant to Bankruptcy Rule 2002; and (xii) all other entities known to have expressed an interest in a transaction with respect to all or part of the Acquired Assets, is sufficient in light of the circumstances and the nature of the relief requested in the Motion.

D.     The Debtors have articulated good and sufficient reasons for this Court to grant the relief requested in the Motion regarding the sale process, including without limitation, (i) approval of the Bidding Procedures; (ii) approval and authorization to serve the Sale Notice; and (iii) determination of final Cure Amounts.

E.     The Bidding Procedures and the PSA were negotiated in good faith by the Debtors and the Proposed Purchaser.

F.     The Sale Notice, in substantially the form of the attached **Exhibit 2**, is reasonably calculated to provide all interested parties with timely and proper notice of the Sale, the Sale Hearing and the Auction.

G.   The Sale Notice, the Cure Notice, and the Motion, are reasonably calculated to provide all counterparties to the Assumed and Assigned Contracts with proper notice of the potential assumption and assignment of their executory contract or unexpired lease and any Cure Amounts relating thereto.

H.   The Break-Up Fee and the Expense Reimbursement to be paid under the circumstances described herein and in the PSA are: (i) actual and necessary costs and expenses of preserving the Debtors' estates within the meaning of Bankruptcy Code sections 503(b) and 507(a)(2); (ii) commensurate to the real and substantial benefit conferred upon the Debtors' estates by the Proposed Purchaser; (iii) reasonable and appropriate, in light of the size and nature of the proposed sale transaction and comparable transactions, the commitments that have been made and the efforts that have been and will be expended by the Proposed Purchaser; and (iv) necessary to induce the Proposed Purchaser to continue to pursue the sale transaction and to continue to be bound by the PSA.

I.   The Break-Up Fee and the Expense Reimbursement also induced the Proposed Purchaser to submit a bid that will serve as a minimum floor bid on which the Debtors, their creditors and other bidders may rely. The Proposed Purchaser has provided a material benefit to the Debtors and their creditors by increasing the likelihood that the best possible price for the Acquired Assets will be received. Accordingly, the Bidding Procedures and the Break-Up Fee are reasonable and appropriate and represent the best method to maximize value for the Debtors' estates.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.     The Bidding Procedures, substantially in the form attached hereto as **Exhibit 1**, are hereby approved and fully incorporated into this Order.   The Debtors are authorized to undertake any and all actions necessary or appropriate to implement the Bidding Procedures.

2.     All objections, if any, to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the Motion (held on April 8, 2010 and on April 12, 2010) or by stipulation filed with the Court, are overruled except as otherwise set forth herein.

**Notice of Auction and Sale Hearing**

3.     The Sale Notice, substantially in the form attached hereto as **Exhibit 2** (a) is hereby approved and (b) shall be served within five (5) business days of entry of this Order, upon each of the following parties: (i) counsel for the Committee; (ii) the United States Trustee for the Southern District of Texas; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) all other applicable state and federal taxing authorities having jurisdiction over the Acquired Assets; (vi) the United States Department of Justice; (vii) the United States Environmental Protection Agency and any applicable state environmental agency; (viii) the counterparties to each of the Assumed and Assigned Contracts; (ix) all other parties known to Debtors who have or may have asserted liens against any of the Acquired Assets; (x) the Debtors' thirty (30) largest unsecured creditors; (xi) all parties that have requested special notice pursuant to Bankruptcy Rule 2002; and (xii) all other entities known to have expressed interest in a transaction with respect to all or part of the Acquired Assets.

4.     As further described in the Bidding Procedures, in the event that the Debtors timely receive one or more Qualifying Bids other than the PSA, the Debtors shall conduct the Auction starting at 10:00 a.m. (prevailing Central Time) on May 17, 2010 (the "Auction Date")

at the law offices of Bracewell & Giuliani LLP, 711 Louisiana Street, Suite 2300, Houston, Texas 77002.

5.    On or before five (5) business days after the entry of this Order, the Debtors shall publish the Publication Notice, substantially in the form of the attached hereto as **Exhibit 3**, in the National Edition of The Wall Street Journal once.

**Assumption of Contracts and Leases**

6.    Pursuant to the PSA, the Proposed Purchaser does not require the assumption and assignment of any Assumed and Assigned Contracts.  In the event that any Qualifying Bid requires the assumption and assignment of any Assumed and Assigned Contract, the Debtors shall cause notice to be provided to any counterparties to such Assumed and Assigned Contract specified in such Qualifying Bid by May 14, 2010 (the "Cure Notice").

7.    The Cure Notice, substantially in the form attached hereto as **Exhibit 4**, is hereby approved.

8.    The Cure Notice shall, among other things, (i) identify the potential Assumed and Assigned Contracts, (ii) specify the Cure Amounts necessary to assume and assign such Assumed and Assigned Contracts, and (iii) state that failure to timely object to the proposed assumption and assignment and/or the Cure Amount shall constitute deemed consent to such assumption and assignment and Cure Amount.

9.    Except as may otherwise be agreed to by the parties to an Assumed and Assigned Contract (with the consent of the Prevailing Bidder and the Committee), all Cure Amounts shall be paid as administrative expenses in accordance with the Plan.

10.    Any objections to the assumption and assignment of any executory contract or unexpired lease identified in the Cure Notice, including, but not limited to, objections relating to

adequate assurance of future performance or to the Cure Amounts set forth in the Cure Notice, must be in writing and filed with the Court no later than 3:00 p.m. (prevailing Central Time) on May 25, 2010 (the "Cure Notice Objection Deadline").

11.     If no timely objection to the assumption and assignment of a particular executory contract or unexpired lease is received, then the Cure Amount set forth in the Cure Notice shall be binding upon the non-debtor party or parties to the Assumed and Assigned Contract for all purposes in these chapter 11 cases and otherwise.  All such counterparties to the Assumed and Assigned Contracts shall (a) be forever barred from objecting to the Cure Amounts and from asserting any additional cure or other amounts with respect to the Assumed and Assigned Contracts, (b) be deemed to have consented to the assumption and assignment, and (c) be forever barred and estopped from asserting or claiming against the Debtors or the Prevailing Bidder that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied under such Assumed Assigned Contracts or that there is any objection or defense to the assumption and assignment of such Assumed and Assigned Contracts.

12.     If a non-debtor counterparty to an Assumed and Assigned Contract files an objection to assumption or assignment, whether based on Cure Amount, adequate assurance of future performance, or any other alleged cause or claim, then, to the extent the relevant parties are not able to consensually resolve the dispute prior to the Sale Hearing, such dispute shall be heard and resolved at the Sale Hearing.

**Break-Up Fee and Expense Reimbursement**

13.     The Break-Up Fee and the Expense Reimbursement as set forth in the PSA is hereby approved; provided, however, that the Proposed Purchaser shall not be entitled to any Break-Up Fee or Expense Reimbursement if the Proposed Purchaser is the Prevailing Bidder for

all of the Acquired Assets except for the DMT Diamond. If the Proposed Purchaser becomes entitled to receive the Break-Up Fee and the Expense Reimbursement in accordance with the terms of the PSA (as modified by the previous sentence), which right survives the termination of the PSA, then the Proposed Purchaser shall be, and hereby is, granted an allowed administrative claim in the Debtors' chapter 11 case in an amount equal to the Break-Up Fee and the Expense Reimbursement, under Bankruptcy Code sections 503(b) and 507(a)(2) and in such case, the Break-Up Fee and the Expense Reimbursement shall be paid to the Proposed Purchaser, in accordance with the PSA; provided, however, the Proposed Purchaser shall not be entitled to any Break-Up Fee or Expense Reimbursement if the Proposed Purchaser is the Prevailing Bidder for all of the Acquired Assets except for the DMT Diamond.

14.    The Break-Up Fee and the Expense Reimbursement shall be the exclusive remedy of the Proposed Purchaser and its affiliates for any termination of the PSA. In no event shall the Debtors or any of their respective affiliates have any liability with respect to the Proposed Purchaser or any of its affiliates, in connection with the PSA, in excess of the Break-Up Fee and the Expense Reimbursement in the event that the PSA terminates pursuant to the terms thereof, and in such event any claim, right or cause of action by the Proposed Purchaser or its affiliates against the Debtors or their affiliates in excess of the Break-Up Fee and the Expense Reimbursement shall be deemed, and is hereby, fully waived, released and forever discharged.

15.    The Debtors are authorized and directed, without further action or order by the Court to pay the Break-Up Fee and the Expense Reimbursement in accordance with the terms and conditions of the PSA as modified by this Order.

16.    No person, other than the Proposed Purchaser, shall be entitled to any expense reimbursement, break-up fee, "topping," termination or other similar fee or payment.

**Miscellaneous**

17.    In no event shall the Debtors or their affiliates have any liability in connection with the PSA, to the Proposed Purchaser or to any other person for any special, consequential or punitive damages, and any such claim, right or cause of action for any damages that are special, consequential or punitive shall be deemed, and is hereby waived, released and forever discharged.

18.    The Sale Hearing will be conducted at 9:00 a.m. (prevailing Central Time) on June 2, 2010. At such time, the Debtors will seek the entry of an order of this Court approving and authorizing the Sale to the Prevailing Bidder at the Auction on the terms and conditions of the Prevailing Bid. The Prevailing Bidder shall appear at the Sale Hearing and be prepared to testify in support of the Prevailing Bid and the Prevailing Bidder's ability to close in a timely manner and provide adequate assurance of its future performance under any and all contracts and leases to be assumed and/or assigned as part of the proposed Sale.

19.    Objections, if any, to the relief requested in the Motion as it relates to the Sale must be in writing and filed in this court on or before 3:00 p.m. (prevailing Central Time) on May 21, 2010 (the "Sale Objection Deadline").

20.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise or any Local Rules of this Court, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

21.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

22.    To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Order shall govern.

23.     This Court shall retain jurisdiction to resolve any dispute relating to the interpretation of the terms and conditions of the PSA and this Order.   To the extent any provisions of this Order shall be inconsistent with the Motion or PSA, the terms of this Order shall control.

24.     Announcements of agreement by counsel made on the record on April 8, 2010 or on April 12, 2010 are incorporated into this Order and will be enforced by the Court.

Dated: 4-12-10

MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

## BIDDING PROCEDURES

Set forth below are the bid procedures (the "Bidding Procedures") to be employed by Deep Marine Holdings, Inc., *et al.* (collectively, the "Debtors") in connection with that certain Purchase and Sale Agreement (the "PSA"), dated as of March 15, 2010, between the Debtors and Oceaneering International, Inc., a corporation organized under the laws of the State of Delaware (the "Proposed Purchaser"), pursuant to which the Proposed Purchaser proposes to acquire the Acquired Assets (defined below), free and clear of liens and interests, pursuant to and in accordance with the terms and conditions specified therein.

The Debtors shall obtain entry of an order, in form and substance reasonably acceptable to the Debtors, the Proposed Purchaser and the Official Committee of Unsecured Creditors (the "Committee"), from the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") which, among other things (a) approves these Bidding Procedures, (b) approves the form and manner of the sale notice and bidding procedures notice, (c) schedules a Sale Hearing date, and (d) approves procedures for the assumption and, if necessary, assignment of executory contracts and unexpired leases (the "Bid Procedures Order").[1]

1.    Property to be Sold

The Debtors shall offer for sale (the "Sale") the vessels and their machinery, engines, tower, cranes and other appurtenances, remotely operated vehicles, and equipment, spare parts, spare equipment, stores and certain contracts related to the foregoing identified in further detail in the PSA (such assets collectively referred to herein as the "Acquired Assets").

2.    Confidentiality Agreements

Upon execution of a confidentiality agreement, in form and substance satisfactory to the Debtors, any person wishing to participate in the bidding process ("Potential Bidder") and wishing to conduct due diligence on the Acquired Assets may be granted access to all material information that has been or will be made available to the Proposed Purchaser or any other Potential Bidder.

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Debtors' Motion for (A) Entry of an Order (I) Approving Bidding Procedures in Connection with the Sale of the Debtors' Property, (II) Scheduling Bidding Deadline, Auction Date and Sale Hearing Date, (III) Approving Form and Notice Thereof, and (B) Entry of an Order After the Sale Hearing (I) Authorizing the Debtors to Sell Their Property, (II) Authorizing the Debtors to Assume and Assign Certain Executory Contracts and Unexpired Leases and (III) Granting Related Relief (the "Motion").

3.    Participation Requirements

Any Potential Bidder that wishes to participate in the bidding must become a "Qualifying Bidder."  As a prerequisite to becoming a Qualifying Bidder, a Potential Bidder:

a.    must deliver an executed confidentiality agreement in form and substance reasonably acceptable to the Debtors;[2] and

b.    must be able, as determined by the Debtors, in consultation with the Committee, to consummate a transaction based upon a Qualifying Bid (as defined below).

The Proposed Purchaser is deemed a Qualifying Bidder and the PSA constitutes a Qualifying Bid for all purposes, any other provision of these Bidding Procedures notwithstanding.  A Potential Bidder who satisfies the foregoing prerequisites shall be deemed a "Qualifying Bidder".  The Debtors reserve the right (i) at any time to require any Potential Bidder previously determined to be a Qualified Bidder (other than the Proposed Purchaser) to provide additional evidence of its ability to consummate a transaction based upon a Qualifying Bid in order to remain a Qualified Bidder, and (ii) to exclude any Potential Bidder from participating further in the auction process as a result of its inability to satisfy such further requirements to remain a Qualified Bidder.

4.    Due Diligence

The Debtors shall afford any Qualifying Bidder the time and opportunity to conduct reasonable due diligence.  This will include an opportunity for Qualifying Bidders to inspect the Acquired Assets.  The due diligence period shall extend through and include the Bid Deadline (as defined below).  The Debtors and their representatives shall not be obligated to furnish any due diligence information after the Auction.

5.    Bid Requirements

To be deemed a "Qualifying Bid," a bid must be received from a Qualifying Bidder by a date no later than the Bid Deadline (as defined below) that:

a.    states such Qualifying Bidder offers to purchase the Acquired Assets or the DMT Diamond only upon the terms and conditions substantially as set forth in the PSA or pursuant to an alternative structure or terms that the Debtors determine are no less favorable to the Debtors' estates than the terms and conditions of the PSA;

---

[2] For the avoidance of doubt, parties who have already executed a confidentiality agreement with the Debtors shall not be required to execute a new confidentiality agreement provided that the existing confidentiality agreement is in form and substance acceptable to the Debtors.

HOUSTON\2359414                    -2-

b.     identifies the cash consideration to be paid for the Acquired Assets, or the amount of any credit bid as allowed hereunder;

c.     states such Qualifying Bidder is prepared to enter into a legally binding purchase and sale agreement or similar agreement for the acquisition of the Acquired Assets or the DMT Diamond only on terms and conditions no less favorable to the Debtors' estates than the terms and conditions contained in the PSA (as determined by the Debtors in their reasonable business judgment, in consultation with the Committee);

d.     is accompanied by a clean and duly executed purchase and sale agreement or similar agreement (the "Modified Purchase Agreement") and a marked Modified Purchase Agreement reflecting any variations from the PSA executed by the Proposed Purchaser;

e.     states such Qualifying Bidder is financially capable of consummating the transactions contemplated by the Modified Purchase Agreement and provides written evidence in support thereof;

f.     states such Qualifying Bidder's offer is irrevocable[3] until the closing of the Sale if such Qualifying Bidder is the Prevailing Bidder (as defined below) and whether such Qualifying Bidder agrees to serve as a Back-Up Bidder;

g.     contains such financial and other information to allow the Debtors, in consultation with the Committee, to make a reasonable determination as to the Qualifying Bidder's financial and other capabilities to consummate the transactions contemplated by the Modified Purchase Agreement, including, without limitation, such financial and other information setting forth adequate assurance of future performance under contracts and leases to be assumed pursuant to section 365 of title 11 of the United States Code (the "Bankruptcy Code") in a form requested by the Debtors to allow the Debtors to serve, within three (3) business days after such receipt, such information on counter-parties to any contracts or leases being assumed or assumed and assigned in connection with the proposed sale that have requested, in writing, such information;

h.     identifies with particularity each and every executory contract and unexpired lease, the assumption and, as applicable, assignment of which is a condition to closing;

i.     does not request or entitle such Qualifying Bidder to any break up fee, expense reimbursement, or similar type of payment;

---

[3] The Back-up Bidder (as defined below) shall be required to keep its bid open and irrevocable until 5:00 p.m. (prevailing Central time) on the date which is (i) twenty (20) days after the date of the Sale Hearing (the "Outside Back-up Date") or (ii) the closing of the Sale transaction with the Prevailing Bidder, whichever date occurs sooner.

j.      fully discloses the identity of each entity that will be bidding in the Auction or otherwise participating in connection with such bid, and the complete terms of any such participation;

k.      is likely to result in a value to the Debtors' estate which, in the Debtors' reasonable judgment, and in consultation with the Committee, is more than the aggregate of the value of the sum of (a) the Break-up Fee and the Expense Reimbursement, (b) the purchase price to be paid pursuant to the terms of the PSA, (c) any applicable purchase price adjustments, as provided for in the PSA, and (d) $250,000.00; provided, however, if the bid is for the DMT Diamond only the aggregate value of the bid must equal or exceed $6,250,000;

l.      (i) does not contain any financing contingencies of any kind; (ii) provides for expiration of any due diligence contingency on or before the Bid Deadline; and (iii) contains evidence that the Qualifying Bidder has received debt and/or equity funding commitments or has financial resources readily available sufficient in the aggregate to consummate the Sale, which evidence is reasonably satisfactory to the Debtors, in consultation with the Committee;

m.      includes evidence of authorization and approval from the Qualifying Bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery and performance of the Modified Purchase Agreement; and

n.      provides a purchase deposit equal to or greater than the deposit set forth in the PSA.

A competing bid meeting the above requirements shall constitute a "Qualifying Bid." The Debtors, in consultation with the Committee, shall make a determination regarding whether a bid is a Qualifying Bid and shall notify bidders whether their bids have been determined to be qualified by no later than **12:00 p.m. (prevailing Central time) on May 14, 2010**.

6.    <u>Bid Deadline</u>

A Qualifying Bidder that desires to make a bid shall deliver a written or electronic copy of its bid to: (i) Deep Marine Technology Incorporated, 20411 Imperial Valley Drive, Houston, Texas 77073 (Attn: John Bittner, email: <u>John.Bittner@GT.com</u>), (ii) counsel to the Debtors, Bracewell & Giuliani LLP, 711 Louisiana Street, Suite 2300, Houston, Texas 77007 (Attn: Trey Wood, email: <u>Trey.Wood@bgllp.com</u>), and (iii) counsel for the Committee, McKool Smith P.C., 600 Travis Street, Suite 7000, Houston, Texas 77002 (Attn: Hugh Ray III, email: <u>hmray@mckoolsmith.com</u>) so as to be received by a date **no later than 3:00 p.m. (prevailing Central Time) on May 13, 2010 (the "<u>Bid Deadline</u>")**.

7.    <u>Aggregate Bids</u>

Persons who collectively are referred to as a "Qualifying Bidder" need not be affiliates and need not act in concert with one another, and the Debtors may aggregate separate bids from unaffiliated persons to create one "Bid" from a "Qualifying Bidder"; provided, however, that all bidders shall remain subject to the provisions of Bankruptcy Code section 363(n) regarding collusive bidding.

8.    <u>Evaluation of Qualifying Bids</u>

Prior to the Auction, the Debtors shall determine, in their reasonable judgment after consultation with the Debtors' financial and legal advisors and the Committee, which of the Qualifying Bids is likely to result in the highest and best value to the Debtors' estates, and shall provide a copy of that Qualifying Bid to all Qualifying Bidders prior to the beginning of the Auction.

9.    <u>No Qualifying Bids</u>

If no Qualifying Bids other than the Qualifying Bid submitted by the Proposed Purchaser are submitted by the Bid Deadline, the Debtors shall not hold an Auction and instead shall request at the Sale Hearing that the Bankruptcy Court approve the PSA with the Proposed Purchaser and declare the Proposed Purchaser and the PSA to be the Prevailing Bid.

10.    <u>Auction</u>

In the event that the Debtors timely receive one or more Qualifying Bids other than the PSA, the Debtors shall, conduct an auction (the "<u>Auction</u>") starting at 10:00 a.m. on May 17, 2010 (the "<u>Auction Date</u>") at the law offices of Bracewell & Giuliani LLP, 711 Louisiana Street, Suite 2300, Houston, Texas 77002. The Auction shall be governed by the following procedures:

a.    only the Proposed Purchaser and the other Qualifying Bidders who have made a Qualifying Bid shall be entitled to make any subsequent bids at the Auction;

b.    the Proposed Purchaser and each other Qualifying Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale;

c.    the Proposed Purchaser and the other Qualifying Bidders shall appear in person at the Auction, or through a duly authorized representative;

d.    bidding shall commence at the amount of the highest Qualifying Bid as determined pursuant to Paragraph 8 above;

e.    the Proposed Purchaser and each Qualifying Bidder may then submit successive bids in increments of at least $250,000.00 higher than the bid at which the Auction commenced and then continue in minimum increments of at least $250,000.00 higher than the previous bid; provided that the

Debtors shall retain the right to modify the bid increment requirements at the Auction;

f.    the Proposed Purchaser and each other Qualifying Bidder may make one or more credit bids of some or all of their claims to the full extent permitted by Bankruptcy Code section 363(k); provided, however, if a Qualifying Bidder credit bids a claim that is subject to liens senior to it, the credit bid must provide for the payment in full in cash of any such senior secured claims on the later of (i) the closing of the Sale or (ii) allowance of the senior secured claims;

g.    the Auction will be conducted openly and the Proposed Purchaser and the other Qualifying Bidders will be informed of the terms of the previous bid;

h.    the Proposed Purchaser and all other Qualifying Bidders shall have the right to submit additional bids and make additional modifications to the PSA or Modified Purchase Agreement at the Auction, provided that any such modifications to the PSA or Modified Purchase Agreement on an aggregate basis and viewed in whole, shall not be less favorable to the Debtors' estates, as determined by the Debtors in consultation with the Committee, than the terms of the highest and best Qualifying Bid at that time;

i.    the Auction shall continue until there is only one offer that the Debtors determine, in consultation with the Committee and subject to Bankruptcy Court approval, is the highest or best from among the Qualifying Bids submitted at the Auction (the "<u>Prevailing Bid</u>"); provided, however, if the Debtors receive a Qualifying Bid for the DMT Diamond only, the Prevailing Bid for the DMT Diamond may be different than the Prevailing Bid for the other Acquired Assets.  In making this decision, the Debtors shall consider, without limitation, the amount of the Purchase Price or other amounts to be paid to the Debtors, the form of consideration being offered, the likelihood of the bidder's ability to close a transaction and the timing thereof, the number, type and nature of any changes to the PSA requested by each bidder, and the net benefit to the Debtors' estates.  The bidder submitting such Prevailing Bid shall become the "Prevailing Bidder," and shall have such rights and responsibilities of the purchaser, as set forth in the applicable PSA or Modified Purchase Agreement;

j.    within fifteen (15) calendar days after the entry of the Sale Order, the Prevailing Bidder and the Debtors (i) shall complete and execute all agreements, contracts, instruments and other documents evidencing and containing the terms and conditions upon which the Prevailing Bid was made, and (ii) shall close the sale transaction; and

k.    the Debtors may adopt such other rules for the Auction (including rules that may depart from those set forth herein) that they anticipate will result

in the highest or otherwise best value for the Debtors' estates and that are not inconsistent with any applicable Bankruptcy Court order, provided that any changed or additional rules of the Auction are not materially inconsistent with the Bidding Procedures and are communicated to all participants at or prior to the Auction.

11.   Sale Hearing

The Prevailing Bid will be subject to approval by the Bankruptcy Court. The hearing to approve the Prevailing Bid (the "Sale Hearing") shall take place at 9:00 a.m. (prevailing Central Time) on June 2, 2010. At such time, the Debtors will seek the entry of an order of the Bankruptcy Court approving and authorizing the Sale to the Prevailing Bidder at the Auction on the terms and conditions of the Prevailing Bid. The Prevailing Bidder shall appear at the Sale Hearing and be prepared to testify in support of the Prevailing Bid and the Prevailing Bidder's ability to close in a timely manner and provide adequate assurance of its future performance under any and all contracts and leases to be assumed and/or assigned as part of the proposed Sale.

12.   Return of Deposits

Except as provided herein, all deposits shall be returned to each bidder not selected by the Debtors as the Prevailing Bidder no later than five (5) business days following the conclusion of the Auction, except for the Back-up Bidder (as defined below) whose deposit will be returned by no later than the third (3rd) business day after the earlier to occur of: (a) the closing of the sale transaction with the Prevailing Bidder or (b) the Outside Back-up Date.

13.   Failure to Consummate Purchase

If an Auction is conducted, the party with the next highest or otherwise best Qualifying Bid (including for this purpose the Proposed Purchaser), as determined by the Debtors, in the exercise of their business judgment, at the Auction may serve as a back-up bidder (the "Back-up Bidder") and keep such bid open and irrevocable until the earlier of 5:00 p.m. (prevailing Central time) on the date which is (i) twenty (20) days after the date of the Sale Hearing (the "Outside Back-up Date") or (ii) the closing of the Sale transaction with the Prevailing Bidder. Following the Sale Hearing, if the Prevailing Bidder fails to consummate an approved Sale because of (a) the failure of a condition precedent beyond the control of either the Debtors or the Prevailing Bidder or (b) a breach or failure to perform on the part of such Prevailing Bidder, the Back-up Bidder will be deemed to be the new Prevailing Bidder, and the Debtors will be authorized to consummate the Sale with the Back-up Bidder without further order of the Bankruptcy Court, provided, however, that if the Proposed Purchaser is the Back-up Bidder, the Debtors shall be required to consummate the Sale to the Back-up Bidder.[4] In the case of (b) above, the defaulting

---

[4] For the avoidance of doubt, if the Prevailing Bidder fails to consummate the purchase and the purchase is ultimately consummated with the Proposed Purchaser (in their capacity as the Back-up Bidder), the Proposed Purchaser shall not be entitled to receive the Break Up Fee or to deduct the amount of the Break Up Fee from the Purchase Price.

Prevailing Bidder's deposit shall be forfeited to the Debtors as the Debtors' sole remedy with respect to the defaulting Prevailing Bidder.

14.    Reservation of Rights; Deadline Extension

The Debtors reserve their rights, in the exercise of their fiduciary obligations, to modify these Bidding Procedures or impose at, or prior to, the Auction, additional customary terms and conditions on the Sale of the Acquired Assets, including, without limitation, extending the deadlines set forth in the Auction procedures, modifying bidding increments, adjourning the Auction at the Auction and/or adjourning the Sale Hearing in open court without further notice, withdrawing from the Auction the Acquired Assets at any time prior to or during the Auction or canceling the Auction in the Debtors' business judgment, and in consultation with the Committee.  Notwithstanding the foregoing, (a) the Debtors may not impair or modify the Proposed Purchaser's rights and obligations under the PSA or the Proposed Purchaser's right to credit the Break Up Fee as part of any subsequent bids, or (b) extend the Outside Back-up Date.

**BRACEWELL & GIULIANI LLP**

By:   */s/ William A. (Trey) Wood, III*
        Marcy E. Kurtz
        Texas Bar No. 11768600
        Marcy.Kurtz@bgllp.com
        William A. (Trey) Wood III
        Texas Bar No. 21916050
        Trey.Wood@bgllp.com
        Jason G. Cohen
        Texas Bar No. 24050435
        Jason.Cohen@bgllp.com
        Bracewell & Giuliani LLP
        711 Louisiana, Suite 2300
        Houston, Texas 77002
        Telephone:     (713) 223-2300
        Facsimile:     (713) 221-1212

**ATTORNEYS FOR THE DEBTORS**

**EXHIBIT 2**
**[NOTICE OF AUCTION AND SALE HEARING]**

**EXHIBIT 3**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **In Re:** | § | |
| | § | |
| **DEEP MARINE HOLDINGS, INC.;** | § | **Case No. 09-39313** |
| **DEEP MARINE TECHNOLOGY** | § | |
| **INCORPORATED;** | § | **Case No. 09-39314** |
| **DEEP MARINE 1, LLC;** | § | **Case No. 09-39315** |
| **DEEP MARINE 2, LLC;** | § | **Case No. 09-39316** |
| **DEEP MARINE 3, LLC;** | § | **Case No. 09-39317** |
| **DEEP MARINE 4, LLC** | § | **Case No. 09-39318** |
| Debtors. | § | **Chapter 11** |

## PUBLICATION NOTICE OF AUCTION AND SALE HEARING

PLEASE TAKE NOTICE that, on April 12, 2010, the Bankruptcy Court entered its order (the "Bid Procedures Order"), which among other things, establishes bidding procedures (the "Bidding Procedures") that govern the manner in which certain assets of the Debtors are to be sold. Such assets include the DMT Diamond (U.S. Coast Guard Official Number 1091373), the DMT Emerald (U.S. Coast Guard Official Number 1190616), the DMT Topaz (U.S. Coast Guard Official Number 1071956), and the DMT Sapphire (U.S. Coast Guard Official Number 1129810) (together, the "Vessels"); the DMT Diamond ROV (one Triton™ XLS (XLS 5) heavy work class remote operated vehicle currently located at the Debtors' offices in Houston, Texas), the DMT Emerald ROV No. 1 (one Triton™ XLS (XLS 21) heavy work class remote operated vehicle currently installed on the DMT Emerald), the DMT Emerald ROV No. 2 (one Triton™ XLS (XLS 2) heavy work class remote operated vehicle currently installed on the DMT Emerald), the DMT Sapphire ROV (one Triton™ XLS (XLS 36) heavy work class remote operated vehicle currently installed on the DMT Sapphire), the DMT Topaz ROV (one Triton™ XLS (XLS 6) heavy work class remote operated vehicle currently installed on the DMT Topaz), one Nemesis work class remote operated vehicle currently located at the Debtors' offices in Houston, Texas (together, the "ROVs"); and various other equipment related to the Vessels and ROVs, spare parts and spare equipment and stores.

PLEASE TAKE FURTHER NOTICE that, in accordance with the terms of the Bid Procedures Order, the Debtors may conduct an auction (the "Auction") starting at 10:00 a.m. (prevailing Central Time) on May 17, 2010 (the "Auction Date") at the law offices of Bracewell & Giuliani LLP, 711 Louisiana Street, Suite 2300, Houston, Texas 77002. Only parties that have submitted a Qualifying Bid by no later than 3:00 p.m. (prevailing Central Time) on May 13, 2010 (the "Bid Deadline") will be permitted to participate in and/or make any statements on the record at the Auction.

PLEASE TAKE FURTHER NOTICE that at 9:00 a.m. (prevailing Central Time) on June 2, 2010, or as soon thereafter as counsel may be heard (the "Sale Hearing"), the Debtors shall appear before the Bankruptcy Court and seek entry of an order: (i) approving the Purchase and Sale Agreement or Modified Purchase Agreement, (ii) authorizing the sale of the Acquired Assets by the Debtors to the Proposed Purchaser or such other Person or entity who is the Prevailing Bidder at the Auction, (iii) authorizing the assumption and assignment of certain executory Contracts and unexpired Leases; and (iv) granting certain related relief.

PLEASE TAKE FURTHER NOTICE that the terms and conditions of the proposed sale of the Acquired Assets are set forth in the Purchase and Sale Agreement. The Purchase and Sale Agreement represent the results of extensive arms-length negotiations conducted by the Debtors to obtain the highest and best offer for the Acquired Assets. However, as set forth in the Bid Procedures Order, the sale remains subject to higher or better offers from any prospective Qualifying Bidder.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the relief requested in the Motion as it relates to the Sale must: (a) be set forth in writing describing the basis therefor, and must be filed with the Bankruptcy Court electronically; (b) comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules; and be served upon: (i) Deep Marine Technology Incorporated, 20411 Imperial Valley Drive, Houston, Texas 77073 (Attn: John Bittner, email: John.Bittner@GT.com), (ii) counsel to the Debtors, Bracewell & Giuliani LLP, 711 Louisiana Street, Suite 2300, Houston, Texas 77002 (Attn: Trey Wood, email: Trey.Wood@bgllp.com), and (iii) counsel for the Committee, McKool Smith P.C., 600 Travis Street, Suite 7000, Houston, Texas 77002 (Attn: Hugh Ray III, email: hmray@mckoolsmith.com) so as to be received no later than 3:00 p.m. (prevailing Central Time) on May 25, 2010 (the "Sale Objection Deadline").

PLEASE TAKE FURTHER NOTICE that the failure of any person or entity to file an objection before the Sale Objection Deadline shall be deemed a consent to the sale of the Acquired Assets to the Proposed Purchaser or the Prevailing Bidder and the other relief requested in the Motion, and be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion, the Auction, the sale of the Acquired Assets, the Debtors' consummation and performance of the Purchase and Sale Agreement or Modified Purchase Agreement, and the assumption and assignment of the Assumed and Assigned Contracts, if authorized by the Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE that this Sale Notice is subject to the full terms and conditions of the Motion and the Bid Procedures Order, which shall control in the event of any conflict, and the Debtors encourage the parties in interest to review such documents in their entirety.

**EXHIBIT 4**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| **DEEP MARINE HOLDINGS, INC.,** | § | **Case No. 09-39313** |
| **et al.** | § | |
| | § | **Jointly Administered** |
| Debtors. | § | **Chapter 11** |

## NOTICE OF DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS AND SETTING FORTH THE CURE AMOUNTS

PLEASE TAKE NOTICE that on March 15, 2010, the above-captioned debtors and debtors in possession (the "Debtors"), by counsel, filed with the Bankruptcy Court their Motion for (a) Entry of an Order (i) Approving Bidding Procedures, (ii) Scheduling Bidding Deadline, Auction Date and Sale Hearing Date, (iii) Approving Form and Notice Thereof, and (b) Entry of an Order After the Sale Hearing (i) Authorizing the Debtors to Sell Their Assets, (ii) Authorizing the Debtors to Assume and Assign Certain Executory Contracts and Unexpired Leases and (iii) Granting Related Relief (the "Motion").[1]

PLEASE TAKE FURTHER NOTICE that, on April 12, 2010, the Bankruptcy Court entered the order approving the Motion (the "Bid Procedures Order"), which among other things, establishes procedures (the "Bidding Procedures") relating to the assumption and assignment of Assumed and Assigned Contracts of the Debtor.

PLEASE TAKE FURTHER NOTICE that at 9:00 a.m. (prevailing Central Time) on June 2, 2010, or as soon thereafter as counsel may be heard, there will be a hearing (the "Sale Hearing"), where the Debtors will seek approval and authorization of the Sale to the Proposed Purchaser or the Qualifying Bidder that submits the highest and best offer at the Auction, as applicable.

PLEASE TAKE FURTHER NOTICE that the Debtors are party to various executory Contracts and unexpired Leases (collectively, the "Contracts") and, pursuant to the Bid Procedures Order, the Debtors may assume and assign certain of such Contracts to the Prevailing Bidder (collectively, the "Assumed and Assigned Contracts").

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Motion.

HOUSTON\2366061

PLEASE TAKE FURTHER NOTICE that you have been identified as a counterparty to an Assumed and Assigned Contract. The Assumed and Assigned Contract with respect to which you have been identified as a counterparty, and the corresponding proposed cure amount (the "Cure Amount") are set forth on **Schedule 1** annexed hereto.

PLEASE TAKE FURTHER NOTICE that the Debtors believe that any and all defaults (other than the filing of this chapter 11 case) and actual pecuniary losses under the Assumed and Assigned Contracts can be cured by the payment of the Cure Amount.

PLEASE TAKE FURTHER NOTICE that the assumption and assignment of any Assumed and Assigned Contract shall result in the full release and satisfaction of any claims or defaults, whether monetary or non-monetary.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the proposed assumption and assignment of any Assumed and Assigned Contract must: (a) be set forth in writing describing the basis therefor, and must be filed with the Bankruptcy Court electronically; (b) comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules; and be served upon: (i) Deep Marine Technology Incorporated, 20411 Imperial Valley Drive, Houston, Texas 77073 (Attn: John Bittner, email: John.Bittner@GT.com), (ii) counsel to the Debtors, Bracewell & Giuliani LLP, 711 Louisiana Street, Suite 2300, Houston, Texas 77002 (Attn: Trey Wood, email: Trey.Wood@bgllp.com), and (iii) counsel for the Committee, McKool Smith P.C., 600 Travis Street, Suite 7000, Houston, Texas 77002 (Attn: Hugh Ray III, email: hmray@mckoolsmith.com), so as to be actually received on or before 3:00 p.m. (prevailing Central Time) on May 25, 2010 (the "Cure Notice Objection Deadline").

PLEASE TAKE FURTHER NOTICE that any counterparty failing to timely file an objection to a Cure Amount or the proposed assumption and assignment of an Assumed and Assigned Contract shall be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts against the Debtors, the Debtors' estates, or the Prevailing Bidder with respect to its contract and will be deemed to consent to the Sale and the proposed assumption and assignment of its contract.

PLEASE TAKE FURTHER NOTICE that where a counterparty to an Assumed and Assigned Contract files a timely objection asserting a higher cure amount than the Cure Amount, and the parties are unable to consensually resolve the dispute prior to the Sale Hearing, the amount to be paid under Bankruptcy Code section 365 with respect to such objection will be determined at the Sale Hearing or such other date and time as may be fixed by the Bankruptcy Court. All other objections to the proposed assumption and assignment of the Assumed and Assigned Contracts will be heard at the Sale Hearing.

PLEASE TAKE FURTHER NOTICE that if no Cure Amount is due under the Assumed and Assigned Contract, and the counterparty to such agreement does not otherwise object to the assumption and assignment of such agreement, no further action needs to be taken on the part of that counterparty.

PLEASE TAKE FURTHER NOTICE that the Debtors' decision to assume and assign the Assumed and Assigned Contracts is subject to Bankruptcy Court approval and consummation of

the Sale. Absent consummation of the Sale, each Assumed and Assigned Contract shall not be deemed assumed and assigned and shall in all respects be subject to further administration under the Bankruptcy Code. The designation of any agreement as an Assumed and Assigned Contract shall not constitute or be deemed to be a determination or admission by the Debtors or the Proposed Purchaser that such document is, in fact, an executory Contract or unexpired Lease within the meaning of the Bankruptcy Code (all rights with respect thereto being expressly reserved).

Dated: [                    , 2010]

**<u>Schedule 1</u>**

**[TO COME]**

**DEEP MARINE HOLDINGS, INC.**
**CONSOLIDATED MASTER SERVICE LIST\***

**DEBTORS**
Deep Marine Holdings, Inc.
Deep Marine Technology
Incorporated
Deep Marine 1, LLC
Deep Marine 2, LLC
Deep Marine 3, LLC
Deep Marine 4, LLC
20411 Imperial Valley
Houston, TX 77073

John Bittner
Grant Thornton LLP
1717 Main Street
Dallas, TX 75201
John.Bittner@gt.com
*Chief Restructuring Officer*

**DEBTORS' ATTORNEY**
Marcy E. Kurtz
William A. (Trey) Wood, III
Jason G. Cohen
Bracewell & Giuliani LLP
711 Louisiana, Suite 2300
Houston, TX 77002
marcy.kurtz@bgllp.com
trey.wood@bgllp.com
jason.cohen@bgllp.com

**UNITED STATES TRUSTEE**
Office of the U.S. Trustee
Attn: Nancy Holley
515 Rusk Ave., Suite 3516
Houston, TX 77002
nancy.holley@usdoj.gov

**GOVERNMENTAL ENTITIES**
Internal Revenue Service
300 East 8th Street
STOP 5026 AUS
Austin, TX 78701

U.S. Attorneys Office
Civil Division
Southern District of Texas
PO Box 61129
Houston, TX 77208

**SECURED CREDITORS \***
GE Capital
60 Wall Street
New York, NY 10005

Susan C. Mathews
Adams and Reese LLP
1221 McKinney, Suite 4400
Houston, TX 77010
susan.mathews@arlaw.com
*Attorneys for GE Business Financial
Services Inc.*

Lawrence Rutkowski
Seward & Kissel LLP
One Battery Park Plaza
New York, NY 10004
rutkowski@sewkis.com
*Attorneys for GE Capital*

PNC Bank NA
PO Box 94931
Cleveland, OH 44101

DCC Ventures, LLC
Attn: Michael Davies
3960 Howard Hughes Parkway
5th Floor
Las Vegas, NV 89169
mike@njkholding.com

Robert R. Weinstine
Winthrop & Weinstine PA
225 South Sixth Street, Suite 500
Minneapolis, MN 55402
RWeinstine@winthrop.com
*Attorney for Nasser Kazeminy,
DCC Ventures LLC, Triomphe
Investors, LLC and NJK
Holding Corporation*

Jennifer L. Davis
McGlinchey Stafford PLLC
1001 McKinney Street
Suite 1500
Houston, TX 77002
jdavis@mcglinchey.com
*Attorneys for PNC Bank,
National Association, successor
to National City Business Credit,
Inc.*

Brad J. Axelrod
McGlinchey Stafford PLLC
301 Main St. - 14th floor
Baton Rouge, LA 70825
baxelrod@mcglinchey.com
*Attorneys for PNC Bank,
National Association, successor to
National City Business Credit,
Inc.*

\* Debtors reserve all rights with respect to classification of creditor claims.

Richard A. Aguilar
McGlinchey Stafford PLLC
12th Floor, 601 Poydras Street
New Orleans, LA  70130
raguilar@mcglinchey.com
**Attorneys for PNC Bank,
National Association, successor to
National City Business Credit,
Inc.**

Otto Candies, LLC
PO Box 25
Des Allemands LA 70030
otto3@ottocandies.com

Karl Zimmermann
Baldwin Haspel Burke
& Mayer LLC
11 Poydras Street, Suite 2200
New Orleans, LA 70163-2200
karlz@bhbmlaw.com
**Attorney for Otto Candies,
L.L.C.,  Otto Candies, III, and
Candies Shipbuilders, LLC**

**TOP 30 UNSECURED
CREDITORS***
Aramark Business & Industry
and Supply
James Wells
Stan Applegate
Pat Leibler
Tom Leaverton
1101 Market Street
Philadelphia,PA 19107
wells-james@aramark.com
applegate-stan@aramark.com
liebler-patrick@aramark.com
leaverton-tom@aramark.com

Joseph Lubertazzi, Jr.
Angela Abreu
McCarter & English
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
jlubertazzi@mccarter.com
aabreu@mccarter.com
**Attorneys for Aramark Business &
Industry, and Supply**

Asamarbunkers c/o Asamar, Inc
1099 Wall Street West
Suite 138
Lyndhurst, NJ 07071
asamar@asamar.com

B&J Martin, Inc./MARTIN QUAR
18104 W. Main
Galliano, LA 70354
april@bjmartininc.com

BNA Marine Services, LLC
1022 Jackson Road
Amelia, LA 70340
bnamarine@aol.com

Bollinger Fourchon, LLC
106 Norman Doucet Dr.
Golden Meadow, LA 70357
KimberlyS@bollingershipyards.com

Bollinger Texas City
2201 Dock Rd, Dock 42
Texas City, TX 77590
KimberlyS@bollingershipyards.com

BP America
501 Westlake Park Blvd
WLI Office 24, 108A
Houston, TX 77079
vendorauditprogram@bp.com

Candies Shipbuilders
1100 Oak St
Houma, LA 70363
otto3@ottocandies.com

CapRock Communications
Attn: Alan Aronowitz
4400 S. Sam Houston Parkway E
Houston, TX 77048
aaronowitz@caprock.com

Conrad Shipyard, LLC
PO Box 790
Morgan City, LA 70381
FANewman@conradindustries.com

Crossmar Incorporated
1950 A S. Van Ave.
Houma LA 70363
emeadow@thecrossgroup.com

Ertech India
307 Bezollah Complex
Sion Trombay Rd.
Chembur, Mumbai 400071
ertchin@vsnl.com

ES&H
1730 Coteau Rd
Houma LA 70364
Fax: 985-851-1978

Greenburg Traurig LLP
300 W 6th St., Suite 2050
Austin TX 78701
BattaliniK@gtlaw.com

Greenwood Marine Management I
300 Everett Street
Morgan City, LA 70380
dan@greenwoodmarine.com

GS-HYDRO-US, Inc
16405 Air Center Blvd, Suite 400
Houston TX 77032
Fax: 713-951-0708

2

* Debtors reserve all rights with respect to classification of creditor claims.

Huisman-Itrec Special Lifting
Admiral Trompstraat 2
3115 HH Schiedam
PO Box 150
3100 AD Schiedam Harbor
#561 NL
mheijerman@huisman-nl.com
bdeboer@huisman-nl.com

Intermoor, Inc.
PO Box 1599
Amelia LA 70340

Intrepid Global Ind.
11931 Wickchester Lane #300
Houston TX 77043
dsorrel@huisman-intrepid.com

Madcon Corporation
63374 Old Military Rd
Pearl River LA 70452
btrader@madconcorp.com

Nexans Norway AS
Postboks 6450
Etterstad, Oslo, Norway
N-0605
les@carichards.com

Nader C. Kazeminy
Chief Executive
NJK Holding Corporation
85 Normandale Lake Blvd.
Minneapolis MN 55437
nader@njkholding.com

Noble Denton Marine
14701 St. Mary's Lane
Suite 425
Houston TX  77079
matt.muddiman@nobledenton.com

NREC Power Systems, Inc.
5222 Hwy 311
Houma LA 70360
power@nrecps.com

Ocean Services, LLC
2629 NW 54th St
Suite W201
Seattle WA 98107
ronp@stabbertmaritime.com

PNC Bank, N.A.
P.O. Box 828702
Philadelphia, PA 19182-8702
Justin.Sohnlein@nationalcity.com

Seagull Marine/Agility
115 Canvasback Drive
St. Rose LA  77087
davet@seagullmarine.com

The IUC Group
222 Fordham St
Bronx NY 10464
lgalerne@iucgroup.com

UTEC Survey Inc.
10801 Hammerly Blvd.
Suite 212
Houston TX 77043
dave.ross@utecsurvey.com

Hugh Ray, Jr.
Hugh M. Ray, III
Paul D. Moak
Basil A. Umari
McKool Smith PC
600 Travis, Suite 7000
Houston, TX 77002
hray@mckoolsmith.com
hmray@mckoolsmith.com
pmoak@mckoolsmith.com
bumari@mckoolsmith.com
***Attorneys for the Official
Committee of Unsecured
Creditors***

**OTHER PARTIES FOR
NOTICE**
Tony Gerbino
Jeffrey Whetzel
Grant Thornton LLP
333 Clay Street
Houston, TX 77002-4000
Tony.Gerbino@gt.com
Jeffrey.Whetzel@gt.com

Southwest Bank of Texas
Aka Amegy Bank of Texas
PO Box 4837
Houston, TX 77210-4837

Merrill Lynch Business Financial
Services, Inc.
222 North LaSalle Street
17th Floor
Chicago, IL 60601

Perry Slingsby Systems
10642 West Little York
Suite 100
Houston, TX 77041

3

* Debtors reserve all rights with respect to classification of creditor claims.

Inspectronic Corporation
222 Fordham Road
Bronx, NY 10464-1413

National City Business
Credit, Inc.
1965 E. 6th Street
Cleveland, OH 44114

General Electric Capital
Corporation
3135 Easton Turnpike
Fairfield, CT 06828-0001

Cisco Systems Capital
Corporation
170 W Tasman Drive
San Jose, CA 95134

Herc Exchange, LLC
3817 Northwest Expressway
Oklahoma City, OK 73112

Radler Enterprises, Inc.
530 Wells Fargo Drive
Suite 300
Houston, TX 77090

Mark L. Clark
Brown Sims
Poydras Center, Suite 2200
650 Poydras Street
New Orleans, LA 70130
mclark@brownsims.com

Thomas W. Graves
Adair & Myers
3120 Southwest Freeway
Suite 320
Houston, TX 77098
twg@am-law.com

Gary W. Dugger
Dugger & Associates
1177 Enclave Parkway, Suite 250
Houston, TX 77077
duggerlaw@dugger.com

**PARTIES REQUESTING NOTICE**

Joel W. Mohrman
Anderson L. Cao
McGlinchey Stafford PLLC
1001 McKinney, Suite 1500
Houston, TX 77002
jmohrman@mcglinchey.com
acao@mcglinchey.com
***Attorney for Beauty Elite
Properties, L.P.***

Ross Spence
Snow Fogel Spence LLP
2929 Allen Parkway, Suite 4100
Houston, TX 77019
rossspence@snowfogel.com
***Attorney for Michael Rentfrow***

Stephen L. Williamson
Ryan M. McCabe
Andrew T. Lilly
Montgomery Barnett Brown Read
Hammond & Mintz LLP
3300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163
swilliamson@monbar.com
rmccabe@monbar.com
alilly@monbar.com
***Attorneys for Bollinger Fourchon
L.L.C. and Crossmar Inc.***

Keith M. Aurzada
John C. Leininger
Bryan Cave, LLP
2200 Ross Avenue, Suite 3300
Dallas, TX 75201
keith.aurzada@bryancave.com
john.leininger@bryancave.com
***Attorneys for SunChase
Holdings, Inc.***

Marc Douglas Myers
Adair Myers PLLC
3120 Southwest Freeway
Suite 320
Houston, TX 77098
mm@am-law.com
***Attorney for UTEC Surveying,
Inc.***

4

* Debtors reserve all rights with respect to classification of creditor claims.

Karen A. Cooper
Aon Risk Services
Southwest, Inc./Aon Energy
1330 Post Oak Blvd, Suite 900
Houston, TX 77056-3089
Karen_Cooper@ars.aon.com

Tony M. Davis
Baker Botts LLP
One Shell Plaza
910 Louisiana
Houston, TX 77002
tony.davis@bakerbotts.com

Edward L. Rothberg
Annie E. Catmull
Hoover Slovacek LLP
5847 San Felipe, Suite 2200
Houston, TX 77057
rothberg@hooverslovacek.com
catmull@hooverslovacek.com
***Attorney for CapRock Communications***

Josh N. Bowlin
Chamberlain Hrdlicka White
Williams & Martin
1200 Smith Street, Suite 1400
Houston, TX 77002
josh.bowlin@chamberlainlaw.com
***Attorney for Huisman-Itrec Lifting and Huisman-Intrepid Services LLC***

David S. Elder
Gardere Wynne Sewell LLP
1000 Louisiana, Suite 3400
Houston, TX 77002-5011
delder@gardere.com
***Attorneys for Oceaneering International, Inc.***

John P. Dillman
Linebarger Goggan Blair
& Sampson LLP
PO Box 3064
Houston, TX 77253-3064
Houston_bankruptcy@publicans.com
***Attorneys for Cypress- Fairbanks ISD and Harris County***

Omer F. Kuebel, III
Locke Lord Bissell & Liddell LLP
601 Poydras Street, Suite 2660
New Orleans, LA 70130
nobankecf@lockelord.com
hobankecf@lockelord.com
***Attorney for BP America, Inc.***

McDermott Will & Emery LLP
Attn: Gary O. Ravert
340 Madison Avenue
New York, NY 10173-1922
gravert@mwe.com

McDermott Will & Emery LLP
Attn: Steven G. Spears
1000 Louisiana, Suite 3900
Houston, TX 77002-5005
sspears@mwe.com
***Attorneys for McDermott Will & Emery LLP***

Blaine F. Bates
Peter Ruggero
Haynes and Boone LLP
1 Houston Center
1221 McKinney, Suite 2100
Houston, TX 77010
Blaine.Bates@haynesboone.com
Peter.Ruggero@haynesboone.com
***Attorney for Paul McKim***

Henry A. King
King, Krebs & Jurgens
201 St. Charles Avenue, 45th Floor
New Orleans, LA 70170
hking@kingkrebs.com
***Attorneys for PHI, Inc.***

William J. Perry
Galloway Johnson Tompkins
Burr & Smith
701 Poydras Street, 40th Floor
New Orleans, LA 70139
wperry@gjtbs.com
***Attorney for MADCON Corporation***

5

\* Debtors reserve all rights with respect to classification of creditor claims.

Ana Clement Sewart
Barry & Sewart, PLLC
4151 Southwest Freeway
Suite 680
Houston, TX 77027
bankruptcy@barryandsewart.com
**Attorneys for BNA Marine Services, LLC, Greenwood Marine Management, Inc. and Southern Crane & Hydraulics, LLC**

J. Stephen Simms
John T. Ward
Simms Showers LLP
20 S. Charles Street, Suite 702
Baltimore, MD 21202
jssimms@simmsshowers.com
jtward@simmsshowers.com
**Attorneys for Asamar Inc.**

Thomas H. Grace
Spencer Crain Cubbage Healy & McNamara, pllc
1330 Post Oak Blvd., Suite 1600
Houston, TX 77056
hobank@spencercrain.com
***Attorneys for B.J. Thomas***

Patrick L. Hughes
Haynes and Boone LLP
1221 McKinney, Suite 2100
Houston, TX 77010
patrick.hughes@haynesboone.com
***Attorneys for LLOG Exploration Company, LLC***

E. Carroll Rogers
Ronald J. White
Murphy Rogers Sloss & Gambel
701 Poydras Street, Suite 400
New Orleans, LA 70139
crogers@mrsnola.com
***Attorneys for Inspectronic Corporation***

Pierre V. Miller
Patrick Miller & Belleau, L.L.C.
400 Poydras Street
Suite 1680
New Orleans, LA 70130
pmiller@patrickmillerlaw.com
***Attorneys for Seagull Marine, Inc.***

James Eloi Doyle
Doyle, Restrepo, Harvin & Robbins, LLP
600 Travis, Suite 4700
Houston, Texas 77002
jdoyle@drhrlaw.com
***Attorney for Boots & Coots Services, LLC***

Andrew J. Nazar
Polsinelli Shughart PC
Twelve Wyandotte Plaza
120 West 12th Street
Kansas City, MO 64105
anazar@polsinelli.com

Adam R. Swonke
Wells & Cuellar PC
440 Louisiana, Suite 718
Houston, TX 77002
aswonke@wellscuellar.com
***Attorneys for Anadarko Petroleum Corporation***

6

* Debtors reserve all rights with respect to classification of creditor claims.

# DEEP MARINE TECHNOLOGY ASSET SALE SOLICITATION LIST

| Company Name | Email |
|---|---|
| Acergy | tony.duncan@acergy-group.com |
| ACON Investments LLC | mbawa@aconinvestments.com |
| AMA Capital | dorth@amausa.com |
| Aries Marine | epverrett@ariesmarine.com |
| Avista Capital Partners | info@avistacap.com |
| Bayside Capital | gboyer@bayside.com |
| Bibby Offshore Limited | fraser.moonie@bibbyoffshore.co.uk |
| Blue Laguna, Inc. | carlos@bluelagunainc.com |
| Blue Lighthouse Ltd. | steve@bluelighthouse.biz |
| Bonneville Newbuilding | Bonneville.Newbuilding@brsbrokers.com |
| Bourbon Offshore | bourbon-offshore@bourbon-online.com |
| Bumi Armada | Johnathan@bumiarmada.com |
| C & C Technologies, Inc | thomas.chance@cctechnol.com |
| Cal Dive International | qhebert@caldive.com |
| Carmel Contracting | patchemin@aol.com |
| Castle Harlan, Inc. | info@castleharlan.com |

# DEEP MARINE TECHNOLOGY ASSET SALE SOLICITATION LIST

| Company Name | Email |
|---|---|
| Chartwell Investments II, LLC | chartwell@chartwellinvestments.com |
| Clarksons | tom.fairclough@clarksons.com |
| Clough Offshore | clough@clough.com.au |
| COASTLINE MARITIME PTE LTD | coastlin@singnet.com.sg |
| Cross Group | tbraud@thecrossgroup.com |
| Deep Down Inc | info@deepdowninc.com |
| Diamond Castle Holdings, LLC | lwright@dchold.com |
| DOER Marine Operations | jmoser@doermarine.com |

# DEEP MARINE TECHNOLOGY ASSET SALE SOLICITATION LIST

| Company Name | Email |
|---|---|
| DOF ASA | marco.sclocchi@dofsubsea.com |
| Dolphin | satpal@dolphinoffshore.com |
| Dominion Diving | jscott@dominiondiving.com |
| Edison Chouest Offshore, Inc. | gary.chouest@chouest.com |
| Eidesvik | office@eidesvik.no |
| Energy  X Services | Artl.jacoson@energyxservices.com |
| Ezra Holdings Ltd | jason.goh@ezraholdings.com |
| Farstad Shipping ASA | jospeh.homsey@farstad.com |
| Fearnley Offshore Supply | F.Andersen@fearnleys.no |

# DEEP MARINE TECHNOLOGY ASSET SALE SOLICITATION LIST

| Company Name | Email |
|---|---|
| Fugro | rbutcher@fugrochance.com |
| GCA Savvian | jkane@gcasavvian.com |
| Global Industries Offshore, L.L.C. | jimd@globalind.com |
| Global Marine Systems (Americas) Inc. | andy.lloyd@globalmarinesystems.com |
| Guice Offshore LLC | billy.guice@guiceoffshore.com |
| Gulf Offshore Logistics, LLC (GOL) | matt@gulf-log.com |
| GulfMark Offshore, Inc. | quintin.kneen@gulfmark.com |
| Gulmar Offshore Middle East | almelaha@batelco.com.bh |
| Harvey Gulf International | cpaule@harveygulf.com |
| Havila Shipping ASA | njaal@havila.no |

# DEEP MARINE TECHNOLOGY ASSET SALE SOLICITATION LIST

| Company Name | Email |
|---|---|
| Helix Energy Solutions Company | cchamblee@helixesg.com |
| Heller Draper | ddraper@hellerdraper.com |
| Hercules Offshore, Inc. | john.rynd@herculesoffshore.com |
| HIG Capital | JZanarini@higcapital.com |
| Hornbeck Offshore | todd.hornbeck@hornbeckoffshore.com |
| Infinity | bruce.lucas@infinityif.com |
| Integrated Subsea Services Ltd | Ian.Herd@integratedsubsea.co.uk |
| J. Nelson Happy | jnhapp@aol.com |
| J. Ray Mcdermott | BCrager@mcdermott.com |
| J.F. Lehman & Company | sn@jflpartners.com |
| K.D Marine Ltd. | info@kdmarine.com |
| Kelso & Company | gmatelich@kelso.com |
| Kennedy Marr Ltd | offshore@kennedymarr.com |

# DEEP MARINE TECHNOLOGY ASSET SALE SOLICITATION LIST

| Company Name | Email |
|---|---|
| Kirby Kemp | kirbyk1@sbcglobal.net |
| Laborde Marine | jskiles@labmarine.com |
| Lime Rock Partners | will@lrpartners.com |
| Locke Lord Bissell & Liddell LLP | jcerise@lockelord.com |
| Lorentzen & Stemoco AS | lorsupply@lorstem.no |
| LT Investments | charles@ltinvestmentsinc.com |
| MARINE AND ROBOTIC ENGINEERING | sales@m-are.com |
| Marine Platforms Ltd. | anguskerr@marineplatforms.net |
| Marine Subsea AS | cnygaard@marinesubsea.no |
| McGladrey | jcary@mcgladreycm.com |
| Meridian Asset Stratagies | Dweinhoffer@Meridian.us.com |
| Mermaid Maritime PCL. | claus@mermaid-maritime.com |
| Metalmark Management LLC | hwanyoon.chung@metalmarkcapital.com |
| Mitsubhishi International | toshinari.tanaka@mitsubishicorp.com |
| Neptune Marine Services | knimitz@neptunems.com |
| Noble Denton | Bthomson@nobledenton.com |
| North Sea Shipping AS | hallvard.klepsvik@northsea.no |
| Oak Lane Partners | bs@oaklanepartners.com |
| Oceaneering | sbradshaw@oceaneering.com |

## DEEP MARINE TECHNOLOGY ASSET SALE SOLICITATION LIST

| Company Name | Email |
|---|---|
| Otto Marine | cpickett@suncap.com |
| PACC Offshore Services | Tom.Fairclough@clarksons.com |
| Phoenix International | tjanaitis@phnx-international.com |
| Phoenix International | ssaintamour@phnx-international.com |
| Rem Maritime AS | age@rem-maritime.no |
| Rieber Maritime AS | info@gcrieber-shipping.no |
| Riverstone Holdings LLC | Andrew@riverstonellc.com |
| RS Platou (Nigeria) Ltd | leyton.daniel@platou.com |
| Saipem America | jennifer.williams@saipemamerica.com |
| SapuraCrest Petroleum | ismarita@sapuracrest.com.my |
| Seabrokers Inc | mike.cain@seabrokers.no |
| SEACOR Marine | rclemons@ckor.com |
| Seamar Divers International, LLC | seamar@seamardivers.com |
| Seatrepid | joe.caba@seatripid.com |
| Secunda Marine Services (McDermott) | mconnolly@mcdermott.com |
| Simmons & Company | kterrill@simmonsco-intl.com |
| Smit | mlamb@smitamericas.com |
| Socomet-sales | sales@socomet-sales.com |
| Solstad Shipping AS | firmapost@solstad.no |

# DEEP MARINE TECHNOLOGY ASSET SALE SOLICITATION LIST

| Company Name | Email |
|---|---|
| Sorenson | jhawley@dinancompany.com |
| Subsea 7 | phil.crighton@subsea7.com |
| SunChase Holdings | stever@suncap.com |
| Superior Energy | westy.ballard@superiorenergy.com |
| Technip S.A | mchoussat@technip.com |
| The Arundel Group | jworthington@arundel-group.com |
| Tidewater | corth@tdw.com |
| Total Marine Technology Pty Ltd | Mike@tmtrov.com.au |
| Trico Marine Services | mshedd@deepocean.no |
| Valeska Energy Corp. | Dan@valeskaenergy.com |
| Veolia Environmental Services | gordon.wilkinson@veoliaes.com |
| Veritas Juno | veritasusa@juno.com |
| Volstad Shipping AS | |
| White Oak Partners | dbaker@whiteoakpartnersllc.com |
| WL Ross & Co. LLC | htepner@wlross.com |