## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| **DEEP MARINE HOLDINGS, INC.,** | § | **Case No. 09-39313** |
| **et al.** | § | |
| | § | **Jointly Administered** |
| Debtors. | § | **Chapter 11** |

## LIMITED OBJECTION OF KAZEMINY AND CANDIES ENTITIES TO
## THE DEBTORS' JOINT PLAN OF REORGANIZATION
## DATED APRIL 28, 1020 (Docket # 438-1)

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

DCC Ventures, LLC; Triomphe Investors, LLC; NJK Holding Corporation; Nasser Kazeminy; Otto Candies, L.L.C.; Otto Candies, III; and Candies Shipbuilders, LLC (the "Kazeminy and Candies Entities"), parties-in-interest in the above-captioned cases, file this limited objection to the Debtors' Joint Plan of Reorganization Dated April 28, 2010 (the "Plan") filed by the above-captioned debtors (the "Debtors") and in support thereof state as follows:

1.      A plan of reorganization cannot be confirmed unless it complies with the requirements of section 1129 of the Bankruptcy Code.  The Plan does not meet certain of these requirements.

2.      The Kazeminy and Candies Entities understand from the Debtors that the Committee[1] has questioned the validity of their claims.  No claim objection or other pleading challenging their claims has been filed to date; however, if the Kazeminy and Candies Entities' claims are challenged, the outcome of that proceeding could have a dramatic impact upon distributions under the Plan.  Because the Kazeminy and Candies Entities hold the largest claims

---

[1] Defined terms that are used in this objection but not defined herein shall have the meanings set forth in the Debtors' April 28, 2010 Joint Plan of Reorganization.

against the Debtors, a substantial portion of the funds available for distribution to claimants will have to be held in the disputed claims reserve until those claims are resolved.  As a result, the Kazeminy and Candies Entities believe that any issues relating to their claims should be resolved as promptly as possible and would ask the Court to (a) require that any challenge to their claims be filed in the very near future and (b) impose an aggressive schedule for resolution of that challenge, along the lines of the proposed schedule attached hereto as **Exhibit 1**.  Such an expedited schedule is reasonable because the allegations against the Kazeminy and Candies Entities set forth in the Delaware lawsuit should be well-understood by the Debtors and the Committee, who have had access to the extensive and thorough report to the Special Committee of Deep Marine and/or DMT for some time.

3.     The Plan and the Confirmation Order should make clear that the assumptions in the preliminary waterfall analysis are not binding on any party for any purpose. Issues such as the extent, validity or priority of liens and the allocation of overhead and case administration costs should be addressed in the claims resolution process, rather than as part of the confirmation process.   In particular, the Kazeminy and Candies Entities object to the Debtors' allocation of the DIP Facility Claim and overhead/case administration costs equally amongst DMT, DM1, DM2, DM3, and DM4.  *See* Plan, § 3.02 and Disclosure Statement, Exhibit E (preliminary waterfall analysis).

4.     The Kazeminy and Candies Entities have the following objections to the form of the Liquidating Trust Agreement: (a) Section 10.1 thereof should be revised to provide for DCC Ventures LLC, NJK Holding Corporation, Nasser Kazeminy, Otto Candies, L.L.C., Otto Candies, III and Candies Shipbuilders to be Notice Parties (as such term is defined in the Liquidation Trust Agreement); (b) Section 10.1 thereof should be revised to increase the Notice Period (as such term is defined in the Liquidation Trust Agreement) from 10 days to 14 days; (c)

Sections 10.1.1, 10.1.2 and 10.1.3 thereof should be revised to lower the threshold amount from $250,000 to $75,000; (d) the parenthetical in Section 10.1.1 thereof should be revised to add "which are addressed in Sections 10.1.2 and 10.1.3" at the end; (e) Section 10.1.3 thereof should be revised to provide that the $75,000 threshold shall apply to either (i) the amount sought in any claim, Cause of action or litigation or (ii) the amount of the settlement or sale; (f) Section 11.9 thereof should be revised to make any amendments to the Liquidating Trust Agreement subject to Section 10.1 thereof; and (g) Annex A thereof should be revised to specify the Trustee's hourly fee.

      5.      Section 1.02(5) of the Plan defines "Allowed" so that unless a claim is liquidated pursuant to a Final Order or the Plan, no claims are Allowed until the Claims Objection Deadline, which is defined as the first Business Day at least 180 days after the Effective Date, or such later date as established by the Court.  As a result, it is unlikely that most or perhaps any distributions will be made under the Plan until mid-December 2010 at the earliest. This calculation assumes, based on the provisions of Section 8.02 of the Plan (the conditions precedent to the Effective Date) that (a) the Confirmation Order and the Sale Order are entered on June 2, 2010; (b) no appeals are filed from either order; (c) the Closing under the Purchase and Sale Agreement occurs 15 calendar days after entry of the Sale Order (as provided in Section 3.1 of the Purchase and Sale Agreement); and (d) the Liquidating Trust Agreement is fully executed by the time of the Closing.  Otherwise, creditors may be well into 2011 before receiving any distributions under the Plan.  The Kazeminy and Candies Entities believe that 90 days after the Effective Date would be a more reasonable Claims Objection Deadline for claims other than theirs (which should be addressed pursuant to the schedule described in paragraph 2 hereof).

6.      Section 7.03 of the Plan provides that "no payments or distributions shall be made with respect to all or any portion of a Disputed Claim unless and until all objections to such Disputed Claim have been settled or withdrawn or have been determined by Final Order, and the Disputed Claim, or some portion thereof, has become an Allowed Claim." (Plan, § 7.03) The Kazeminy and Candies Entities object to this provision to the extent the Debtors intend for no distributions to be made to a claimant if a single penny of the claimant's claim is subject to a pending claim objection.  Instead, the claimants should receive payments on the undisputed portions of their claims.

7.      Section 1129(a)(1) of the Bankruptcy Code requires a plan to comply with all of the applicable provisions of the Bankruptcy Code.  Section 7.02 of the Plan permits the Liquidating Trustee to seek estimation of unliquidated claims pursuant to section 502(c) of the Bankruptcy Code and provides that the estimated amount will constitute either the Allowed amount of the Claim or a maximum limitation on such Claim, as determined by the Bankruptcy Court.  This provision is inconsistent with section 502(j) of the Bankruptcy Code, which permits reconsideration of a claim.

8.      The Kazeminy and Candies Entities reserve their rights with respect to any objections made by any other parties and reserve the right to object or respond to any objection raised by any other parties in interest.  They reserve their right to object to any additional changes made to the Plan or other related documents, including the Plan Supplement.  The Kazeminy and Candies Entities also reserve their rights with respect to any objections to the form or substance of the Plan and related documents, including but not limited to the Plan Supplement.

WHEREFORE, premises considered, the Kazeminy and Candies Entities ask that the Plan not be approved unless it is revised to comply with section 1129 of the Bankruptcy

Code, and that they be granted such other and further relief to which they show themselves entitled.

Dated: Houston, Texas
      May 27, 2010

Respectfully submitted,

BAKER BOTTS L.L.P

/s/ Tony M. Davis
Tony M. Davis
Texas State Bar No. 05556320
One Shell Plaza
910 Louisiana
Houston, Texas  77002
Telephone:  713.229.1547
Facsimile:  713.229.2847
Email:  *tony.davis@bakerbotts.com*

**COUNSEL FOR DCC VENTURES, LLC, TRIOMPHE INVESTORS, LLC, NJK HOLDING CORPORATION, NASSER KAZEMINY, OTTO CANDIES, L.L.C., OTTO CANDIES, III, and CANDIES SHIPBUILDERS, LLC**

## <u>CERTIFICATE OF CONFERENCE</u>

I certify that on May 26, 2010, I conferred with Debtors' counsel Trey Wood by telephone regarding the issues raised in this objection.  We will continue our discussions in an effort to resolve the matter prior to the hearing.

/s/ Tony M. Davis
Tony M. Davis

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 27th day of May, 2010, true and correct copies of foregoing pleading were served *via* the ECF system on the parties on the ECF service list and *via* First Class United States mail, postage prepaid, on the following:

**Debtors**

Deep Marine Holdings, Inc.
Deep Marine Technology Incorporated
Deep Marine 1, LLC
Deep Marine 2, LLC
Deep Marine 3, LLC
Deep Marine 4, LLC
20411 Imperial Valley
Houston, Texas 77073

**Debtors' Counsel**

| | |
|---|---|
| Marcy E. Kurtz | William A. (Trey) Wood, III |
| Bracewell & Giuliani LLP | Bracewell & Giuliani LLP |
| 711 Louisiana, Suite 2300 | 711 Louisiana, Suite 2300 |
| Houston, Texas 77002 | Houston, Texas 77002 |

Jason G. Cohen
Bracewell & Giuliani LLP
711 Louisiana, Suite 2300
Houston, Texas 77002

**U.S. Trustee**

Office of the U.S. Trustee
Attn: Nancy Holley
515 Rusk Avenue
Suite 3516
Houston, Texas 77002

**Official Committee of Unsecured Creditors' Counsel**

| | |
|---|---|
| Hugh Ray, Jr. | Hugh M. Ray, III |
| McKool Smith PC | McKool Smith PC |
| 600 Travis | 600 Travis |
| Suite 7000 | Suite 7000 |
| Houston, Texas 77002 | Houston, Texas 77002 |

Paul D. Moak
McKool Smith PC
600 Travis
Suite 7000
Houston, Texas 77002

Basil A. Umari
McKool Smith PC
600 Travis
Suite 7000
Houston, Texas 77002


/s/ Tony M. Davis
Tony M. Davis