IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § § | |
| DEEP MARINE HOLDINGS, INC. et al. | § § § § § § | Case No. 09-39313  Jointly Administered Chapter 11 |
| Debtors. | § | |

**AMENDED OBJECTION OF FLI DEEP MARINE LLC, BRESSNER PARTNERS LTD., LOGAN LANGBERG AND HARLEY LANGBERG TO <u>CONFIRMATION OF THE PLAN OF REORGANIZATION</u>**

FLI Deep Marine LLC, Bressner Partners Ltd., Logan Langberg and Harley Langberg (collectively the "FLI Plaintiffs") hereby file their objection to the Joint Plan of Reorganization (the "Plan") filed by Deep Marine Holdings, Inc., Deep Marine Technology Incorporated, Deep Marine 1, LLC, Deep Marine 2, LLC, Deep Marine 3, LLC and Deep Marine 4, LLC (the "Debtors") and in support thereof respectfully represents as follows:

1. The FLI Plaintiffs object to the Plan to the extent that the Plan provides for third party releases and/or exculpation of third parties. Specifically, the definition of Released Parties contained in the Plan provides that a released party shall include the Debtors' "officers, directors (or functional equivalent, if any) employees, managers, shareholders, [and] partners". By this definition Francis Wade Abadie, Otto Candies, Jr., Otto Candies III, Eugene DePalma, Larry Lenig, John Ellingboe, Bruce Gilman, John Hudgens and Nasser Kazeminy (the "Delaware Defendants") will each receive a release under the Plan.

2. This Court is aware that the FLI Plaintiffs have asserted claims against each of the Delaware Defendants, the ownership of which is still in dispute. Confirmation of the Plan with the release language as it currently appears may have the result of permanently enjoining the FLI Plaintiffs from prosecuting any claims that they may have against the Delaware Defendants.

3. The Bankruptcy Code contains no express provision that, on its face, allows for a release of nondebtor parties. Section 524(e) of the Bankruptcy Code provides, "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." 11 U.S.C. § 524(e). While Section 524(g) of the Bankruptcy Code does allow a court to enter an order of injunction "to supplement the injunctive effect of a discharge" under Section 524, this provision, however, only applies to asbestos claims, as long as all of the requirements of Section 524(g) are met. See 11 U.S.C. § 524(g)(2)(A)-(B). There are no other provisions in the Bankruptcy Code that allow for the release of nondebtors, or the granting of an injunction to prevent claims from being asserted against nondebtors.

4. In reviewing the issues of third party releases, courts have determined that "[a] nondebtor release in a plan of reorganization should not be approved absent the finding that truly unusual circumstances render the release terms important to the success of the plan." Deutsche Bank AG v. Metromedia Fiber Network, Inc. (In re Metromedia Fiber Network, Inc.), 416 F.3d 136, 143 (2d Cir. 2005). Only in rare cases have courts have found that such releases are proper. In re Metromedia Fiber Network, Inc., 416 F.3d at 141; see also Saint Vincents Catholic Med. Ctrs. of N.Y. v. Goodman (In re Saint Vincents Catholic Med. Ctrs. of N.Y.), 417 B.R. 688, 695-696 (S.D.N.Y.

3

2009) (finding that the confirmation order does not prevent claims against "covered persons" as there was no finding by the bankruptcy court that discharging the liability of these nondebtor third parties would be important to the plan); In re Wool Growers Central Storage Co., 371 B.R. 768, 781 (Bankr. N.D. Texas 2007) (denying confirmation of debtor's plan as there was no authority in Bankruptcy Code or case law that would allow for the release of nondebtors as contemplated in the Plan).

5. In Bank of N.Y. Trust Co. v. Official Unsecured Creditors' Committee (In re Pacific Lumber Co.), 584 F.3d 229 (5th Cir. 2009), the Fifth Circuit struck nondebtor releases (except for the Creditors' Committee and its members) contained in the Plan after finding that such releases and exculpation clauses have no basis in the Bankruptcy Code or the case law. 584 F.3d at 252-53. According to the Fifth Circuit, the case law "seem[s] broadly to foreclose non-consensual non-debtor releases and permanent injunctions." 584 F.3d at 252. Plans that seek third-party protections, other than to creditors' committees and their members and professionals, should not be confirmed over the objection of creditors. See e.g., In re Pilgrim's Pride Corp., 2010 Bankr. LEXIS 72, at *16-17.

6. This case does not present unique or unusual circumstances that render the terms of the nondebtor release or exculpation clause important to the success of the Plan, and therefore, the Plan should not be confirmed.

7. The FLI Plaintiffs further object to the Plan because the Plan is not fair and equitable. Pursuant to Section 1129(b) of the Bankruptcy Code, a Court "shall confirm the plan . . . if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that it is impaired under, and has not

3

accept, the plan." 11 U.S.C. § 1129(b)(1).  In order for the plan to be confirmed, the plan must both comply with both the "absolute priority" rule and also be considered "fair and equitable" with respect to a class.

8. The absolute priority rule provides "that 'a plan of reorganization may not allocate any property whatsoever to any junior class on account of their interests or claims in a debtor unless such senior classes receive property equal in value to the full amount of their allowed claims.'" In re Pacific Lumber Co., 584 F.3d at 244 (citations omitted).  To be "fair and equitable" for a class of unsecured claims, the plan must either (i) provide that each holder of a claim receive or retain on account of such claim property of a value "equal to the allowed amount of such claim," or (ii) a holder of a claim or interest that is junior to the claims of the class at issue will not receive or retain under the plan on account of such junior claim or interest any property.  See 11 U.S.C. § 1129(b)(2)(B).

9. However, technical compliance with the requirements of Section 1129(b)(2) "does not assure that the plan is 'fair and equitable.'" Fed. Savs. & Loan Ins. Corp. v. D&F Constr., Inc. (In re D&F Constr. Inc.), 865 F.2d 673, 675 (5th Cir. 1989). Rather, "[a] court must consider the entire plan in the context of the rights of the creditors under state law and the particular facts and circumstances when determining whether a plan is 'fair and equitable.'" In re D&F Constr. Inc., 865 F.2d at 675.

10. In the instant matter, even though the Plan technically complies with Section 1129(b) of the Bankruptcy Code in that absolute priority is met, the priorities of the creditors within the Plan are objectionable, specifically, the treatment of the disputed insider priming liens, and the doctrine of equitable subordination should apply to reorder

4

the priority of claimants. Section 510(c) of the Bankruptcy Code allows a court "under the principles of equitable subordination, [to] subordinate for the purposes of distribution all or part of an allowed claim to all or part of another allowed claim . . . ." 11 U.S.C. § 510(c)(1). Under the doctrine of equitable subordination, the Fifth Circuit has adopted a three-prong test: (1) the claimant engaged in some type of inequitable conduct; (2) the misconduct resulted in injury to the creditors or conferred an unfair advantage on the claimant; and (3) equitable subordination of the claim must not be inconsistent with the provisions of the Bankruptcy Code. See SRI Restructuring, Inc. v. Faulkner (In re SI Restructuring, Inc.), 532 F.3d 355, 360 (5th Cir. 2008); Fabricators, Inc. v. Technical Fabricators, Inc. (In re Fabricators, Inc.), 926 F.2d 1458, 1464-1465 (5th Cir. 1991).

11. In general, courts have applied the doctrine of equitable subordination in cases when (1) a fiduciary of the debtor misuses his position to the disadvantage or other creditors; (2) a third party controls the debtor to the disadvantage of other creditors; and (3) a third party actually defrauds other creditors. See Official Committee of Unsecured Creditors v. Cajun Elec. Power Cooperative, Inc., 119 F.3d 349, 357 (5th Cir. 1997). The claims of the FLI Plaintiffs against the insiders of the Debtors include each of these three categories of claims. Moreover, "[a] claim arising from the dealings between a debtor and an insider is to be rigorously scrutinized by the courts." In re Fabricators, Inc., 926 F.2d at 1465. These principles are applicable in the instant matter and, consequently because the claims asserted by the insiders should be equitably subordinated this Court should deny the Debtors request for confirmation of the Plan.

WHEREFORE, the FLI Plaintiffs respectfully request the Court enter an order denying confirmation of the Plan and granting such other and further relief as the

Court deems just and proper.

Dated:   May 27, 2010

                            Respectfully submitted,

                            PADUANO & WEINTRAUB LLP

                            <u>/.s/Anthony Paduano</u>
Anthony Paduano (admitted *pro hac vice*)
1251 Avenue of the Americas
Ninth Floor
New York, New York 10020
(212) 785-9100
ap@pwlawyers.com

JASPAN SCHLESINGER LLP
913 North Market Street, 12th Floor
Wilmington, Delaware  19801
(302) 351-8000

Attorneys for Defendants FLI Deep Marine LLC, Bressner Partners Ltd., Logan Langberg and Harley Langberg

706514

6

LMG/D706544v1A/M053154/C0052510

LMG/D706544v1A/M053154/C0052510