UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

------------------------------------------------------------x
                                                            :
In re:                                                      :   Chapter 11
                                                            :
DEEP MARINE HOLDINGS, INC., et al.                          :   Case No. 09-39313
                                                            :
             Debtors.                                       :   (Jointly Administered)
                                                            :
------------------------------------------------------------x

**APPLICATION OF GREENBERG TRAURIG, LLP FOR ALLOWANCE OF
SUBSTANTIAL CONTRIBUTION CLAIM PURSUANT TO
11 U.S.C. §§ 503(b)(1)(A) AND 503(b)(3)(D) AND FED. R. BANKR. P. 2016**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE (21) DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Greenberg Traurig, LLP ("GT"), a creditor in the chapter 11 cases (the "Cases") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), respectfully submits this application (the "Application") for entry of an Order, pursuant to sections 503(b)(1) and (b)(3) of title 11 of the United States Code, §§ 101 - 1532 (as amended, the "Bankruptcy Code") and rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for allowance of compensation for professional services rendered and for reimbursement of allowable expenses incurred in the Cases. In support of its Application, GT respectfully represents as follows:

AUS 536082026v5

# I.
# JURISDICTION AND VENUE

1. This Court has jurisdiction over the Cases and this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these proceedings and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 503(b)(1)(A) and 503(b)(3)(D) of the Bankruptcy Code and Bankruptcy Rule 2016.

# II.
# BACKGROUND

2. Prior to the inception of the Cases, the Debtors created a committee (the "Special Litigation Committee") to investigate, among other things, allegations of improper conduct by the Debtors raised in a shareholder demand letter dated October 10, 2009 (the "Demand Letter"), the Delaware Litigation (as defined below) and other related litigation filed in Texas (the "Texas Litigation"). The Special Litigation Committee engaged GT to assist with the investigation.

3. After conducting an investigation, GT was asked by the Special Litigation Committee to represent it in the Delaware Litigation and Texas Litigation. The Delaware Litigation was still pending and active at the Petition Date (defined below).

4. On December 4, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court"). The Debtors continue to operate their businesses and manage their properties pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. On December 18, 2009, an official committee of unsecured creditors was appointed in the Cases. No trustees or examiners have been appointed in the Cases.

6. On January 19, 2009, the Debtors filed *Debtors' Expedited Application To Approve Retention Of Greenberg Traurig LLP As Special Counsel To The Debtors* (the "Retention Application") [Docket No. 137]. Attached to the Retention Application as Exhibit B was the engagement letter, dated as of January 19, 2009, between GT and the Debtors (the "Engagement Letter"). Pursuant to the Retention Application and the Engagement Letter, the Debtors sought to retain GT as special counsel to represent the interests of the Debtors and provide analysis, research, consultation, legal representation, prosecution and defense as necessary and appropriate with respect to litigation pending against certain of the Debtors and their officers, directors and shareholders in the Delaware Chancery Court (collectively, the "Delaware Litigation").[1]

7. As stated in the Retention Application, GT represented debtors Deep Marine Holdings, Inc. and Deep Marine Technology Inc. in the Delaware Litigation prior to the Petition Date. During the course of this and other related representations involving the same entities, GT became well-versed in the facts and circumstances concerning the Delaware Litigation. For this and other reasons, the Debtors believed GT's representation was "necessary, essential and in the best interests of the Debtors' bankruptcy estates and their creditors" and sought, on an expedited basis, retention of GT as special counsel to the Debtors. Retention Application ¶ 23. In particular, the Debtors stated GT's assistance in the Adversary Proceeding (as defined below) would be "critical" for the Debtors. Retention Application ¶ 25.

8. Even prior to the filing of the Retention Application, bankruptcy counsel for the Debtors requested that GT provide urgent and necessary assistance with respect to the

---

[1] The Delaware Litigation is styled as *FLI Deep Marine LLC et al. v. Paul McKim et al. (including Deep Marine Holdings Inc. and Deep Marine Technology Inc.)*, Civil Action No. 5020-VCS, Delaware Chancery Court and *Deepwork Inc. v. Paul McKim et al. (including Deep Marine Holdings, Inc. and Deep Marine Technology Inc.)*, Civil Action No. 5032-VCS, Delaware Chancery Court.

3

Delaware Litigation, including a determination as to the effect of the bankruptcy on the existing litigation, preparing and filing a suggestion of bankruptcy, attending conferences with the Vice Chancellor for the Delaware Chancery Court, attention to the ability of the Debtors to recover certain costs and expense under its D&O insurance policy and responding to discovery requests and motions pending in the Delaware Litigation to preserve the automatic stay and to preserve the assets of the estate. With this, GT commenced representation of the Debtors and continued to perform services for the Debtors in connection therewith pending approval of the Retention Application.

9. On January 19, 2009, the Debtors initiated Adversary Proceeding No. 10-03026 (the "Adversary Proceeding") seeking, among other things, a temporary restraining order, preliminary injunction and permanent injunction related to the Delaware Litigation.

10. At the request of Debtors' counsel, GT responded to post-petition efforts by the Delaware Claimants to continue the Delaware Litigation despite the stay, and assisted Debtors' counsel with respect to the Adversary Proceeding, which was designed to restrain the Delaware Claimants from conducting the Delaware Litigation pending the stay. [Adversary Proceeding Docket No. 16]. The TRO restrained plaintiffs in the Delaware Litigation from continuing to prosecute the Delaware Litigation and any other lawsuit arising out of the same facts and circumstances as the Delaware Litigation. TRO at 1. The Court held that each of the claims and causes of action asserted by the plaintiffs in the Delaware Litigation concerns either (i) a direct claim against the Debtors, which was precluded by the automatic stay or (ii) a claim that is patently or arguably owned by the Debtors' estates for the recovery of alleged wrongdoing against the estates. TRO at 2. Thus, GT's immediate action in the Adversary Proceeding not only protected assets of the Debtors' estates through enforcement of the automatic stay but also

4

preserved for the benefit of *all* creditors any recoveries the Debtors' estates may have for any alleged wrongdoing by one or more of the defendants in the Delaware Litigation.

11. Immediately after the entry of the TRO by the Bankruptcy Court, GT, at the request of bankruptcy counsel for the Debtors, led the efforts to thwart the efforts by the plaintiffs in the Delaware Litigation to avoid the consequences of the TRO and attend conferences with both the this Court and the Chancery Court of Delaware to ensure that the assets of the estate were preserved and not needlessly dissipated in the prosecution of the Delaware Litigation.

12. The Retention Application was never heard.  Instead, at the hearing held on March 4, 2010, the Debtors withdrew the Retention Application without prejudice.  The Debtors never expressed dissatisfaction with GT's work and indeed were anxious for GT to assist them.

13. Notwithstanding the fact that the Debtors withdrew the Retention Application, GT continued to assist the Debtors at the Debtors' request.  Throughout this process, the Debtors and their counsel have continued to assert that GT's work resulted in a substantial contribution in the Cases.  This has included extensive work to obtain, copy, index, sort and produce the records and documents that are germane to the Delaware Litigation and the investigation conducted by GT on behalf of the Special Litigation Committee.  Such work was conducted at the specific request of the bankruptcy counsel for the Debtors.

14. On June 2, 2010, the Court entered *Order Confirming Debtors' Joint Plan of Reorganization And Approving Sale Of Substantially All Assets* [Docket No. 516].

## III.
## RELIEF REQUESTED

15. Pursuant to sections 503(b)(1)(A) and 503(b)(3)(D) of the Bankruptcy Code, GT seeks an order allowing as an administrative expense, in making a substantial contribution in the Cases and for actual, necessary costs and expenses of preserving the estates, compensation for professional fees in the amount of $42,368.00, and reimbursement of expenses incurred in the amount of $1,358.84, for a total of $43,726.84. Copies of relevant invoices and time records are attached hereto as Exhibit A.

## IV.
## BASIS FOR REQUESTED RELIEF

A. **GT Made Substantial Contribution In Cases**

16. Section 503(b)(3)(D) of the Bankruptcy Code provides that compensable administrative expenses include "the actual, necessary expenses . . . incurred by . . . a creditor . . . in making a substantial contribution in a case under chapter 9 or 11 of this title". 11 U.S.C. § 503(b)(3)(D). Although the Bankruptcy Code does not define the phrase "substantial contribution," the Fifth Circuit has held the phrase to mean "a contribution that is 'considerable in amount, value or worth.'" *Hall Financial Group, Inc. v. DP Partners, Ltd. Partnership (In re DP Partners Ltd. Partnership)*, 106 F.3d 667, 673 (5th Cir. 1997) (quoting Webster's Third New International Dictionary 2280 (4th Ed. 1976)). "Generally, services which make a substantial contribution are those which 'foster and enhance, rather than retard or interrupt the progress of reorganization." *Id.* at 672 (quoting *In re Consolidated Bancshares, Inc.*, 785 F.2d 1249, 1253 (5th Cir. 1986)). Further, "a creditor's motives in taking actions that benefit the estate has little relevance in the determination whether the creditor has incurred actual and necessary expenses in making a substantial contribution to the case." *Id.* at 673.

17. While the Fifth Circuit declined to develop a more concrete standard, noting that was best left on a case-by-case basis, it did create a baseline cost-benefit analysis for making a substantial contribution determination:

> At a minimum, however, the court should weigh the cost of the claimed fees and expenses against the benefits conferred upon the estate which flow directly from those actions. Benefits flowing to only a portion of the estate or to limited classes of creditors are necessarily diminished in weight.

*Id.*; *see also In re Eldercare Home Health & Hospice*, 2007 WL 527943, at *2 (Bankr. S.D. Tex. 2007). In addition to the cost-benefit analysis set forth by the Fifth Circuit, this Court has employed certain factors to aid in determining whether a substantial contribution has been made, including:

'(1) whether the services were rendered solely to benefit the client or to benefit all parties to the case;

(2) whether the services provided a direct, significant, and demonstrable benefit to the estate; and

(3) whether the services were duplicative of services rendered by attorneys [for other parties].'

*Eldercare Home*, 2007 WL 527943, at *2 (quoting *In re Buttes Gas & Oil Co.*, 112 B.R. 191, 194 (Bankr. S.D. Tex. 1989).

18. Under the Fifth Circuit's baseline cost-benefit analysis and this Court's factor test, GT's services resulted in a substantial contribution in the Cases. GT's request for fees and expenses totals only $43,726.84. This amount is substantially outweighed by the benefits conferred upon the Debtors' estates by GT's services. Further, the benefits from GT's services flowed to the entire creditor constituency and provided a direct, significant and demonstrable benefit to the Debtors' estates. Finally, GT's services were not duplicative of services rendered by attorneys for other parties.

7

19. Even after the Petition Date, the plaintiffs in the Delaware Litigation continued to litigate those cases. Continuation of the Delaware Litigation at such a critical, early juncture in the Cases when the Debtors' resources were extremely limited and could have exposed the Debtors, their estates and their creditors to considerable cost and delay, would likely have proved overwhelming and impeded the Debtors' reorganization efforts. Moreover, continuation of the Delaware Litigation would likely have resulted in irreparable harm to the rights of the Debtors in estate property, and value to the estates and their creditors would likely have been severely diminished. GT's immediate services with respect to the Delaware Litigation and, in particular, the Adversary Proceeding, both halted the continuation of the Delaware Litigation and allowed for the preservation of potential claims and causes of action owned by the Debtors' estates for the benefit of all creditors. Thus, GT's services, which were not duplicative of services rendered by attorneys for other parties in the Cases, ensured the protection of the rights of all creditors (by allowing the Debtors the opportunity to preserve, protect and maximize assets of the estates) and furthered the intent of the Bankruptcy Code by affording the Debtors the breathing spell they needed to properly focus on reorganization.

20. GT is an unsecured creditor of the Debtors (by virtue of its prepetition claim stemming from services provided to the Debtors related to the Delaware Litigation and the Texas Litigation) and is therefore entitled to assert an administrative claim for substantial contribution pursuant to section 503(b)(3)(D).

**B. GT Incurred Actual, Necessary Costs And Expenses Of Preserving Debtors' Estates**

21. Section 503(b)(1)(A) of the Bankruptcy Code provides "there shall be allowed administrative expenses . . . the actual, necessary costs and expenses of preserving the estate". 11 U.S.C. § 503(b)(1)(A). This provision requires a court to scrutinize claimed

expenses for waste and duplication to ensure expenses are actual and necessary. *DP Partners*, 106 F.3d at 673.

22.     For the reasons stated herein, GT has performed services and incurred actual, necessary costs and expenses of preserving the Debtors' estates. GT's services were necessary for the protection of the rights of the Debtors and benefitted all creditors and other parties in interest in the Cases. Furthermore, GT's services were neither wasteful nor duplicative. Accordingly, even if the Court finds GT's services did not result in a substantial contribution to the Cases, the Court should allow GT's administrative expense claim as actual, necessary costs and expenses of preserving the Debtors' estates pursuant to section 503(b)(1)(A) of the Bankruptcy Code.

**WHEREFORE**, GT respectfully requests (i) entry of an order allowing an administrative expense claim on account of actual, necessary costs and expenses of preserving the estates, compensation for professional fees in the amount of $42,368.00, and reimbursement of expenses incurred in the amount of $1,358.84, for a total of $43,726.84, and (ii) for such other and further relief as the Court deems just and proper.

Dated: July 15, 2010                                              Respectfully Submitted,

                                                                                           GREENBERG TRAURIG, LLP

                                                                                           By: */s/ Shari L. Heyen*
                                                                                             Shari L. Heyen
                                                                                             Texas Bar No. 09564750
                                                                                             K. B. Battaglini
                                                                                             Texas Bar No. 01918060
                                                                                             1000 Louisiana Street, Suite 1700
                                                                                             Houston, Texas 77002
                                                                                             713.374.3552
                                                                                             713.754.7552 fax

                                                                                             - and -

John S. "Chip" Rainey<br>
Texas Bar No. 00788234<br>
300 W. 6th Street, Suite 2050<br>
Austin, Texas 78701<br>
512.320.7200<br>
512.320.7210 fax

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 15, 2010, a true and correct copy of the foregoing was electronically filed with the Clerk of the United States Bankruptcy Court for the Southern District of Texas, and was served on all parties on the attached master service list by electronic means as listed on the Court's ECF facilities, by electronic mail as indicated, and/or by United States first class mail, postage prepaid.

*/s/ Shari L. Heyen*
Shari L. Heyen

**MASTER SERVICE LIST**

# DEEP MARINE HOLDINGS, INC.
# CONSOLIDATED MASTER SERVICE LIST*

**DEBTORS**

Deep Marine Holdings, Inc. Deep Marine Technology Incorporated, Deep Marine 1, LLC Deep Marine 2, LLC Deep Marine 3, LLC Deep Marine 4, LLC
20411 Imperial Valley
Houston, TX 77073

John Bittner
Grant Thornton LLP
1717 Main Street
Dallas, TX 75201
John.Bittner@gt.com
*Chief Restructuring Officer*

**DEBTORS' ATTORNEY**

Marcy E. Kurtz
William A. (Trey) Wood, III
Jason G. Cohen
Bracewell & Giuliani LLP
711 Louisiana, Suite 2300
Houston, TX 77002
marcv.kurtz@bglIn.com
trey.wood@bgllp.com
iason.cohen@bgllp.com

**UNITED STATES TRUSTEE**

Office of the U.S. Trustee
Attn: Nancy Holley
515 Rusk Ave., Suite 3516
Houston, TX 77002
nancy.holley@usdoj.gov

**GOVERNMENTAL ENTITIES**

Internal Revenue Service
300 East 8th Street
STOP 5026 AUS
Austin, TX 78701

U.S. Attorneys Office
Civil Division
Southern District of Texas PO Box 61129
Houston, TX 77208

**SECURED CREDITORS**

GE Capital
60 Wall Street
New York, NY 10005

Susan C. Mathews
Adams and Reese LLP
1221 McKinney, Suite 4400
Houston, TX 77010
susan.mathews@arl aw. com
*Attorneys for GE Business Financial Services Inc.*

Lawrence Rutkowski
Seward & Kissel LLP
One Battery Park Plaza
New York, NY 10004
ruticowski@sewkis.com
*Attorneys for GE Capital*

PNC Bank NA
PO Box 94931
Cleveland, OH 44101

DCC Ventures, LLC
Attn: Michael Davies
3960 Howard Hughes Parkway 5th Floor
Las Vegas, NV 89169
mike@njkltokling.com

Robert R. Weinstine
Winthrop & Weinstine PA
225 South Sixth Street, Suite 500
Minneapolis, MN 55402
RWeinsfine@winthrou.com
*Attorney for Nasser Kazeminy, DCC Ventures LLC, Triomphe Investors, LLC and NJK Holding Corporation*

Jennifer L. Davis
McGlinchey Stafford PLLC
1001 McKinney Street
Suite 1500
Houston, TX 77002
davis@mcglinchey.com
*Attorneys for PNC Bank, National Association, successor to National City Business Credit, Inc.*

Brad J. Axelrod
McGlinchey Stafford PLLC
301 Main St. - 14th floor
Baton Rouge, LA 70825
baxelrod@rncglinchev.com
*Attorneys for PNC Bank, National Association, successor to National City Business Credit, Inc.*

Richard A. Aguilar
McGlinchey Stafford PLLC
12th Floor, 601 Poydras Street
New Orleans, LA 70130
raguilar@mcglinchey.com
*Attorneys for PNC Bank, National Association, successor to National City Business Credit, Inc.*

Otto Candies, LLC
PO Box 25
Des Allemands LA 70030
otto3@ottocandies.com

Karl Zimmermann
Baldwin Haspel Burke
& Mayer LLC
11 Poydras Street, Suite 2200
New Orleans, LA 70163-2200
karlz@bhbmlaw.com
*Attorney for Otto Candies, L.L.C., Otto Candies, HI, and Candies Shipbuilders, LLC*

**TOP 30 UNSECURED CREDITORS**

Aramark Business & Industry and Supply
James Wells
Stan Applegate
Pat Leibler
Tom Leaverton
1101 Market Street
Philadelphia, PA 19107
wells-james@aramark.com
applegate-stan@aramark.com
liebler-oatrick@aramark.com
leaverton-tom@aramark.com

Joseph Lubertazzi, Jr.
Angela Abreu
McCarter & English
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
jlubertazzi@mccarter.com
aabreu@mccarter.com
*Attorneys for Aramark Business & Industry, and Supply*

Asamarbunkers c/o Asamar, Inc
1099 Wall Street West
Suite 138
Lyndhurst, NJ 07071
asamar@asamar.com

B&J Martin, Inc./MARTIN QUAR
18104 W. Main
Galliano, LA 70354
april@bjimartininc.com

BNA Marine Services, LLC
1022 Jackson Road
Amelia, LA 70340
bnamarine@aol.com

Bollinger Fourchon, LLC
106 Norman Doucet Dr.
Golden Meadow, LA 70357
KimberlyS@bollingershipyards.com

Bollinger Texas City
2201 Dock Rd, Dock 42
Texas City, TX 77590
KimberlyS©bollingershipyards.com

BP America
501 Westlake Park Blvd
WLI Office 24, 108A
Houston, TX 77079
vendorauditprogram@bp.com

Candies Shipbuilders
1100 Oak St
Houma, LA 70363
otto@ottocandies.com

CapRock Communications
Attn: Alan Aronowitz
4400 S. Sam Houston Parkway E
Houston, TX 77048
aaronowitz@caprock.com

Conrad Shipyard, LLC
PO Box 790
Morgan City, LA 70381
FANewman@conradindustries.com

Crossmar Incorporated
1950 A S. Van Ave.
Houma LA 70363
emeadow@thecrossgroup.com

Ertech India
307 Bezollah Complex Sion Trombay Rd.
Chembur, Mumbai 400071
ertchin@vsnl.com

ES&H
1730 Coteau Rd
Houma LA 70364
Fax: 985-851-1978

Greenwood Marine Management
I 300 Everett Street
Morgan City, LA 70380
dan@greenwoodmarine.com

GS-HYDRO-US, Inc
16405 Air Center Blvd, Suite 400
Houston TX 77032
Fax: 713-951-0708

Huisman-Itrec Special Lifting
Admiral Trompstraat 2
3115 HH Schiedam
PO Box 150
3100 AD Schiedam Harbor
#561 NL
mheijerrnan@huisman-nl.com
bdeboer@huisman-nl.com

Intermoor, Inc.
PO Box 1599
Amelia LA 70340

Intrepid Global Ind.
11931 Wickchester Lane #300
Houston TX 77043

dsorrel @buismm-intrepid. com

Madcon Corporation
63374 Old Military Rd
Pearl River LA 70452
btrader@niadconcorp.com

Nexans Norway AS
Postboks 6450
Etterstad, Oslo, Norway N-0605
les@carichards.com

Nader C. Kazeminy
Chief Executive
NJK Holding Corporation
85 Normandale Lake Blvd.
Minneapolis MN 55437
nader@njkholding.com

Noble Denton Marine
14701 St. Mary's Lane
Suite 425
Houston TX 77079
matt.muddiman@nobledenton.com

NREC Power Systems, Inc.
5222 Hwy 311
Houma LA 70360
power@nrecos.com

Ocean Services, LLC
2629 NW 54th St
Suite W201
Seattle WA 98107
ronp@stabbertmaritime.com

PNC Bank, N.A.
P.O. Box 828702
Philadelphia, PA 19182-8702
Justin.Sohnlein@nationalcity.com

Seagull Marine/Agility
115 Canvasback Drive St.
Rose LA 77087
davet@seagullmarine.com

The IUC Group
222 Fordham St
Bronx NY 10464
lgalerne@iucgroup.com

UTEC Survey Inc.
10801 Hammerly Blvd. Suite 212
Houston TX 77043
dave.ross@utecsurvey.com

Hugh Ray, Jr.
Hugh M. Ray, III
Paul D. Moak
Basil A. Umari
McKool Smith PC
600 Travis, Suite 7000
Houston, TX 77002
hray@mckoolsmith.com
hmray@mckooismith.com
omoak@mckoolsmith.com
bumari@mckoolsmith.com
**Attorneys for the Official Committee of Unsecured Creditors**

**OTHER PARTIES FOR NOTICE**

Tony Gerbino
Jeffrey Whetzel
Grant Thornton LLP
333 Clay Street
Houston, TX 77002-4000
Tony.Gerbino@gt.com
Jeffrev.Whetzel@gt.com

Southwest Bank of Texas aka
Amegy Bank of Texas
PO Box 4837
Houston, TX 77210-4837

Merrill Lynch Business Financial Services, Inc.
222 North LaSalle Street
17th 17 Floor
Chicago, IL 60601

Perry Slingsby Systems
10642 West Little York Suite 100
Houston, TX 77041

Inspectronic Corporation
222 Fordham Road
Bronx, NY 10464-1413

National City Business Credit, Inc.
1965 E. 6th Street
Cleveland, OH 44114

General Electric Capital Corporation
3135 Easton Turnpike
Fairfield, CT 06828-0001

Cisco Systems Capital Corporation
170 W Tasman Drive
San Jose, CA 95134

Here Exchange, LLC
3817 Northwest Expressway
Oklahoma City, OK 73112

Radler Enterprises, Inc.
530 Wells Fargo Drive Suite 300
Houston, TX 77090

Mark L. Clark
Brown Sims
Poydras Center, Suite 2200
650 Poydras Street
New Orleans, LA 70130
mclark@brownsims.com

Thomas W. Graves Adair & Myers
3120 Southwest Freeway
Suite 320
Houston, TX 77098
twg@am-law.com

Gary W. Dugger
Dugger & Associates
1177 Enclave Parkway, Suite 250
Houston, TX 77077
duggerlawadugger.com

**PARTIES REQUESTING NOTICE**

Joel W. Mohrman
Anderson L. Cao
McGlinchey Stafford PLLC
1001 McKinney, Suite 1500
Houston, TX 77002
jmoluman@mcglinchey.com
acao@mcglinchev.com
*Attorney for Beauty, Elite Properties, L.P.*

Ross Spence
Snow Fogel Spence LLP
2929 Allen Parkway, Suite 4100
Houston, TX 77019
rossspence@snowfogel.com
*Attorney for Michael Rentfrow*

Stephen L. Williamson
Ryan M. McCabe
Andrew T. Lilly
Montgomery Barnett Brown Read Hammond & Mintz LLP
3300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163
swilliamson@monbar.com
rmccabe@monbar.com
alilly@monbar.com
*Attorneys for Bollinger Fourchon L.L.C. and Crossmar Inc.*

Keith M. Aurzada
John C. Leininger
Bryan Cave, LLP
2200 Ross Avenue, Suite 3300
Dallas, TX 75201
keith.aurzada@bryancave.com
john.leininger@brvancave.com
*Attorneys for Sun Chase Holdings, Inc.*

Marc Douglas Myers
Adair Myers PLLC
3120 Southwest Freeway
Suite 320
Houston, TX 77098
mm@am-law.com
*Attorney for UTEC Surveying, Inc.*

Karen A. Cooper
Aon Risk Services
Southwest, Inc./Aon Energy
1330 Post Oak Blvd, Suite 900
Houston, TX 77056-3089
Karen Cooper@ars.aon.com

Tony M. Davis
Baker Botts LLP
One Shell Plaza
910 Louisiana
Houston, TX 77002
tony.davis@bakerbotts.com

David S. Elder
Gardere Wynne Sewell LLP
1000 Louisiana, Suite 3400
Houston, TX 77002-5011
delder@gardere.com
*Attorneys for Oceaneering International, Inc.*

McDermott Will & Emery LLP
Attn: Gary O. Ravert
340 Madison Avenue
New York, NY 10173-1922
gravert@mwe.com

McDermott Will & Emery LLP
Attn: Steven G. Spears
1000 Louisiana, Suite 3900
Houston, TX 77002-5005
sspears@mwe.com
*Attorneys for McDermott Will & Emery LLP*

Edward L. Rothberg
Annie E. Catmull
Hoover Slovacek LLP
5847 San Felipe, Suite 2200
Houston, TX 77057
rothbergahooverslovacek.com
catmu 11@hooverslovacek.com
*Attorney for CapRock Communications*

John P. Dillman
Linebarger Goggan Blair
& Sampson LLP
PO Box 3064
Houston, TX 77253-3064
Houston_bankruptcy®publicans.com
*Attorneys for Cypress- Fairbanks ISD and Harris County*

Blaine F. Bates
Peter Ruggero
Haynes and Boone LLP
1 Houston Center
1221 McKinney, Suite 2100
Houston, TX 77010
Blaine.Bates@haynesboone.com
Peter.Ruggero@haynesboone.com
*Attorney for Paul McKim*

Josh N. Bowlin
Chamberlain Hrdlicka White Williams & Martin
1200 Smith Street, Suite 1400
Houston, TX 77002
josh.bowlin@chamberlainlaw.com
*Attorney for Huisman-Itrec Ling and Huisman-Intrepid Services LLC*

Omer F. Kuebel, Ill
Locke Lord Bissell & Liddell LLP
601 Poydras Street, Suite 2660
New Orleans, LA 70130
nobankecf@lockelord.com
hobankecf@lockelord.com
*Attorney for BP America, Inc.*

Henry A. King
King, Krebs & Jurgens
201 St. Charles Avenue, 45th Floor
New Orleans, LA 70170
hking@kinakrebs.com
**Attorneys for PHI, Inc.**

William J. Perry
Galloway Johnson Tompkins Burr & Smith
701 Poydras Street, 40th Floor
New Orleans, LA 70139
wnerry@gitbs.com
**Attorney for MADCON Corporation**

Ana Clement Sewart
Barry & Sewart, PLLC
4151 Southwest Freeway
Suite 680
Houston, TX 77027
bankruptcy@banyandsewart.com
**Attorneys for BNA Marine Services, LLC, Greenwood Marine Management, Inc. and Southern Crane & Hydraulics, LLC**

Patrick L. Hughes
Haynes and Boone LLP
1221 McKinney, Suite 2100
Houston, TX 77010
natrick.hughes@havnesboone.com
**Attorneys for LLOG Exploration Company, LLC**

James Eloi Doyle
Doyle, Restrepo, Harvin & Robbins, LLP
600 Travis, Suite 4700
Houston, Texas 77002
jdoyle@drhrlaw.com
**Attorney for Boots & Coots Services, LLC**

J. Stephen Simms
Simms Showers LLP
20 S. Charles Street, Suite 702
Baltimore, MD 21202
**Attorneys for Asamar Inc.**

E. Carroll Rogers
Ronald J. White
Murphy Rogers Sloss & Gambel
701 Poydras Street, Suite 400
New Orleans, LA 70139
crogers@mrsnola.com
**Attorneys for Inspectronic Corporation**

Andrew J. Nazar
Polsinelli Shughart PC
Twelve Wyandotte Plaza
120 West 12th Street
Kansas City, MO 64105
anazar@polsinelli.com

Thomas H. Grace
Spencer Crain Cubbage Healy & McNamara, plle
1330 Post Oak Blvd., Suite 1600
Houston, TX 77056
hobank@spencercrain.com
**Attorneys for B.J. Thomas**

Pierre V. Miller
Patrick Miller & Belleau, L.L.C.
400 Poydras Street
Suite 1680
New Orleans, LA 70130
pmiller@uatrickmillerlaw.com
**Attorneys for Seagull Marine, Inc.**

Adam R. Swonke Wells & Cuellar PC
440 Louisiana, Suite 718
Houston, TX 77002
aswonke@wellscuellar.com
**Attorneys for Anadarko Petroleum Corporation**