IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| **DEEP MARINE HOLDINGS, INC.,** | § | **Case No. 09-39313** |
| et al. | § | |
| | § | **Jointly Administered** |
| Debtors. | § | **Chapter 11** |

**MOTION TO SURCHARGE PROCEEDS OF THE M/V DMT TOPAZ**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-THREE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. IN ADDITION TO FILING YOUR RESPONSE WITH THE CLERK, YOU MUST GIVE A COPY OF YOUR RESPONSE TO THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

The Liquidating Trustee, on behalf of the Deep Marine Liquidating Trust as successor to the above named Debtors (the "Trustee"), by and through its undersigned attorneys, hereby files this Motion to Surcharge Proceeds of the M/V DMT Topaz (the "Motion"). In support of this Motion, the Trustee respectfully represent as follows:

**I. JURISDICTION AND VENUE**

1. This Court has jurisdiction over these cases and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.  RELEVANT BACKGROUND[1]

2.  On December 4, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").  As of the Petition Date, Deep Marine 3, LLC ("DM3") was the owner of the M/V DMT Topaz (the "Topaz").

3.  On March 15, 2010, the Debtors filed their Plan of Reorganization (the "Plan") (doc. no. 295) which provided for, among other things, the liquidation of substantially all of the Debtors' assets, including the Topaz.

4.  On June 2, 2010, the Court entered its Order Confirming Debtors' Joint Plan of Reorganization and Approving Sale of Substantially All Assets (the "Confirmation Order") (doc. no. 516).

5.  The sale of the Topaz closed on June 18, 2010, and the Plan became effective on July 9, 2010.

6.  Throughout the course of these cases, numerous creditors have filed secured claims against the Topaz.  Such claims include, among others, (i) an alleged preferred maritime mortgage filed by Otto Candies, LLC, (ii) an alleged maritime lien based on seaman wages filed by Otto Candies, LLC, and (iii) an alleged secured loan filed by DCC Ventures, LLC.  Other filed claims include claims by:

(a)  Greenwood Marine Management, Inc.

(b)  BNA Marine Services, LLC

---

[1] A more complete background of the Debtors' businesses and the events leading to the filing of these cases is provided in the Affidavit of John Hudgens in Support of First Day Motions (doc. no. 41).

(c)     Aramark US Offshore Services, LLC (filed as unsecured)

(d)     Conrad Shipyard, LLC

(e)     B&J Martin, Inc.

(f)     The IUC Group, Inspectronic Corporation

(g)     CapRock Communications, Inc.

(h)     Doerle Food Services, LLC

### III.  RELIEF REQUESTED

7.     The Trustee seeks to surcharge the estate of DM3, specifically the proceeds of the Topaz, for the reasonable and necessary costs and expenses of preserving and disposing of the Topaz pursuant to 11 U.S.C. § 506(c).

### IV.  BASIS FOR RELIEF

8.     Section 506(c) of the Bankruptcy Code provides that:

> The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim, including the payment of all ad valorem property taxes with respect to the property.

11 U.S.C. § 506(c).

9.     The Trustee (as successor to the Debtors) has incurred numerous reasonable and necessary costs and expenses related to the preservation and disposition of the Topaz. Such costs and expenses and consist of:

(a)     <u>Professional fees and expenses</u>.[2] Professional fees and expenses allocable to the Topaz have been incurred by Trustee. The approximate total professional fees and expenses incurred by all the Debtors as of the effective date are listed below.[3] The Trustee is in the process of determining the exact amount of professional fees and

---

[2] Final approval of all professional fees and expenses is subject to Court approval, and all reservations of rights previously asserted by parties with regard to final approval of such fees and expenses remain unchanged.

[3] Actual professional fees and expenses may differ from the approximations in this motion and no figures herein are intended to be binding on any professionals. Actual professional fees and expenses shall be governed by fee applications approved by the Court.

expenses allocable to DM3 and the Topaz and the Trustee will supplement this pleading with those figures.

| PROFESSIONAL | AMOUNT |
|---|---|
| Bracewell & Giuliani LLP | $1,375,000.00 |
| Grant Thornton LLP | $1,300,000.00 |
| McKool Smith PC | $1,300,000.00 |

(b)     <u>DIP Loan Fees, Costs, and Interest</u>.  The Trustee has incurred fees, costs, and interest related to the debtor-in-possession financing in these cases, and $156,884.58 of such fees, costs, and interest is allocable to the Topaz.

(c)     <u>Break-Up Fee and Expense Reimbursement</u>.  In order to effect the sale of the Topaz, the Debtors incurred a break-up fee and an expense reimbursement amount pursuant to a court approved stalking horse purchase and sale agreement.  The amount of the break-up fee and expense reimbursement allocable to the Topaz is $124,559.17.[4]

(d)     <u>Operating Costs and Overhead Charges</u>.  DMT incurred operating costs and overhead charges in the prosecution of the DM3 bankruptcy case in the amount of $721,471.30.

10.     All of the costs and expenses incurred by the Trustee provided a direct benefit to the alleged holders of secured claims against the Topaz by protecting the value of the Topaz and bringing the Topaz to a successful sale.  Likewise, all alleged holders of secured claims against the Topaz had notice of the DM3 bankruptcy proceeding and consented, either through active participation or through acquiescence, to the prosecution of the bankruptcy case.

11.     At this time the Trustee has not yet determined which of the secured claims filed against the Topaz should be allowed, and which claims should be objected to.  According to the Plan, the Trustee has until October 7, 2010, to file objections to proofs of claim.  However, the order confirming the Plan provides that claims against Otto Candies, LLC and DCC Ventures,

LLC (among others) must be filed by July 19, 2010.  While the Trustee does not believe that its claim for surcharge is a "claim against" Otto Candies, LLC and DCC Ventures, LLC, the Trustee nonetheless files this Motion by July 19, 2010, out of an abundance of caution.

12. The filing of this Motion and the statements regarding claims herein is not, and should not be construed or deemed to be, an admission as to the extent, validity, or priority of any claim, and the Trustee reserves all of its rights under the Plan and confirmation order to object to proofs of claim.

WHEREFORE, premises considered, the Trustee requests that this Court enter an order providing for the Trustee to recover from the proceeds of the Topaz the reasonable, necessary costs incurred by the Trustee in preserving and disposing of the Topaz, as described above, and granting such other relief as the Court deems just.

Respectfully submitted,                                    BRACEWELL & GIULIANI LLP


By: _/s/ William A. Wood III_
    Marcy E. Kurtz
    Texas Bar No. 11768600
    Marcy.Kurtz@bgllp.com
    William A. (Trey) Wood III
    Texas Bar No. 21916050
    Trey.Wood@bgllp.com
    Jason G. Cohen
    Texas Bar No. 24050435
    Jason.Cohen@bgllp.com
    711 Louisiana, Suite 2300
    Houston, Texas 77002
    Telephone:    (713) 223-2300
    Facsimile:    (713) 221-1212

**ATTORNEYS FOR THE DEBTORS**

---

[4] The break-up fee and expense reimbursement for each Debtor was calculated pro rata based on the asset value of each Debtor resulting from the auction of substantially all assets of all Debtors.

-6-

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 19, 2010, a true and correct copy of this document was served on the party listed below and on the attached master service list by electronic means as listed on the court's ECF noticing system, by electronic mail as indicated, and/or by United States first class mail, postage prepaid.

Doerle Food Services LLC
c/o Jackson & Jackson PLLC
111 Founders Dr., Ste 400
Baton Rouge, LA 70810

*/s/ Jason G. Cohen*
Jason G. Cohen