IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In Re:** § | | |
| § | | |
| **DEEP MARINE HOLDINGS, INC.,** § | | **Case No. 09-39313** |
| **et al.** § | | |
| § | | **Jointly Administered** |
| **Debtors.** § | | **Chapter 11** |

**TRUSTEE'S OBJECTION TO ASAMAR MOTION TO CLASSIFY CLAIM**
**(relates to Dkt. No. 579)**

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

The Liquidating Trustee, on behalf of the Deep Marine Liquidating Trust as successor to the above named Debtors (the "Trustee"), by and through its undersigned attorneys, hereby files this Objection to the Motion to Classify Claim of Bunker Supplier Asamar as a Maritime Junior Secured Claim, Class D4 (Deep Marine 2, LLC, M/V DMT Emerald) and Supporting Memorandum (the "Motion"), and in support thereof, respectfully represent as follows:

**I.  RELEVANT FACTUAL BACKGROUND**

1.     On December 4, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").  Asamarbunkers Consultadoria e Paricipacoes Unipessoal Lda ("Asamar") received notice of the filing of the Debtors' petitions and various other first day filings on the Petition Date, as evidenced by the Certificate of Service filed with this Court on December 7, 2009, at docket number 5.  From the Petition Date on, Asamar was included on the Debtors' Master Service List and Asamar therefore received actual notice of every filing made by the Debtors in

this case, as evidenced by the certificates of service accompanying every filing made by the Debtors.

2.	On December 24, 2009, the Clerk of the United States Bankruptcy Court for the Southern District of Texas sent its Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines (the "Initial Bar Date Notice") to all creditors on the Debtors' creditor matrix. Asamar was served with that notice as evidenced by the BNC Certificate of Mailing filed with the Court at docket number 74. As part of the Initial Bar Date Notice, the Clerk included its standard "Explanations" page, which page provides under the "Claims" section, in part, the following:

> A Proof of Claim is a signed statement describing a creditor's claim. If a Proof of Claim form is not included with this notice, you can obtain one at any bankruptcy clerk's office. **You may look at the schedules that have been or will be filed at the bankruptcy clerk's office. If your claim is scheduled and is *not* listed as disputed, contingent, or unliquidated, it will be allowed in the amount scheduled unless you filed a Proof of Claim** or you are sent further notice about the claim. **Whether or not your claim is scheduled, you are permitted to file a Proof of Claim.** (emphasis added).

3.	On January 4, 2010, Deep Marine Technology Incorporated ("DMT") filed its Schedules and Statement of Financial Affairs (doc. no. 92). DMT's Schedule F, "Creditors Holding Unsecured Nonpriority Claims" lists Asamar as holding an unsecured nonpriority claim against DMT in the amount of $112,750.00 (the "Scheduled Asamar Claim"). The claim is not listed as contingent, unliquidated or disputed.[1]

4.	Asamar's counsel filed a motion to appear pro hac vice in this case on February 10, 2010 (doc. no.'s 191 and 192).

---

[1] The Asamar Motion incorrectly states that the Asamar claim is listed in the schedules of Deep Marine Holdings, Inc.

5. On February 22, 2010, the Court entered its Order Granting Motion to Reduce Time for Non-Governmental Entities to File Proofs of Claim (the "Order Reducing Bar Date"), which set the deadline to file a proof of claim for all creditors (except governmental entities) as March 31, 2010. The Order Reducing Bar Date provides, in relevant part:

> Any person or entity that is required to file a proof of claim or interest in the Debtors' cases but fails to do so in a timely manner shall be forever barred, estopped, and enjoined from **(a) asserting any claim against the Debtors that such creditor has that (i) is in an amount that exceeds the amount, if any, that is set forth as non-contingent, liquidated and undisputed in the Debtors' schedules of liabilities, or (ii) is of a different nature or in a different classification** (any such claim referred to as an "Unscheduled Claim"), and (b) voting upon, or receiving distribution under, any plan of reorganization or liquidation in the Debtors' cases in respect to an Unscheduled Claim. (emphasis added).

6. The Debtors served notice of the reduced bar date on the creditor matrix in the case on February 23, 2010, which includes Asamar (who had already formally appeared in the case at this point) and also published notice of the reduced bar date in the national edition of the Wall Street Journal on February 25, 2010.

7. Asamar did not file a proof of claim in this case despite having actual and timely notice of the bar date.

## II. OBJECTION AND BASIS THEREFORE

8. The Debtors object to the Motion and request that the relief sought therein be denied. The Motion is a thinly veiled attempt to seek permission to file (and allowance of) a late proof of claim, yet Asamar has provided no basis for such relief. Asamar had notice that its claim was scheduled as an unsecured claim and Asamar did not file a proof of claim asserting otherwise. Pursuant to unambiguous statutory language and the multitude of pleadings, notices, and orders in this case, Asamar is bound by the Debtors' schedules and the Motion should be denied.

*The Proof of Claim Process in Chapter 11*

9. The general rule in chapter 11 is that a creditor must file a proof of claim in order to receive a distribution from a bankruptcy estate. *See* FED. R. BANKR. P. 3003(c)(2) ("Any creditor .. whose claim or interest is not scheduled or scheduled as disputed, contingent or unliquidated shall file a proof of claim ….").

10. Section 1111(a) of the Bankruptcy Code provides an exception to the general rule by stating that:

> A proof of claim or interest is deemed filed under section 501 of this title for any claim or interest that appears in the schedules filed under section 521(1) or 1106(a)(2) of this title, except a claim or interest that is scheduled as disputed, contingent or unliquidated.

11 U.S.C. § 1111(a). Thus, if a debtor schedules a claim and indicates such claim is not disputed, contingent or unliquidated, then the debtor's schedule acts as a proof of claim for that creditor. Indeed, "the schedule of liabilities filed pursuant to § 521(1) of the Code shall constitute prima facie evidence of the validity and amount of claims of creditors, unless they are scheduled as disputed, contingent, or unliquidated." FED. R. BANKR. P. 3003(b)(1).

11. Any creditor who disagrees with the way its claim is scheduled has a right to file a proof of claim. *See* 11 U.S.C. § 501(a); FED. R. BANKR. P. 3003(c)(1). Upon such a creditor filing a proof of claim, the proof claim "shall supersede any scheduling of that claim … pursuant to § 521(a)(1) of the Code." Fed. R. Bankr. P. 3003(c)(4). Pursuant to Fed. R. Bankr. P. 3003(c)(3), courts shall "fix … the time within which proofs of claim may be filed." FED. R. BANKR. P. 3003(c)(3).

*Asamar Claim is Determined by DMT's Schedules*

12. In the DMT bankruptcy case, DMT scheduled the claim of Asamar as an undisputed, noncontingent, liquidated unsecured nonpriority claim against DMT in the amount

of $112,750.00.  Pursuant to section 1111(a), the Scheduled Asamar Claim acts as a filed proof of claim and pursuant to Fed. R. Bankr. P. 3003(b)(1) the Scheduled Asamar Claim is prima facie evidence of the validity and amount of Asamar's claim against the Debtors.  If Asamar disagreed with the Scheduled Asamar Claim, it had notice and opportunity to file its own proof of claim, which would have superseded the Scheduled Asamar Claim.  *See* FED. R. BANKR. P. 3003(c)(4).  In fact, DMT went beyond the requirements of the Code by notifying creditors via the Order Reducing Bar Date that creditors who fail to file a proof of claim would be forever barred from asserting claims "of a different nature or in a different classification" than the claims that DMT had scheduled.

13. Asamar never filed its own proof of claim.  Consequently, the Scheduled Asamar Claim remains the deemed proof of claim for Asamar, and the validity and amount of the Scheduled Asamar Claim is all that Asamar is entitled to per the Code, the Federal Rules of Bankruptcy Procedure, and the orders and notices in this case.

*Asamar's Motion Provides No Basis For Relief*

14. The procedural process detailed in the Code and Bankruptcy Rules, and summarized above, applies to all creditors, including Asamar.  Asamar itself admits that "Asamar's claim is allowed because it was included in Debtors' Schedule F, and as such is deemed by § 1111(a) to be filed under § 501." (Motion p. 5).  However, Asamar goes on to state that "Asamar's claim is secured because it is a lien secured by property of the estate…." (Motion p. 5). The two statements are inconsistent—Asamar's deemed proof of claim per § 1111(a) is an unsecured claim because that is how it is scheduled; it cannot simultaneously be unsecured and secured.  In order to convert the deemed unsecured proof of claim to a secured claim, Asamar needed to timely file a proof of claim to supersede the deemed claim.  Asamar did not do so.

15. A creditor with actual notice of a bankruptcy case from the petition date forward should not be allowed to assert a secured claim three months after the bar date and over a month after confirmation. Allowing such a reclassification would reap havoc on the entire claims and plan process. The Trustee would be paralyzed from making distributions lest a latecomer creditor declare that it is secured by assets or proceeds of assets. The claims and plan process were designed with purpose and allowing untimely secured claims in derogation of that process severely harms the bankruptcy process for debtors and other creditors.

16. Finally, Asamar's arguments that DMT "intentionally failed to identify [maritime liens]" and sought to "change the nature of Asamar's [claim]" are false and nonsensical. DMT has complied with all bankruptcy rules and regulations. The global notes accompanying DMT's Schedules and Statement of Financial Affairs clearly provide that:

> Information requested by the Schedules and Statements requires the Debtors to make judgments regarding the appropriate category in which information should be present or how certain parties, claims or other data should be labeled. The Debtors' decisions regarding the category or label to use is based on the best information available as of the filing of these Schedules and Statements within the time constraints imposed.

and also:

> Certain creditors listed on Schedule F may be able to assert a secured or priority claim due to the existence of valid Maritime Liens. In these Schedules, the Debtor has made no attempt to identify or quantify such Maritime Liens.

17. With regard to maritime liens, such liens may be "secret liens" in that they may arise and perfect automatically, without a public filing. It is not the Debtors' burden to declare and award secret liens to creditor entities. Rather, the Debtors need only provide notice of the case and creditor entities must then protect their own interests by asserting such secret liens themselves. Numerous creditors in this case have done just that, by timely filing proofs of claim and by filing notices of lien perfection pursuant to § 546.

*The Confirmed Plan is Res Judicata*

18.     On June 2, 2010, the Debtors confirmed their Plan and on July 9, 2010, that Plan became effective. "The law in this circuit is well settled that a plan is binding upon all parties once it is confirmed and all questions that could have been raised *pertaining to such plan* are res judicata." *In re Howe*, 913 F.2d 1138 (5th Cir. 1990). Furthermore, the order confirming plan (the "<u>Confirmation Order</u>") provides that "The Plan, its provisions, and this Order shall be, and hereby are, binding upon the Debtors and any Creditor or equity security holder of the Debtors, whether or not the Claim or Interest of such Creditor or equity security holder is impaired under the Plan and whether or not such equity holder has accepted the Plan." (Confirmation Order ¶ 2).

19.     The Plan in these cases provides that only "Allowed" claims shall receive a Plan Distributions (*See* Plan §§ 1.02(76), 3.06, 4.06). More specifically, the Plan provides that as to Maritime Junior Secured Claims against Deep Marine 2, LLC (i.e. the class which Asamar seeks to be classified in), only Holders of "Allowed Class D4" claims shall receive a distribution. (Plan § 3.08(4)).

20.     An "Allowed" claim is defined by the Plan as, among other things, "any Claim … listed on the Schedules as liquidated, non-contingent and undisputed …." (Plan § 1.02(5)). The claim "listed on the Schedules as liquidated, non-contingent and undisputed" for Asamar, is the Scheduled Asamar Claim—an unsecured nonpriority claim against DMT in the amount of $112,750.00. That is the only Allowed claim that Asamar has, and that is the only claim for which Asamar may receive a plan distribution per the Plan and Confirmation Order.

21.     To the extent that Asamar now seeks to prosecute a claim other than the Scheduled Asamar Claim, as explained above, such a claim needed to be timely filed. Since no proof of claim was timely filed, any such claim is "Disputed" under the Plan. A "Disputed"

claim under the Plan is, among other things, one not otherwise "Allowed" for which "proof … was required to be Filed but as to which a Proof of Claim or Interest was not timely or properly Filed;" (Plan § 1.01(42)). "Disputed" claims do not receive plan distributions.

*Asamar Has Failed to Show Excusable Neglect*

22. To the extent that Asamar's Motion is actually a motion to file a late proof of claim and the Court deems it as such, Asamar has failed to put forth a prima facie case to allow the Court to permit the late filing of a proof of claim. Bankruptcy Rule 9006(b)(1) empowers a bankruptcy court to permit the late filing of a proof of claim, if the movant's failure to comply with an earlier deadline "was the result of excusable neglect." FED. R. BANKR. P. 9006(b)(1).

23. In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993), the Supreme Court held that "[b]ecause Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." The Supreme Court went on to identify four factors to be considered in making this determination: (a) the danger of prejudice to the debtor; (b) the length of delay and its potential impact on judicial proceedings; (c) the reason for the delay, including whether it was within the reasonable control of the movant; and (d) whether the movant acted in good faith. *Id.*

24. First, Asamar has wholly failed to raise the issue of filing a late proof of claim under excusable neglect, choosing instead to pursue a "motion to classify." Absent fair notice, Asamar should not be heard to raise excusable neglect as a basis for filing a new claim.

25. Second, even if Asamar properly raised the issue of filing a late proof of claim under Fed. R. Bankr. P. 9006, Asamar cannot meet the factors set out by the Supreme Court in

*Pioneer*. Specifically, the danger of prejudice to the Trust (as successor to the Debtors) is very high. Opening the door for unsecured creditors to "reclassify" their claims as secured at this late stage of the case would make it impossible for the Trust to make distributions. A "secured" creditor could arise at any time and the Trust could never safely make distributions for fear of having to claw back distributions in order to satisfy a "secured" latecomer. There would be a corresponding negative and dilatory impact on these proceedings. Finally, Asamar has not satisfied the last two elements of the *Pioneer* test because Asamar has not provided a "reason for the delay," and has not provided any evidence of acting in good faith.

### III.  PRAYER

WHEREFORE, premises considered, the Trustee respectfully request that the Court deny Asamar the relief sought in the Motion, and grant the Trustee such other and further relief as the Court deems just.

Respectfully submitted,

**BRACEWELL & GIULIANI LLP**

By:  */s/ Jason G. Cohen*
     Marcy E. Kurtz
     Texas Bar No. 11768600
     Marcy.Kurtz@bgllp.com
     William A. (Trey) Wood III
     Texas Bar No. 21916050
     Trey.Wood@bgllp.com
     Jason G. Cohen
     Texas Bar No. 24050435
     Jason.Cohen@bgllp.com
     711 Louisiana, Suite 2300
     Houston, Texas 77002
     Telephone:    (713) 223-2300
     Facsimile:    (713) 221-1212

**ATTORNEYS FOR THE DEBTORS**

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that on July 30, 2010, a true and correct copy of this document was served on all parties on the attached master service list by electronic means as listed on the court's ECF noticing system, by electronic mail as indicated, and/or by United States first class mail, postage prepaid.

               */s/ Jason G. Cohen*
                Jason G. Cohen

**DEEP MARINE HOLDINGS, INC.**
**CONSOLIDATED MASTER SERVICE LIST\***

**DEBTORS**
Deep Marine Holdings, Inc.
Deep Marine Technology Incorporated
Deep Marine 1, LLC
Deep Marine 2, LLC
Deep Marine 3, LLC
Deep Marine 4, LLC
PO Box 79926
Houston, TX 77279-9926

John Bittner
Grant Thornton LLP
1717 Main Street
Dallas, TX 75201
John.Bittner@gt.com
*Liquidating Trustee*

**ATTORNEYS FOR LIQUIDATING TRUST**
Marcy E. Kurtz
William A. (Trey) Wood, III
Jason G. Cohen
Bracewell & Giuliani LLP
711 Louisiana, Suite 2300
Houston, TX 77002
marcy.kurtz@bgllp.com
trey.wood@bgllp.com
jason.cohen@bgllp.com

**UNITED STATES TRUSTEE**
Office of the U.S. Trustee
Attn: Nancy Holley
515 Rusk Ave., Suite 3516
Houston, TX 77002
nancy.holley@usdoj.gov

**GOVERNMENTAL ENTITIES**
Internal Revenue Service
300 East 8th Street
STOP 5026 AUS
Austin, TX 78701

U.S. Attorneys Office
Civil Division
Southern District of Texas
PO Box 61129
Houston, TX 77208

**SECURED CREDITORS \***
General Electric Capital Corporation
Attn: Dale Shores
3 Capital Drive
Eden Prairie, MN 55344

Susan C. Mathews
Adams and Reese LLP
1221 McKinney, Suite 4400
Houston, TX 77010
susan.mathews@arlaw.com
*Attorneys for GE Business Financial Services Inc.*

Lawrence Rutkowski
Seward & Kissel LLP
One Battery Park Plaza
New York, NY 10004
rutkowski@sewkis.com
*Attorneys for GE Capital*

PNC Bank NA
PO Box 94931
Cleveland, OH 44101

DCC Ventures, LLC
Attn: Michael Davies
3960 Howard Hughes Parkway
5th Floor
Las Vegas, NV 89169
mike@njkholding.com

Robert R. Weinstine
Winthrop & Weinstine PA
225 South Sixth Street, Suite 500
Minneapolis, MN 55402
RWeinstine@winthrop.com
*Attorney for Nasser Kazeminy, DCC Ventures LLC, Triomphe Investors, LLC and NJK Holding Corporation*

Jennifer L. Davis
McGlinchey Stafford PLLC
1001 McKinney Street
Suite 1500
Houston, TX 77002
jdavis@mcglinchey.com
*Attorneys for PNC Bank, National Association, successor to National City Business Credit, Inc.*

Brad J. Axelrod
McGlinchey Stafford PLLC
301 Main St. - 14th floor
Baton Rouge, LA 70825
baxelrod@mcglinchey.com
*Attorneys for PNC Bank, National Association, successor to National City Business Credit, Inc.*

HOUSTON\2344906

\* Debtors reserve all rights with respect to classification of creditor claims.

Richard A. Aguilar
McGlinchey Stafford PLLC
12th Floor, 601 Poydras Street
New Orleans, LA  70130
raguilar@mcglinchey.com
*Attorneys for PNC Bank, National Association, successor to National City Business Credit, Inc.*

Otto Candies, LLC
PO Box 25
Des Allemands LA 70030
otto3@ottocandies.com

Karl Zimmermann
Baldwin Haspel Burke
& Mayer LLC
11 Poydras Street, Suite 2200
New Orleans, LA 70163-2200
karlz@bhbmlaw.com
*Attorney for Otto Candies, L.L.C.,  Otto Candies, III, and Candies Shipbuilders, LLC*

Thomas S. Henderson
711 Louisiana, Suite 3100
Houston, TX 77002-2716
thenderson@tsh-atty.com
*Attorney for Candies Shipbuilders, LLC, DCC Ventures, LLC, NJK Holding Corporation, Nasser Kazeminy, Triomphe Investors, LLC*

**TOP 30 UNSECURED CREDITORS\***
Aramark Business & Industry and Supply
James Wells
Stan Applegate
Pat Leibler
Tom Leaverton
1101 Market Street
Philadelphia,PA 19107
wells-james@aramark.com

Joseph Lubertazzi, Jr.
Angela Abreu
McCarter & English
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
jlubertazzi@mccarter.com
aabreu@mccarter.com
*Attorneys for Aramark Business & Industry, and Supply*

Asamarbunkers c/o Asamar, Inc
1099 Wall Street West
Suite 138
Lyndhurst, NJ 07071
asamar@asamar.com

B&J Martin, Inc./MARTIN QUAR
18104 W. Main
Galliano, LA 70354
april@bjmartininc.com

BNA Marine Services, LLC
1022 Jackson Road
Amelia, LA 70340
bnamarine@aol.com

Bollinger Fourchon, LLC
106 Norman Doucet Dr.
Golden Meadow, LA 70357
KimberlyS@bollingershipyards.com

Bollinger Texas City
2201 Dock Rd, Dock 42
Texas City, TX 77590
KimberlyS@bollingershipyards.com

BP America
501 Westlake Park Blvd
WLI Office 24, 108A
Houston, TX 77079
vendorauditprogram@bp.com

Candies Shipbuilders
1100 Oak St
Houma, LA 70363
otto3@ottocandies.com

CapRock Communications
Attn: Alan Aronowitz
4400 S. Sam Houston Parkway E
Houston, TX 77048
aaronowitz@caprock.com

Conrad Shipyard, LLC
PO Box 790
Morgan City, LA 70381
FANewman@conradindustries.com

Crossmar Incorporated
1950 A S. Van Ave.
Houma LA 70363
emeadow@thecrossgroup.com

Ertech India
307 Bezollah Complex
Sion Trombay Rd.
Chembur, Mumbai 400071
ertchin@vsnl.com

ES&H
1730 Coteau Rd
Houma LA 70364
Fax: 985-851-1978

Greenburg Traurig LLP
300 W 6th St., Suite 2050
Austin TX 78701
BattagliniK@gtlaw.com

Greenwood Marine Management I
300 Everett Street
Morgan City, LA 70380
dan@greenwoodmarine.com

2

\* Debtors reserve all rights with respect to classification of creditor claims.

| | | |
|---|---|---|
| applegate-stan@aramark.com<br>liebler-patrick@aramark.com<br>leaverton-tom@aramark.com | | GS-HYDRO-US, Inc<br>16405 Air Center Blvd, Suite 400<br>Houston TX 77032<br>Fax: 713-951-0708 |
| Huisman-Itrec Special Lifting<br>Admiral Trompstraat 2<br>3115 HH Schiedam<br>PO Box 150<br>3100 AD Schiedam Harbor #561<br>NL<br>mheijerman@huisman-nl.com<br>bdeboer@huisman-nl.com | Noble Denton Marine<br>14701 St. Mary's Lane<br>Suite 425<br>Houston TX  77079<br>matt.muddiman@nobledenton.com<br><br>NREC Power Systems, Inc.<br>5222 Hwy 311<br>Houma LA 70360<br>power@nrecps.com | Hugh Ray, Jr.<br>Hugh M. Ray, III<br>Paul D. Moak<br>Basil A. Umari<br>McKool Smith PC<br>600 Travis, Suite 7000<br>Houston, TX 77002<br>hray@mckoolsmith.com<br>hmray@mckoolsmith.com<br>pmoak@mckoolsmith.com<br>bumari@mckoolsmith.com<br>*Attorneys for the Official Committee of Unsecured Creditors* |
| Intermoor, Inc.<br>PO Box 1599<br>Amelia LA 70340 | | |
| Intrepid Global Ind.<br>11931 Wickchester Lane #300<br>Houston TX 77043<br>dsorrel@huisman-intrepid.com | Ocean Services, LLC<br>2629 NW 54th St<br>Suite W201<br>Seattle WA 98107<br>ronp@stabbertmaritime.com | **OTHER PARTIES FOR NOTICE**<br>Tony Gerbino<br>Jeffrey Whetzel<br>Grant Thornton LLP |
| Madcon Corporation<br>63374 Old Military Rd<br>Pearl River LA 70452<br>btrader@madconcorp.com | PNC Bank, N.A.<br>P.O. Box 828702<br>Philadelphia, PA 19182-8702<br>Justin.Sohnlein@nationalcity.com | 333 Clay Street<br>Houston, TX 77002-4000<br>Tony.Gerbino@gt.com<br>Jeffrey.Whetzel@gt.com |
| Nexans Norway AS<br>Postboks 6450<br>Etterstad, Oslo, Norway<br>N-0605<br>les@carichards.com | Seagull Marine/Agility<br>115 Canvasback Drive<br>St. Rose LA  77087<br>davet@seagullmarine.com | Southwest Bank of Texas<br>Aka Amegy Bank of Texas<br>PO Box 4837<br>Houston, TX 77210-4837 |
| | The IUC Group<br>222 Fordham St<br>Bronx NY 10464<br>lgalerne@iucgroup.com | Merrill Lynch Business Financial Services, Inc.<br>222 North LaSalle Street<br>17th Floor<br>Chicago, IL 60601 |
| Nader C. Kazeminy<br>Chief Executive<br>NJK Holding Corporation<br>85 Normandale Lake Blvd.<br>Minneapolis MN 55437<br>nader@njkholding.com | UTEC Survey Inc.<br>10801 Hammerly Blvd.<br>Suite 212<br>Houston TX 77043<br>dave.ross@utecsurvey.com | Perry Slingsby Systems<br>10642 West Little York<br>Suite 100<br>Houston, TX 77041 |

3

* Debtors reserve all rights with respect to classification of creditor claims.

| | | |
|---|---|---|
| Inspectronic Corporation<br>222 Fordham Road<br>Bronx, NY 10464-1413<br><br>National City Business Credit, Inc.<br>1965 E. 6th Street<br>Cleveland, OH 44114<br><br>General Electric Capital Corporation<br>3135 Easton Turnpike<br>Fairfield, CT 06828-0001<br><br>Cisco Systems Capital Corporation<br>170 W Tasman Drive<br>San Jose, CA 95134<br><br>Herc Exchange, LLC<br>3817 Northwest Expressway<br>Oklahoma City, OK 73112<br><br><br><br>Radler Enterprises, Inc.<br>530 Wells Fargo Drive<br>Suite 300<br>Houston, TX 77090<br><br>Mark L. Clark<br>Brown Sims<br>Poydras Center, Suite 2200<br>650 Poydras Street<br>New Orleans, LA 70130<br>mclark@brownsims.com | Thomas W. Graves<br>Adair & Myers<br>3120 Southwest Freeway<br>Suite 320<br>Houston, TX 77098<br>twg@am-law.com<br><br>Gary W. Dugger<br>Dugger & Associates<br>1177 Enclave Parkway, Suite 250<br>Houston, TX 77077<br>duggerlaw@dugger.com<br><br>**PARTIES REQUESTING NOTICE**<br><br>Joel W. Mohrman<br>Anderson L. Cao<br>McGlinchey Stafford PLLC<br>1001 McKinney, Suite 1500<br>Houston, TX 77002<br>jmohrman@mcglinchey.com<br>acao@mcglinchey.com<br>*Attorney for Beauty Elite Properties, L.P.*<br><br>Ross Spence<br>Snow Fogel Spence LLP<br>2929 Allen Parkway, Suite 4100<br>Houston, TX 77019<br>rossspence@snowfogel.com<br>*Attorney for Michael Rentfrow* | Stephen L. Williamson<br>Ryan M. McCabe<br>Andrew T. Lilly<br>Montgomery Barnett Brown Read Hammond & Mintz LLP<br>3300 Energy Centre<br>1100 Poydras Street<br>New Orleans, LA 70163<br>swilliamson@monbar.com<br>rmccabe@monbar.com<br>alilly@monbar.com<br>*Attorneys for Bollinger Fourchon L.L.C. and Crossmar Inc.*<br><br>Keith M. Aurzada<br>John C. Leininger<br>Bryan Cave, LLP<br>2200 Ross Avenue, Suite 3300<br>Dallas, TX 75201<br>keith.aurzada@bryancave.com<br>john.leininger@bryancave.com<br>*Attorneys for SunChase Holdings, Inc.*<br><br>Marc Douglas Myers<br>Adair Myers PLLC<br>3120 Southwest Freeway<br>Suite 320<br>Houston, TX 77098<br>mm@am-law.com<br>*Attorney for UTEC Surveying, Inc.* |

4

* Debtors reserve all rights with respect to classification of creditor claims.

| | | |
|---|---|---|
| Karen A. Cooper<br>Aon Risk Services<br>Southwest, Inc./Aon Energy<br>1330 Post Oak Blvd, Suite 900<br>Houston, TX 77056-3089<br>Karen_Cooper@ars.aon.com | Edward L. Rothberg<br>Annie E. Catmull<br>Hoover Slovacek LLP<br>5847 San Felipe, Suite 2200<br>Houston, TX 77057<br>rothberg@hooverslovacek.com<br>catmull@hooverslovacek.com<br>**Attorney for CapRock Communications** | Josh N. Bowlin<br>Chamberlain Hrdlicka White<br>Williams & Martin<br>1200 Smith Street, Suite 1400<br>Houston, TX 77002<br>josh.bowlin@chamberlainlaw.com<br>**Attorney for Huisman-Itrec Lifting and Huisman-Intrepid Services LLC** |
| David S. Elder<br>Gardere Wynne Sewell LLP<br>1000 Louisiana, Suite 3400<br>Houston, TX 77002-5011<br>delder@gardere.com<br>**Attorneys for Oceaneering International, Inc.** | John P. Dillman<br>Linebarger Goggan Blair<br>& Sampson LLP<br>PO Box 3064<br>Houston, TX 77253-3064<br>Houston_bankruptcy@publicans.com<br>**Attorneys for Cypress- Fairbanks ISD and Harris County** | Omer F. Kuebel, III<br>Locke Lord Bissell & Liddell LLP<br>601 Poydras Street, Suite 2660<br>New Orleans, LA 70130<br>nobankecf@lockelord.com<br>hobankecf@lockelord.com<br>**Attorney for BP America, Inc.** |
| McDermott Will & Emery LLP<br>Attn: Gary O. Ravert<br>340 Madison Avenue<br>New York, NY 10173-1922<br>gravert@mwe.com<br><br>McDermott Will & Emery LLP<br>Attn: Steven G. Spears<br>1000 Louisiana, Suite 3900<br>Houston, TX 77002-5005<br>sspears@mwe.com<br>**Attorneys for McDermott Will & Emery LLP** | Blaine F. Bates<br>Peter Ruggero<br>Haynes and Boone LLP<br>1 Houston Center<br>1221 McKinney, Suite 2100<br>Houston, TX 77010<br>Blaine.Bates@haynesboone.com<br>Peter.Ruggero@haynesboone.com<br>**Attorney for Paul McKim** | Henry A. King<br>King, Krebs & Jurgens<br>201 St. Charles Avenue, 45th Floor<br>New Orleans, LA 70170<br>hking@kingkrebs.com<br>**Attorneys for PHI, Inc.**<br><br>William J. Perry<br>Galloway Johnson Tompkins<br>Burr & Smith<br>701 Poydras Street, 40th Floor<br>New Orleans, LA 70139<br>wperry@gjtbs.com<br>**Attorney for MADCON Corporation** |
| Patrick L. Hughes<br>Haynes and Boone LLP<br>1221 McKinney, Suite 2100<br>Houston, TX 77010<br>patrick.hughes@haynesboone.com<br>**Attorneys for LLOG Exploration Company, LLC** | E. Carroll Rogers<br>Ronald J. White<br>Murphy Rogers Sloss & Gambel<br>701 Poydras Street, Suite 400<br>New Orleans, LA 70139<br>crogers@mrsnola.com<br>**Attorneys for Inspectronic Corporation** | Pierre V. Miller<br>Patrick Miller & Belleau, L.L.C.<br>400 Poydras Street<br>Suite 1680<br>New Orleans, LA 70130<br>pmiller@patrickmillerlaw.com<br>**Attorneys for Seagull Marine, Inc.** |

5

* Debtors reserve all rights with respect to classification of creditor claims.

| | | |
|---|---|---|
| James Eloi Doyle<br>Doyle, Restrepo, Harvin<br>& Robbins, LLP<br>600 Travis, Suite 4700<br>Houston, Texas 77002<br>jdoyle@drhrlaw.com<br>***Attorney for Boots & Coots Services, LLC*** | Andrew J. Nazar<br>Polsinelli Shughart PC<br>Twelve Wyandotte Plaza<br>120 West 12th Street<br>Kansas City, MO 64105<br>anazar@polsinelli.com | Adam R. Swonke<br>Wells & Cuellar PC<br>440 Louisiana, Suite 718<br>Houston, TX 77002<br>aswonke@wellscuellar.com<br>***Attorneys for Anadarko Petroleum Corporation*** |
| Lara Pringle<br>Scott Jenkins<br>Mark A. Mintz<br>Jones Walker Waechter Poitevent Carrere & Denegre<br>201 St. Charles Avenue, 50th Floor<br>New Orleans, LA 70170<br>lpringle@joneswalker.com<br>sjenkins@joneswalker.com<br>mmintz@joneswalker.com<br>***Attorneys for Conrad Shipyards, LLC*** | | |

6

\* Debtors reserve all rights with respect to classification of creditor claims.