# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** § | | |
| § | | **Case No. 09-39313** |
| **DEEP MARINE HOLDINGS, INC.;** § | | **(Jointly Administered)** |
| § | | |
| **DEEP MARINE TECHNOLOGY** § | | |
| **INCORPORATED;** § | | |
| **DEEP MARINE 1, LLC;** § | | |
| **DEEP MARINE 2, LLC;** § | | |
| **DEEP MARINE 3, LLC; and** § | | |
| **DEEP MARINE 4, LLC** § | | |
| § | | |
| **Debtors** § | | **Chapter 11** |

### GENERAL ELECTRIC CAPITAL CORPORATION'S MOTION TO EXTEND DEADLINE TO FILE MOTION FOR SUBSTANTIAL CONTRIBUTION

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, IF YOU MUST ATTEND A HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

General Electric Capital Corporation ("GECC"), files this Motion to Extend Deadline to File Motion for Substantial Contribution ("Motion Extend Deadline") and, in support thereof, states as follows:

**INTRODUCTION**

1. Otto Candies has filed proofs of clam in the Debtors' bankruptcy cases in the total amount of $19,548,662.92, alleging that the claims are secured by four maritime liens against the DMT Sapphire, DMT Topaz, DMT Emerald and DMT Diamond.

2. GECC challenges both the validity of the liens and whether the proofs of claim should be allowed even as general unsecured claims. If successful, GECC's efforts would result in a benefit to both creditors and the estates in that all money claimed to be owed to Otto Candies would become available to the Deep Marine Technology Liquidating Trust to pay creditors in all of the Debtors' bankruptcy cases.

3. Also, if successful, GECC intends to file a motion for substantial contribution for benefitting those same creditors and the estates.

4. The deadline for filing substantial contribution claims is currently August 23, 2010. The validity of Otto Candies purported maritime liens and the issue of whether its proofs of claim should be allowed have not and will not be decided prior to the Court imposed deadline. Therefore, GECC is requesting that his Court issue an Order extending the deadline for GECC to file its substantial contribution claim until these issues are decided.

**BACKGROUND FACTS**

5. On April 22, 2005, Otto Candies entered into a Vessel Operating Agreement ("Agreement") with Deep Marine Technology, Inc. ("DMT") to crew and maintain the DMT Diamond owned by Deep Marine 1, LLC ("DM1"). Otto Candies alleges that, pursuant to the Agreement and similar agreements between DMT and Otto

Candies, it paid wages and benefits to the crews of the DMT Sapphire, DMT Topaz, DMT Emerald and DMT Diamond, including maintenance, repairs and insurance.

6. On November 30, 2006, National City Commercial Capital Corporation ("National City") made a $15 million loan ("Diamond Loan") to DM1 pursuant to a Loan Agreement also dated November 30, 2006 ("Diamond Loan Agreement"), with the DMT Diamond serving as collateral for the Diamond Loan.

7. The Diamond Loan is evidenced by a Secured Promissory Note dated November 30, 2006. The Diamond Promissory Note was secured by (i) the Diamond Mortgage; (ii) an Earnings Assignment covering, among other things, a Bareboat Charter Party dated April 22, 2005 between Deep Marine Technology and Otto Candies, LLC ("Otto Candies"); and (iii) an Insurance Assignment covering, among other things, all insurance proceeds with respect to the DMT Diamond.

8. On June 18, 2007, National City assigned all of its rights, title and interest in the Loan Agreement, Diamond Note, Diamond Mortgage and Insurance Agreement and related loan documents to GECC.

9. In the latter part of 2009, DM1 failed to maintain the DMT Diamond in good working condition, in violation of the Diamond Mortgage. DM1 also defaulted on the Diamond Loan by failing to make payments timely as required by the Diamond Promissory Note.

10. Subsequently, DM1 and related entities ("Debtors") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on December 4, 2009.

11. The DMT Diamond was sold for $10 million to Seacor on or about July 9, 2010 pursuant to the Debtors' joint plan of reorganization.

12. On June 16, 2010, DM1 filed Plaintiff's Original Complaint (i) to Interplead Funds, (ii) to Determine Extent, Validity, and Priority of Claims to Proceeds of the DMT Diamond, and (iii) to Determine Ownership to the Related Equipment and Properly Allocated Proceeds from the Sale Thereof, Adversary No. 10-3271 ("Interpleader Suit"), seeking authorization to deposit the $10 million in sales proceeds into the registry of the Court following the closing date for the sale of the DMT Diamond.

13. On July 19, 2010, Otto Candies filed an Answer and Cross-Claim to the Interpleader Suit asserting a lien on the vessel in the amount of $4,291,198.05, plus any additional accrued interest and fees, which totals $1,015,269.56 through July 16, 2010, and fees as allowed by law. Therefore, Otto Candies is seeking a substantial portion of the proceeds from the sale of the DMT Diamond.

14. In addition to the above, Otto Candies has filed Proofs of Claim in the Debtors' bankruptcy cases for operating the DMT Sapphire, DMT Topaz, DMT Emerald and DMT Diamond in the total amount of $19,548,662.92 with alleged interest continuing to accrue.

15. Otto Candies alleges that each of its proofs of claim is secured by a maritime lien against each of the vessels.

16. GECC is only a party to the DMT Diamond adversary proceeding. Nevertheless, it intends to prove that Otto Candies is an equity owner of Deep Marine Holdings, Inc. and, consequently, is an owner of the DMT Diamond against which Otto

Candies claims to have perfected a lien. GECC will further prove that Otto Candies, as a vessel owner, cannot file a lien against its own vessel. Additionally, GECC has asserted several tort claims against Otto Candies, including breach of contract, negligent misrepresentation and fraud, which could nullify its proof of claim against the DMT Diamond. GE has also filed claims for recharacterization of debt and equitable subordination which were severed and consolidated into Adversary No. 10-3312 styled *John D. Bittner, Liquidating Trustee v. Nasser Kazeminy, NJK Holding, Corp., DCC Ventures, LLC, Otto B. Candies, Jr., Otto B. Candies III, Otto Candies, LLC and Candies Shipbuilders, LLC.*

17. If GECC is successful in proving either that Otto Candies was a vessel owner and, therefore, its alleged maritime lien in invalid or is able to prove Otto Candies committed a tort and/or engaged in inequitable conduct, its proofs of claim may be subordinated and/or disallowed altogether. Additionally, if GECC is successful in its claims against Otto Candies in the Interpleader Suit, such a ruling would become the law of the case, thereby causing Otto Candies' alleged liens against the DMT Sapphire, DMT Topaz and DMT Emerald liens being deemed invalid and/or its proofs of claims being disallowed in the other Debtors' cases. There is also the possibility that GECC could recover damages in excess of the amount of the filed claims held by Otto Candies.

18. Presuming GECC and the law of the case works to the benefit of other creditors involved in the DMT Sapphire, DMT Topaz and DMT Emerald proceedings, the end result would provide approximately $20 million more available money to the Liquidating Trust to pay creditors. Moreover, it would give GECC a right to file a

motion for substantial contribution under 503(b)(3)(d) and 503(b)(4) of the United States Bankruptcy Code for recovering the money and benefitting creditors and the estate.

19. Because there has not been a ruling on whether Otto Candies has a valid maritime lien against the DMT Diamond or whether the proof of claim should be disallowed, reclassified as an unsecured claim or debt, or subordinated, at this stage, any motion for substantial contribution by GECC would be premature. Therefore, GECC is requesting that this Court issue an Order extending the deadline for submitting substantial contribution claims, currently set for August 23, 2010, until after a decision is reached regarding whether Otto Candies has valid maritime liens and/or allowable claims against the DMT Diamond and the laws of the case the operates to impose the same ruling in the DMT Sapphire, DMT Topaz and the DMT Emerald bankruptcy cases.

## LAW AND ARGUMENT

20. A claim for substantial contribution is set forth in sections 503(b)(3)(d) and 503(b)(4) of the United States Bankruptcy Code:

> After notice and hearing, there shall be allowed administrative expense, other than claims allowed under section 502(f) of this titled, including –
>
> \*   \*   \*   \*   \*
>
> (3) The actual necessary, expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by-
>
> \*   \*   \*   \*   \*
>
> (D) a creditor, an indentured trustee, an equity security holder, or a committee representing creditors or equity security holders other than a committee appointed under section 1102 of this title, in making a substantial contribution in a case under Chapter 9 or 11 of this title;
>
> \*   \*   \*   \*   \*

> (4) reasonable compensation fro professional services rendered by an attorney for an accountant of an entity whose expense is allowable under subparagraph … (D) … of paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, an reimbursement for actual, necessary expenses incurred by such attorney or accountant.
>
> 11 U.SC. 503(b)(3)(D) and 503(b)(4); *In re Fortune Natural Resources Corporation*, 366 B.R. 549, 553 (E.D. La. 2007).

21. The substantial contribution inquiry is a factual one. *In re Consolidated Bancshares, Inc.*, 785 F.2d 1249, 1253 (5th Cir. 1986). The policy behind allowing substantial contribution applications "is to promote meaningful creditor participation in the reorganization process. " *In re American Plumbing & Mechanical, Inc.*, 327 B.R. 273 (W.D. Tex. 2005) (citing *Bancshares*, 785 F.3d at 1253). Services that substantially contribute to a case are those that "foster and enhance, rather than retard or interrupt the progress of reorganization." *Id.*

22. The Code does not define "substantial contribution." The Fifth Circuit, therefore, uses a baseline cost-benefit test that provides "[a]t a minimum … the court should weigh the cost of the claimed fees and expenses against the benefits conferred upon the estate which flow directly from those actions. *In re DP Partners Ltd. P'ship*, 106 F.3d 667, 673 (5th Cir.), *cert. denied*, 522 U.S. 815, 118 S.Ct.63, 139 L.Ed. 2d 26 (1997).

23. In the present case, GECC believes it can show that Otto Candies alleged maritime lien against the DMT Diamond is invalid because Otto Candies has an ownership interest in the vessel. Case law dictates that a vessel owner cannot perfect a lien against its own vessel. If GECC is successful, the result would be Otto Candies' proof of claim against the DMT Diamond becoming an unsecured claim rather than

secured by a maritime lien, and the funds claimed by Otto Candies would be available to the estate to pay other creditors.

24. In addition, GECC has alleged certain tort claims against Otto Candies, including breach of contract, negligent misrepresentation, and fraud. If GECC is successful on these liability claims, not only would Otto Candies' proof of claim be disallowed, but this could also result in additional funds being available to the Liquidating Trust to pay creditors in these bankruptcy cases.

25. In summary, if GECC is successful in proving Otto Candies' lien is invalid or that its proof of claim should be disallowed, it would become the law of the case in favor of creditors involved in the DMT Sapphire, DMT Topaz and DMT Emerald proceedings in which Otto Candies has attempted to perfect a maritime lien and file and allowed proof of claim. The law of the case would dictate that Otto Candies' maritime lien was invalid and/or its claim was disallowed due to the commission of a tort, which would allow the estate to save a total of $19,548,662.92, which funds would then be available to pay creditors in the Debtors' other bankruptcy case.

26. Presuming GECC prevails it will have a substantial contribution claim for recovering approximately $20 million dollars for the benefit of the estate and creditors.

27. However, a determination regarding whether Otto Candies claims will be deemed unsecured or disallowed has not and will not be decided before August 23, 2010, the deadline for filing substantial contribution claims.

28. Thus, GECC is requesting that this Court issue an Order extending GECC's deadline in which to file its substantial contribution claim until the validity of

Otto Candies maritime liens and the allowability of Otto Candies proofs of claim is decided against the DMT Sapphire, DMT Topaz, DMT Emerald, and DMT Diamond.

WHEREFORE, GECC requests that this Court issue an Order extending GECC's deadline in which to file its substantial contribution claim until the validity of Otto Candies maritime liens and the allowability of Otto Candies' proofs of claim against the DMT Sapphire, DMT Topaz, DMT Emerald, and DMT Diamond is decided and for all other relief GECC may be entitled in law and equity.

    Respectfully submitted,

    ADAMS AND REESE LLP

    By: /s/Susan C. Mathews
        John Duck[*]
        Federal Bar No. 17156
        Susan C. Mathews
        State Bar No. 05060650
        Michael N. Mire
        State Bar No. 24010757
        4400 One Houston Center
        1221 McKinney
        Houston, TX 77010
        Telephone: (713) 652-5151
        Facsimile: (713) 652-5152

**ATTORNEYS FOR
GENERAL ELECTRIC CAPITAL
CORPORATION**

---

[*] Admitted in the State of Louisiana.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing has been forwarded to all parties on the attached Service List and to those parties who are registered to receive electronic notice via electronic file notification by the Clerk of the Court on this ___ day of August 2010.

/s/Susan C. Mathews
Susan C. Mathews

**SERVICE LIST**

| *Deep Marine Liquidating Trust* <br> John Bittner, Liquidating Trustee <br> Grant Thornton LLP <br> 1717 Main Street <br> Suite 1500 <br> Dallas TX 75201 <br> 214-561-2300 <br> Fax: 214-561-2370 <br> Email: John.Bittner@GT.com | *Counsel for Liquidating Trust* <br> Jason Gary Cohen <br> Bracewell & Giuliani LLP <br> 711 Louisiana St, Ste 2300 <br> Houston, TX 77002 <br> 713-221-1416 <br> Fax : 713-222-3209 <br> Email: jason.cohen@bgllp.com <br><br> Marcy E Kurtz <br> Bracewell & Giuliani LLP <br> 711 Louisiana St, Ste 2300 <br> Houston, TX 77002 <br> 713-221-1206 <br> Fax : 713-221-2125 <br> Email: marcy.kurtz@bgllp.com <br><br> William Alfred Wood, III <br> Bracewell & Giuliani LLP <br> 711 Louisiana St, Ste 2300 <br> Houston, TX 77002 <br> 713-221-1416 <br> Fax : 713-221-1212 <br> Email: trey.wood@bgllp.com |
|---|---|
| *US Trustee's Office* <br> Nancy Lynne Holley <br> U S Trustee <br> 515 Rusk St <br> Ste 3516 <br> Houston, TX 77002 <br> 713-718-4650 <br> Email: nancy.holley@usdoj.gov | *Former Counsel for Official Committee of Unsecured Creditors/Special Counsel for Liquidating Trustee in Adv. No. 10-3312* <br><br> Hugh M. Ray, III <br> McKool Smith, P.C. <br> 600 Travis, Suite 7000 <br> Houston, TX 77002 <br> 713-485-7300 <br> Fax: 713-485-7344 |