IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| **DEEP MARINE HOLDINGS, INC.,** | § | Case No. 09-39313 |
| et al. | § | |
| | § | Jointly Administered |
| Debtors. | § | Chapter 11 |

**TRUSTEE'S OBJECTION
TO PROOF OF CLAIM FILED BY UNITED STATES COAST GUARD**

**THIS IS AN OBJECTION TO YOUR CLAIM. THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE. IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN 21 DAYS AFTER THE OBJECTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID. IF YOU DO NOT FILE A RESPONSE WITHIN 21 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED.**

**A HEARING HAS BEEN SET ON THIS MATTER ON OCTOBER 7, 2010 AT 3:00 P.M. IN COURTROOM 404, 515 RUSK, HOUSTON, TEXAS 77002.**

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Comes now, John Bittner, as Liquidating Trustee (the "Trustee") for the Deep Marine Liquidating Trust, as successor to the above-captioned debtors (the "Debtors"), by and through his undersigned attorneys, and files this Objection to Proof of Claim Filed by United States Coast Guard (the "Objection"). In support of this Objection, the Trustee respectfully represents as follows:

## I.  JURISDICTION AND VENUE

1.	This Court has jurisdiction over these cases and this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.  RELEVANT BACKGROUND[1]

2.	On December 4, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").

3.	On January 4, 2010, each Debtor filed its Schedules of Assets and Liabilities (collectively, the "Schedules") and Statement of Financial Affairs. (*See* doc. nos. 89-101).

4.	On February 5, 2010, the Debtors filed their Motion to Reduce Time for Non-Governmental Entities to File Proofs of Claim Pursuant to Federal Rule of Bankruptcy Procedure 9006 (doc. no. 185), by which the Debtors sought to reduce the deadline for non-governmental entities to file proofs of claim from May 3, 2010, to March 31, 2010.

5.	On February 22, 2010, the Court entered its Order Granting Debtors' Motion to Reduce Time for Non-Governmental Entities to File Proofs of Claim (the "Bar Date Order") (doc. no. 238).  On March 1, 2010, the Debtors filed a Certificate of Publication of Notice of Amended Bar Date (doc. no. 265) demonstrating that notice of the shortened bar date had been published in the Wall Street Journal in accordance with the Bar Date Order.

---

[1] A more complete background of the Debtors' businesses and the events leading to the filing of these cases is provided in the Affidavit of John Hudgens in Support of First Day Motions (doc. no. 41).

6.     On March 15, 2010, the Debtors filed their Plan of Reorganization (the "Plan") (doc. no. 295).

7.     On March 1, 2010, the DMT Emerald experienced a "fee anniversary" under the Omnibus Budget Reconciliation Act of 1990.  As a result of this "fee anniversary" Deep Marine 2, LLC ("DM2"), owner of the DMT Emerald, incurred a fee of $1,470.00.

8.     On March 24, 2010, the United States Coast Guard (the "USCG") filed a $1470.00 unsecured, non-priority proof of claim against the estate of Deep Marine Holdings, Inc. (claim no. 91 in case no. 09-39313) (the "USCG POC").  The USCG POC is attached hereto in its entirety as **Exhibit A**.

9.     On March 30, 2010, the Debtors filed their Joint Disclosure Statement for the Debtors' Proposed Plan of Reorganization (the "Disclosure Statement") (doc. no. 339).

10.    Also on March 30, 2010, the Debtors filed their Motion for Entry of an Order (i) Approving Disclosure Statement, (ii) Determining Dates, Procedures, and Forms Applicable to Solicitation Process, (iii) Establishing Vote Tabulation Procedures, and (iv) Establishing Objection Deadline and Scheduling Hearing to Consider Confirmation of Plan (the "Motion for Approval of Disclosure Statement") (doc. no. 342).  On April 29, 2010, the Court granted the relief requested in the Motion for Approval of Disclosure Statement.  (*See* doc. no. 421).

11.    On June 2, 2010, the Court held a hearing to consider confirmation of the Plan.  Also on June 2, 2010, the Court entered its Order Confirming Debtors' Joint Plan of Reorganization and Approving Sale of Substantially All Assets (the "Confirmation Order") (doc. no. 516).

12.    Pursuant to § 4.04 of the Plan and paragraphs twenty-eight (28) and twenty–nine (29) of the Confirmation Order, on July 9, 2010 (the "Effective Date"), John Bittner was

appointed as Liquidating Trustee for the Debtors' estates.  The Liquidating Trustee's duties include filing, prosecuting, and settling claim objections, prosecuting and settling any causes of action transferred to the Deep Marine Liquidating Trust pursuant to the Plan, and paying all lawful expenses, debts, charges, and liabilities of the Debtors.  (*See* § 4.04 of the Plan).

### III.  OBJECTION AND BASIS THEREFOR

13. The Trustee has examined the Schedules and the proofs of claim filed in each of the Debtors' cases, along with the supporting documentation (if any) submitted with each proof of claim.  In addition, the Trustee has inspected the Debtors' books and records in order to determine whether the various proofs of claim filed in these cases are accurate and represent bona fide liabilities.

14. As a result of this detailed review process, the Trustee has determined that the USCG POC is subject to objection because the liabilities asserted in the USCG POC do not match the Debtors' books and records regarding liabilities owed to USCG.  Specifically, the Debtors have, since the filing of the USCG POC, paid the USCG the $1,470.00 it sought to recover through the USCG POC.

15. Under Section 502 of the Bankruptcy Code, a claim is "deemed allowed unless a party-in-interest . . . objects."  11 U.S.C. § 502.  **The Trustee hereby objects to the USCG POC** as filed for an incorrect amount and requests that the Court disallow the USCG POC in its entirety.

16. To the extent that no defense is raised to this Objection, the Trustee requests that, pursuant to Local Bankruptcy Rule ("Local Rule") 3007(e), the Court adjudicate USCG's claim at the initial hearing on this Objection.  The Trustee has filed an affidavit supporting this Objection, pursuant to Local Rule 3007-1(e).  The affidavit is attached hereto as **Exhibit B** and fully incorporated herein.

17.     The Trustee reserves the right to object to the USCG POC on further and different grounds.

## V.  CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Trustee requests that the Court disallow the USCG POC in its entirety, and grant such other and further relief as the Court deems just.

Respectfully submitted,

**BRACEWELL & GIULIANI LLP**

By:  /s/ Jason G. Cohen
Marcy E. Kurtz
Texas Bar No. 11768600
Marcy.Kurtz@bgllp.com
William A. (Trey) Wood III
Texas Bar No. 21916050
Trey.Wood@bgllp.com
Jason G. Cohen
Texas Bar No. 24050435
Jason.Cohen@bgllp.com
Bracewell & Giuliani LLP
711 Louisiana, Suite 2300
Houston, Texas 77002
Telephone:    (713) 223-2300
Facsimile:    (713) 221-1212

**ATTORNEYS FOR THE DEBTORS**

-6-

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 2, 2010, a true and correct copy of this document was served on all parties listed on the attached master service list by electronic means as listed on the court's ECF noticing system, by electronic mail as indicated, and/or by United States first class mail, postage prepaid, and the parties listed below, by United States first class mail, postage prepaid.

*/s/ Jason G. Cohen*
Jason G. Cohen