IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § § | |
| **DEEP MARINE HOLDINGS, INC.,** et al. | § § § § § | Case No. 09-39313<br><br>Jointly Administered |
| Debtors. | § | Chapter 11 |

**TRUSTEE'S OBJECTION TO PROOF OF CLAIM OF JOSEPH J. GRANO, JR.**

**THIS IS AN OBJECTION TO YOUR CLAIM.  THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE.  YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE.  IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN 21 DAYS AFTER THE OBJECTION WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID.  IF YOU DO NOT FILE A RESPONSE WITHIN 21 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED.**

**A HEARING HAS BEEN SET ON THIS MATTER ON OCTOBER 22, 2010 AT 3:00 P.M. IN COURTROOM 404, 515 RUSK, HOUSTON, TEXAS 77002.**

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Comes now, John Bittner, as Liquidating Trustee (the "Trustee") for the Deep Marine Liquidating Trust, as successor to the above-captioned debtors (the "Debtors"), by and through his undersigned attorneys, and files this Objection to Proof of Claim of Joseph J. Grano, Jr. (the "Objection").  In support of this Objection, the Trustee respectfully represents as follows:

## I.  JURISDICTION AND VENUE

1. This Court has jurisdiction over these cases and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.  RELEVANT BACKGROUND[1]

2. On December 4, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").

3. On February 5, 2010, the Debtors filed their Motion to Reduce Time for Non-Governmental Entities to File Proofs of Claim Pursuant to Federal Rule of Bankruptcy Procedure 9006 (doc. no. 185), by which the Debtors sought to reduce the deadline for non-governmental entities to file proofs of claim from May 3, 2010, to March 31, 2010.

4. On February 22, 2010, the Court entered its Order Granting Debtors' Motion to Reduce Time for Non-Governmental Entities to File Proofs of Claim (the "Bar Date Order") (doc. no. 238). On February 25, 2010, the Debtors filed their Certificate of Service of Notice of Amended Bar Date (doc. no. 257), which certificate states that Joseph J. Grano, Jr. ("Grano") was served with the Bar Date Order. On March 1, 2010, the Debtors filed a Certificate of Publication of Notice of Amended Bar Date (doc. no. 265) demonstrating that notice of the shortened bar date had been published in the Wall Street Journal in accordance with the Bar Date Order.

---

[1] A more complete background of the Debtors' businesses and the events leading to the filing of these cases is provided in the Affidavit of John Hudgens in Support of First Day Motions (doc. no. 41).

5. On April 23, 2010, Grano filed a $355,187.60 unsecured, non-priority claim against the estate of Deep Marine Holdings, Inc. (claim no. 137 in case no. 09-39313) (the "Grano POC"). The Grano POC is attached in its entirety as **Exhibit A** hereto.

6. On June 2, 2010, the Court held a hearing to consider confirmation of the Plan. Also on June 2, 2010, the Court entered its Order Confirming Debtors' Joint Plan of Reorganization and Approving Sale of Substantially All Assets (the "Confirmation Order") (doc. no. 516).

7. Pursuant to § 4.04 of the Debtors' plan and paragraphs twenty-eight (28) and twenty–nine (29) of the Confirmation Order, on July 9, 2010 (the "Effective Date"), John Bittner was appointed as Liquidating Trustee for the Debtors' estates. The Liquidating Trustee's duties include filing, prosecuting, and settling claim objections, prosecuting and settling any causes of action transferred to the Deep Marine Liquidating Trust pursuant to the Plan, and paying all lawful expenses, debts, charges, and liabilities of the Debtors. (*See* § 4.04 of the Plan).

### III.  OBJECTION AND BASIS THEREFOR

8. The Trustee has examined the Schedules and the proofs of claim filed in each of the Debtors' cases, along with the supporting documentation (if any) submitted with each proof of claim. In addition, the Trustee has inspected the Debtors' books and records in order to determine whether the various proofs of claim filed in these cases are accurate and represent bona fide liabilities.

9. As a result of this detailed process, the Trustee has determined that the Grano POC is subject to objection because the liabilities asserted in the Grano POC do not match the Debtors' books and records regarding liabilities owed to Grano. Specifically, the Debtors books and records provide that no sums are owed to Grano. Rather, the Grano POC appears to assert an equity interest in the amount of 245,340 shares of Deep Marine Holdings, Inc. stock, which

stock appears to have been issued on November 3, 2008. Also, upon information and belief, the shares allegedly owned by Grano, which appear to form the basis of the Grano POC, were canceled as part of the short form merger that occurred on July 1, 2009. Therefore, the Grano POC appears to be a proof of equity interest for canceled stock. Thus, the Trustee asks that the Court disallow the Grano POC in its entirety.

10. In the alternative, to the extent that the Court finds that the Grano POC is not actually a proof of equity interest for canceled stock or otherwise, the Grano POC asserts a claim for rescission of a purchase of stock, damages from purchase of stock, or reimbursement or contribution allowed under § 502 of the Bankruptcy Code on account of such a claim, and should be subordinated in accordance with § 510(b).

11. Additionally, the Grano POC asserts no basis or explanation for the sum of $355,187.60, which is asserted therein. Besides the stock certificate, the Grano POC attaches numerous invoices for what appear to be landscaping services and goods. The Debtors have no agreement to reimburse Grano for landscaping services or goods.

12. The Trustee further objects to the Grano POC because it was not timely filed; it was filed almost one (1) month after the shortened bar date of March 31, 2010. Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3003(c)(3) provides that, "[t]he court shall fix and for cause shown may extend the time the time within which proof of claim may be filed." FRBP 3003(c)(3). Bankruptcy Rule 9006(c) provides that, subject to exceptions not applicable to this Objection, "when an act is require or allowed to be done at or within a specified time . . . the court for cause shown may in its discretion with or without motion or notice order the period reduced." FRBP 9006(c)(1).

13. Courts require unique or extraordinary circumstances to excuse a creditor's failure to file by the bar date. *Mackie v. Production Oil Co.*, 100 B.R. 826, 827 (N.D. Tex. 1988). In determining whether this sort of unique or extraordinary circumstances exist, courts consider (1) the adequacy of the notice provided, (2) the source of the delay, and (3) the prejudice to the debtor should the filing be allowed. *Id.* at 828. In this case, Grano was served with the Bar Date Order, and notice of the shortened bar date was printed in the Wall Street Journal. The Debtors would be prejudiced by allowance of the Grano POC because it is for a substantial amount of money, and the Debtors' estates and other creditors would be detrimentally affected by the allowance of a late proof of claim in the amount $355,187.60. Furthermore, if Grano wished to file a late claim, he should have applied for and obtained bankruptcy court leave to do so. Grano had ample opportunity to seek such permission but failed to do so.

14. Under § 502 of the Bankruptcy Code, a claim is "deemed allowed unless a party-in-interest . . . objects." 11 U.S.C. § 502. **The Trustee hereby objects to the Grano POC** and asks that it be disallowed in its entirety. In the alternative, the Trustee asks that the Grano POC be subordinated in accordance with § 510(b) of the Bankruptcy Code.

15. To the extent that no defense is raised to this Objection, the Trustee requests that, pursuant to Local Bankruptcy Rule ("Local Rule") 3007(e), the Court adjudicate the Grano POC at the initial hearing on this Objection. The Trustee has filed an affidavit supporting this Objection, pursuant to Local Rule 3007-1(e). The affidavit is attached hereto as **Exhibit B** and fully incorporated herein.

16. The Trustee reserves the right to object to the Grano POC on further and different grounds.

## IV.  CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Trustee requests that the Court disallow the Grano POC in its entirety, or, in the alternative, that the Court subordinate the Grano POC in accordance with § 510(b) of the Bankruptcy Code.  The Trustee also respectfully requests that the Court grant him such other and further relief, both at law and in equity, to which he may be justly entitled.

Respectfully submitted,

**BRACEWELL & GIULIANI LLP**

By:  */s/ Jason G. Cohen*
     Marcy E. Kurtz
     Texas Bar No. 11768600
     Marcy.Kurtz@bgllp.com
     William A. (Trey) Wood III
     Texas Bar No. 21916050
     Trey.Wood@bgllp.com
     Jason G. Cohen
     Texas Bar No. 24050435
     Jason.Cohen@bgllp.com
     711 Louisiana, Suite 2300
     Houston, Texas 77002
     Telephone:    (713) 223-2300
     Facsimile:    (713) 221-1212

**ATTORNEYS FOR THE DEEP MARINE LIQUIDATING TRUST**

-7-

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on September 21, 2010, a true and correct copy of this document was served on all parties listed on the attached master service list by electronic means as listed on the court's ECF noticing system, by electronic mail as indicated, and/or by United States first class mail, postage prepaid.

            */s/ Jason G. Cohen*
            Jason G. Cohen