IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| **DEEP MARINE HOLDINGS, INC.,** | § | Case No. 09-39313 |
| et al. | § | |
| | § | Jointly Administered |
| Debtors. | § | Chapter 11 |

**TRUSTEE'S OBJECTION TO PROOFS OF CLAIM OF BOOTS & COOTS**

**THIS IS AN OBJECTION TO YOUR CLAIM. THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE. IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN 21 DAYS AFTER THE OBJECTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID. IF YOU DO NOT FILE A RESPONSE WITHIN 21 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED.**

**A HEARING HAS BEEN SET ON THIS MATTER ON OCTOBER 22, 2010 AT 3:00 P.M. IN COURTROOM 404, 515 RUSK, HOUSTON, TEXAS 77002.**

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Comes now, John Bittner, as Liquidating Trustee (the "Trustee") for the Deep Marine Liquidating Trust, as successor to the above-captioned debtors (the "Debtors"), by and through his undersigned attorneys, and files this Objection to Proofs of Claim of Boots & Coots (the "Objection"). In support of this Objection, the Trustee respectfully represents as follows:

**I. JURISDICTION AND VENUE**

1.     This Court has jurisdiction over these cases and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.  RELEVANT BACKGROUND[1]

2. On December 4, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").

3. On March 31, 2010, Boots and Coots Services, LLC ("Boots") filed the following proofs of claim (together, the "Boots POC's"):

    (a) Claim No. 37 in Case No. 09-39313 in the secured amount of $6,530,458.98.

    (b) Claim No. 8 in Case No. 09-39316 in the secured amount of $427,760.00.

    (c) Claim No. 11 in Case No. 09-39318 in the secured amount of $6,057,698.98.

4. On June 2, 2010, the Court held a hearing to consider confirmation of the Plan. Also on June 2, 2010, the Court entered its Order Confirming Debtors' Joint Plan of Reorganization and Approving Sale of Substantially All Assets (the "Confirmation Order") (doc. no. 516).

5. On June 24, 2010, the Court entered its Agreed Order Lifting the Stay to Allow for Arbitration (doc. no. 557) (the "Arbitration Order").  That order provides, among other things, that:

> … disputes between the Debtors and [Boots] related to the Kakanada project, the Bay of Bengal project no. 1, and the Bay of Bengal project no. 2 … be arbitrated ….

and further:

---

[1] A more complete background of the Debtors' businesses and the events leading to the filing of these cases is provided in the Affidavit of John Hudgens in Support of First Day Motions (doc. no. 41).

> … except as consistent with this Order and the relief granted herein, nothing in this Order shall limit the Debtors' (or the Liquidating Trust's) or [Boots'] rights under the Bankruptcy Code, the Plan or the Confirmation Order.

(Arbitration Order).

6. All of the Boots POC's are related to the related to the Kakanada project, the Bay of Bengal project no. 1, and the Bay of Bengal project no. 2.

7. Pursuant to § 4.04 of the Debtors' plan and paragraphs twenty-eight (28) and twenty–nine (29) of the Confirmation Order, on July 9, 2010 (the "Effective Date"), John Bittner was appointed as Liquidating Trustee for the Debtors' estates. The Liquidating Trustee's duties include filing, prosecuting, and settling claim objections, prosecuting and settling any causes of action transferred to the Deep Marine Liquidating Trust pursuant to the Plan, and paying all lawful expenses, debts, charges, and liabilities of the Debtors. (*See* § 4.04 of the Plan).

### III.  OBJECTION AND BASIS THEREFOR

8. The Trustee has examined the Boots POC's, along with all supporting documentation, as well as the books and records of each of the Debtors to determine whether the Boots POC's are accurate and represent bona fide liabilities.

9. As a result of this detailed process, the Trustee has determined that all of the Boots POC's are subject to objection because "the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553" and because the claim is unenforceable against the Debtors and the property of the Debtors. Boots owes the Debtors approximately $2 million dollars for work performed under a Master Services Agreement, yet Boots has failed to pay or turnover this amount. Rather, Boots has asserted wholly meritless claims against the Debtors as a means to delay payment. Such contract claims are not valid and are unenforceable against the Debtors and their property.

10. Under Section 502 of the Bankruptcy Code, a claim is "deemed allowed unless a party-in-interest . . . objects."  11 U.S.C. § 502.  **The Trustee hereby objects to all Boots POC's** and asks that they be disallowed in their entirety.  Nonetheless, pursuant to the Arbitration Order, the Trustee and Boots are seeking to resolve the issues underlying the Boots POC's via arbitration.  Consequently, the Trustee requests that this Objection be abated and the rights of the Trustee and Boots under the Arbitration Order be reserved, pending the outcome of arbitration or other agreement by the parties.

## IV.  CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Trustee objects to the Boots POC's and ask that they be disallowed in their entirety, but requests that the Court abate this Objection pending the outcome of arbitration or some other agreement by the parties, and grant such other and further relief as the Court deems just.

Respectfully submitted,

**BRACEWELL & GIULIANI LLP**

By:  */s/ Jason G. Cohen*
     Marcy E. Kurtz
     Texas Bar No. 11768600
     Marcy.Kurtz@bgllp.com
     William A. (Trey) Wood III
     Texas Bar No. 21916050
     Trey.Wood@bgllp.com
     Jason G. Cohen
     Texas Bar No. 24050435
     Jason.Cohen@bgllp.com
     711 Louisiana, Suite 2300
     Houston, Texas 77002
     Telephone:   (713) 223-2300
     Facsimile:    (713) 221-1212

**ATTORNEYS FOR THE DEEP MARINE LIQUIDATING TRUST**

-5-

**CERTIFICATE OF SERVICE**

The undersigned certifies that on September 21, 2010, a true and correct copy of this document was served on all parties listed on the attached master service list by electronic means as listed on the court's ECF noticing system, by electronic mail as indicated, and/or by United States first class mail, postage prepaid.

                                          */s/ Jason G. Cohen*
                                             Jason G. Cohen