IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: § | | |
| § | | |
| DEEP MARINE HOLDINGS, INC., § | | Case No. 09-39313 |
| et al. § | | |
| § | | Jointly Administered |
| Debtors. § | | Chapter 11 |

**TRUSTEE'S OBJECTION TO PROOFS OF CLAIM OF BRESSNER PARTNERS LTD., HARLEY LANGBERG, LOGAN LANGBERG AND FLI DEEP MARINE LLC**

**THIS IS AN OBJECTION TO YOUR CLAIM. THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE. IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN 21 DAYS AFTER THE OBJECTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID. IF YOU DO NOT FILE A RESPONSE WITHIN 21 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED.**

**A HEARING HAS BEEN SET ON THIS MATTER ON OCTOBER 22, 2010 AT 3:00 P.M. IN COURTROOM 404, 515 RUSK, HOUSTON, TEXAS 77002.**

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Comes now, John Bittner, as Liquidating Trustee (the "Trustee") for the Deep Marine Liquidating Trust, as successor to the above-captioned debtors (the "Debtors"), by and through his undersigned attorneys, and files this Objection to Proofs of Claim of Bressner Partners Ltd., Harley Langberg, Logan Langberg and FLI Deep Marine LLC (together, the "Delaware Plaintiffs"). In support of this Objection, the Trustee respectfully represents as follows:

## I.  JURISDICTION AND VENUE

1. This Court has jurisdiction over these cases and this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.  RELEVANT BACKGROUND[1]

2. On December 4, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").

3. On April 29, 2010, the Delaware Plaintiffs filed the following proofs of claim:

(a) Bressner Partners Ltd. filed proof of claim 99 against Deep Marine Holdings, Inc., Case No. 09-39313, for the unsecured non-priority amount of $7,500,000.00.

(b) Harley Langberg filed proof of claim 100 against Deep Marine Holdings, Inc., Case No. 09-39313, for the unsecured non-priority amount of $7,500,000.00.

(c) Logan Langberg filed proof of claim 101 against Deep Marine Holdings, Inc., Case No. 09-39313, for the unsecured non-priority amount of $7,500,000.00.

(d) FLI Deep Marine LLC filed proof of claim 102 against Deep Marine Holdings, Inc., Case No. 09-39313, for the unsecured non-priority amount of $7,500,000.00.

(together, the "FLI POC's").  The FLI POC's are attached hereto in their entirety as **Exhibit A**.

4. On June 2, 2010, the Court held a hearing to consider confirmation of the Plan.  Also on June 2, 2010, the Court entered its Order Confirming Debtors' Joint Plan of Reorganization and Approving Sale of Substantially All Assets (the "Confirmation Order") (doc. no. 516).

---

[1] A more complete background of the Debtors' businesses and the events leading to the filing of these cases is provided in the Affidavit of John Hudgens in Support of First Day Motions (doc. no. 41).

5.      Pursuant to § 4.04 of the Debtors' plan and paragraphs twenty-eight (28) and twenty–nine (29) of the Confirmation Order, on July 9, 2010 (the "Effective Date"), John Bittner was appointed as Liquidating Trustee for the Debtors' estates.  The Liquidating Trustee's duties include filing, prosecuting, and settling claim objections, prosecuting and settling any causes of action transferred to the Deep Marine Liquidating Trust pursuant to the Plan, and paying all lawful expenses, debts, charges, and liabilities of the Debtors.  (*See* § 4.04 of the Plan).

### III.  OBJECTION AND BASIS THEREFOR

6.      The Trustee has examined the Schedules and the proofs of claim filed in each of the Debtors' cases, along with the supporting documentation (if any) submitted with each proof of claim.  In addition, the Trustee has inspected the Debtors' books and records in order to determine whether the various proofs of claim filed in these cases are accurate and represent bona fide liabilities.

7.      As a result of this detailed process, the Trustee has determined that the FLI POC's are subject to objection because the liabilities asserted therein do not match the Debtors' books and records regarding liabilities owed to the Delaware Plaintiffs.  Specifically, the Debtors books and records provide that no sums are owed to the Delaware Plaintiffs.

8.      Furthermore, the Trustee objects because the FLI POC's provide no supporting documentation for the claims asserted therein, and no explanation of the $7,500,000 asserted by each FLI POC.  The attachment to each of the FLI POC's provides that the Delaware Plaintiffs seek all damages related to the Delaware Plaintiffs lawsuit currently pending in the Court of Chancery of Delaware.  However, the bulk of those claims belong to the Debtors, as has been asserted by the Trustee in Adversary Proceeding 10-03026 and the Trustee reserves all rights with respect to that adversary proceeding.  To the extent the FLI POC's assert $7,500,000 based

on an appraisal claim, the Delaware Defendants have provided no basis for such an assertion, and the Debtors' books and records provide that the value of company stock at the time of the short form merger (i.e. the time when the Delaware Plaintiffs' appraisal rights arose) was zero.

9. In the alternative, to the extent that the Court finds that the FLI POC's are valid claims, such claims should be subordinated in accordance with § 510(b) or, in the alternative §510(c). The Trustee, as plaintiff in Adversary Proceeding 10-03116, *Official Committee of Unsecured Creditors v. FLI Deep Marine LLC et al.*, has asserted subordination causes of action against the Delaware Plaintiffs, and the Trustee reserves all rights with respect to that adversary proceeding.

10. Under § 502 of the Bankruptcy Code, a claim is "deemed allowed unless a party-in-interest . . . objects." 11 U.S.C. § 502. **The Trustee hereby objects to the FLI POC's** and asks that they all be disallowed in their entirety. In the alternative, the Trustee asks that the FLI POC's be subordinated in accordance with § 510(b) and (c) of the Bankruptcy Code.

11. To the extent that no defense is raised to this Objection, the Trustee requests that, pursuant to Local Bankruptcy Rule ("Local Rule") 3007(e), the Court adjudicate the FLI POC's at the initial hearing on this Objection. The Trustee has filed an affidavit supporting this Objection, pursuant to Local Rule 3007-1(e). The affidavit is attached hereto as **Exhibit B** and fully incorporated herein.

12. The Trustee reserves the right to object to the FLI POC's on further and different grounds.

## IV.  CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Trustee requests that the Court disallow the FLI POC's in their entirety, or, in the alternative, that the Court subordinate the FLI POC's in

accordance with § 510(b) and (c) of the Bankruptcy Code.  The Trustee also respectfully requests that the Court grant him such other and further relief, both at law and in equity, to which he may be justly entitled.

        Respectfully submitted,

        **BRACEWELL & GIULIANI LLP**


        By: */s/ Jason G. Cohen*
          Marcy E. Kurtz
          Texas Bar No. 11768600
          Marcy.Kurtz@bgllp.com
          William A. (Trey) Wood III
          Texas Bar No. 21916050
          Trey.Wood@bgllp.com
          Jason G. Cohen
          Texas Bar No. 24050435
          Jason.Cohen@bgllp.com
          711 Louisiana, Suite 2300
          Houston, Texas 77002
          Telephone: (713) 223-2300
          Facsimile: (713) 221-1212

        **ATTORNEYS FOR THE DEEP MARINE LIQUIDATING TRUST**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on September 21, 2010, a true and correct copy of this document was served on all parties listed on the attached master service list by electronic means as listed on the court's ECF noticing system, by electronic mail as indicated, and/or by United States first class mail, postage prepaid.

*/s/ Jason G. Cohen*
Jason G. Cohen