IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | Jointly Administered Under |
| DEEP MARINE HOLDINGS, INC. et al., | § | Case No. 09-39313-H1-11 |
| | § | |
| Debtors | § | |

**TRUSTEE'S SUPPLEMENTAL OBJECTION TO
APPLICATION OF GREENBERG TRAURIG, LLP FOR
ALLOWANCE OF SUBSTANTIAL CONTRIBUTION CLAIM**
(Refers to Dkt. Nos. 586 and 630)

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

The Liquidating Trustee, on behalf of the Deep Marine Liquidating Trust as successor to the above named Debtors (the "Trustee"), hereby files this Supplemental Objection to Application of Greenberg Traurig, LLP for Allowance of Substantial Contribution Claim (the "Application"), and in support thereof respectfully represents as follows:

SUMMARY OF OBJECTION

1. To obtain payment of its substantial contribution claim, Greenberg must meet the following factors (from *In re Energy Partners, Ltd.*, 422 B.R. 68, 82-83 (Bankr. S.D. Tex. 2009):

   a) Whether the services involved in the contribution provided a benefit to the Debtors' estates.

   b) Whether the services involved in the contribution were undertaken just for the Debtors alone or for the benefit of all parties in the case.

   c) Whether Greenberg would have undertaken the same approach absent the expectation of compensation from the bankruptcy estate.

   d) Whether the benefit conferred through Greenberg's contribution exceeds the cost which Greenberg seeks to assess against the estate.

   e) Whether the efforts of Greenberg were duplicative of efforts undertaken by statutory fiduciaries.

   f) Whether Greenberg profited from the situation or rather faced substantial loss if it had not undertaken the approach that it did.

Dallas 310030v3                               1

      g)     Whether Greenberg had a negative effect on the case, such as making questionable objections to pleadings filed by the Debtors or engaging in improper conduct in some other fashion which caused the Debtors to incur costs or which delayed resolution of the case.

2.    Equally important, Greenberg was not counsel for a creditor; but was providing services as counsel for the Debtor. Having failed to comply with 11 U.S.C. §§ 327 and 330 regarding compensation of estate professionals, Greenberg cannot now seek to circumvent the Bankruptcy Code and be compensated under Section 503(b). See, e.g., *In re Fortune Natural Resources Corp.* 366 B.R. 549 (Bankr. E.D.La. 2007).

**ANALYSIS OF RELEVANT FACTORS WEIGHS AGAINST GREENBERG**

3.    **Factor 1 - Benefit to the estates; Factor 2 - Greenberg solely benefitted the estates**. Greenberg initially resisted legitimate attempts by its client, the Debtors, to obtain the file. Greenberg, in performing the actions for which it seeks compensation, was either (a) complying with the obligations required of any counsel who has ceased representation to cooperate in the transition of a file, (b) attempting to establish goodwill with Mr. Kazeminy, who sits on the advisory board of Comvest, a current Greenberg lucrative client, and/or (c) acting in its own best interest to avoid having the SLC Report challenged. Neither of these reasons justify allowance of a claim under Section 503(b).

4.    Greenberg's actions also benefitted Mr. Kazeminy, the board member of Comvest, a present Greenberg client with the potential for lucrative business. Also, according to information obtained by the Trustee, Greenberg had previously represented NJK Holdings and DCC Ventures, two Kazeminy-controlled entities. Establishing goodwill with its past clients benefits Greenberg and Mr. Kazeminy, but not the estate who is suing them. Greenberg, on the whole, did not benefit the estates.

5.      **Factor 3 - Would Greenberg have acted without expectation of payment**. Greenberg was under an ethical obligation to turn over its files and cooperate in the turnover. *See* TEX. DISC. R. PROF. CONDUCT 1.14.  Notwithstanding that obligation, Greenberg withheld the file when initially contacted.  Multiple communications were required between counsel to obtain the entire file, which was turned over several weeks after the initial request.  Greenberg would have been obligated to take this action without any promise of payment from anyone.

6.      **Factor 4 - The cost of Greenberg is outweighed by the benefit conferred**.  For the reasons stated above, the cost is not outweighed by a benefit to the estates.  There is little corresponding benefit.

7.      **Factor 5 - Whether the efforts were duplicated by other estate professionals**. To the extent Greenberg did anything for the estates, such as oppose the actions of the FLI Plaintiffs,[1] Greenberg has not explained how those actions were different from the actions of the Committee and Debtors' counsel.

8.      **Factor 6 - Whether Greenberg profited from the situation or faced substantial loss if it did not act**.  Had Greenberg refused to turn over the file to its client, it would have suffered a substantial loss, as the estates would have been required to take action. Thankfully, Greenberg turned over the file.  Thus, by acting, it avoided a loss.

9.      **Factor 7 - Whether Greenberg had a negative effect on the case**.  Greenberg had a negative effect on the overall case.

10.     Overall, all seven factors weigh against Greenberg's substantial contribution claim.  However, Greenberg was not simply a creditor, but rather counsel to one of the Debtors and thus obligated to seek compensation under Section 327 and 330.

---

[1]     All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

**GREENBERG'S COMPENSATION, AS COUNSEL TO THE DEBTORS, IS SUBJECT TO SECTION 327**

11. It is clear from a review of the invoices attached to the Application and Greenberg's actions in these cases that Greenberg was providing services as counsel to the Debtors in contemplation of being retained as an estate professional. But the Debtors never retained Greenberg. Now, Greenberg seeks to circumvent the procedures set forth in the Bankruptcy Code for the retention of estate professionals, and "shoe-horn" its fees in as administrative claims under Section 503(b). As numerous courts have held, such attempt foils the procedures established by Congress for payment of estate professionals and should not be allowed.

12. Greenberg also billed the estate $4,385.00 to research and prepare the Application. Even if this Court finds that consideration under Section 503(b) is appropriate, it is difficult to see how such fees for preparing Greenberg's claim preserved the Debtors' estates. The "American Rule" governs the collection of attorneys' fees. *See, e.g., Travelers Cas. and Sur. Co. of America v. Pacific*, 127 S.Ct. 1199, 1200, 167 L. Ed. 2d 178 (2007); *Padilla v. Wells Fargo Home Mortg., Inc. (In re Padilla),* 379 B.R. 643, 668 (Bankr. S.D. Tex. 2007) (Isgur, J.). Specifically, fees may not be collected for preparation of a substantial contribution claim, as that could not benefit an estate. These fees should be denied under any standard.

13. The services that Greenberg provided were in the nature of professional services to the estates that should have been approved by this Court in an application to employ under Section 327.

14. Greenberg's long history with the Debtors and their former principals is well documented. Greenberg and the Debtors intended to continue this relationship, post-petition. On January 19, 2010, the Debtors filed an expedited application to retain Greenberg as special counsel [Dkt No. 137], "for the limited purpose of representing them with regard to litigation

that is pending against the Debtors in the Delaware Chancery Court." [Dkt No. 137 at ¶8.] On March 4, 2010, the Debtors withdrew that application in the face of numerous objections. After the Debtor withdrew the application, Greenberg continued to provide the same legal services to the Debtor for which it sought retention.

15. Between the Petition Date and March 4, 2010, Greenberg billed the estate over $30,000 in fees under the category "Delaware Lawsuit Post Petitions." The detailed time entries show that these legal services were provided as counsel to the Debtors with respect to the Delaware litigation. After March 4, Greenberg continued to bill the estate over $7,000 related to the Delaware litigation.

16. Several courts have held under similar circumstances that professionals providing services to an estate cannot be compensated under Section 503(b). In *In re Fortune Natural Resources Corp.*, the debtor filed an application to retain special counsel to provide financial and tax consulting services. *In re Fortune Natural Resources Corp.* 366 B.R. 549 (Bankr. E.D.La. 2007). After receiving several objections, the debtor withdrew the application. Subsequently, the special counsel filed an application for allowance of a substantial contribution claim under Section 503(b). The court found that Section 327 governed the employment of professionals providing services to the debtor, and the application under Section 503(b) was an attempt to circumvent the proper procedure for employment of professionals in a bankruptcy case. *Id.* at 557-58. *See also In re Villa Luisa*, 354 B.R. 345, 348-49 (Bankr. S.D.N.Y. 2006); *In re Amanat*, 340 B.R. 713, 718 (Bankr. S.D.N.Y. 2006).

17. Greenberg knew that it needed to be retained under 11 U.S.C. §§ 327 and 330 in order to be compensated. Greenberg and/or the Debtors did seek compensation through that path. The Court should deny the Application.

## CONCLUSION

18. The Trustee puts Greenberg to its burden of proof. The Trustee asks that this Court deny any compensation for professional services provided to the Debtors; or alternatively, deny any compensation related to the work in obtaining the file and turning it over, preparing motions for employment that were withdrawn, in presenting the present application for compensation, and/or any other fees claimed by Greenberg as a "substantial contribution".

DATED: September 30, 2010.

By: */s/ Hugh M. Ray, III*
HUGH M. RAY, III
State Bar No. 24004246
CHRISTOPHER D. JOHNSON
State Bar No. 24012913
600 Travis, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300
Facsimile: (713) 485-7344

ATTORNEYS FOR LIQUIDATING TRUSTEE

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2010, a true and correct copy of the foregoing document has been served via DLR 5.1 and the ECF system, to the parties on the ECF service list and Defendants' counsel, as follows:

Shari L Heyen
K. B. Battaglini
Greenberg Traurig, LLP
1000 Louisiana Street, Suite 1700
Houston, TX 77002

- and -

John S. "Chip" Rainey
300 W. 6th St., Suite 2050
Austin, TX 78701

*/s/ Hugh M. Ray, III*
Hugh M. Ray, III