**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In Re:** | § | |
| | § | |
| **DEEP MARINE HOLDINGS, INC.,** | § | **Case No. 09-39313** |
| **et al.** | § | |
| | § | **Jointly Administered** |
| **Debtors.** | § | **Chapter 11** |

**TRUSTEE'S OBJECTION TO PROOFS OF CLAIM FOR
INDEMNITY FILED BY EUGENE DEPALMA,
JOHN HUDGENS, AND DANIEL ERICKSON**

**THIS IS AN OBJECTION TO YOUR CLAIM.  THE OBJECTING PARTY
IS ASKING THE COURT TO DISALLOW THE CLAIM THAT YOU
FILED IN THIS BANKRUPTCY CASE.  YOU SHOULD IMMEDIATELY
CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE.  IF
YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A
RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR
RESPONSE TO THE OBJECTING PARTY WITHIN 21 DAYS AFTER
THE OBJECTION WAS SERVED ON YOU.  YOUR RESPONSE MUST
STATE WHY THE OBJECTION IS NOT VALID.  IF YOU DO NOT FILE
A RESPONSE WITHIN 21 DAYS AFTER THE OBJECTION WAS
SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED.**

**A HEARING HAS BEEN SET ON THIS MATTER ON NOVEMBER 9,
2010 AT 3:00 P. M. IN COURTROOM 404, 515 RUSK, HOUSTON, TEXAS
77002.**

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Comes now, John Bittner, as Liquidating Trustee (the "Trustee") for the Deep Marine

Liquidating Trust, as successor to the above-captioned debtors (the "Debtors"), by and through

his undersigned attorneys, and files this Objection to Proofs of Claim for Indemnity Filed by

Eugene DePalma, John Hudgens, and Daniel Erickson (the "Objection").  In support of this

Objection, the Trustee respectfully represents as follows:

## I. JURISDICTION AND VENUE

1.      This Court has jurisdiction over these cases and this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. RELEVANT BACKGROUND[1]

2.      On December 4, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").

3.      The following claims were filed by former officers and/or directors of the Debtors:

(a)      Eugene DePalma filed proof of claim number 126 on March 31, 2010, against Deep Marine Holdings, Inc., in Case No. 09-39313 for the amount of "Unknown."  The basis for the claim is "Other; Indemnification; contingent and unliquidated."

(b)      Eugene DePalma also filed proof of claim number 42 on March 31, 2010, against Deep Marine Technology Incorporated, in Case No. 09-39314 for the amount of "Unknown."  The basis for the claim is "Other; Indemnification; contingent and unliquidated."

(c)      John Hudgens filed proof of claim number 127 on March 31, 2010, against Deep Marine Holdings, Inc., in Case No. 09-39313 for the amount of "Unknown."  The basis for the claim is "Other; Indemnification; contingent and unliquidated."

(d)      John Hudgens also filed proof of claim number 43 on March 31, 2010, against Deep Marine Technology Incorporated, in Case No. 09-39314 for the amount of "Unknown."  The basis for the claim is "Other; Indemnification; contingent and unliquidated."

(e)      Daniel Erickson filed proof of claim number 128 on March 31, 2010, against Deep Marine Holdings, Inc., in Case No. 09-39313 for the amount of "Unknown."  The basis for the claim is "Other; Indemnification; contingent and unliquidated."

---

[1] A more complete background of the Debtors' businesses and the events leading to the filing of these cases is provided in the Affidavit of John Hudgens in Support of First Day Motions (doc. no. 41).

(f)     Daniel Erickson also filed proof of claim number 44 on March 31, 2010, against Deep Marine Technology Incorporated, in Case No. 09-39314 for the amount of "Unknown." The basis for the claim is "Other; Indemnification; contingent and unliquidated."

(together, the "Indemnity Claims," with those asserting such claims defined as the "Claimants").

4.      On June 2, 2010, the Court held a hearing to consider confirmation of the Plan. Also on June 2, 2010, the Court entered its Order Confirming Debtors' Joint Plan of Reorganization and Approving Sale of Substantially All Assets (the "Confirmation Order") (doc. no. 516).

5.      Pursuant to § 4.04 of the Debtors' plan and paragraphs twenty-eight (28) and twenty–nine (29) of the Confirmation Order, on July 9, 2010 (the "Effective Date"), John Bittner was appointed as Liquidating Trustee for the Debtors' estates. The Liquidating Trustee's duties include filing, prosecuting, and settling claim objections, prosecuting and settling any causes of action transferred to the Deep Marine Liquidating Trust pursuant to the Plan, and paying all lawful expenses, debts, charges, and liabilities of the Debtors. (*See* § 4.04 of the Plan).

### III. OBJECTION AND BASIS THEREFOR

6.      The Trustee has examined the Schedules and the proofs of claim filed in each of the Debtors' cases, along with the supporting documentation (if any) submitted with each proof of claim. In addition, the Trustee has inspected the Debtors' books and records in order to determine whether the various proofs of claim filed in these cases are accurate and represent bona fide liabilities.

7.      As a result of this detailed process, the Trustee has determined that the Indemnity Claims are subject to objection because the liabilities asserted in the Indemnity Claims do not match the Debtors' books and records regarding liabilities owed to each of the Claimants. Specifically, the Debtors books and records provide that no sums are owed on behalf of the Indemnity Claims.

8.      The indemnity provisions in the articles of incorporation for DMT (attached hereto as **Exhibit A**) are only applicable for fees and expenses actually and reasonably incurred. None of the Claimants has demonstrated that he *actually* incurred any fees or expenses.  Also, the indemnification provision only applies if the officer or director to be indemnified "acted in good faith," therefore, to the extent indemnification is sought based on the causes of action alleged against the Claimants in the various Delaware suits, such indemnification is not warranted as the Delaware causes of action are based on a breach of good faith.  Next, indemnification is not provided for actions that are "by or in the right of the Corporation," so to the extent that indemnification is sought based on the causes of action in the Delaware suits, such indemnification is not warranted, as the bulk of the Delaware causes of action are derivative in nature, i.e. "by or in the right of the Corporation."  Likewise, "no indemnification shall be made in respect of any claim, issue, or matter as to which such person shall have been adjudged liable to the Corporation…." **(Exhibit A)**  Finally, any claims for fees and expenses made by the Claimants should be covered by the Debtors' officer and director liability policies and the Claimants are not entitled to a double recovery.

9.      Finally, to the extent that any one of the Debtors is co-liable for a claim asserted against a Claimant, any claim for indemnity asserted by a Claimant should be disallowed per 11 U.S.C. § 502(e)(1) because claims for indemnity are a type of "reimbursement" as provided for in section 502(e)(1)(B).

10.      Under Section 502 of the Bankruptcy Code, a claim is "deemed allowed unless a party-in-interest . . . objects."  11 U.S.C. § 502.  **The Trustee hereby objects to the Indemnity Claims** and asks that they be disallowed in their entirety.

11.     The Trustee reserves the right to object to the Indemnity Claims on further and different grounds.

## IV. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Trustee requests that the Court disallow the Indemnity Claims in their entirety.  The Trustee also respectfully requests that the Court grant him such other and further relief, both at law and in equity, to which he may be justly entitled.

Respectfully submitted,

**BRACEWELL & GIULIANI LLP**

By:  _/s/ Jason G. Cohen_
        William A. (Trey) Wood III
        Texas Bar No. 21916050
        Trey.Wood@bgllp.com
        Jason G. Cohen
        Texas Bar No. 24050435
        Jason.Cohen@bgllp.com
        711 Louisiana, Suite 2300
        Houston, Texas 77002
        Telephone:     (713) 223-2300
        Facsimile:     (713) 221-1212

**ATTORNEYS FOR THE DEEP MARINE LIQUIDATING TRUST**

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 6, 2010, a true and correct copy of this document was served on all parties listed on the attached master service list by electronic means as listed on the court's ECF noticing system, by electronic mail as indicated, and/or by United States first class mail, postage prepaid, and the parties listed below, by United States first class mail, postage prepaid.

.

                                               */s/ Jason G. Cohen*
                                                Jason G. Cohen

Eugene DePalma
c/o Joseph M. Windler
Winthrop & Weinstine, P.A.
225 South Six Avenue. Suite 3500
Minneapolis, MN 55402-4629

Daniel Erickson
c/o Joseph M. Windler
Winthrop & Weinstine, P.A.
225 South Six Avenue. Suite 3500
Minneapolis, MN 55402-4629

John Hudgens
c/o Joseph M. Windler
Winthrop & Weinstine, P.A.
225 South Six Avenue. Suite 3500
Minneapolis, MN 55402-4629