IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| **DEEP MARINE HOLDINGS, INC.,** | § | Case No. 09-39313 |
| et al. | § | |
| | § | Jointly Administered |
| Debtors. | § | Chapter 11 |

### TRUSTEE'S OBJECTION TO PROOF OF CLAIM OF PAUL MCKIM

**THIS IS AN OBJECTION TO YOUR CLAIM. THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE. IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN 21 DAYS AFTER THE OBJECTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID. IF YOU DO NOT FILE A RESPONSE WITHIN 21 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED.**

**A HEARING HAS BEEN SET ON THIS MATTER ON NOVEMBER 22, 2010 AT 3:00 P.M. IN COURTROOM 404, 515 RUSK, HOUSTON, TEXAS 77002.**

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Comes now, John Bittner, as Liquidating Trustee (the "Trustee") for the Deep Marine Liquidating Trust, as successor to the above-captioned debtors (the "Debtors"), by and through his undersigned attorneys, and files this Objection to Proof of Claim of Paul McKim (the "Objection"). In support of this Objection, the Trustee respectfully represents as follows:

## I. JURISDICTION AND VENUE

1.  This Court has jurisdiction over these cases and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. RELEVANT BACKGROUND[1]

2.  On December 4, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").

3.  On March 30, 2010, Paul N. McKim filed proof of claim number 108 against Deep Marine Holdings, Inc. in Case No. 09-39313, for the unsecured amount of "$2,300,000.00 plus additional unliquidated and/or contingent amounts …." (the "McKim POC").

4.  On June 2, 2010, the Court held a hearing to consider confirmation of the Plan. Also on June 2, 2010, the Court entered its Order Confirming Debtors' Joint Plan of Reorganization and Approving Sale of Substantially All Assets (the "Confirmation Order") (doc. no. 516).

5.  Pursuant to § 4.04 of the Debtors' plan and paragraphs twenty-eight (28) and twenty–nine (29) of the Confirmation Order, on July 9, 2010 (the "Effective Date"), John Bittner was appointed as Liquidating Trustee for the Debtors' estates. The Liquidating Trustee's duties include filing, prosecuting, and settling claim objections, prosecuting and settling any causes of

---

[1] A more complete background of the Debtors' businesses and the events leading to the filing of these cases is provided in the Affidavit of John Hudgens in Support of First Day Motions (doc. no. 41).

action transferred to the Deep Marine Liquidating Trust pursuant to the Plan, and paying all lawful expenses, debts, charges, and liabilities of the Debtors.  (*See* § 4.04 of the Plan).

### III.  OBJECTION AND BASIS THEREFOR

6. The Trustee has examined the Schedules and the proofs of claim filed in each of the Debtors' cases, along with the supporting documentation (if any) submitted with each proof of claim.  In addition, the Trustee has inspected the Debtors' books and records in order to determine whether the various proofs of claim filed in these cases are accurate and represent bona fide liabilities.

7. As a result of this detailed process, the Trustee has determined that the McKim POC is subject to objection because the liabilities asserted in the McKim POC do not match the Debtors' books and records regarding liabilities owed to Paul McKim ("McKim").  Specifically, the Debtors books and records provide that no sums are owed to McKim.

8. The McKim POC provides that the basis of the $2,300,000.00 asserted therein is "an agreement with Deep Marine Holdings, Inc. and Deep Marine Technology, Inc. pursuant to which Debtors agreed, as part of Claimant's separation of employment, to … purchase all of his shares in Deep Marine Holdings, Inc. for $2,300,000.00."  (McKim POC ¶ 3).  The Debtors have no record of such an agreement.  Furthermore, the McKim POC does not attach any agreement documenting the employment arrangement alleged therein, but rather states that "copies of the relevant agreements … are available upon written request …."  (McKim POC).  The undersigned counsel submitted a written request for such agreement and was informed that no such written agreement exists.

9. In the alternative, to the extent that the Court finds that the McKim POC is a valid claim for damages related to purchase of stock, such claim should be subordinated in accordance with section 510(b).

10. The McKim POC also asserts a claim for indemnification. The McKim POC does not assert a basis for claiming such indemnification, providing only that McKim was "contractually entitled to indemnity from the Debtors for certain claims …." (McKim POC ¶ 5). Yet, as detailed above, McKim claims his employment contract was a verbal agreement. The Trustee assumes that McKim is relying on the indemnity provisions of the articles of incorporation for DMT. However, those indemnity provisions (attached hereto as **Exhibit A**) are only applicable for fees and expenses actually and reasonably incurred. McKim has not demonstrated that he *actually* incurred any fees or expenses. Also, the indemnification provision only applies if the officer or director to be indemnified "acted in good faith," yet the causes of action alleged against McKim in the various Delaware suits are based on a breach of good faith. Next, indemnification is not provided for actions that are "by or in the right of the Corporation" and the bulk of causes of action in the Delaware suits are derivative in nature, i.e. "by or in the right of the Corporation" and not subject to indemnification. Likewise, "no indemnification shall be made in respect of any claim, issue, or matter as to which such person shall have been adjudged liable to the Corporation…." Finally, any claims for fees and expenses made by McKim should be covered by the Debtors' officer and director liability policies and McKim is not entitled to a double recovery.

11. Furthermore, upon information and belief, McKim facilitated the prosecution of the various Delaware suits for which he now seeks indemnification, and therefore any indemnification claim should be subordinated pursuant to 11 U.S.C. § 510(c).

12. Finally, to the extent that any one of the Debtors is co-liable for a claim asserted against McKim, any claim for indemnity asserted by McKim should be disallowed per 11 U.S.C.

§ 502(e)(1) because claims for indemnity are a type of "reimbursement" as provided for in section 502(e)(1)(B).

13. Under Section 502 of the Bankruptcy Code, a claim is "deemed allowed unless a party-in-interest . . . objects." 11 U.S.C. § 502. **The Trustee hereby objects to the McKim POC** and asks that it be disallowed in its entirety.

14. To the extent that no defense is raised to this Objection, the Trustee requests that, pursuant to Local Bankruptcy Rule ("Local Rule") 3007(e), the Court adjudicate the McKim POC at the initial hearing on this Objection.

15. The Trustee reserves the right to object to the McKim POC on further and different grounds.

## IV. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Trustee requests that the Court disallow the McKim POC in its entirety. The Trustee also respectfully requests that the Court grant him such other and further relief, both at law and in equity, to which he may be justly entitled.

Respectfully submitted,

**BRACEWELL & GIULIANI LLP**

By: _/s/ Jason G. Cohen_
    Marcy E. Kurtz
    Texas Bar No. 11768600
    Marcy.Kurtz@bgllp.com
    William A. (Trey) Wood III
    Texas Bar No. 21916050
    Trey.Wood@bgllp.com
    Jason G. Cohen
    Texas Bar No. 24050435
    Jason.Cohen@bgllp.com

-6-

711 Louisiana, Suite 2300
Houston, Texas 77002
Telephone:  (713) 223-2300
Facsimile:   (713) 221-1212

**ATTORNEYS FOR THE DEEP MARINE LIQUIDATING TRUST**

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 7, 2010, a true and correct copy of this document was served on all parties listed on the attached master service list by electronic means as listed on the court's ECF noticing system, by electronic mail as indicated, and/or by United States first class mail, postage prepaid.

*/s/ Jason G. Cohen*
Jason G. Cohen