# EXHIBIT A

# ARTICLES OF INCORPORATION
# OF
# DMT HOLDINGS, INC.

The undersigned natural person of the age of 18 years or more, acting as Incorporator of DMT Holdings, Inc. (hereinafter designated "Corporation") under the Texas Business Corporation Act (hereinafter designated the "Act"), hereby adopts the following Articles of Incorporation for the Corporation:

## ARTICLE ONE
## NAME

The name of the Corporation is DMT Holdings, Inc.

## ARTICLE TWO
## DURATION

The period of duration of the Corporation is perpetual.

## ARTICLE THREE
## PURPOSE

The purpose for which the Corporation is organized is to transact any or all lawful business for which corporations may be organized under the Act.

## ARTICLE FOUR
## CAPITAL STOCK

The aggregate number of shares of all classes of stock which the Corporation shall have authority to issue is Thirty Million (30,000,000), consisting of and divided into the following:

(i) Twenty Million (20,000,000) shares of common stock, par value $.01 per share (hereinafter designated the "Common Stock"); and

(ii) Ten Million (10,000,000) shares of preferred stock, par value $1.00 per share (hereinafter designated the "Preferred Stock").

Following is a statement of the preferences, limitations, and relative rights of the Common Stock and the Preferred Stock.

Section 4.1    Preferred Stock. The Preferred Stock may be divided into and issued in one or more series. The preferences, limitations, and relative rights of the Preferred Stock may vary between series in any and all respects, but shall not vary within a series. The Board of Directors may establish one or more series of unissued shares of the Preferred Stock and fix and determine the preferences, limitations, and relative rights of any series to the fullest extent set forth herein and permitted by the Act, as now or hereafter in force. The Board of Directors may increase or decrease the number of shares within each such series; provided, however, that the Board of Directors may not decrease the number of shares within a series below the number of shares within such series that is then issued. The preferences, limitations, and relative rights of any Preferred Stock to be issued shall be fixed by the Board of Directors adopting a resolution or resolutions to such effect and filing a statement with respect thereto as required by the Act, as now or hereafter in force, with the Secretary of State of the State of Texas.

Section 4.2    Common Stock. All shares of the Common Stock shall be of equal rank and shall be identical in all respects. Each outstanding share of Common Stock shall be entitled to one vote on each matter submitted to a vote at a meeting of shareholders.

Section 4.3    Provisions Applicable to All Classes.

Section 4.3.1    No Cumulative Voting. No shareholder shall have any right to cumulate such shareholder's votes in the election of directors as set forth in the Act.

Section 4.3.2    No Preemptive Rights. No shareholder shall have any preemptive right to acquire additional, unissued, or treasury shares of the Corporation, or securities of the Corporation convertible into or carrying a right to subscribe to or acquire shares of the Corporation.

Section 4.3.3    Majority Vote. If, to permit any action to be taken by the shareholders, the Act would, but for this Section, require the affirmative vote or concurrence of the holders of any class or series of shares having more than a majority of the votes entitled to be cast with respect to such action, then in any such instance, the affirmative vote or concurrence of the holders of any class or series of shares having only a majority of the votes entitled to be cast with respect thereto shall be sufficient to permit such action to be taken.

Section 4.3.4    Shareholder Action by Consent. Any action of the Corporation which is required to or may be taken at any annual or special meeting of shareholders, may be taken without a meeting, without prior notice, and without a vote, if a consent or consents in writing, setting forth the action so taken, shall be signed by the holder or holders of shares having not less than the minimum number of votes that would be necessary to take such action at a meeting at which the holders of all shares entitled to vote on the action were present and voted.

## ARTICLE FIVE
## COMMENCEMENT OF BUSINESS

The Corporation will not commence business until it has received for the issuance of its shares consideration of the value of at least One Thousand Dollars ($1,000.00), consisting of money, labor done, or property actually received.

## ARTICLE SIX
## REGISTERED OFFICE AND REGISTERED AGENT

The address of the initial registered office of the Corporation is:

5300 Memorial Drive, Suite 700
Houston, Texas 77007

and the name of the initial registered agent of the Corporation at such address is Robert D. Axelrod.

## ARTICLE SEVEN
## BOARD OF DIRECTORS

Section 7.1   Number. The Board of Directors shall consist of at least one (1) but not more than fifteen (15) persons. The number of director positions may, by a majority vote of the directors then in office, be increased from time to time up to fifteen (15) members. Notwithstanding anything to the contrary elsewhere herein, once the number of directors has been increased to fifteen (15), the approval of the stockholders shall be required to increase the number of director positions.

Section 7.2   Newly Created Directorships and Vacancies. Newly created directorships and directorships resulting from any vacancies in the Board of Directors resulting from death, resignation, disqualification, removal from office or other cause shall be filled by a majority vote of the directors then in office, and directors so chosen shall hold office until the next election of board members.

Section 7.3   Initial Board of Directors. The initial Board of Directors shall consist of one (1) director. The name and address of the person who is to serve as director of the Corporation until the first annual meeting of shareholders, or until their successors have been elected and qualified is:

Paul McKim
4529 Brittmoore Road
Houston, TX 77041

## ARTICLE EIGHT
## LIMITATION OF LIABILITY

A director of the Corporation shall not be personally liable to the Corporation or its stockholders for monetary damages for breach of fiduciary duty as a director, except for liability (i) for any breach of the director's duty of loyalty to the Corporation or its stockholders, (ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of the law, or for which the person is found liable to the Corporation, (iii) under Article 2.41 of the Texas Business Corporation Act, or (iv) for any transaction from which the director derived an improper personal benefit, whether or not the benefit resulted from an action taken in the person's official capacity.

## ARTICLE NINE
## INDEMNIFICATION

Section 9.1   The Corporation shall indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending, or completed action, suit or proceeding, whether civil, criminal, administrative, or investigative (other than an action by or in the right of the Corporation) by reason of the fact that he is or was a director, officer employee or agent of the corporation, partnership, joint venture, trust or other enterprise, against expenses (including attorneys' fees), judgments, fines and amounts paid in settlement, actually and reasonably incurred by him in connection with such action, suit or proceeding, if he acted in good faith and in a manner he reasonably believed to be in or not opposed to the best interests of the Corporation, and, with respect to any criminal action or proceeding, had no reasonable cause to believe his conduct was unlawful. The termination of any action, suit, or proceeding by judgment, order, settlement, conviction or upon a plea of nolo contendere or its equivalent, shall not, of itself, create a presumption that the person did not act in good faith and in a manner which he reasonably believed to be in or not opposed to the best interest of the Corporation and with respect to any criminal action or proceeding, had reasonable cause to believe that his conduct was unlawful.

Section 9.2   The Corporation shall indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action or suit by or in the right of the Corporation to procure a judgment in its favor by reason of the fact that he is or was a director, officer, employee or agent of the Corporation, or is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise against expenses (including attorneys' fees) actually and reasonably incurred by him in connection with the defense or settlement of such action or suit if he acted in good faith and in a manner he reasonably believed to be in or not opposed to the best interests of the Corporation and except that no indemnification shall be made in respect of any claim, issue, or matter as to which such person shall have been adjudged to be liable to the Corporation unless and only to the extent that the court in which such action or suit was brought shall determine upon application that, despite

the adjudication of liability but in view of all the circumstances of the case, such person is fairly and reasonably entitled to indemnity for such expenses which such court shall deem proper.

Section 9.3   To the extent that a director, officer, employee or agent of the Corporation has been successful on the merits or otherwise in defense of any action, suit or proceeding referred to in Sections 9.1 and 9.2., or in defense of any claim, issue or matter therein, he shall be indemnified against expenses (including attorneys' fees) actually and reasonably incurred by him in connection therewith.

Section 9.4   Any indemnification under Sections 9.1 and 9.2 of this Article Nine (unless ordered by a court) shall be made by the Corporation only as authorized in the specific case upon a determination that indemnification of the director, officer, employee or agent is proper in the circumstances because he has met the applicable standard of conduct set forth in Section 9.1 and 9.2. Such determination shall be made (1) by the Board of Directors by a majority vote of a quorum consisting of directors who were not parties to such action, suit or proceeding, or (2) if such a quorum is not obtainable, or, even if obtainable a quorum of disinterested directors so directs, by independent legal counsel in a written opinion, or (3) by the shareholders in a vote that excludes the shares held by directors who are parties to such action, suit or proceeding.

Section 9.5   Expenses incurred in defending a civil or criminal action, suit or proceeding shall be paid by the Corporation in advance of the final disposition of such action, suit or proceeding as authorized by the Board of Directors upon receipt of an undertaking by or on behalf of the director, officer, employee or agent of his good faith belief that he has met the standard of conduct necessary for indemnification under Sections 9.1 and 9.2 and a written undertaking to repay such amount if it shall ultimately be determined that he is not entitled to be indemnified by the Corporation as authorized in this Article Nine.

Section 9.6   The indemnification and advancement of expenses provided by, or granted pursuant to, the other paragraphs of this Article Nine shall not be deemed exclusive of any other rights to which those seeking indemnification or advancement of expenses may be entitled under any by-law, agreement, vote of stockholders or disinterested directors or otherwise, both as to action in his official capacity and as to action in another capacity while holding such office.

Section 9.7   The Corporation shall have the power to purchase and maintain insurance on behalf of any person who is or was a director, officer, employee or agent of the Corporation, or is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise against any liability asserted against him and incurred by him in any such capacity, or arising out of his status as such, whether or not the Corporation would have the power to indemnify him against such liability under the provisions of this Article Nine.

Section 9.8   For the purpose of this Article Nine, references to "the Corporation" shall include, in addition to the resulting Corporation, any constituent corporation (including any

constituent of a constituent) absorbed in a consolidation or merger which, if its separate existence had continued, would have had power and authority to indemnify its directors, officers and employees or agents, so that any person who is or was a director, officer, employee or agent of such constituent corporation, or is or was serving at the request of such constituent corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, shall stand in the same position under the provisions of this Article Nine with respect to the resulting or surviving corporation as he would have with respect to such constituent corporation if its separate existence had continued.

Section 9.9  For purposes of this Article Nine, referenced to "other enterprises" shall include employee benefit plans; references to "fines" shall include any excise taxes assessed on a person with respect to an employee benefit plan; and references to "serving at the request of the Corporation" shall include any service as a director, officer, employee or agent of the Corporation which imposes duties on, or involves services by, such director, officer, employee or agent with respect to an employee benefit plan, its participants or beneficiaries; and a person who acted in good faith and in a manner he reasonably believed to be in the interest of the participants and beneficiaries of an employee benefit plan shall be deemed to have acted in a manner "not opposed to the best interests of the Corporation" as referred to in this Article Nine.

Section 9.10  The indemnification and advancement of expenses provided by, or granted pursuant to, this Article Nine shall, unless otherwise provided when authorized or ratified, continue as to a person who has ceased to be a director, officer, employee or agent and shall inure to the benefit of the heirs, executors and administrators of such a person.

Section 9.11  The provisions of this Article Nine: (i) are for the benefit of, and may be enforced by, each person entitled to indemnification hereunder, the same as if set forth in their entirety in a written instrument duly executed and delivered by the Corporation and such person; and (ii) constitute a continuing offer to all present and future persons entitled to indemnification hereunder. The Corporation, by its filing of these Articles of Incorporation: (a) acknowledges and agrees that each person entitled to indemnification hereunder has relied upon and will continue to rely upon the provisions of this Article Nine in accepting and serving in any of the capacities entitling such person to indemnification hereunder; (b) waives reliance upon, and all notices of acceptance of, such provisions by such persons; and (c) acknowledges and agrees that no present or future person entitled to indemnification hereunder shall be prejudiced in such person's right to enforce the provisions of this Article Nine in accordance with their terms by any act or failure to act on the part of the Corporation.

Section 9.12  No amendment, modification, or repeal of this Article Nine or any provision hereof shall in any manner terminate, reduce, or impair the right of any past, present or future person entitled to indemnification hereunder to be indemnified by the Corporation, nor the obligation of the Corporation to indemnify any such person, under and in accordance with the provisions of this Article Nine as in effect immediately prior to such amendment, modification, or repeal with respect

to claims arising from or relating to matters occurring, in whole or in part, prior to such amendment, modification, or repeal, regardless of when such claims may arise or be asserted.

## ARTICLE TEN
## INCORPORATOR

The name and address of the incorporator of the Corporation is:

> B.J. Thomas
> 4529 Brittmoore Road
> Houston, Texas  77041

Executed effective as of _November 4_, 2005.

_____
B.J. Thomas, Incorporator

S:\Rdadocs\3210.000\DMT Holdings Inc\Articles of Incorporation.doc