**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| **DEEP MARINE HOLDINGS, INC.,** | § | **Case No. 09-39313** |
| **et al.** | § | |
| | § | **Jointly Administered** |
| Debtors. | § | **Chapter 11** |

**STIPULATION BETWEEN TRUSTEE AND MADCON CORPORATION
REGARDING TREATMENT AND ALLOWANCE OF CLAIM**

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Come now, John Bittner, as Liquidating Trustee (the "Trustee") for the Deep Marine Liquidating Trust, as successor to the above-captioned debtors (the "Debtors") and claimant Madcon Corporation ("Madcon"), who together agree and stipulate as follows:

1.      Prior to the Debtors filing for bankruptcy protection, Madcon Corporation provided vessel charter services to Deep Marine Technology Incorporated ("DMT").

2.      On February 11, 2010, Madcon filed a $148,886.30 non-priority, unsecured claim against the estate of Deep Marine 4, LLC ("DM4") (claim no. 1 in case no. 09-39318) (the "DM4 Claim").

3.      On April 15, 2010, Madcon filed a $160,576.42 non-priority, unsecured claim against the estate of Deep Marine Holdings, Inc. (claim no. 135-1 in case no. 09-39313) (the "DMH Claim #1").  Also on April 15, 2010, Madcon amended the DMH Claim #1 by filing a $160,576.42 non-priority, unsecured claim against the estate of Deep Marine Holdings, Inc. (claim no. 135-2 in case no. 09-39313) (the "DMH Claim #2").  The DMH Claim #2 includes

more supporting documentation than the DMH Claim #1, but is otherwise identical to the DMH Claim #1.

4.      The DM4 claim is and shall be deemed withdrawn in its entirety.

5.      The DMH Claim #1 is and shall be deemed withdrawn in its entirety.

6.      The DMH Claim #2 is and shall be deemed timely filed against Deep Marine Technology Incorporated, case no. 09-39314, in the unsecured, non-priority amount of $160,576.42, and shall be allowed and paid in accordance with the confirmed plan of reorganization for Deep Marine Technology Incorporated.

7.      This stipulation resolves all claims, matters and disputes, known or unknown, asserted or not, existing or yet to come into existence, that pertain in any way to the DM4 Claim, the DMH Claim #1 and/or the DMH Claim #2, between Deep Marine Holdings, Inc., Deep Marine Technology, Incorporated, Deep Marine 1, LLC, Deep Marine 2, LLC, Deep Marine 3, LLC, and Deep Marine 4, LLC, (together, the "Debtors") on the one hand, and Madcon and its affiliates on the other, including but not limited to claims raised in the case styled *Madcon Corporation v. Deep Marine Technology, Inc.*; civil action no. 09-4348 in the United States District Court for the Eastern District of Louisiana.

8.      All other claims of Madcon and its affiliates against the Debtors are disallowed.

Dated: October 7, 2010

**BRACEWELL & GIULIANI LLP**

By:   _/s/ Jason G. Cohen_
         Jason G. Cohen
         Texas Bar No. 24050435
         Jason.Cohen@bgllp.com

711 Louisiana, Suite 2300
Houston, Texas 77002
Telephone:     (713) 223-2300
Facsimile:     (713) 221-1212

**ATTORNEYS FOR THE DEEP MARINE
LIQUIDATING TRUST**

**GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH PLC**

By: /s/ *William J. Perry*
　　　　William J. Perry
　　　　Jason P. Waguespack
　　　　701 Poydras Street, 40th Floor
　　　　New Orleans, LA 70139
　　　　Telephone: (504) 525-6802
　　　　Facsimile: (504) 525-2456
　　　　jwaguespack@gjtbs.com

**ATTORNEYS FOR MADCON**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on October 7, 2010, a true and correct copy of this document was served on all parties listed on the attached master service list by electronic means as listed on the court's ECF noticing system, by electronic mail as indicated, and/or by United States first class mail, postage prepaid.


*/s/ Jason G. Cohen*
Jason G. Cohen