IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **DEEP MARINE HOLDINGS, INC. et al.,** | § | Case No. 09-39313-H1-11 |
| Debtors. | § | |

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **DEEP MARINE TECHNOLOGY, INC.,** | § | Case No. 09-39314-H1-11 |
| Debtor. | § | |

**TRUSTEE'S OBJECTION TO PROOF OF CLAIM OF GREENBERG TAURIG LLP
AND TO DEEP MARINE TECHNOLOGY, INC.'S SCHEDULE F**

**THIS IS AN OBJECTION TO YOUR CLAIM. THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE. IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN 21 DAYS AFTER THE OBJECTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID. IF YOU DO NOT FILE A RESPONSE WITHIN 21 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED.**

**TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:**

Comes now, John Bittner, as Liquidating Trustee (the "Trustee") for the Deep Marine Liquidating Trust, as successor to the above-captioned debtors (the "Debtors"), by and through his undersigned attorneys, and files this Objection to Proof of Claim of Greenberg Traurig LLP and to Deep Marine Technology, Inc.'s Schedule F ("Objection"), and in support thereof, respectfully represents as follows:

## I. JURISDICTION AND VENUE

1.  This Court has jurisdiction over these cases and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. RELEVANT BACKGROUND

2.  On December 4, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").

3.  On February 12, 2010 Deep Marine Technology, Inc. ("DMT") filed its Amended Schedule F (the "Schedule") [Docket No. 204]. The Schedule lists Greenberg Traurig LLP ("Greenberg Traurig") as an unsecured creditor with a claim against DMT in the amount of $202,516.17.

4.  On March 4, 2010, Greenberg Traurig filed Proof of Claim No. 67 against Deep Marine Holdings, Inc. ("DMH"), Case No. 09-39313, for the unsecured non-priority amount of $321,053.44 (the "GT Claim"). The GT Claim is attached hereto in its entirety as *Exhibit A*.

5.  On June 2, 2010, the Court held a hearing to consider confirmation of the Plan. Also on June 2, 2010, the Court entered its Order Confirming Debtors' Joint Plan of Reorganization (the "Plan") and Approving Sale of Substantially All Assets (the "Confirmation Order") [docket #516].

6.  Pursuant to § 4.04 of the Debtors' Plan and paragraphs 28 and 29 of the Confirmation Order, on July 9, 2010 (the "Effective Date"), John Bittner was appointed Liquidating Trustee for the Debtors' estates. The Liquidating Trustee's duties include filing,

prosecuting, and settling claim objections, prosecuting and settling any causes of action transferred to the Deep Marine Liquidating Trust pursuant to the Plan, and paying all lawful expenses, debts, charges, and liabilities of the Debtors (*see* § 4.04 of the Plan).

### III. OBJECTION TO FILED CLAIM

A.   **GT Claim Does Not Comport With Debtors' Books And Records.**

7.   The Trustee has examined the Schedules of Assets and Liabilities and Statement of Financial Affairs filed by the Debtors and the GT Claim filed in Case No. 09-39313, along with the supporting documentation submitted with the proof of claim. In addition, the Trustee has inspected the Debtors' books and records in order to determine whether the GT Claim filed in Case No. 09-39313 is accurate and represents a *bona fide* liability.

8.   As a result of this detailed process, the Trustee has determined that the GT Claim is subject to objection because the liabilities asserted therein do not match the Debtors' books and records regarding liabilities owed to Greenberg Traurig. Specifically, the Debtors' books and records provide that the sums owed to Greenberg Traurig are lower than the GT Claim asserts. As set forth more fully in the Trustee's declaration, attached as ***Exhibit B***, the Trustee's analysis does not support the GT Claim.

B.   **GT Claim Asserts That Greenberg Traurig Entitled To Payment For Services Beyond Scope Of Its Engagement Agreement With Debtors.**

9.   The GT Claim is for "legal services performed". Greenberg Traurig was employed to prepare a report for the special litigation committee. The legal fees asserted in the GT Claim do not reflect services performed for DMT. Any claim that Greenberg Traurig may have for legal services performed is properly asserted against the party that it actually represented—DMH. The engagement agreement is between Greenberg Traurig, DMH, and

DMT. However, pursuant to the engagement, Greenberg Traurig could only have provided services to DMH.

10. To the extent that Greenberg Traurig may have been employed to perform legal services, it appears that some of the work for which it seeks compensation was outside the scope of its retention. Specifically, Greenberg Traurig billed more than $202,516.17 in the four months after they prepared the SLC Report. Attorneys may not collect fees from a client for services performed that are beyond the scope of their engagement or are not performed at the instruction of their client. Thus, given that the "legal services provided" are outside the scope of their engagement, they are subject to adjustment.

C. **GT Claim Was Asserted Only Against DMH And Is Structurally Subordinated.**

11. Alternatively, if the GT Claim is valid, it is allowable only against the estate of DMH. Greenberg Traurig did not file a proof of claim against any other Debtor entity. Thus, pursuant to the Plan, Greenberg Traurig is entitled only to collect as an unsecured creditor from DMH's estate.

12. Section 4.01 of the Plan provides that the Debtors' estates are not substantively consolidated. One Debtor estate is not liable for the debts of another Debtor estate. Thus, a valid claim against DMH does not also constitute a valid claim against DMT. Claims against DMH will be funded by funds from the estate that flow from the sale of assets at the subsidiary level upward to the estate of the parent holding company. Claimants with a claim only against DMH may only be paid after allowed claims against the estates of the other Debtor entities are paid.

## IV. OBJECTION TO DMT SCHEDULE F

13. For the reasons set forth in the preceding paragraphs, the Liquidating Trustee also objects to Schedule F, filed by DMT, to the extent it lists Greenberg Traurig as an unsecured creditor.

14. Section 7.01 of the Plan provides:

> The Debtors or the Liquidating Trustee, as applicable, shall have the exclusive authority to File objections to Claims[1]....[T]he Liquidating Trustee...shall have the exclusive authority to File, settle, compromise, withdraw, or litigate to judgment any objections to other Claims.[2]

15. Further, Section 1.01(42) of the Plan provides:

> "Disputed" means, in reference to a Claim...any Claim...not otherwise Allowed or paid pursuant to the Plan or an order of the Bankruptcy Court...
>
> (d) that is disputed in accordance with the provisions of this Plan[].[3]

16. As provided for in the Plan, the Trustee has the authority to object to any claim, including scheduled claims. Pursuant to this authority, the Trustee objects to the scheduled claim of Greenberg Traurig and requests that DMT's Schedule F be amended to reflect that Greenberg Traurig does not hold any claim against DMT.

## V. LOCAL RULE DEFAULT

17. To the extent that no defense is raised to this Objection, the Trustee requests that, pursuant to Local Bankruptcy Rule ("Local Rule") 3007-1(e), the Court adjudicate the GT Claim at the initial hearing on this Objection. The Trustee has filed an affidavit supporting this

---

[1] The Plan provides that Claim means, "a claim, whether or not asserted or Allowed, as defined in Bankruptcy Code section 101(5)." The definition of "claim" in the Bankruptcy Code includes scheduled claims. 11 U.S.C. § 101(5).

[2] Plan at § 7.01(a).

[3] Plan at § 1.01(42).

Austin 63151v5                                5

Objection, pursuant to Local Rule 3007-1(e).  The affidavit is attached hereto as ***Exhibit B*** and fully incorporated herein.

## VI. RESERVATION OF RIGHTS

18. The Trustee expressly reserves the right to amend, modify or supplement the objection asserted herein and to file additional objections to the GT Claim or any other claims (filed or not) which may be asserted against the Debtors or the Trustee.  Should one or more of the grounds of objection stated in this Objection be dismissed or otherwise denied, the Trustee reserves its rights to object on any other grounds that the Trustee identifies.  In addition, the Trustee reserves the right to seek further reduction of the GT Claim to the extent such claim has been paid.

19. Further, the Trustee reserves its rights with respect to potential preference and avoidance actions against Greenberg Traurig, and this Objection shall not constitute a waiver of the right of the Trustee to pursue such causes of action or to seek the disallowance of the GT Claim for any other reason.

WHEREFORE, PREMISES CONSIDERED, the Trustee requests that the Court:

(a) disallow the GT Claim in its entirety, or, in the alternative, that the Court order that the GT Claim is structurally subordinated pursuant to the Plan and may not be paid until all unsecured creditors of DMH's subsidiaries have been paid;

(b) order that the Greenberg Traurig claim established by DMT's Schedule F be disallowed; and

(c) grant the Trustee such other and further relief, both at law and in equity, to which he may be justly entitled.

DATED: October 7, 2010.

        Respectfully submitted,

        MCKOOL SMITH P.C.

        By:   */s/ Nicholas Zugaro*
            HUGH M. RAY, III
            State Bar No. 24004246
            NICHOLAS ZUGARO
            State Bar No. 24070905
            600 Travis, Suite 7000
            Houston, Texas 77002
            Telephone: (713) 485-7300
            Facsimile: (713) 485-7344

        ATTORNEYS FOR LIQUIDATING TRUSTEE

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 7, 2010, a true and correct copy of this document was served by mail to the claimant at the address on the GT Claim:

Greenberg Traurig LLP
Attn: John S. Rainey, Shareholder
300 West 6th Street, Suite 2050
Austin, TX 78701

        */s/ Nicholas Zugaro*
        NICHOLAS ZUGARO