IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | Jointly Administered Under |
| DEEP MARINE HOLDINGS, INC. et al., | § | Case No. 09-39313-H1-11 |
| Debtors. | § | |

### DECLARATION IN SUPPORT OF TRUSTEE'S OBJECTION TO PROOF OF CLAIM OF GREENBERG TRAURIG LLP

John D. Bittner makes this declaration under 28 U.S.C. § 1746 and states:

1. My name is John Bittner. I am the Liquidating Trustee (the "Trustee") for the Deep Marine Liquidating Trust (the "Trust"), successor to the above-captioned debtors in this jointly administered bankruptcy case (the "Debtors").

2. All of the facts set forth in this Declaration are based on my personal knowledge, upon information supplied to me in the course of carrying out my duties as the Chief Restructuring Officer of the Debtors and, subsequently, as the Trustee of the Trust, upon my review of relevant documents, and upon my experience and knowledge of the Debtors' operations. If called upon to testify, I could and would testify competently to the facts set forth herein.

3. On December 4, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").

4. On March 4, 2010, Greenberg Traurig ("GT") filed Proof of Claim No. 67 against the Debtor, Deep Marine Holdings, Inc., Case No. 09-39313, for the unsecured non-priority amount of $321,053.44 (the "GT Claim").

Austin 63157v3                                               1

5. On June 2, 2010, the Court held a hearing to consider confirmation of the Plan. Also on June 2, 2010, the Court entered its Order Confirming Debtors' Joint Plan of Reorganization and Approving Sale of Substantially All Assets (the "Confirmation Order") [docket #516].

6. Pursuant to § 4.04 of the Debtors' Plan and paragraphs 28 and 29 of the Confirmation Order, on July 9, 2010 (the "Effective Date"), I was appointed Trustee for the Debtors' estates. My duties as Trustee include filing, prosecuting, and settling claim objections, prosecuting and settling any causes of action transferred to the Trust pursuant to the Plan, and paying all lawful expenses, debts, charges, and liabilities of the Debtors (*see* § 4.04 of the Plan).

7. I, or employees of the Trust under my direct supervision and control, have examined the Schedules of Assets and Liabilities and Statement of Financial Affairs filed by the Debtors and the GT Claim filed in Case No. 09-39313 and the associated cases, along with the supporting documentation submitted with the GT Claim. In addition, I have inspected the Debtors' books and records in order to determine whether the GT Claim filed is accurate and represents a bona fide liability.

8. As a result of this, I determined that the GT Claim is subject to objection because the liabilities asserted therein do not match the Debtors' books and records regarding liabilities owed to GT. Specifically, the Debtors' books and records provide that $202,516.17 is owed to GT. This amount is owed from DMH (Deep Marine Holdings), and not owed from DMT (Deep Marine Technology). Furthermore, the GT Claim provides insufficient supporting documentation for the claims asserted therein. (We have recently received invoices and are examining them, but at this point have not reconciled them).

9. Further, the GT Claim asserts that GT is owed for "legal services provided." After reviewing the Debtors' books and records, the "legal services provided" were almost exclusively provided to DMH, not DMT, as the scope of the engagement agreement between DMT, DMH and GT should be for DMH, not DMT. DMT is not *ipso facto* liable for DMH's debts. Further, after reviewing the Debtors' books and records and the invoices recently provided, to the extent that GT actually provided legal services to the Debtors, they are subject to adjustment for duplicative work, vague time entries, or work exceeding the scope of the engagement.

10. Alternatively, to the extent that the Court finds that the GT Claim is a valid claim, the GT Claim is structurally subordinated to the claims of the DMT creditors. The GT Claim was filed only against DMH and cannot be allowed and paid from the proceeds of sale of the assets of subsidiaries.

11. On behalf of the Debtors' estates, I hereby object to the GT Claim and request that the Court reduce it as to DMH and disallow and expunge it in its entirety as to DMT.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 7th day of October, 2010.

_____
John Bittner
Liquidating Trustee for the Deep Marine
Liquidating Trust
Partner, Grant Thornton LLP