IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEEP MARINE HOLDINGS, INC., | § | CASE NO.  09-39313-H1-11 |
| et. al. | § | (Jointly Administered) |
| | § | |
| Debtors. | § | CHAPTER 11 |
| | § | |

### CAPROCK COMMUNICATIONS, INC.'S RESPONSE TO TRUSTEE'S OBJECTION TO PROOF OF CLAIM FILED AGAINST THE ESTATE OF DEEP MARINE 2, LLC

[RELATED TO DOCKET NO. 713]

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Defendant CAPROCK COMMUNICATIONS, INC. ("Caprock") files this Response to the Objection to Caprock Communications Proof of Claim filed against the Estate of Deep Marine 2, LLC, (the "Emerald Objection"), and respectfully would should this Court the following:

1.  The Trustee incorrectly objects to Caprock's proof of claim based upon an unenforceable *ipso facto* clause in the Caprock services agreement that would allow for the immediate termination of the contract by Caprock when Deep Marine Technology filed for bankruptcy.  Section 365(e) of the Bankruptcy Code expressly invalidates *ipso facto* and other bankruptcy termination clauses.

2.  In pertinent part, Section 14(d) of the Caprock Contract provides as follows:

> **(d) Termination by Either Party.** Either party may immediately terminate the Services at any time, with Customer being liable for all outstanding charges through the date of termination and all costs of decommissioning and removal of the Equipment, if the other party seeks protection under any bankruptcy, insolvency, receivership, trust deed, creditors arrangement, composition or comparable proceeding, or if any such proceeding is instituted against the other party and not dismissed within sixty (60) days. A Customer insolvency shall be considered a default pursuant to Section 14(c)(i), but without the requirement of notice and cure period.

3. In the Emerald Objection, the Trustee argues that contract between the parties "can be terminated be either party to the agreement at any time, with the customer being liable only for the outstanding charges through the date of termination and the cost of removing the equipment." (See Trustee's Objection, Paragraph 13). The Trustee ignores the remainder of the sentence in Section 14(d) that clearly states the section applies if the other party files for bankruptcy. Clearly, section 14(d) is an *ipso fact* clause that is not enforceable in bankruptcy. Thus, the Trustee's objection to Caprock's proof of claim based upon the unenforceable *ipso facto* termination clause should be denied.

4. For purposes of determining the amount of damages owed to Caprock in these proceedings, Section 14(b)(iii) of the service agreement is applicable, and states as follows:

> **(b) Termination by Customer.** Customer may terminate the affected Services (i) for chronic failure of such Services in accordance with the terms of the Service Level Agreement, (ii) on thirty (30) days prior written notice to CapRock if CapRock's supplier of satellite capacity, terrestrial circuits or microwave service fails to provide the level of service required under the Agreement for any reason, and no alternate service is available within thirty (30) days following such third party's failure, or (iii) on thirty (30) days prior written notice to CapRock. If Customer terminates the Services, Customer agrees to timely pay CapRock's invoice for (1) all outstanding charges through the date of termination, (2) an amount equal to the Service Charges accelerated for the remainder of the Minimum Term or renewal term (unless terminating pursuant to Sections 14(b)(i) or (ii)), and (3) all decommissioning costs for removal of the Equipment. The Agreement will be deemed terminated by Customer upon return of Equipment to CapRock's premises.

5. There are no allegations that Caprock failed to provide the services or that the services were interrupted. Accordingly, pursuant to the clear language of section 14(b)(iii), the Debtor is liable for all outstanding charges through the date of termination, all amounts equal to the service charges accelerated for the remaining term of the agreement, and all decommissioning costs for removal of the equipment.

6. Caprock admits the factual allegations contained within Paragraph 1 of the Emerald Objection.

7. Caprock admits the factual allegations contained within Paragraph 2 of the Emerald Objection.

8. Caprock admits the factual allegations contained within Paragraph 3 of the Emerald Objection.

9. Caprock admits the factual allegations contained within Paragraph 4 of the Emerald Objection.

10. Caprock admits the factual allegations contained within Paragraph 5 of the Emerald Objection.

11. Caprock admits the factual allegations contained within Paragraph 6 of the Emerald Objection.

12. Caprock admits the factual allegations contained within Paragraph 7 of the Emerald Objection.

13. Caprock admits the factual allegations contained within Paragraph 8 of the Emerald Objection.

14. Caprock admits the factual allegations contained within Paragraph 9 of the Emerald Objection.

15. Caprock admits the factual allegations contained within Paragraph 10 of the Emerald Objection.

16. Caprock admits the factual allegations contained within Paragraph 11 of the Emerald Objection.

17. After reasonable inquiry, Caprock is unable to admit or deny the factual allegations contained within Paragraph 12 of the Emerald Objection.

18. Caprock denies the factual allegations contained within the first sentence of Paragraph 13 of the Emerald Objection. Caprock admits the factual allegations contained within the second and third sentences of Paragraph 13. Caprock denies the factual allegations contained

within the fourth sentence of Paragraph 13. The last sentence of Paragraph 13 contains a request for relief and Caprock is not required to respond.

19. Paragraph 14 of the Emerald Objection contains legal argument and a request for relief and no response is required.

20. Paragraph 15 of the Emerald Objection contains legal argument and a request for relief and no response is required.

21. Paragraph 16 of the Emerald Objection contains a request for relief and no response is required.

22. Paragraph 17 of the Emerald Objection contains a reservation of rights and no response is required.

WHEREFORE, PREMISES CONSIDERED, Caprock Communications, Inc., prays that (i) the Court deny the relief requested by the Trustee; (ii) and enter judgment allowing the Caprock Proof of Claim in its entirety; and (iii) granting such other and further relief as is just and proper.

Respectfully submitted,

HOOVER SLOVACEK LLP

By: /s/ T. Josh Judd
EDWARD L. ROTHBERG
State Bar No. 17313990
ANNIE E. CATMULL
State Bar No. 00794932
T. JOSH JUDD
State Bar No. 24036866
5847 San Felipe, Suite 2200
Houston, Texas 77057
Telephone: 713.977.8686
Facsimile: 713.977.5395
ATTORNEYS FOR DEFENDANT,
CAPROCK COMMUNICATIONS, INC.

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Response to Response to the Trustee's Objection to Caprock Communications Proof of Claim filed against the estate of Deep Marine 2, LLC, was served on October 8, 2010, by the United States Bankruptcy Court's electronic noticing system and by first class mail to counsel for the Deep Marine Liquidating Trust.

Jason G. Cohen  
Bracewell & Giulliani LLP  
711 Louisiana, Suite 2300  
Houston, Texas 77002

                                                                                              */s/ T. Josh Judd*  
                                                                                              T. JOSH JUDD