IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **DEEP MARINE HOLDINGS, INC.,** *et al.,* | § | Case No. 09-39313 |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | Chapter 11 |
| | § | |

**PAUL MCKIM'S RESPONSE TO OBJECTION**
**TO PROOF OF CLAIM OF PAUL MCKIM**
(Relates to Doc. No. 769)

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Paul McKim ("McKim") files his Response (the "Response") to Trustee's Objection to Proof of Claim of Paul McKim (the "Objection"), and shows as follows:

**Relevant Background**

1. On December 4, 2009 (the "Petition Date"), Deep Marine Holdings, Inc. ("Deep Marine") and Deep Marine Technology, Inc. ("DMT", and together with Deep Marine, the "Debtors") filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").

2. Prior to the Petition Date, McKim was a shareholder, Chief Executive Officer, and Director of the Debtors.

3. Under the organizational documents of the Debtors, McKim was to be indemnified by the Debtors

4. On July 30, 2008, McKim entered into a verbal separation agreement (the "Agreement") with the Debtors, through Nazzir Kazeminy ("Kazeminy") and Otto Candies, Jr. ("Candies"), whereby McKim agreed to separate from the company in within ninety (90) days, and

in exchange, the Debtors agreed to loan McKim $1,033,000 and purchase McKim's 513,760 shares in Deep Marine for $2,300,000.

5. Kazeminy and Candies exercised full control over the Debtors.

6. Notwithstanding McKim's performance and reliance on the Agreement, the Debtors failed to perform under the Agreement, thereby breaching the Agreement and causing McKim to suffer damages.

7. On March 30, 2010, McKim filed his proof of claim against the Debtors, assigned claim number 108 in case number 09-39313 (the "Claim"), in an amount of not less than $2.3 million. The Claim consists of: (i) breach of contract claim, (ii) indemnity claim, and (iii) fees, costs, and interest claim.

8. On October 7, 2010, John Bittner, as Liquidating Trustee (the "Trustee") filed his Objection to the Claim.

9. A preliminary hearing on the Objection is scheduled for November 22, 2010 at 3:00 p.m.

### Response to Objection

10. McKim denies any allegations by the Trustee that the Claim is not valid and enforceable.

11. McKim's Claim is based on a valid and enforceable agreement.

12. At all times, McKim was ready and willing to, and actually did, perform under the Agreement. But for the Agreement, McKim would not have separated from his employment with the Debtors. McKim has actually incurred damages, including reasonable fees and expenses, as a result of the Debtors' breach of the Agreement.

13. McKim has also incurred fees and expenses resulting from claims against him in his capacity as an officer and director of the Debtors. At all times, McKim has acted in good faith and is entitled to be indemnified by the Debtors as provided for in their organizational documents.

14. The Trustee's objection to the Agreement is based solely on the fact that the Agreement did not appear in the Debtors' books and records according to the Objection. The Trustee's reliance on the books and records alone is misplaced.

15. The Trustee has requested that the Claim be subordinated under Section 510(b) of the Bankruptcy Code. Section 510(b) affects claims arising, in general, from agreements to purchase or sell securities. McKim's Claim does not arise from an agreement to purchase or sell securities. Rather, McKim's breach of contract claim arises from a separation agreement that related to McKim separating from his employment with the Debtors, and McKim's indemnity claim arises from the Debtors' contractual obligations to indemnify McKim.

16. The Trustee has also requested that McKim's indemnity claim be subordinated under Section 510(c) of the Bankruptcy Code. Section 510(c) provides the Court with discretion to subordinate a claim based on equity. The Trustee alleges that McKim facilitated the prosecution of the suits that McKim now seeks to be indemnified on. McKim denies this allegation. There is no basis in equity to subordinate McKim's indemnity claim.

17. The Trustee alleges that McKim did not act in good faith and thus is barred from seeking indemnity. McKim denies this allegation. McKim at all times acted in good faith.

18. The Trustee alleges that indemnification is not available for claims made by or in the right of the Debtors if McKim is adjudged liable. McKim denies this allegation. First, The Trustee did not cite the contractual indemnity provisions in full. The indemnity provisions allow for indemnity even if McKim was adjudged liable to the Debtors subject to the Court's discretion. *See* Debtors' Articles of Incorporation, § 9.2 (providing indemnity "…despite the adjudication of liability but in view of all the circumstances of the case, such person is fairly and reasonably entitled to indemnity for such expenses which such court shall deem proper.") Second, McKim has not been adjudged liable. Third, the Debtors are responsible for paying expenses (including fees) in advance of final disposition under the Section 9.5 of the Debtors' Articles of Incorporation.

19. The Trustee alleges that McKim's indemnity claim should be covered by officer and director liability policies and that McKim is not entitled to double recovery. McKim denies this allegation. First, the provider of officer and director liability coverage has advised McKim that it will not pay any damages incurred. Second, to the extent the provider of officer and director liability coverage later decides to pay damages, McKim will credit his Claim accordingly.

20. The Trustee alleges that McKim's indemnity claim should be disallowed under Section 502(e)(1)(B) of the Bankruptcy Code. McKim denies this allegation. Section 502(e)(1)(B) provides a basis for disallowance of a contingent claim for reimbursement from a codebtor, surety, or guarantor. First, the indemnity claim is not contingent. McKim has been named a party to lawsuits. The indemnity claim may not be fully liquidated; however, they are not contingent. As of January 29, 2010, McKim actually incurred $837,352.22 in fees and expenses that are including in McKim's indemnity claim. Second, the claims asserted against McKim that form the basis for indemnity are not the same claims asserted against the Debtors. Rather, the indemnity claim relates to claims asserted directly against McKim individually in his capacity as an officer and director. Therefore, the Debtors and McKim are not co-liable and thus Section 502(e)(1)(B) is inapplicable.

## Reservation of Rights

21. McKim reserves the right to assert any claims and defenses against the Trustees or Debtors as such become known during the course of this proceeding.

WHEREFORE, McKim respectfully requests that the Objection be denied, the Claim be allowed in its full amount, McKim recover its attorneys' fees, expenses and costs, and McKim be granted such other and further relief as the Court deems appropriate.

Dated: October 28, 2010.	Respectfully submitted,

        **HAYNES AND BOONE, LLP**

         /s/ *Peter C. Ruggero*
        Casey T. Wallace
        State Bar No. 00795827
        Sandy D. Hellums
        State Bar No. 24036750
        Peter C. Ruggero
        Texas Bar No. 24044376
        1 Houston Center
        1221 McKinney St., Suite 2100
        Houston, TX 77010
        Telephone:  (713) 547-2649
        Fax: (713) 547-2600

        **COUNSEL FOR PAUL MCKIM**